1  ELIZABETH A. SPERLING - State Bar No. 231474
   esperling@glaserweil.com
2  ALEXANDER R. MILLER - State Bar No. 294474
   amiller@glaserweil.com
3  JOSEPH D. HADACEK - State Bar No. 303087
   jhadacek@glaserweil.com
4  **GLASER WEIL FINK HOWARD**
     **JORDAN & SHAPIRO LLP**
5  600 W. Broadway, Suite 1080
   San Diego, CA 92101
6  Telephone:  (619) 765-4380
   Facsimile:   (619) 732-3498
7
   Attorneys for Defendant
8  Everi Games Inc.

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  | JOSE VALENZUELA, individually and on behalf of all others similarly situated, | Case No. ___ |
13  | | Assigned to Hon. __ |
    | Plaintiffs, | CLASS ACTION |
14  | | |
    | v. | **DEFENDANT EVERI GAMES INC.'S NOTICE OF REMOVAL** |
15  | EVERI GAMES INC., and DOES 1 through 10, inclusive, | |
16  | | Date filed: November 17, 2023 |
17  | Defendants. | Removal Date: ___ |

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS THROUGH THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Everi Games Inc. ("Everi") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, which is the judicial district in which the action is pending, to the United States District Court for the Central District of California. As grounds for removal, Everi states as follows:

**I.  REMOVAL IS PROPER AND TIMELY**

1.     On September 13, 2023, Plaintiff Jose Valenzuela ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *Jose Valenzuela, v. Everi Games Inc., et al.*, Los Angeles Superior Court, Case No. 23STCV22084 (the "State Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet with Addendum, (d) Notice of Case Assignment, (e) Voluntary Efficient Litigation Stipulation Packet, (f) First Amended General Order, (g) Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, (h) Alternative Dispute Resolution Packet, (i) Certificate of Mailing for Court Order Re: Initial Status Conference Order, (j) Court Order Re: Initial Status Conference Order, (k) Initial Status Conference Order, (l) First Amended Complaint ("FAC"), (m) Notice and Acknowledgment of Receipt and (n) Joint Initial tatus Conference Class Action Response Statement filed in the State Action are attached in the Appendix filed concurrently herewith.

2.     Removal to this Court is proper because the Central District of California is the "district and division" encompassing the Superior Court of the State of California for the County of Los Angeles. 28 U.S.C. § 1446(a).

3.     This Notice of Removal is timely because it is being filed within thirty

calendar days after Everi accepted service of the FAC and Summons by executing and returning a Notice of Acknowledgment and Receipt to Plaintiff on December 11, 2023, a true and correct copy of which is attached to the Declaration of Elizabeth A. Sperling as **Exhibit A**. 28 U.S.C. § 1446(b)(1).

4. Under California law, service of the complaint and summons is effectuated as of the date a Notice of Acknowledgment and Receipt is returned to the plaintiff. *See, e.g.*, *Hillman v. PacifiCorp*, 2022 WL 597583, at *5 (E.D. Cal. Feb. 28, 2022) ("Under California law, which governs the means by which service can be effectuated, a summons is deemed served by [notice of acknowledgment and receipt] on the date the 'acknowledgment of receipt of summons is executed and returned.'").

5. Accordingly, a notice of removal filed within thirty days of the return of a Notice of Acknowledgement and Receipt is timely. *See id.* ("Because it is uncontroverted that service here was accomplished by [notice of acknowledgment and receipt], that means that service was effected on April 14, 2020, giving PacifiCorp thirty days thereafter within which to timely remove."); *Star Varga v. United Airlines*, No. 09–02278 SI, 2009 WL 2246208, at *3 (N.D. Cal. July 24, 2009) ("Under California law, service was complete . . . the date defense counsel signed and returned the notice and acknowledgment of receipt. *See* Cal. Code Civ. Pro. § 415.30(c). Defendant removed this case . . . 30 days after service was complete. Removal of this action was therefore timely.").

## II. Complete Diversity Exists Between Plaintiff and Everi

6. Complete diversity exists between Plaintiff, on the one hand, and Everi, on the other hand, because Plaintiff and Everi are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(b).

7. A person is a citizen of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A party's residence is prima facie evidence of his or his domicile. *Ayala v. Cox Auto., Inc.*, No. CV 16-06341-GHK (ASx), 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State*

1  *Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

2      8.      Plaintiff has alleged that at all relevant times he was and is a resident of

3  the State of California. FAC ¶ 5. These allegations are *prima facie* evidence of domicile,

4  which creates a rebuttable presumption sufficient to support removal. *Lew v. Moss*, 797

5  F.2d 747, 751 (9th Cir. 1986) (allegations of residency in the complaint create

6  rebuttable presumption of domicile). Plaintiff is therefore a citizen of California for

7  purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

8      9.      For diversity purposes, a corporation is deemed a citizen of its state of

9  incorporation and the state where it has its principal place of business. 28 U.S.C.

10  § 1332(c)(1). The Supreme Court has interpreted the phrase "principal place of

11  business" in 28 U.S.C. section 1332(c)(1) to mean "the place where a corporation's

12  officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve

13  center," which "should normally be the place where the corporation maintains its

14  headquarters— provided that the headquarters is the actual center of direction, control,

15  and coordination." *The Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

16      10.     Everi is incorporated under the laws of the state of Delaware. McGee Decl.

17  ¶ 3. At all relevant times, Everi's executive and administrative functions were, and still

18  are, located in Las Vegas, Nevada. *Id.* ¶ 3. Accordingly, Everi's principal place of

19  business is in the state of Nevada, and Everi is a citizen of the states of Delaware and

20  Nevada for the purpose of determining diversity of citizenship.  *See*  28 U.S.C. §

21  1332(a).

22      11.     The citizenship of "DOES 1 to 10," also named as Defendants in this

23  action, should be disregarded for purposes of assessing jurisdiction. *See* 28 U.S.C. §

24  1441(b) ("In determining whether a civil action is removable on the basis of the

25  jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under

26  fictitious names shall be disregarded."). Plaintiff has pleaded no facts as to who these

27  individuals are, where they live, or how they are related to this case. FAC ¶¶ 8-9; *see*

28  *also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (district court

*Glaser Weil*

properly disregarded doe defendants where there was "no information as to who they are or where they live or their relationship to the action" and therefore they were not "indispensable parties and served no other purpose than protecting the plaintiff under California pleading practice"). Accordingly, Plaintiff and Everi are citizens of different states, and complete diversity exists between Plaintiff and Everi for purposes of removal.

### III.   The Amount in Controversy Exceeds $75,000

12.   In order to establish diversity jurisdiction, "the matter in controversy" must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13.   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2015). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–02 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n Arias we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotations and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

14.   "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Moreover, in assessing whether the amount-in-controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will

Glaser Weil

return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

15.     As demonstrated below, the amount in controversy exceeds the minimum $75,000 jurisdictional threshold. Although Everi denies that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief, Everi avers, for the purposes of meeting the jurisdictional requirements for removal only, that if Plaintiff were to prevail on every claim and allegation in his FAC, the requested monetary recovery would exceed $75,000. Everi reserves the right to present additional evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 959 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (quotations and citations omitted)); *Arias*, 936 F.3d at 924 ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

## 1.     **Plaintiff's First Claim for Unpaid Overtime Places Approximately $35,235 in Controversy**

16.     Plaintiff alleges in his first cause of action that Everi "failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by California Labor Code § 510 and 1194."

Glaser Weil

FAC ¶ 33.

17.   Specifically, Plaintiff alleges that Everi employed "Plaintiff as a Field Technician II from August 2021 to September 16, 2022," and that "Plaintiff last earned $29 an hour." FAC ¶ 12. Plaintiff further alleges that "[a]s a Field Technician II, Plaintiff maintained, repaired and replaced casino games, e.g., slot machines, at the casinos," and "Defendants required Plaintiff to, on average, work three work orders or tickets at different casinos every shift." FAC ¶ 13. Accordingly, Plaintiff "typically worked a 6 am to 5 pm shift,"—*i.e.*, 11 hours a day—"and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift." FAC ¶ 14.

18.   Everi's records reflect that Plaintiff was employed by Everi from Monday, August 30, 2021, through Friday, September 16, 2022—*i.e.*, approximately 54 weeks—and worked approximately 5 shifts every week. McGee Decl. ¶ 5.  Thus, while the FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury, for purposes of this analysis only, assuming 3 hours of overtime per shift based on Plaintiff's own allegations, Plaintiff purportedly accrued approximately 850 hours of overtime during the time he was employed by Everi.

19.   Plaintiff's pay rate was $29 per hour during the time he was employed by Everi. FAC ¶ 12. This results in an overtime pay rate of $43.50 per hour.

20.   Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdictional purposes only Plaintiff's unpaid overtime claim theoretically places approximately $35,235 in controversy as follows:

| | |
|---|---|
| Number of shifts (54 weeks x 5 shifts per week) | 270 |
| Total overtime hours (number of shifts x 3 hours) | 810 |
| Overtime pay rate (ordinary pay rate x 1.5) | $43.50 |
| **Total** (total overtime hours x overtime | **$35,235** |

DEFENDANT'S NOTICE OF REMOVAL                 23STCV22084

Glaser Weil

2365744

| pay rate) | |
|---|---|

### 2. Plaintiff's Second Claim for Unpaid Meal Period Premiums Places Approximately $7,830 in Controversy

21.     Plaintiff alleges that "Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof . . . ." FAC ¶ 42.

22.     Accordingly, Plaintiff alleges that "Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the meal period was not provided." FAC ¶ 46.

