ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JOSEPH D. HADACEK - State Bar No. 303087
jhadacek@glaserweil.com
**GLASER WEIL FINK HOWARD**
　**JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:  (619) 483-0646

Attorneys for Defendant
Everi Games Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>EVERI GAMES INC., and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:24-cv-00257-PA-JPR<br><br>Assigned to Hon. Percy Anderson<br><br>**DEFENDANT EVERI GAMES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Hearing Date: February 26, 2024<br>Hearing time:  1:30 p.m.<br>Courtroom:  9A<br><br>Date filed: November 17, 2023<br>Removal Date: January 10, 2024 |

NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2371982

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 26, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 9A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California, 90012, Defendant Everi Games Inc. ("Everi") will and hereby does move the Court for an order dismissing Plaintiff Jose Valenzuela's ("Plaintiff") First Amended Complaint and dismissing and/or striking Plaintiff's class claims and allegations, as well as his requests for injunctive relief pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

Everi's motion is based on Plaintiff's failure to meet the Rule 8 pleading standard as a matter of law, including by failing to plead "enough facts to state a claim to relief that is plausible on its face" as to any of Plaintiff's nine (9) claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014).

Furthermore, Plaintiff's generic claim for violation of California's Unfair Competition Law (California Business & Professions Code § 17200, *et seq.*, "UCL") fails as a matter of law because, even if he had managed to plead a predicate violation, the UCL only provides equitable remedies in private actions such as this one, and Plaintiff cannot plausibly allege he lacks an adequate legal remedy. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (UCL actions are equitable in nature and prevailing plaintiffs are "limited to injunctive relief and restitution.").

Nor can Plaintiff's Private Attorney General Act claim survive, as Plaintiff fails to allege he exhausted his administrative remedies, and because this claim is derivative of Plaintiff's Labor Code claims, which also fail. Plaintiff's claim under the Fair Labor Standards Act similarly fails as Plaintiff's underlying Labor Code claims all fail.

Additionally, the Court should dismiss and/or strike all of Plaintiff's class action allegations and claims because Plaintiff's class action allegations do not meet the minimum pleading requirements, early dismissal is warranted to avoid discovery abuse,

1
NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2371982

Plaintiff's class action allegations fail to satisfy Rule 23 on their face, and it is evident from the pleading that Plaintiff will not be able to adequately and successfully maintain a class despite being given further opportunity to amend. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

Plaintiff's requests for injunctive relief are also properly stricken as Plaintiff seeks remedies at law. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("[T]hose putative class members who were no longer Wal–Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief."), *rev'd on other grounds*, 564 U.S. 338 (2011).

Accordingly, Everi respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice and that the Court dismiss and/or strike Plaintiff's class claims and allegations, as well as Plaintiff's request for injunctive relief.

This motion is based on this notice, the attached memorandum of points and authorities, the request for judicial notice, any other matters of which this Court may be requested to take judicial notice, and upon such other matters, whether written or oral, as may be presented to the Court at or prior to any hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 5, 2024.

DATED: January 17, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
    Elizabeth A. Sperling
    Alexander R. Miller
    Joseph D. Hadacek
    Attorneys for Defendant
    Everi Games Inc.

2
NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2371982