23.     Under Labor Code section 226.7, "if an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c); *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 864-65 (2021).

24.     During the time Plaintiff was employed by Everi, he worked approximately 5 days a week for 54 weeks and earned $29 per hour. McGee Decl. ¶¶ 5-6.

25.     Plaintiff claims that he "typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift," and that because "Plaintiff travelled and worked alone at the casinos  . . . there was nobody to relieve him for his meal and rest breaks." FAC ¶ 14.

26.     The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged

2365744

regarding the number of alleged violations, Everi assumes one noncompliant meal period per shift.

27.    As Plaintiff generally worked approximately 5 days per week for approximately 54 weeks, this theoretically places an additional $7,830 in controversy for alleged meal period violations as follows:

| | |
|---|---|
| Number of shifts (54 weeks x 5 shifts per week) | 270 |
| Ordinary pay rate | $29 |
| **Total** (number of shifts x ordinary pay rate) | **$7,830** |

### 3.    Plaintiff's Third Claim for Unpaid Rest Period Premiums Places Approximately $15,660 in Controversy

28.    Plaintiff alleges that "Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked" (FAC ¶ 51), and thus "is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided." FAC ¶ 54.

29.    As above, under Labor Code section 226.7, "if an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c); *Ferra*, 11 Cal. 5th at 864-65 (2021).

30.    During the time Plaintiff was employed by Everi, he worked approximately 5 days a week for 54 weeks and earned $29 per hour. McGee Decl. ¶¶ 5-6.

31.    Plaintiff claims that he "typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift,"

and that because "Plaintiff travelled and worked alone at the casinos . . . there was nobody to relieve him for his meal and rest breaks." FAC ¶ 14.

32.    The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged regarding the number of alleged violations, Everi assumes two noncompliant rest periods per shift.

33.    As Plaintiff generally worked approximately 5 days per week for approximately 54 weeks, this theoretically places an additional $15,660 in controversy for alleged rest break violations as follows:

| Number of shifts (54 weeks x 5 shifts per week) | 270 |
| Rest periods per shift | 2 |
| Ordinary pay rate | $29 |
| **Total** (number of shifts x rest periods per shift x ordinary pay rate) | **$15,660** |

### 4.    Plaintiff's Fourth Claim for Failure to Pay Minimum Wages Places Approximately $23,490 in Controversy

34.    Plaintiff alleges that "Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and donning and doffing 'off the clock'; and when it failed to pay them proper compensation for all hours worked, including time worked during their missed and/or interrupted meal and/or rest periods and 'off the clock.'" FAC ¶ 57.

35.    If an employer fails to pay minimum wages for all hours worked in amounts set by state law, as required by California Labor Code sections 1194(a) "any employee receiving less than the legal minimum wage . . . is entitled to . . . the unpaid balance of the full amount of this minimum wage . . . compensation, including interest

Glaser Weil

2365744

thereon, reasonable attorney's fees, and cost of suit." Cal. Lab. Code §1194(a). Additionally, in any action to recover wages less than the minimum wage, "an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Cal. Lab. Code §1194.2(a).

36.     As above, Plaintiff alleges he "typically worked a 6 am to 5 pm shift,"— *i.e.*, 11 hours a day—"and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift." FAC ¶ 14. Plaintiff also generally worked approximately 5 days per week for approximately 54 weeks.  McGee Decl. ¶ 5.

37.     The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged regarding the number of alleged violations, Everi assumes one minimum wage violation of approximately 3 hours per shift, which would theoretically result in an additional $23,490 in controversy as follows:

| | |
|---|---|
| Number of shifts (54 weeks x 5 shifts per week) | 270 |
| Total unpaid / overtime hours (number of shifts x 3 hours) | 810 |
| Ordinary pay rate | $29 |
| **Total** (overtime hours x ordinary pay rate) | **$23,490** |

### 5.     <u>Plaintiff's Fifth Claim for Failure to Furnish Timely and Accurate Wage Statements Places Approximately $2,650 in Controversy</u>

38.     Plaintiff alleges that "Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements," including by failing "to correctly identify the total hours worked and the gross wages earned by Plaintiff

Glaser Weil

2365744

and Class members; the overtime hours worked by Plaintiff and Class members; and the meal period and rest break premiums owing to Plaintiff and Class members.'" FAC ¶ 63. Accordingly, Plaintiff seeks "the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." FAC ¶ 67.

39.     Under Labor Code section 226(e)(1), an employee suffering injury as a result of an intentional failure to comply with section 226(a) is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1).

40.     Plaintiff was paid biweekly for approximately 54 weeks.  McGee Decl. ¶¶ 5-6.

41.     The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged regarding the number of alleged violations, Everi assumes 27 violations for failure to furnish timely and accurate wage statements, which would theoretically result in penalties of $2,650 as follows:

| Biweekly pay periods | 27 |
|---|---|
| Initial pay period penalty | $50 |
| Subsequent pay period penalties (26 subsequent pay periods x $100 penalty) | $2,600 |
| **Total** ($50 initial penalty + $2,600 subsequent penalties) | **$2,650** |

2365744

**6.      Plaintiff's Sixth Claim for Waiting Time Penalties Places Approximately $6,960 in Controversy**

42.     Plaintiff alleges that "[d]uring the relevant time period, Defendants willfully failed to pay Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ." FAC ¶ 71.

43.     If an employer fails to pay all wages due to an employee at the time of termination, as required by California Labor Code section 201, or within 72 hours after resignation, as required by California Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203.

44.     To calculate waiting time penalties, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015) (similar).

45.     The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged regarding the number of alleged violations, Everi assumes a 30 day delay in paying wages due to Plaintiff at the time of his termination, which would theoretically result in penalties of $6,960 as follows:

| Ordinary hourly rate | $29 |
|---|---|

Glaser Weil

2365744

| Daily pay rate (ordinary hourly rate x 8 hours per day) | $232 |
|---|---|
| 30 days maximum penalty | 30 |
| **Total** | **$6,960** |

### 7. <u>Plaintiff's Seventh Claim for Violation of the UCL Places Additional Amounts in Controversy</u>

46.    Plaintiff alleges that Everi violated multiple prongs of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et. seq. See* FAC ¶¶ 76-92.

47.    While the UCL does not provide for monetary damages, the amount in controversy for purposes of removal includes "the cost of complying with an injunction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

48.    In addition to "restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint" (FAC ¶ 92), Plaintiff also seeks injunctive relief. *See* Prayer for Relief ¶ 35.

49.    Accordingly, while Everi denies liability altogether, and although the jurisdictional minimum is easily met by the amounts placed in controversy from Plaintiff's other claims, Plaintiff's request for injunctive relief as part of his UCL claim places substantial additional expenses in controversy in this action as the cost of complying with the requested injunctive relief for Everi would in and of itself likely exceed the jurisdictional amount in controversy requirement. Declaration of Elizabeth A. Sperling Decl. ¶ 4.

### 8. <u>Plaintiff's Eighth Claim for PAGA Penalties Places Approximately $5,300 in Controversy</u>

50.    Plaintiff alleges that "Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he

is, therefore, Aggrieved Employee" under California's Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, *et seq.* FAC ¶¶ 93-103,

51.    Under PAGA, an aggrieved employee can seek to recover a civil penalty for violation of California's Labor Code of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699.

52.    The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged regarding the number of alleged violations, Everi assumes at least one violation of the labor code, which would theoretically result in penalties of approximately $5,300 as follows:

| Biweekly pay periods | 27 |
|---|---|
| Initial pay period penalty | $100 |
| Subsequent pay period penalties (26 subsequent by periods x $200 penalty) | $5,200 |
| **Total** ($100 initial penalty + $5,200 subsequent penalties) | **$5,300** |

### 9.    Plaintiff's Ninth Claim for FLSA Violations Places Approximately $35,235 in Controversy

53.    Plaintiff alleges that "Defendants have violated the [Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*] by failing to pay FLSA Class at one-and-one-half (1.5) times the regular rate of pay when they worked in excess of forty (40) hours in a week," and by "failing to keep required accurate records of all hours worked," and Everi is therefore "liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action." FAC ¶¶ 104-114.

54.   Under the FLSA, "[a]ny employer who violates the provisions of section 206 ['Minimum wage'] or section 207 ['Maximum hours'] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

55.   The FAC is bereft of any factual detail regarding Plaintiff's purported claim or injury. Accordingly, while Everi denies liability altogether or that Plaintiff is entitled to any relief, for jurisdiction purposes only and for this analysis only, based on the face of Plaintiff's allegations and without the benefit of any actual facts alleged regarding the number of alleged violations, additional penalties of approximately $35,235 are theoretically in controversy as follows:

| | |
|---|---|
| Number of shifts (54 weeks x 5 shifts per week) | 270 |
| Total overtime hours (number of shifts x 3 hours) | 810 |
| Overtime pay rate (ordinary pay rate x 1.5) | $43.50 |
| **Total** (total overtime hours x overtime pay rate) | **$35,235** |

\* \* \*

56.   As set forth above, although Everi denies that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief whatsoever, Plaintiff has placed at least **$132,360** in controversy by his allegations.

57.   Critically, this amount does not include the cost of complying with the injunctive relief Plaintiff seeks, or Plaintiff's request for attorneys fees under various provisions of the Labor Code, which, although Everi denies Plaintiff is entitled to them, will likely exceed the amount of damages and penalties Plaintiff seeks. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (amount in

1  controversy includes "damages (compensatory, punitive, or otherwise) and the cost of

2  complying with an injunction, as well as attorneys' fees awarded under fee shifting

3  statutes").

4      58.    This is also a putative class action and the claims of the putative class

5  members would exponentially multiply the dollar values of the claims alleged by

6  Plaintiff.

7      59.    Accordingly, based on the nature of Plaintiff's claims and the relief

8  sought, the amount in controversy here greatly exceeds $75,000, exclusive of interest

9  and costs. 28 U.S.C. § 1332(a).

10      <u>**RESERVATION OF RIGHTS**</u>

11      60.    Everi denies all allegations of liability in Plaintiff's FAC and files this

12  Notice of Removal without waiving any defenses, objections, exceptions, or

13  obligations that may exist in its favor in either state or federal court.

14      **WHEREFORE**, based on the foregoing, this Court has diversity jurisdiction

15  over this action pursuant to 28 U.S.C. §§ 1332 and 1441 and Everi respectfully removes

16  this action from the Superior Court of the State of California for the County of Los

17  Angeles to this Court.

18                                   Respectfully submitted,

19  DATED:  January 10, 2024    **GLASER WEIL FINK HOWARD**

20                                  **JORDAN & SHAPIRO LLP**

21              By: _____

22                  ELIZABETH A. SPERLING
                ALEXANDER R. MILLER

23                  JOSEPH D. HADACEK
                Attorneys for Defendant

24                  Everi Games Inc.

25

26

27

28

2365744

# EXHIBIT A

1  ELIZABETH A. SPERLING - State Bar No. 231474
   esperling@glaserweil.com
2  ALEXANDER R. MILLER - State Bar No. 294474
   amiller@glaserweil.com
3  JOSEPH D. HADACEK – State Bar No. 303087
   jhadacek@glaserweil.com
4  **GLASER WEIL FINK HOWARD**
     **JORDAN & SHAPIRO LLP**
5  600 W. Broadway, Suite 1080
   San Diego, CA 92101
6  Telephone:  (619) 765-4380
   Facsimile:   (619) 732-3498
7
   Attorneys for Defendant
8  Everi Games Inc.

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12  JOSE VALENZUELA, individually and        Case No.:
    on behalf of all others similarly situated,   Assigned to Hon.
13
                  Plaintiff,                  CLASS ACTION
14
    v.                                        **DEFENDANT'S APPENDIX OF**
15                                            **STATE COURT FILINGS**
    EVERI GAMES INC., and DOES 1
16  through 10, inclusive,                    Date filed: November 17, 2023
                                              Removal Date: _____
17                Defendants.

18

19

20

21

22

23

24

25

26

27

28

## APPENDIX OF STATE COURT FILINGS

| DOCUMENT | DATED | EXHIBIT |
|---|---|---|
| Summons | Filed: September 13, 2023 | 1 |
| Complaint | Filed: September 13, 2023 | 2 |
| Civil Case Cover Sheet with Addendum | Filed: September 13, 2023 | 3 |
| Notice of Case Assignment | Filed: September 13, 2023 | 4 |
| Voluntary Efficient Litigation Stipulation Packet | Filed: September 13, 2023 | 5 |
| First Amended General Order | Filed: September 13, 2023 | 6 |
| Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation | Filed: September 13, 2023 | 7 |
| Alternative Dispute Resolution Packet | Filed: September 13, 2023 | 8 |
| Certificate of Mailing for Court Order Re: Initial Status Conference Order | Filed: September 27, 2023 | 9 |
| Minute Order (Court Order Re: Initial Status Conference Order) | Filed: September 27, 2023 | 10 |
| Initial Status Conference Order | Filed: September 27, 2023 | 11 |
| First Amended Complaint | Filed: November 17, 2023 | 12 |
| Notice and Acknowledgment of Receipt | Filed: December 11, 2023 | 13 |

| Joint Initial Status Conference Class Action Response Statement | Filed: January 9, 2024 | 14 |
|---|---|---|

DATED:  January 10, 2024                    Respectfully submitted,

**GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP**

By: _____
ELIZABETH A. SPERLING
ALEXANDER R. MILLER
JOSEPH D. HADACEK
Attorneys for Defendant
Everi Games Inc.

Glaser Weil

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EVERI GAMES INC.; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE VALENZUELA, individually and on behalf of all others similarly situated,

*Electronically FILED by Superior Court of California, County of Los Angeles 9/13/2023 1:13 PM David W. Slayton, Executive Officer/Clerk of Court, By R. Lozano, Deputy Clerk*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso:)*<br>23STCV22084 |

111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Sang (James) Park, PARK APC, 8383 Wilshire Boulevard, Ste 800, Beverly Hills, CA 90211, (310) 627-2964

*David W. Slayton, Executive Officer/Clerk of Court*

| DATE: 09/13/2023 | Clerk, by | R. Lozano | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*[SEAL]*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

EXHIBIT 1

Page 4

# EXHIBIT 2

1    SANG (JAMES) PARK, SBN 232956
     sang@park-lawyers.com
2    PARK APC
     8383 Wilshire Boulevard, Suite 800
3    Beverly Hills, California 90211
     Telephone:     (310) 627-2964
4    Fax:           (310) 362-8279

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/13/2023 1:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk

5    Attorneys for Plaintiff

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          FOR THE COUNTY OF LOS ANGELES

9

10   JOSE VALENZUELA, individually and on          Case No.:  23STCV22084
     behalf of all others similarly situated,
11                                                 CLASS ACTION
                    Plaintiff,
12                                                 **COMPLAINT**
             vs.
13                                                 (1)   Violation of California Labor Code §§ 510,
     EVERI GAMES INC.; and DOES 1 to 10,                 1194 and 1198 (Unpaid Overtime)
14                                                 (2)   Violation of California Labor Code
                    Defendants.                          §§ 226.7 and 512(a) (Unpaid Meal Period
15                                                       Premiums)
                                                   (3)   Violation of California Labor Code § 226.7
16                                                       (Unpaid Rest Period Premiums)
                                                   (4)   Violation of California Labor Code §§ 1194,
17                                                       1194.2, 1197, and Minimum Wage Order
                                                         (Failure to Pay Minimum Wage)
18                                                 (5)   Violation of California Labor Code
                                                         § 226(a) (Failure to Furnish Timely and
19                                                       Accurate Wage Statements)
                                                   (6)   Violation of Labor Code §§ 201 and 202
20                                                       (Wages Not Timely Paid Upon Termination)
                                                   (7)   Violation of California Business &
21                                                       Professions Code §§ 17200, et seq.
22
23                                                 **DEMAND FOR JURY TRIAL**
24
25
26
27
28

**JURISDICTION AND VENUE**

1.      This class action is brought pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Pursuant to CCP § 395(a) trial is proper in any county where any defendant resides.  Because Defendants are out of state corporations, Plaintiff is free to file in any county in California. (*Easton v. Superior Court* (1970) 12 Cal.App.3d 243, 246)

**THE PARTIES**

5.      Plaintiff is, and at all relevant times was, a citizen of the state of California.  Plaintiff worked as a non-exempt employee from August 2021 to September 16, 2022.  Plaintiff last earned $29 an hour.

6.      Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant *to La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

7.      Defendant Everi Games Inc. ("Everi Games" or "Defendants") is a Delaware corporation.  At all times hereinafter mentioned, Defendants were employers whose employees were engaged throughout this county and the State of California.

8.     Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names.  Each of the DOE Defendants was in some manner legally responsible for the violations alleged.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

9.     At all times, the Defendants named as DOES 1 to 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

10.    At all times, each Defendant was the agent, servant, or employee of the other Defendants and, in acting and omitting to act as alleged herein, acted within the course and scope of that agency or employment.

11.    Everi Games and DOES 1 to 10 are collectively referred to herein as "Defendants."

## DEFENDANTS' CONDUCT

12.    Defendants employed Plaintiff as a Field Technician II from August 2021 to September 16, 2022.  Plaintiff last earned $29 an hour.

13.    As a Field Technician II, Plaintiff maintained, repaired and replaced casino games, e.g., slot machines, at the casinos.  Defendants required Plaintiff to, on average, work three work orders or tickets at different casinos every shift.

14.    Plaintiff typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift.  Defendants required Plaintiff to drive 1.5 to 2 hours to each casino location and back home.  Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.

15.    During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable Industrial Welfare Commission's ("IWC") Wage Orders.

16.    Plaintiff and Class members were not authorized or permitted lawful meal periods and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

17.    Defendants' non-exempt employees were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)    employees were regularly not authorized or permitted full thirty-minute meal periods for workdays in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders

(b)    employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"

(c)    employees were required to work longer than five hours before being allowed to take a meal period

(d)    employees were severely restricted in their ability to take a meal period

18.    Further Defendants failed to provide Plaintiff and Class members their second meal periods for shifts longer than ten hours.

19.    Plaintiff and Class members were not authorized or permitted lawful rest breaks and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.

20.    As a result, Defendants failed to timely pay Plaintiff and Class members for all wages owed to them and Plaintiff and Class members' paychecks did not include all wages owed to Plaintiff and Class members.

21.    Defendants also failed to correctly record Plaintiff and Class members' meal periods as required by Labor Code § 1198 and applicable IWC Wage Orders.

1

**CLASS ACTION ALLEGATIONS**

2       22.     Plaintiff brings this action individually, as well as on behalf of each and all other

3 persons similarly situated in a concerted effort to improve wages and working conditions for

4 other non-exempt and/or hourly employees, and thus seeks class certification under Code of

5 Civil Procedure § 382.

6       23.     All claims alleged arise under California law for which Plaintiff seeks relief

7 authorized by California law.

8       24.     The proposed Class consists of and is defined as:

9
10
> All current and/or former non-exempt employees that worked for
> Defendants in California within four years prior to the filing of this
> Complaint.

11       25.     The proposed subclasses consist of and are defined as:

12
13
> OVERTIME SUBCLASS: All members of the Class who were
> not paid overtime compensation for all hours worked in excess
> of eight hours per day and/or 40 hours per week.

14
15
16
> MEAL PERIOD SUBCLASS:  All members of the Class who
> were not authorized or permitted to take a 30-minute,
> uninterrupted meal period for every five hours worked per day
> and were not compensated one hour's pay for each day on
> which such meal period was not authorized or permitted.

17
18
19
20
> REST BREAK SUBCLASS:  All members of the Class who
> were not authorized or permitted to take a 10-minute,
> uninterrupted rest break for every four hours worked per day, or
> major fraction thereof, and were not compensated one hour's
> pay for each day on which such rest break was not authorized or
> permitted.

21
22
> UNPAID WAGES SUBCLASS:  All members of the Class who
> performed work for Defendants and were not compensated.

23
24
25
> WAITING TIME SUBCLASS: All members of the Class who, at
> any time after the date three years prior to the filing of this
> Complaint, separated their employment from Defendants and
> were not paid wages within the times specified by Labor Code §§
> 201-203 and are owed restitution for waiting time penalties
> deriving from wages.

26
27
> WAGE STATEMENT SUB-CLASS: All members of the Class
> who received inaccurate wage statements.

28       26.     Plaintiff reserves the right to establish additional subclasses as appropriate.

Page 4

CLASS ACTION COMPLAINT

EXHIBIT 2
Page 9

27.     At all material times, Plaintiff was a member of the Class.

28.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)     Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest.  Plaintiff's claims (or defenses, if any) are typical of all Class members as demonstrated herein.

(c)     Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d)     Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)     Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

29.     There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the Class period

(b)     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful

(c)     Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

(d)     Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week

(e)     Whether Defendants failed to record Plaintiff and Class members' meal periods

(f)     Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

CLASS ACTION COMPLAINT

EXHIBIT 2
Page 11

(g)   Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h)   Whether Defendants' conduct was willful or reckless

(i)   Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j)   Whether Defendants violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendants required Plaintiff and Class members to perform for the benefit of Defendants

(k)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law

### FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime**

**(Plaintiff and Class against all Defendants)**

30.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

31.   California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

32.   California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

33.     During the course of Plaintiff and Class members' employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

34.     At all times, Defendants failed to pay Plaintiff and Class members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and Class members were regularly required to work overtime hours without receiving overtime pay.

35.     By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

36.     Plaintiff and Class members request recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

37.     Further Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Plaintiff and Class against all Defendants)**

38.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

39.     The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

40.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

41.     The applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more

EXHIBIT 2
Page 13

than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

42.     Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.  Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

43.     Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

44.     Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code § 226.7.

45.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

46.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the meal period was not provided.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums

### (Plaintiff and Class against all Defendants)

47.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

48.     The applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

49.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

50.     The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked

EXHIBIT 2
Page 14

1    daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof"

2    unless the total daily work time is less than three and one-half (3½) hours.

3        51.    Defendants required Plaintiff to work four (4) or more hours without authorizing

4    or permitting a ten (10) minute rest period per each four (4) hour period worked.

5        52.    Defendants willfully required Plaintiff to work during rest periods and failed to

6    compensate Plaintiff for work performed during rest periods.

7        53.    Defendants failed to pay Plaintiff the full rest period premium due pursuant to

8    California Labor Code § 226.7.  Defendants' conduct violates the applicable IWC Wage Orders

9    and California Labor Code § 226.7.

10       54.    Pursuant to the applicable IWC Wage Order and California Labor Code §

11   226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular

12   hourly rate of compensation for each workday that the rest period was not provided.

13                                 **FOURTH CAUSE OF ACTION**

14   **Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—**

15                            **Failure to Pay Minimum Wages**

16                       **(Plaintiff and Class against all Defendants)**

17       55.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

18       56.    California Labor Code § 1197 provides, "the minimum wage for employee fixed

19   by the commission is the minimum wage to be paid to employees, and the payment of a less

20   wage than minimum wage so fixed is unlawful."

21       57.    Defendants paid Plaintiff and Class members less than minimum wages when it

22   required them to work during meal periods and rest breaks and donning and doffing "off the

23   clock;" and when it failed to pay them proper compensation for all hours worked, including time

24   worked during their missed and/or interrupted meal and/or rest periods and "off the clock."

25       58.    Defendants have knowingly and willfully refused to compensate Plaintiff and

26   Class members for all wages earned, and all hours worked, at the required minimum wage.  As a

27   direct result Plaintiff and Class members have suffered and continue to suffer, substantial losses

28   related to the use and enjoyment of such compensation and wages; lost interest on such monies

EXHIBIT 2
Page 15

and expenses; and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

59.     In relevant part, California Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest, reasonable attorney's fees, and cost of suit, which Plaintiff and Class members seek.

60.     Pursuant to California Labor Code § 1194.2, Plaintiff and Class members seek liquidated damages available to employees who file an action under Labor Code §1194.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)—**

**Failure to Furnish Timely and Accurate Wage Statements**

**(Plaintiff and Class against all Defendants)**

61.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

62.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and

Class members; the overtime hours worked by Plaintiff and Class members; and the meal period and rest break premiums owing to Plaintiff and Class members.

64.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily protected rights.

65.     Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

66.     Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

67.     Plaintiff and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

68.     Plaintiff and Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

### SIXTH CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202—**

**Wages Not Timely Paid Upon Termination**

**(Plaintiff and Class against all Defendants)**

69.     Plaintiff incorporates all paragraphs above as though fully set forth herein

70.     At all times, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

71.     During the relevant time period, Defendants willfully failed to pay Class

members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

72.     Class members' final paychecks did not include all wages owed to them.

73.     Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

74.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

75.     Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Plaintiff and Class against all Defendants)

76.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

77.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

78.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

80.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as

EXHIBIT 2
Page 18

violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

**Failing to Pay Overtime**

81.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Meal and Rest Periods**

82.     Defendants' failure to provide legally required meal and rest periods in violation of California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Pay Wages**

83.     Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Timely Pay Wages Upon Termination**

84.     Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Accurate Itemized Wage Statements**

85.     Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Record Meal Periods**

86.     Defendants' failure to record meal periods in violation of California Labor Code § 1198 and IWC Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

87.     By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

88.     Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

89.     Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and Class members are not obligated to establish individual knowledge of the unfair practices in order to recover restitution.

90.     Plaintiff, individually, and on behalf of Class members, is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

91.     Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries that Plaintiff has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

92.     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

EXHIBIT 2
Page 20

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1.      That this action be certified as a class action

2.      That Plaintiff be appointed as the representatives of the Class, and

3.      That counsel for Plaintiff be appointed as Class Counsel

As to the First Cause of Action

4.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class members;

5.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

8.      For such other and further relief as the Court may deem equitable and appropriate.

As to the Second and Third Causes of Action

9.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods and rest breaks to Plaintiff and Class members;

10.     That the Court make an award to the Plaintiff and Class members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period and rest break were not provided;

11.     For all actual, consequential, and incidental losses and damages, according to proof;

EXHIBIT 2
Page 21

12.     For premiums pursuant to California Labor Code § 226.7(b);

13.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

14.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

15.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 1194 and 1197;

16.     For general unpaid wages and such general and special damages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18.     For liquidated damages;

19.     For reasonable attorneys' fees and for costs of suit incurred; and

20.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

21.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements;

22.     For all actual, consequential and incidental losses and damages, according to proof;

23.     For statutory penalties pursuant to California Labor Code § 226(e);

24.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

25.     For such other and further relief as the Court may deem equitable and appropriate.

EXHIBIT 2
Page 22

1          <u>As to the Sixth Cause of Action</u>

2          26.     That the Court declare, adjudge and decree that Defendants violated California

3   Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time

4   of termination of the employment of terminated Class members;

5          27.     For all actual, consequential and incidental losses and damages, according to

6   proof;

7          28.     For statutory wage penalties pursuant to California Labor Code § 203 for all

8   Class members who have left Defendants' employ;

9          29.     For pre-judgment interest on any unpaid wages from the date such amounts were

10  due; and,

11         30.     For such other and further relief as the Court may deem equitable and

12  appropriate.

13         <u>As to the Seventh Cause of Action</u>

14         31.     That the Court declare, adjudge and decree that Defendants violated California

15  Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class

16  members all overtime compensation due to them; by failing to provide all meal and rest periods

17  and failing to pay for all missed meal and rest periods; by failing to pay minimum wages; by

18  failing to pay timely and earned wages upon termination; by failing to provide accurate itemized

19  wage statements; and by failing to record meal periods;

20         32.     For restitution of unpaid wages to Plaintiff and all Class members and

21  prejudgment interest from the day such amounts were due and payable;

22         33.     For the appointment of a receiver to receive, manage and distribute any and all

23  funds disgorged from Defendants and determined to have been wrongfully acquired by

24  Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

25         34.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26  California Code of Civil Procedure § 1021.5;

27         35.     For injunctive relief to ensure compliance with this section, pursuant to

28  California Business & Professions Code § 17200, et seq.; and,

EXHIBIT 2
Page 23

1       36.    For such other and further relief as the Court may deem equitable and

2 appropriate.

3

4

5                              Respectfully Submitted,

6 Dated: September 13, 2023           PARK APC

7

8

9                     */s/ Sang (James) Park*

          By:_____

10               Sang (James) Park

11               Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint                          EXHIBIT 2

1

**DEMAND FOR JURY TRIAL**

2       Plaintiff hereby respectfully demands a jury trial.

3

4                                   Respectfully Submitted,

5 Dated: September 13, 2023            PARK APC

6

7

8                      */s/ Sang (James) Park*

                  By:_____

9                      Sang (James) Park

10                      Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

EXHIBIT 2
Page 25

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sang (James) Park, SBN 232956
PARK APC
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
TELEPHONE NO.: 310-627-2964   FAX NO.: 310-362-8279
ATTORNEY FOR *(Name):* Plaintiff Jose Valenzuela

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/13/2023 1:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jose Valenzuela v. Everi Games Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23STCV22084<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 13, 2023
Sang (James) Park, SBN 232956
(TYPE OR PRINT NAME)                    ►  *Sang Park*
                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT 3
Page 26

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action.  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**Page 2 of 2**

EXHIBIT 3
Page 27

| SHORT TITLE: Jose Valenzuela v. Everi Games Inc. | CASE NUMBER: 23STCV22084 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I**.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  YES   CLASS ACTION? ✓YES   LIMITED CASE?  YES   TIME ESTIMATED FOR TRIAL 15-20   HOURS/✓DAYS

**Item II**. **Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.3.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐  A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐  A6070   Asbestos Property Damage | 2. |
| | | ☐  A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐  A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐  A7210   Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐  A7240   Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250   Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐  A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐  A7270   Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐  A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT 3

| SHORT TITLE: Jose Valenzuela v. Everi Games Inc. | | CASE NUMBER |
|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3
**EXHIBIT 3** Page 2 of 4

| SHORT TITLE: Jose Valenzuela v. Everi Games Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

EXHIBIT 3
Page 30

| SHORT TITLE: Jose Valenzuela v. Everi Games Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>111 North Hill Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA  ZIP CODE:<br>90012 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

*Sang Park*

Dated: <u>September 13, 2023</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

# EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>09/13/2023<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ R. Lozano _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV22084 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/13/2023 _____
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By R. Lozano _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4
Page 32

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT 5

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | |
|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

EXHIBIT 5 Page 1 of 2
Page 35

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                (INSERT DATE)                                        (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

EXHIBIT 5 Page 2 of 2

Page 36

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

   i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii.  Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

   i.   Also be filed on the approved form (copy attached);

   ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

EXHIBIT 5

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT 5
Page 38

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

[Print]     [Save]                                                      [Clear]

LACIV 036 (new)
LASC Approved 04/11                    **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use

EXHIBIT 5    Page 3 of 3
Page 39

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save

EXHIBIT 5
Page 40

Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ـــــ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date: _____

> _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____      _____
                                                    JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11      **STIPULATION AND ORDER – MOTIONS IN LIMINE**      EXHIBIT 5   Page 2 of 2

# EXHIBIT 6

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

EXHIBIT 6
Page 43

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT 6
Page 45

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

1   h)  Writs and Abstracts

2       Writs and Abstracts must be submitted as a separate electronic envelope.

3   i)  Sealed Documents

4       If and when a judicial officer orders documents to be filed under seal, those documents must be

5       filed electronically (unless exempted under paragraph 4); the burden of accurately designating

6       the documents as sealed at the time of electronic submission is the submitting party's

7       responsibility.

8   j)  Redaction

9       Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to

10      redact confidential information (such as using initials for names of minors, using the last four

11      digits of a social security number, and using the year for date of birth) so that the information

12      shall not be publicly displayed.

13  7) ELECTRONIC FILING SCHEDULE

14  a)  Filed Date

15  i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm

16      shall be deemed to have been effectively filed on that court day if accepted for filing.  Any

17      document received electronically on a non-court day, is deemed to have been effectively

18      filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code

19      Civ. Proc. § 1010.6(b)(3).)

20  ii) Notwithstanding any other provision of this order, if a digital document is not filed in due

21      course because of:  (1) an interruption in service; (2) a transmission error that is not the

22      fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may

23      order, either on its own motion or by noticed motion submitted with a declaration for Court

24      consideration, that the document be deemed filed and/or that the document's filing date

25      conform to the attempted transmission date.

26  8) EX PARTE APPLICATIONS

27  a)  Ex parte applications and all documents in support thereof must be electronically filed no later

28      than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT 6
Page 48

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT 6

Page 49

# EXHIBIT 7

1

2

3

4

5

6

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8            **FOR THE COUNTY OF LOS ANGELES**

9

| General Order Re | ) | ORDER PURSUANT TO CCP 1054(a), |
|---|---|---|
| Use of Voluntary Efficient Litigation | ) | EXTENDING TIME TO RESPOND BY |
| Stipulations | ) | 30 DAYS WHEN PARTIES AGREE |
| | ) | TO EARLY ORGANIZATIONAL |
| | ) | MEETING STIPULATION |
| _____ | ) | |

14

15

16

17

18

        Whereas the Los Angeles Superior Court and the Executive Committee of the
Litigation Section of the Los Angeles County Bar Association have cooperated in
drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for
use in general jurisdiction civil litigation in Los Angeles County;

19

20

21

22

23

24

25

26

27

28

        Whereas the Los Angeles County Bar Association Litigation Section; the Los
Angeles County Bar Association Labor and Employment Law Section; the Consumer
Attorneys Association of Los Angeles; the Association of Southern California Defense
Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California
Employment Lawyers Association all "endorse the goal of promoting efficiency in
litigation, and ask that counsel consider using these stipulations as a voluntary way to
promote communications and procedures among counsel and with the court to fairly
resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT 7
Page 51

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5  _Carolyn B. Kuhl_, Supervising Judge of the
   Civil Departments, Los Angeles Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT 7
Page 52

# EXHIBIT 8



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

        • **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
        • **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

EXHIBIT 8
Page 54

# EXHIBIT 9

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/27/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____R. Aspiras_____ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Jose Valenzuela

DEFENDANT/RESPONDENT:
Everi Games Inc.

### CERTIFICATE OF MAILING

CASE NUMBER:
23STCV22084

---

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Initial Status Conference Order) of 09/27/2023, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sang James Park
Park APC
8383 Wilshire Boulevard
Suite 800
Beverly Hills, CA 90211

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>09/28/2023</u>

By: <u>R. Aspiras</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT 9
Page 55

# EXHIBIT 10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**23STCV22084**                                    September 27, 2023
**JOSE VALENZUELA vs EVERI GAMES INC.**                    3:27 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Judicial Assistant: R.      ERM: None
Aspiras
R. Aspiras
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Initial Status Conference Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
01/17/2024 at 02:30 PM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice

---

Minute Order                                           Page 1 of 3

EXHIBIT 10
Page 56

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**23STCV22084**                                                September 27, 2023
**JOSE VALENZUELA vs EVERI GAMES INC.**                                    3:27 PM

| | |
|---|---|
| Judge: Honorable William F. Highberger | CSR: None |
| Judicial Assistant: Judicial Assistant: R. Aspiras | ERM: None |
| R. Aspiras | |
| Courtroom Assistant: R. Sanchez | Deputy Sheriff: None |

of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

EXHIBIT 10
Page 57

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**23STCV22084**                                                        September 27, 2023
**JOSE VALENZUELA vs EVERI GAMES INC.**                                3:27 PM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: Judicial Assistant: R.      ERM: None
Aspiras
R. Aspiras
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

---

Minute Order                                                        Page 3 of 3

EXHIBIT 10
Page 58

# EXHIBIT 11

**FILED**
Superior Court of California
County of Los Angeles

09/27/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Aspiras _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSE VALENZUELA<br><br>                      Plaintiff,<br><br>   v.<br><br>EVERI GAMES INC.<br><br>                  Defendant. | Case No. 23STCV22084<br><br>INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)<br><br>Case Assigned for All Purposes to Judge William F. Highberger<br><br>Department: SS10<br>Date: 1/17/2024<br>Time: 2:30 PM |

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

1

EXHIBIT 11
Page 59

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:**  Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of

2

EXHIBIT 11
Page 60

interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

**6.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**7.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**8.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,

- Early motions in limine,

- Early motions about particular jury instructions and verdict forms,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**10. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

3

EXHIBIT 11
Page 61

**11. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,   summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration,

---

[1] See California Rule of Court, Rule 3.768.

4

EXHIBIT 11
Page 62

direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

If the parties have settled the class action, that too will require judicial approval based on a noticed

motion (although it may be possible to shorten time by consent for good cause shown).

**17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary

approval and demonstrate compliance with California Rule of Court  3.769, and the Rules of

Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18. NOTICE OF THE ISC ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or

if counsel is not known, on each defendant and file a Proof of Service with the court within

seven (7) days of the date of this Order.  If the Complaint has not been served as of the date

of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within

five (5) days of the date of this Order.  Once served, each as yet non-appearing defendant

shall file a Notice of Appearance (identifying counsel by name, firm name, address, email

address, telephone number and fax number).  The filing of a Notice of Appearance is without

prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b)

any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated: 09/27/2023

William F. Highberger / Judge
William F. Highberger
Judge of the Los Angeles Superior Court

---

[2] California Rule of Court, Rule 3.770(a)

EXHIBIT 11
Page 63

# EXHIBIT 12

Electronically Received 11/17/2023 02:26 PM

1  SANG (JAMES) PARK, SBN 232956
   *sang@park-lawyers.com*
2  PARK APC
   8383 Wilshire Boulevard, Suite 800
3  Beverly Hills, California 90211
   Telephone:    (310) 627-2964
4  Fax:          (310) 362-8279

5  Attorneys for Plaintiff

6

**FILED**
Superior Court of California
County of Los Angeles
**11/17/2023**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Lozano _____ Deputy

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9

| | |
|---|---|
| 10  JOSE VALENZUELA, individually and on behalf of all others similarly situated, | Case No.: 23STCV22084 |
| 11 | |
| 12          Plaintiff, | CLASS ACTION |
| 13      vs. | **FIRST AMENDED COMPLAINT** |
| 14  EVERI GAMES INC.; and DOES 1 to 10, | (1)  Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime) |
| 15          Defendants. | (2)  Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums) |
| 16 | (3)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums) |
| 17 | (4)  Violation of California Labor Code §§ 1194 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage) |
| 18 | |
| 19 | (5)  Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements) |
| 20 | |
| 21 | (6)  Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination) |
| 22 | (7)  Violation of California Business & Professions Code §§ 17200, et seq. |
| 23 | (8)  Violation of California Labor Code §§ 2698 et seq. |
| | (9)  Violation of 29 USC §§ 201 et seq. |
| 24 | |
| 25 | **DEMAND FOR JURY TRIAL** |

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 12
Page 64

**JURISDICTION AND VENUE**

1.      This class action is brought pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Pursuant to CCP § 395(a) trial is proper in any county where any defendant resides.  Because Defendants are out of state corporations, Plaintiff is free to file in any county in California. (*Easton v. Superior Court* (1970) 12 Cal.App.3d 243, 246)

**THE PARTIES**

5.      Plaintiff is, and at all relevant times was, a citizen of the state of California.  Plaintiff worked as a non-exempt employee from August 2021 to September 16, 2022.  Plaintiff last earned $29 an hour.

6.      Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant *to La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

7.      Defendant Everi Games Inc. ("Everi Games" or "Defendants") is a Delaware corporation.  At all times hereinafter mentioned, Defendants were employers whose employees were engaged throughout this county and the State of California.

8.      Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the violations alleged. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

9.      At all times, the Defendants named as DOES 1 to 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

10.     At all times, each Defendant was the agent, servant, or employee of the other Defendants and, in acting and omitting to act as alleged herein, acted within the course and scope of that agency or employment.

11.     Everi Games and DOES 1 to 10 are collectively referred to herein as "Defendants."

## DEFENDANTS' CONDUCT

12.     Defendants employed Plaintiff as a Field Technician II from August 2021 to September 16, 2022. Plaintiff last earned $29 an hour.

13.     As a Field Technician II, Plaintiff maintained, repaired and replaced casino games, e.g., slot machines, at the casinos. Defendants required Plaintiff to, on average, work three work orders or tickets at different casinos every shift.

14.     Plaintiff typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift. Defendants required Plaintiff to drive 1.5 to 2 hours to each casino location and back home. Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.

15.     During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable Industrial Welfare Commission's ("IWC") Wage Orders.

FIRST AMENDED CLASS ACTION COMPLAINT
EXHIBIT 12
Page 66

16.     Plaintiff and Class members were not authorized or permitted lawful meal periods and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

17.     Defendants' non-exempt employees were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)     employees were regularly not authorized or permitted full thirty-minute meal periods for workdays in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders

(b)     employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"

(c)     employees were required to work longer than five hours before being allowed to take a meal period

(d)     employees were severely restricted in their ability to take a meal period

18.     Further Defendants failed to provide Plaintiff and Class members their second meal periods for shifts longer than ten hours.

19.     Plaintiff and Class members were not authorized or permitted lawful rest breaks and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.

20.     As a result, Defendants failed to timely pay Plaintiff and Class members for all wages owed to them and Plaintiff and Class members' paychecks did not include all wages owed to Plaintiff and Class members.

21.     Defendants also failed to correctly record Plaintiff and Class members' meal periods as required by Labor Code § 1198 and applicable IWC Wage Orders.

**CLASS ACTION ALLEGATIONS**

22.     Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seeks class certification under Code of Civil Procedure § 382.

23.     All claims alleged arise under California law for which Plaintiff seeks relief authorized by California law.

24.     The proposed Class consists of and is defined as:

> All current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint

25.     The proposed subclasses consist of and are defined as:

> OVERTIME SUBCLASS: All members of the Class who were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week

> MEAL PERIOD SUBCLASS:  All members of the Class who were not authorized or permitted to take a 30-minute, uninterrupted meal period for every five hours worked per day and were not compensated one hour's pay for each day on which such meal period was not authorized or permitted

> REST BREAK SUBCLASS:  All members of the Class who were not authorized or permitted to take a 10-minute, uninterrupted rest break for every four hours worked per day, or major fraction thereof, and were not compensated one hour's pay for each day on which such rest break was not authorized or permitted

> UNPAID WAGES SUBCLASS:  All members of the Class who performed work for Defendants and were not compensated

> WAITING TIME SUBCLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages

> WAGE STATEMENT SUB-CLASS: All members of the Class who received inaccurate wage statements

> FLSA SUB-CLASS: All members of the Class who worked in the United States in the past three years

1    26.    Plaintiff reserves the right to establish additional subclasses as appropriate.

2    27.    At all material times, Plaintiff was a member of the Class.

3    28.    There is a well-defined community of interest in the litigation and the Class is

4    readily ascertainable:

5        (a)    Numerosity:  The members of the class (and each subclass, if any) are

6            so numerous that joinder of all members would be unfeasible and

7            impractical.  The membership of the entire class is unknown to

8            Plaintiff at this time; however, the class is estimated to be greater than

9            one hundred (100) individuals and the identity of such membership is

10           readily ascertainable by inspection of Defendants' employment records.

11       (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

12           protect the interests of each class member with whom there is a shared,

13           well-defined community of interest.  Plaintiff's claims (or defenses, if

14           any) are typical of all Class members as demonstrated herein.

15       (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

16           protect the interests of each class member with whom there is a shared,

17           well-defined community of interest and typicality of claims, as

18           demonstrated herein.  Plaintiff acknowledges that Plaintiff has an

19           obligation to make known to the Court any relationship, conflicts or

20           differences with any class member.  Plaintiff's attorneys, the proposed

21           class counsel, are versed in the rules governing class action discovery,

22           certification, and settlement.

23       (d)    Superiority:  The nature of this action makes the use of class action

24           adjudication superior to other methods.  Class action will achieve

25           economies of time, effort, and expense as compared with separate

26           lawsuits, and will avoid inconsistent outcomes because the same issues

27           can be adjudicated in the same manner and at the same time for the

28           entire class.

(e)   Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

29.   There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)   Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the Class period

(b)   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful

(c)   Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

(d)   Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week

(e)   Whether Defendants failed to record Plaintiff and Class members' meal periods

(f)   Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

(g)   Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h)   Whether Defendants' conduct was willful or reckless

(i)   Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j)   Whether Defendants violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendants required Plaintiff and Class members to perform for the benefit of Defendants

(k)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law

## FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime**

**(Plaintiff and Class against all Defendants)**

30.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

31.   California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

32.   California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

33.     During the course of Plaintiff and Class members' employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

34.     At all times, Defendants failed to pay Plaintiff and Class members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and Class members were regularly required to work overtime hours without receiving overtime pay.

35.     By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

36.     Plaintiff and Class members request recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

37.     Further Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

### SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Plaintiff and Class against all Defendants)**

38.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

39.     The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

40.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

41.     The applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more

than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

42.     Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.  Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

43.     Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

44.     Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code § 226.7.

45.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

46.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the meal period was not provided.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

**(Plaintiff and Class against all Defendants)**

47.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

48.     The applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

49.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

50.     The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked

daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

51.     Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

52.     Defendants willfully required Plaintiff to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

53.     Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.  Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

54.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—**

**Failure to Pay Minimum Wages**

**(Plaintiff and Class against all Defendants)**

55.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

56.     California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

57.     Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and donning and doffing "off the clock;" and when it failed to pay them proper compensation for all hours worked, including time worked during their missed and/or interrupted meal and/or rest periods and "off the clock."

58.     Defendants have knowingly and willfully refused to compensate Plaintiff and Class members for all wages earned, and all hours worked, at the required minimum wage.  As a direct result Plaintiff and Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation and wages; lost interest on such monies

1   and expenses; and attorney's fees in seeking to compel Defendants to fully perform their

2   obligation under state law, all to their respective damage in amounts according to proof at trial

3   and within the jurisdiction of this Court.

4         59.    In relevant part, California Labor Code § 1194 et seq. provides that any

5   employee receiving less than minimum wage applicable to the employee is entitled to recover in

6   a civil action the unpaid balance of the amount of this minimum wage, including interest,

7   reasonable attorney's fees, and cost of suit, which Plaintiff and Class members seek.

8         60.    Pursuant to California Labor Code § 1194.2, Plaintiff and Class members seek

9   liquidated damages available to employees who file an action under Labor Code §1194.

10                    **FIFTH CAUSE OF ACTION**

11              **Violation of California Labor Code § 226(a)—**

12        **Failure to Furnish Timely and Accurate Wage Statements**

13           **(Plaintiff and Class against all Defendants)**

14         61.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

15         62.    At all material times set forth herein, California Labor Code § 226(a) provides

16   that every employer shall furnish each of his or her employees an accurate itemized wage

17   statement in writing showing nine pieces of information, including: (1) gross wages earned, (2)

18   total hours worked by the employee, (3) the number of piece-rate units earned and any

19   applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

20   that all deductions made on written orders of the employee may be aggregated and shown as one

21   item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

22   (7) the name of the employee and the last four digits of his or her social security number or an

23   employee identification number other than a social security number, (8) the name and address of

24   the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay

25   period and the corresponding number of hours worked at each hourly rate by the employee.

26         63.    Defendants have intentionally and willfully failed to provide employees with

27   complete and accurate wage statements.  The deficiencies include, among other things, the

28   failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and

Class members; the overtime hours worked by Plaintiff and Class members; and the meal period and rest break premiums owing to Plaintiff and Class members.

64.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily protected rights.

65.    Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

66.    Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

67.    Plaintiff and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

68.    Plaintiff and Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

### SIXTH CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202—**

**Wages Not Timely Paid Upon Termination**

**(Plaintiff and Class against all Defendants)**

69.    Plaintiff incorporates all paragraphs above as though fully set forth herein

70.    At all times, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

71.    During the relevant time period, Defendants willfully failed to pay Class

members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

72.   Class members' final paychecks did not include all wages owed to them.

73.   Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

74.   California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

75.   Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Plaintiff and Class against all Defendants)

76.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

77.   Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

78.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

80.   A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as

violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

**Failing to Pay Overtime**

81.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Meal and Rest Periods**

82.     Defendants' failure to provide legally required meal and rest periods in violation of California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Pay Wages**

83.     Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Timely Pay Wages Upon Termination**

84.     Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Provide Accurate Itemized Wage Statements**

85.     Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Record Meal Periods**

86.     Defendants' failure to record meal periods in violation of California Labor Code § 1198 and IWC Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

87.     By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

88.     Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

89.     Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and Class members are not obligated to establish individual knowledge of the unfair practices in order to recover restitution.

90.     Plaintiff, individually, and on behalf of Class members, is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

91.     Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries that Plaintiff has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

92.     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2698, et seq.

### (Plaintiff and Class against all Defendants)

93.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

94.     California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code.

95.     At all times, PAGA was applicable to Plaintiff's employment by Defendants.

96.     At all times, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

97.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

98.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, Aggrieved Employee.  Plaintiff and other employees are Aggrieved Employees as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants who are or were employed by Defendants, and one or more of the alleged violations were committed against them.

99.     Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)     The aggrieved employee shall give written notice ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)     The LWDA shall provide notice ("LWDA Notice") to the employer and

the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

100.    On September 13, 2023 Plaintiff provided written notice online to the LWDA, and by certified mail to Defendants, of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

101.    Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198.

102.    Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198.

103.    Further Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

**NINTH CAUSE OF ACTION**

**Violation of 29 USC §§ 201, et seq.—Fair Labor Standards Act**

**(Plaintiff and FLSA Class against all Defendants)**

104.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

105.    At all material times herein, Plaintiff and all similarly situated FLSA Class who submit consents to become party Plaintiffs are or were employed by and engaged in providing services necessary to description of duties by Defendant, and have been entitled to the rights,

1    protections, and benefits provided under the FLSA. 29 U.S.C. §§ 201 et seq.

2        106.    The FLSA requires, among other things, that employers pay employees the

3    minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215

4        107.    At all material times, all time worked by Plaintiff and FLSA Class is necessarily

5    and directly related to the principal activities of the employee's duties, and thus constitutes

6    compensable time under the FLSA and is subject to the FLSA's overtime requirements.

7    29 C.F.R. § 785.38

8        108.    At all material times herein, Defendants have violated the FLSA by failing to pay

9    the FLSA Class for all hours worked.

10       109.    At all material times herein, Defendants have violated the FLSA by failing to pay

11   FLSA Class at one-and-one-half (1.5) times the regular rate of pay when they worked in excess

12   of forty (40) hours in a week.

13       110.    Defendants have also violated the FLSA by failing to keep required accurate

14   records of all hours worked by their FLSA Class. 29 U.S.C. § 211(c)

15       111.    Plaintiff and all similarly situated employees are victims of a uniform and entity-

16   wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to

17   all employees employed by Defendants.

18       112.    Plaintiff and all similarly situated individuals are entitled to damages equal to the

19   mandated pay and overtime premium pay within the three (3) years preceding the filing of this

20   Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or

21   showed reckless disregard of whether their conduct was prohibited by the FLSA.

22       113.    Defendants have acted neither in good faith nor with reasonable grounds to

23   believe that their actions and omissions were not a violation of the FLSA.  Plaintiff and other

24   similarly situated individuals are entitled to recover an award of liquidated damages in an

25   amount equal to the amount of unpaid compensation, including overtime pay, and/or

26   prejudgment interest at the applicable rate. 29 U.S.C. § 216(b)

27       114.    As a result of violations of the FLSA's minimum wage and overtime pay

28   provisions, Defendants have unlawfully withheld compensation from Plaintiff and all similarly

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT 12
Page 82

situated individuals.  Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b)

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

1.      That this action be certified as a class action

2.      That Plaintiff be appointed as the representatives of the Class, and

3.      That counsel for Plaintiff be appointed as Class Counsel

<u>As to the First Cause of Action</u>

4.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class members;

5.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

8.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second and Third Causes of Action</u>

9.      That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods and rest breaks to Plaintiff and Class members;

10.      That the Court make an award to the Plaintiff and Class members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period and rest break were not provided;

1         11.     For all actual, consequential, and incidental losses and damages, according to

2   proof;

3         12.     For premiums pursuant to California Labor Code § 226.7(b);

4         13.     For pre-judgment interest on any unpaid wages from the date such amounts were

5   due; and,

6         14.     For such other and further relief as the Court may deem equitable and

7   appropriate.

8   As to the Fourth Cause of Action

9         15.     That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code §§ 1194 and 1197;

11        16.     For general unpaid wages and such general and special damages as may be

12  appropriate;

13        17.     For pre-judgment interest on any unpaid compensation commencing from the

14  date such amounts were due;

15        18.     For liquidated damages;

16        19.     For reasonable attorneys' fees and for costs of suit incurred; and

17        20.     For such other and further relief as the Court may deem equitable and

18  appropriate.

19  As to the Fifth Cause of Action

20        21.     That the Court declare, adjudge and decree that Defendants violated the record

21  keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to

22  Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements;

23        22.     For all actual, consequential and incidental losses and damages, according to

24  proof;

25        23.     For statutory penalties pursuant to California Labor Code § 226(e);

26        24.     For injunctive relief to ensure compliance with this section, pursuant to

27  California Labor Code § 226(g); and,

28        25.     For such other and further relief as the Court may deem equitable and

appropriate.

As to the Sixth Cause of Action

26.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time of termination of the employment of terminated Class members;

27.     For all actual, consequential and incidental losses and damages, according to proof;

28.     For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ;

29.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

30.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

31.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay minimum wages; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; and by failing to record meal periods;

32.     For restitution of unpaid wages to Plaintiff and all Class members and prejudgment interest from the day such amounts were due and payable;

33.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

34.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

35.     For injunctive relief to ensure compliance with this section, pursuant to

1   California Business & Professions Code § 17200, et seq.; and,

2         36.    For such other and further relief as the Court may deem equitable and

3   appropriate.

4                    <u>As to the Eighth Cause of Action</u>

5         37.    That the Court declare, adjudge and decree that Defendants violated the

6   following California Labor Code sections: 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7,

7   226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198;

8         38.    For civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f)

9   and (g) in the amount of at least one hundred dollars ($100) for each violation per pay period for

10  the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period

11  for each subsequent violation, plus costs and attorneys' fees for violation of California Labor

12  Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174,

13  1194, 1197, and 1198; and,

14        39.    For such other and further relief as the Court may deem equitable and

15  appropriate.

16                 <u>As to the Ninth Cause of Action</u>

17        40.    That the Court declare, adjudge and decree that Defendants violated 29 USC §§

18  201, et seq. by willfully failing to pay Class members for all hours worked;

19        41.    For an award of liquidated damages in an amount equal to the amount of unpaid

20  compensation, including overtime pay, and/or prejudgment interest at the applicable rate;

21        42.    For liquidated damages, attorneys' fees and costs of this action; and

22  ///

23  ///

24  ///

25

26

27

28

EXHIBIT 12
Page 86

43.     For such other and further relief as the Court may deem equitable and appropriate.

Respectfully Submitted,

Dated: November 17, 2023                 PARK APC


                                         /s/ Sang (James) Park
                                    By:_____
                                         Sang (James) Park

                                         Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.


Respectfully Submitted,

Dated: November 17, 2023                    PARK APC


*/s/ Sang (James) Park*

By:_____
     Sang (James) Park

     Attorneys for Plaintiff

# EXHIBIT 13

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 232956 | FOR COURT USE ONLY |
|---|---|---|

NAME: Sang (James) Park
FIRM NAME: PARK APC
STREET ADDRESS: 8383 Wilshire Boulevard, Suite 800
CITY: Beverly Hills          STATE: CA     ZIP CODE: 90211
TELEPHONE NO.: 310-627-2964     FAX NO.:
E-MAIL ADDRESS: sang@park-lawyers.com
ATTORNEY FOR (Name): Jose Valenzuela

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/11/2023 11:32 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

Plaintiff/Petitioner:  Jose Valenzuela
Defendant/Respondent:  Everi Games Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23STCV22084 |
|---|---|

TO *(insert name of party being served):* Everi Games Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: November 21, 2023

| Sang (James) Park | ▶ | *Sang Park* |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE) |

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

   Civil Case Coversheet; First Amended General Order; Notice of Case Assignment; Voluntary Efficient Litigation Stipulation; Initial Status Conference Order; Minute Order; First Amended Class Action Complaint

*(To be completed by recipient):*

Date this form is signed:    December 11, 2023

| Alex Miller, attorney on behalf of Everi Games Inc. | ▶ | *Alex Miller* |
|---|---|---|
| (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED) | | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT 13
Page 89

# EXHIBIT 14

1    SANG (JAMES) PARK, SBN 232956
     *sang@park-lawyers.com*
2    PARK APC
     8383 Wilshire Boulevard, Suite 800
3    Beverly Hills, California 90211
     Telephone:     (310) 627-2964
4    Fax:           (310) 362-8279

5    Attorneys for Plaintiff

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9

10    JOSE VALENZUELA, individually and on    Case No.: 23STCV22084
     behalf of all others similarly situated,

11                        Assigned for all purposes to:
              Plaintiff,         Hon. William F. Highberger
12                        Dept. SS10

13         vs.                    CLASS ACTION

14    EVERI GAMES INC.; and DOES 1 to 10,

                       **JOINT INITIAL STATUS CONFERENCE**
15          Defendants.       **CLASS ACTION RESPONSE STATEMENT**

16

17                        Date:    January 17, 2024
                         Time:    2:30 pm
18                        Place:   Department SS10

19

20

21

22

23

24

25

26

27

28

---

EXHIBIT 14
Page 90

Pursuant to the Court's September 27, 2023 Initial Status Conference Order, Plaintiff Jose Valenzuela, individually, on behalf of all others similarly situated, and as a representative of other aggrieved employees, and Defendant Everi Games Inc. submit their Joint Initial Status Conference Class Action Response Statement.

## 1. PARTIES AND COUNSEL

| Plaintiff Jose Valenzuela | Defendant Everi Games Inc. |
|---|---|
| Sang (James) Park<br>*sang@park-lawyers.com*<br>PARK APC<br>8383 Wilshire Boulevard, Suite 800<br>Beverly Hills, California 90211<br>Telephone:  (310) 627-2964<br>Fax:  (310) 362-8279 | Elizabeth A. Sperling<br>*esperling@glaserweil.com*<br>Alexander R. Miller<br>*amiller@glaserweil.com*<br>Joseph D. Hadacek<br>*jhadacek@glaserweil.com*<br>GLASER WEIL FINK HOWARD<br>   JORDAN & SHAPIRO LLP<br>600 W Broadway, Suite 1080<br>San Diego, California 92101<br>Telephone:  (619) 765-4380<br>Fax:  (619) 732-3497 |

## 2. STATUS OF PLEADINGS

On December 11, 2023 Defendant returned the executed Notice and Acknowledgement of Receipt of Plaintiff's First Amended Class Action Complaint (FAC).  Defendant's response to the FAC is due on January 10, 2024. Defendant anticipates removing this action to federal court on that date and has already met and conferred with Plaintiff's counsel regarding the planned removal and subsequent motion to dismiss and motion to strike that it will file.

## 3. POTENTIAL ADDITIONAL PARTIES

The Parties do not anticipate adding additional parties.

The Parties will make the appropriate application with the Court if a need arises in the future to add an additional party.

## 4. IMPROPERLY NAMED DEFENDANT(S)

Based on its investigation to date, Defendant does not contend that it has been improperly named at this time.

**5.     ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S)**

Plaintiff does not presently intend to add more class representatives or name more defendants at this time.  Adequacy of class representatives is determined at class certification. Defendant disputes that Plaintiff is an adequate representative, and intends to move to dismiss and to strike the class action allegations on this basis, among other things.

**6.     ESTIMATED CLASS SIZE**

Defendant has not yet conveyed the estimated class size to Plaintiff.  Defendant does not believe this is a proper putative class action at all.

**7.     OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS**

The Parties are unaware of other actions with overlapping class definitions.

**8.     POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES**

The Parties are unaware of any relevant arbitration and/or class action waiver clauses applicable to Plaintiff at this time.

**9.     POTENTIALLY EARLY CRUCIAL MOTIONS**

Defendant intends to remove this action to federal court and to file a motion to dismiss and motion to strike the FAC and Plaintiff's class action allegations.  Defendant's counsel has already conducted a meet and confer discussion with Plaintiff's counsel on these matters.

**10.    CLASS CONTACT INFORMATION**

Plaintiff contends class contact information is readily discoverable.  Plaintiff will request that Defendant provide Plaintiff with the complete Class contact information.  The Parties will seek Court intervention if the Parties are unable to resolve any issues regarding Class contact information. Plaintiff is amenable to an "opt-out" process pursuant to *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554.  Plaintiff will share the costs of the "opt-out" process with Defendant.

Defendant disputes that this action satisfies the necessary requirements to be maintained as a class action, and intends to move to dismiss and to strike the class action allegations at the pleading stage.

**11.     PROTECTIVE ORDERS**

Parties have not yet discussed the need for a protective order or its scope.  However, if a need arises, Parties will meet and confer regarding a proposed protective order.

**12.     DISCOVERY**

a.     Plaintiff's Position

It is Plaintiffs' position that the Court need not bifurcate discovery into "class discovery" and "merits discovery," and that all discovery may proceed simultaneously.  It would be inefficient to phase discovery between class and merits issues because there will be significant overlap between class certification and merits discovery.

"Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and class-wide discovery is often a source of circumstantial evidence, even when the class is denied. Such as discovery bifurcation will often be counterproductive in the delaying the progress of the suit for orderly and efficient adjudication." (Newberg on Class Actions, §7:8 at 25 (2002))

Plaintiff will, as described above, seek Class member contact information, including the identification and contact information of putative Class members; employees' time records, employees' wage records, and any and all policies, procedures governing putative Class members' employment.

Plaintiff will additionally take Person Most Knowledgeable ("PMK") depositions including, among others, Defendant's wage and hour policies and practices, and individual depositions.

b.     Defendant's Position

Defendant intends to remove this action to federal court on January 10, 2024, and will be filing a motion to dismiss and to strike the FAC shortly thereafter. Accordingly, a discovery plan is premature at this time.

**13.     INSURANCE COVERAGE**

There is no applicable insurance coverage.

1

**14.    ALTERNATIVE DISPUTE RESOLUTION**

2

The Parties are generally amenable to private mediation at an appropriate time.

3

**15.    TIMELINE FOR CASE MANAGEMENT**

4

Plaintiff respectfully requests that the Court set a further status conference 45 to 60 days

5

out, and at which time, the Court and Parties can assess the status of removal to Federal Court,

6

need and timing of pre-certification motions, discovery, motion for class certification, and any

7

other dispositive motions.

8

Defendant intends to remove this action to federal court on January 10, 2024, and thus

9

anticipates that no further proceedings in this case will be necessary following the removal.

10

11

Respectfully Submitted,

12

13

Dated: January 9, 2024                                    PARK APC

14

15

16

*/s/ Sang (James) Park*

By: _____

Sang (James) Park

17

Attorneys for Plaintiff

18

19

20

Dated:  January 9, 2024

21

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

22

23

By:  */s/ Elizabeth A. Sperling*

_____

24

ELIZABETH A. SPERLING
ALEXANDER R. MILLER
JOSEPH D. HADACEK
Attorneys for Defendant
Everi Games Inc.

25

26

27

28

JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT   EXHIBIT 14

Page 94

1

**PROOF OF SERVICE**

2

3

      I am an active member of the State Bar of California and not a party to the within action.  On January 9, 2024 I served JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT via Email on below:

4

5

Elizabeth A. Sperling

6

*esperling@glaserweil.com*
Alexander R. Miller

7

*amiller@glaserweil.com*
Joseph D. Hadacek

8

*jhadacek@glaserweil.com*
GLASER WEIL FINK HOWARD

9

  JORDAN & SHAPIRO LLP
600 W Broadway, Suite 1080

10

San Diego, California 92101

11

Attorneys for Defendant
EVERI GAMES INC.

12

13

      Executed on January 9, 2024 at Los Angeles, California.  I declare under penalty of perjury

14

under the laws of the State of California that the above is true and correct.

15

16

17

*Sang (James) Park*

18

_____

Sang (James) Park

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

EXHIBIT 14
Page 95