ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JOSEPH D. HADACEK - State Bar No. 303087
jhadacek@glaserweil.com
**GLASER WEIL FINK HOWARD**
**  JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:   (619) 483-0646

Attorneys for Defendant
Everi Games Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EVERI GAMES INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-00257-PA-JPR <br><br> Assigned to Hon. Percy Anderson <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVERI GAMES INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)** <br><br> Hearing Date: February 26, 2024 <br> Hearing time:  1:30 p.m. <br> Courtroom:  9A <br><br> Date filed: November 17, 2023 <br> Removal Date: January 10, 2024 |

*Glaser Weil*

i

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995
2366995

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................... 1

II.     BACKGROUND ........................................................................................ 2

III.    LEGAL STANDARD ................................................................................ 5

        A.    Rule 12(b)(6) Motion To Dismiss A Wage And Hour Claim ............. 5

        B.    Rule 12(f) Motion To Strike ............................................................. 6

IV.     LEGAL ARGUMENT ................................................................................ 8

        A.    All Of Plaintiff's Claims Fail .......................................................... 8

              1.    Plaintiff Fails To Allege Sufficient Facts To Support His
                    Unpaid Overtime And Minimum Wage Claims (Claims 1,
                    4) ........................................................................................ 8

              2.    Plaintiff Fails To Allege Sufficient Facts To Support His
                    Meal And Rest Break Violation Claims (Claims 2, 3) ............... 9

              3.    Plaintiff Fails To Allege Sufficient Facts To Support His
                    Wage Statement Violation Claim (Claim 5) .......................... 10

              4.    Plaintiff Fails To Plausibly Allege Sufficient Facts
                    Supporting His Claim For Waiting Time Penalties (Claim 6) . 11

              5.    Plaintiff's UCL Claim Fails Because He Cannot Plead An
                    Inadequate Remedy At Law (Claim 7) .................................. 12

              6.    Plaintiff's PAGA Claim (Claim 8) Should Be Dismissed ....... 14

                    a.    Plaintiff Fails To Show Administrative Exhaustion ...... 14
                    b.    The PAGA Claim Is Derivative Of The Other Claims .. 15

              7.    The FLSA Claim Is Defectively Pled (Claim 9) ..................... 15

        B.    The Court Should Dismiss And/Or Strike All Of The Class Action
              Allegations And Claims .................................................................. 16

              1.    The Class Allegations Do Not Meet Minimum Pleading
                    Requirements ..................................................................... 16

              2.    Early Dismissal Of The Putative Class Claims Is Necessary
                    To Avoid Discovery Abuse ................................................... 17

              3.    The Court Should Strike Plaintiff's Class Action
                    Allegations For Failure To Satisfy Rule 23 ........................... 17

        C.    Plaintiff's Requests For Injunctive Relief Must Be Stricken ............. 19

V.      CONCLUSION ....................................................................................... 20

Glaser Weil

ii

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995
2366995

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Alvarado v. Wal-Mart Assocs., Inc.*,
   No. CV 20-01926-AB (KKX), 2020 WL 6532868, at *3 (C.D. Cal. Oct. 22, 2020) ................................................................................. 13, 17

*Apodaca v. Costco Wholesale Corp.*,
   675 F. App'x 663 (9th Cir. 2017) .................................................. 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................... 1, 5, 16

*Avina v. Marriott Vacations Worldwide Corp.*,
   No. SACV1800685JVSJPRX, 2018 WL 6844713 (C.D. Cal. Oct. 15, 2018) ............................................................................ 11

*Barranco v. 3D Sys. Corp.*,
   952 F.3d 1122 (9th Cir. 2020) ....................................................... 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................... 1, 5, 10, 16

*Boian v. Schneider Logistics Transloading and Distrib., Inc.*,
   2020 WL 5356707 (C.D. Cal. May 28, 2020) ................................... 8

*Boyack v. Regis Corp.*,
   812 F. App'x 428 (9th Cir. 2020) .................................. 6, 8, 9, 10, 11

*Byrd v. Masonite Corp.*,
   2016 WL 756523 (C.D. Cal. Feb. 25, 2016) .............................. 7, 17

*Carlos v. Wal-Mart Assocs., Inc.*,
   No. EDCV2100294ABKKX, 2021 WL 4924774 (C.D. Cal. Aug. 13, 2021) ............................................................................ 15

*Cortez v. United Nat. Foods, Inc.*,
   2019 WL 955001 (N.D. Cal. Feb. 27, 2019) .................................... 9

*Dairy Queen, Inc. v. Wood*,
   369 U.S. 469 (1962) .................................................................... 12

*Derik Duley v. Centerra Grp., LLC*,
   No. 219CV08754ABJCX, 2020 WL 6526369 (C.D. Cal. Mar. 18, 2020)... 15

*Dukes v. Wal-Mart Stores, Inc.*,
   603 F.3d 571 (9th Cir. 2010),
   *rev'd on other grounds*, 564 U.S. 338 (2011) ............................... 19

*Duran v. Maxim Healthcare Servs. Inc.*,
   No. CV 17-01072-AB (EX), 2018 WL 5915644 (C.D. Cal. Mar. 9, 2018) . 17

iii

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

Glaser Weil

*Durham v. Autism Spectrum Therapies, LLC*,
  2019 WL 10097456 (C.D. Cal. Oct. 31, 2019) ...................................... 10, 11

*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*,
  713 F.3d 502 (9th Cir. 2013) ................................................................. 20

*Edwards v. Oportun, Inc.*,
  193 F. Supp. 3d 1096 (N.D. Cal. 2016) .................................................. 7

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .................................................................. 20

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*,
  436 F. Supp. 2d 1095 (C.D. Cal. 2006) .................................................. 7

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993),
  *overruled on other grounds*, 510 U.S. 517 (1994) ................................. 7

*Fenton v. McLane/Suneast, Inc.*,
  2016 WL 11746002 (C.D. Cal. Aug. 22, 2016) ...................................... 6

*Franckowiak v. Scenario Cockram USA, Inc.*,
  2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) ....................................... 13

*Gordon v. Aerotek, Inc.*,
  2017 WL 8217410 (C.D. Cal. Oct. 12, 2017) ........................................ 20

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................. 18

*Hillman v. PacifiCorp*,
  2022 WL 597583 (E.D. Cal. Feb. 28, 2022) ............................................ 2

*Hitco Carbon Composites, Inc.*,
  2017 WL 7806358 (C.D. Cal. May 5, 2017) ......................................... 10

*Hovsepian v. Apple, Inc.*,
  2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ......................................... 7

*In re MacBook Keyboard Litig.*,
  2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ....................................... 13

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
  2022 WL 522484 (C.D. Cal. Feb. 9, 2022) ........................................... 13

*Jones v. Tirehub, LLC*,
  No. 2:21-CV-00564-JAM-DB, 2021 WL 3187551 (E.D. Cal. July 28,
  2021) .................................................................................................... 14

*Kemp v. Int'l Bus. Machines Corp.*,
  No. C-09-4683 MHP, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010) ........... 14

*Kosta v. Del Monte Foods, Inc.*,
  308 F.R.D. 217 (N.D. Cal. 2015) ...................................................... 18, 19

iv

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

*Krauss v. Wal-Mart, Inc.*,
  No. 2:19-CV-00838-JAM-DB, 2020 WL 1874072 (E.D. Cal. Apr. 15,
  2020)................................................................................................................14

*Lambert v. Nutraceutical Corp.*,
  870 F.3d 1170 (9th Cir. 2017)........................................................................18

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014)..........................................5, 6, 8, 9, 10, 11, 15

*Leitzbach v. Atlas Van Lines, Inc.*,
  2017 WL 11617904 (C.D. Cal. Feb. 22, 2017)................................................6

*Maldonado v. Epsilon Plastics, Inc.*,
  22 Cal. App. 5th 1308 (2018)........................................................................11

*Martinez v. Hub Grp. Trucking, Inc.*,
  2021 WL 937671 (C.D. Cal. Jan. 11, 2021) .................................................13

*McMillian v. Overton Sec. Servs., Inc.*,
  2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) ................................................8

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008).........................................................................5

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009)...........................................................................5

*Ovieda v. Sodexo Operations, LLC*,
  No. CV 12-1750-GHK SSX, 2013 WL 3887873 (C.D. Cal. July 3, 2013)14, 16

*Perez v. Performance Food Grp., Inc.*,
  2016 WL 1161508 (N.D. Cal. Mar. 23, 2016)...............................................12

*Ramirez v. C & J Well Serv., Inc.*,
  2020 WL 5846464 (C.D. Cal. Mar. 27, 2020) ..............................................10

*Reyna v. WestRock Co.*,
  No. 20-CV-01666-BLF, 2020 WL 5074390 (N.D. Cal. Aug. 24, 2020)......15

*Ritenour v. Carrington Mortg. Servs. LLC*,
  228 F. Supp. 3d 1025 (C.D. Cal. 2017).........................................................12

*Rizvanovic v. United Parcel Service, Inc.*,
  Case No. 21-cv-01278-CDB, Doc. No. 36 (E.D. Cal. January 20, 2023) ......1

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................7, 17

*Sanders v. Old Dominion Freight Line, Inc.*,
  No. EDCV18688DSFSHKX, 2018 WL 6321628 (C.D. Cal. June 25,
  2018)................................................................................................................15

*Shann v. Durham Sch. Servs., L.P.*,
  182 F. Supp. 3d 1044 (C.D. Cal. 2016)....................................................6, 7, 9

Glaser Weil

v

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

*Sonner v. Premier Nutrition Corp.,*
    971 F.3d 834 (9th Cir. 2020) ................................................................. 13

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) ................................................................. 5

*Stokes v. CitiMortgage, Inc.,*
    2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ........................................... 7

*Suarez v. Bank of Am. Corp.,*
    No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018) ........ 12

*Tan v. GrubHub, Inc.,*
    171 F. Supp. 3d 998 (N.D. Cal. 2016) .................................................. 15

*W. Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ................................................................. 5

*Williams v. Oberon Media, Inc.,*
    468 F. App'x 768 (9th Cir. 2012) ......................................................... 19

*Wood v. N. Am. Van Lines, Inc.,*
    2021 WL 3134203 (C.D. Cal. July 23, 2021) ......................................... 6

*Zamora v. Penske Truck Leasing Co., L.P.,*
    2020 WL 4748460 (C.D. Cal. Aug. 17, 2020) ....................................... 6

## STATE CASES

*Dimon v. Cnty. of L.A.,*
    166 Cal. App. 4th 1276 (2008) ............................................................ 15

*Dunlap v. Sup. Ct.,*
    142 Cal. App. 4th 330 (2006) .............................................................. 15

*Kim v. Reins Int'l Cal., Inc.,*
    9 Cal. 5th 73 (2020) ........................................................................... 14

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ...................................................................... 12

*Price v. Starbucks Corp.,*
    192 Cal. App. 4th 1136 (2011) ............................................................ 10

## FEDERAL STATUTES

29 U.S.C. §§ 201, *et seq.* ......................................................................... 2, 15

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq.* ..................................................... 12

Glaser Weil

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

Cal. Bus. & Prof. Code §§ 17200, *et seq.*..........................................................2

Cal. Lab. Code § 1194 ..........................................................2

Cal. Lab. Code § 1194.2 ..........................................................2

Cal. Lab. Code § 1197 ..........................................................2

Cal. Lab. Code § 1198 ..........................................................2

Cal. Lab. Code § 201 ..........................................................2

Cal. Lab. Code § 202 ..........................................................2

Cal. Lab. Code § 203 ..........................................................11

Cal. Lab. Code § 226(a) ..........................................................2, 11

Cal. Lab. Code § 226.7 ..........................................................2

Cal. Lab. Code § 510 ..........................................................2

Cal. Lab. Code § 512(a) ..........................................................2

Cal. Lab. Code §§ 2698, *et seq.*..........................................................2

Cal. Labor Code § 226(e)(1) ..........................................................10

Fed. R. Civ. Proc., Rule 12(b)(6) ..........................................................5, 6

Fed. R. Civ. Proc., Rule 8 ..........................................................4

## **FEDERAL RULES**

Fed. R. Civ. Proc., Rule 12(f)..........................................................1, 6, 16

Fed. R. Civ. Proc., Rule 23 ..........................................................1, 2, 7, 16, 17, 18

Fed. R. Civ. Proc., Rule 23(a)(3)..........................................................18

Fed. R. Civ. Proc., Rule 23(b)(3)..........................................................18

Fed. R. Civ. Proc., Rule 23(c)(1)(A) ..........................................................16

Fed. R. Civ. Proc., Rule 23(d)(1)(D) ..........................................................16

Glaser Weil

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

# I.     __INTRODUCTION__

Defendant Everi Games Inc. ("Everi") moves to dismiss Plaintiff Jose Valenzuela's ("Plaintiff") First Amended Complaint because it asserts putative wage-and-hour class action claims against his former employer based on nothing more than a series of conclusory and boilerplate allegations. The generic nature of such allegations could be levied against any employer. Indeed, the First Amended Complaint comes on the heels of an unrelated complaint filed by Plaintiff's counsel that lodges almost identical class action claims and nearly verbatim class allegations against United Parcel Services. The only substantive difference between that case and the underlying complaint is the addition of generic Private Attorney General Act ("PAGA") and Fair Labor Standards Act ("FLSA") claims.[1] *See* Request for Judicial Notice ("RJN") Ex. A. Federal courts routinely dismiss complaints under the *Twombly/Iqbal* standard when, as here, a complaint lacks sufficient factual matter and instead relies on generic conclusory assertions. Plaintiff fails to meet the pleading standard as a matter of law, including by failing to allege factual allegations sufficient to support his nine (9) claims for relief. Thus, Mr. Valenzuela's First Amended Complaint should be dismissed in its entirety with prejudice.

Furthermore, it is imperative that the Court dismiss and/or strike Plaintiff's class claims and allegations, as well as his requests for injunctive relief. Claims that are not suitable for class treatment may be dismissed at the pleading stage for failure to meet the *Twombly/Iqbal* standard or stricken pursuant to Federal Rule of Civil Procedure 12(f) when it is clear on the face of the complaint that a class action cannot be maintained under FRCP Rule 23. Here, Plaintiff fails to allege facts sufficient to satisfy the requisite pleading standard. Nor is it plausible that Plaintiff can satisfy the

---

[1] UPS moved to dismiss Plaintiff's class claims and to compel arbitration of the individual claims. The court granted the motion to compel arbitration and stayed its decision on the motion to dismiss pending the outcome of the arbitration, which is ongoing. *See Rizvanovic v. United Parcel Service, Inc.*, Case No. 21-cv-01278-CDB, Doc. No. 36 (E.D. Cal. January 20, 2023).

2366995

1  predominance requirement of Federal Rule of Civil Procedure 23 as to a class of all
2  non-exempt Everi employees in California, or any subclass of those employees.
3  Moreover, Plaintiff lacks standing to pursue injunctive relief because he has not been
4  employed by Everi since 2022. Accordingly, the Court should dismiss and/or strike all
5  of the class claims and allegations and requests for injunctive relief from the First
6  Amended Complaint.

7  **II.   BACKGROUND**

8       Plaintiff initiated this action on September 13, 2023, and filed his First Amended
9  Complaint on November 17, 2023 (the "FAC"). Everi executed a Notice of
10 Acknowledgment of Receipt of the FAC and summons on December 11, 2023.
11 Accordingly, service of the FAC and summons was not effective until that date. *See,*
12 *e.g.*, *Hillman v. PacifiCorp*, 2022 WL 597583, at *5 (E.D. Cal. Feb. 28, 2022) ("Under
13 California law, which governs the means by which service can be effectuated, a
14 summons is deemed served by [notice of acknowledgment and receipt] on the date the
15 'acknowledgment of receipt of summons is executed and returned.'"). Everi thus timely
16 removed this action to this Court on January 10, 2024.

17      Plaintiff's FAC alleges nine causes of action against Everi: (1) Violation of
18 California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime); (2) Violation of
19 California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3)
20 Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4)
21 Violation of California Labor Code §§ 1194, 1194.2, 1197, and Minimum Wage Order
22 (Failure to Pay Minimum Wage); (5) Violation of California Labor Code § 226(a)
23 (Failure to Furnish Timely and Accurate Wage Statements); (6) Violation of Labor
24 Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of
25 California Business & Professions Code §§ 17200, *et seq.*; (8) Violation of California
26 Labor Code §§ 2698, *et seq.*; and (9) Violation of 29 U.S.C. §§ 201, *et seq.*

27      Plaintiff asserts all of his claims on behalf of a proposed class comprising "[a]ll
28 current and/or former non-exempt employees that worked for Defendants in California

within four years prior to the filing of this Complaint." FAC ¶ 24. Plaintiff also proposes that the class be divided into the following seven subclasses: (1) overtime; (2) meal period; (3) rest break; (4) unpaid wages; (5) waiting time; (6) wage statement; and (7) FLSA. FAC ¶ 25. Except for a slightly modified class definition and addition of a FLSA subclass, Plaintiff's class action allegations are identical to Plaintiff's counsel's pending class action complaint against UPS, including each of the purported "common questions of law and fact as to the Class" alleged by Plaintiff. *Compare* RJN Ex. A *with* FAC ¶¶ 22-29.

Despite being more than 114 paragraphs long, the FAC includes minimal factual allegations found in paragraphs 5, 7, and 12-14, in which Plaintiff alleges the identity of the parties and supplies a handful of broad details about his employment by Everi. Specifically, Plaintiff alleges that he was employed "as a Field Technician II from August 2021 to September 16, 2022," earning "$29 an hour," during which time he "maintained, repaired and replaced casino games, e.g., slot machines, at the casinos," which required "Plaintiff to, on average, work three work orders or tickets at different casinos every shift." *See* FAC ¶¶ 12-13. Plaintiff alleges that he "typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift," that he was required "to drive 1.5 to 2 hours to each casino location and back home," and that he "travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks." *Id.* ¶ 14.

The remaining allegations consist of boilerplate language and legal conclusions, most of which are verbatim from Plaintiff's counsel's previous class action complaint against UPS (the "UPS Complaint"). *See* RJN Ex. A. For example, the FAC and the UPS Complaint lodge identical conclusory allegations that "[d]uring the course of Plaintiff's employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week," and that "Plaintiff and Class members were not authorized or permitted lawful meal periods" and "were not authorized or permitted lawful rest breaks." FAC ¶¶ 15-

2366995

16, 19. More importantly, Plaintiff's claims lack supporting factual allegations, such as the number of shifts he worked in an average week, the amount of overtime hours he worked, and the approximate unpaid amount of overtime compensation. Nor does Plaintiff allege any actual dates or locations where or when the alleged unpaid overtime and/or refusal to permit meal or rest breaks occurred; which Everi employees required Plaintiff to work off-the-clock and not take any meal or rest breaks; or what work assignments supposedly required Plaintiff to work overtime without compensation and/or prevented Plaintiff from taking any meal or rest breaks.

Similarly, Plaintiff's class allegations are factually deficient. For example, while Plaintiff proposes subclasses for "current and/or former non-exempt employees that worked for Defendants in California" and "were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week," or "were not authorized or permitted to take a 30-minute, uninterrupted meal period for every five hours worked," or "were not authorized or permitted to take a 10-minute, uninterrupted rest break for every four hours worked" (FAC ¶¶ 24-25), Plaintiff fails to allege any factual details that could make these conclusory allegations plausible.

No facts are pled demonstrating that other putative class members also worked as Field Technicians, that their schedules regularly exceeded eight hours per day and/or 40 hours per week, that they were improperly denied overtime pay, or the dates or locations of even a single meal or rest break that was supposedly denied—much less why it was denied, when or by whom. All of Plaintiff's proposed subclasses except for the FLSA subclass are copied verbatim from Plaintiff's counsel's prior class action complaint against UPS. *See* RJN Ex. A.

In the instant case, Plaintiff's allegations are insufficient to establish the elements of his claims for relief, and on its face the FAC does not satisfy federal pleading standards. *See* Fed. R. Civ. P. 8. The Court is thus vested with the discretion to dismiss insufficiently plead claims for relief. Therefore, the Court should grant Everi's Motion to Dismiss Plaintiff's FAC in its entirety.

## III.   <u>LEGAL STANDARD</u>

### A.   <u>Rule 12(b)(6) Motion To Dismiss A Wage And Hour Claim</u>

A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. To survive a Rule 12(b)(6) motion to dismiss, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57). Thus, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The Court also may not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Iqbal*, 556 U.S. at 679 "[W]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

To properly state a claim a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Dismissal is therefore proper when the complaint either (1) lacks a cognizable legal theory; or (2) fails to allege sufficient facts to support a cognizable legal theory. *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Specifically in the wage-and-hour context, the Ninth Circuit held in the seminal case of *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014) that a complaint pleads facts sufficient to state a wage-and-hour claim that is plausible, rather than merely conceivable, when *and only when* the complaint asserts facts about specific

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

1  periods of time (*e.g.*, a specific workweek) when the alleged wage-and-hour violations

2  occurred. Here, such information is wholly absent from the FAC.

3       Recently, in *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020), the Ninth

4  Circuit applied the *Landers* rule to affirm the dismissal of California wage-and-hour

5  claims for unpaid minimum wages, unpaid overtime, rest break violations, failure to

6  pay wages upon termination, inaccurate wage statements, and unfair business practices

7  under circumstances similar to this case. The Ninth Circuit held that dismissal was

8  proper because the complaint "fails to allege a workweek" in which the violations

9  occurred, and instead "provides only conclusory allegations reciting the statutory

10 elements." *Id.* at 431; *see also Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d

11 1044, 1048 (C.D. Cal. 2016) ("The pleading standards set forth in *Landers* apply

12 equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break

13 allegations.").

14     In line with this precedent, judges in the Central District routinely grant

15 Rule 12(b)(6) motions to dismiss wage-and-hour complaints that fail to specify facts

16 creating a plausible inference that the employer committed the alleged wage-and-hour

17 violations. *See, e.g.*, *Wood v. N. Am. Van Lines, Inc.*, 2021 WL 3134203, at *9 (C.D.

18 Cal. July 23, 2021) (applying *Landers* pleading standard and dismissing wage-and-hour

19 claims for lack of sufficient factual allegations); *Leitzbach v. Atlas Van Lines, Inc.*,

20 2017 WL 11617904, at *10-13 (C.D. Cal. Feb. 22, 2017) (same); *Fenton v.

21 McLane/Suneast, Inc.*, 2016 WL 11746002, at *2-3 (C.D. Cal. Aug. 22, 2016) (same).

22 The Central District also routinely dismisses wage-and-hour claims that generically

23 plead only that an employer "regularly" committed a Labor Code violation, as Plaintiff

24 does here (*see* FAC ¶¶ 17, 34). *Zamora v. Penske Truck Leasing Co., L.P.*, 2020 WL

25 4748460, at *6 (C.D. Cal. Aug. 17, 2020) (dismissing overtime, minimum wage, and

26 meal and rest period claims based only on conclusory allegations).

27     **B.    Rule 12(f) Motion To Strike**

28     Federal Rule of Civil Procedure 12(f) allows parties to move to strike "any

6

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

Glaser Weil

redundant, immaterial, impertinent, or scandalous matter." The purpose of such a motion is to avoid spending time and money litigating spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994). Thus, a court may strike language seeking relief that is not recoverable as a matter of law. *See Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006). A court may also strike class action allegations that are deficient as a matter of law. *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.")

For class action allegations to survive the pleading stage, the complaint must plead facts sufficient "to justify the action's proceeding as a class action" under Rule 23. *Shann*, 182 F. Supp. 3d at 1048 (dismissing class claims lacking "substantive allegations"); *see also Byrd v. Masonite Corp.*, 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class allegations where plaintiff failed to allege facts to support finding that employer had "statewide policies or practices giving rise to [plaintiff's] causes of action" or that "member[s] of the putative class had similar work experiences"); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4, 8-10 (C.D. Cal. Jan. 16, 2015) (striking class allegations due to lack of commonality and noting that "[i]t is . . . appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available."). Class allegations "must at least be plausible," or they are properly subject to a motion to strike. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

2366995

## IV.   **LEGAL ARGUMENT**

As set forth below, the FAC fails to plead sufficient facts to plausibly entitle Plaintiff to any relief and should, therefore, be dismissed in its entirety. Additionally, the Court should dismiss or strike Plaintiff's class action claims and allegations and requests for injunctive relief as they are all deficient as a matter of law.

### A.   **All Of Plaintiff's Claims Fail**

#### 1.   **Plaintiff Fails To Allege Sufficient Facts To Support His Unpaid Overtime And Minimum Wage Claims (Claims 1, 4)**

Plaintiff's overtime violation claim (FAC ¶¶ 30-37) and minimum wage violation claim (FAC ¶¶ 55-60) fail because Plaintiff fails to plead any non-conclusory factual allegations that plausibly support an inference of a claim for relief. Under *Landers*, overtime and minimum wage claims must be dismissed if the complaint does not allege any facts establishing that there was "at least one workweek when [the plaintiff] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers*, 771 F.3d at 646.

That is precisely the case here. The only factual allegations Plaintiff offers in support of his claims are that he "typically worked a 6 am to 5 pm shift" and that Everi supposedly "required Plaintiff to drive 1.5 to 2 hours to each casino location and back home." FAC ¶ 14. These barebones assertions are insufficient to plausibly state an unpaid overtime claim. *See, e.g.*, *Boyack*, 812 F. App'x at 430 (affirming dismissal of unpaid overtime claims where a complaint "fails to allege a workweek in which [the plaintiffs] worked more than forty hours and were not paid overtime"); *Boian v. Schneider Logistics Transloading and Distrib., Inc.*, 2020 WL 5356707, at *7-8 (C.D. Cal. May 28, 2020) (dismissing overtime claim even when the complaint alleged a typical shift length, that pre-shift work occurred and took 15 minutes, and that post-shift work occurred and took 15-30 minutes); *McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906, at *3 (N.D. Cal. Sept. 19, 2017) (dismissing overtime claim because "rather than alleging a typical number of hours worked, Plaintiff made a vague

8
MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

reference to work 'in excess of eight hours a day" which "do[es] not support an overtime claim").

The FAC also does not plausibly state an unpaid minimum wage claim. *See Boyack*, 812 F. App'x at 430 (affirming dismissal of unpaid minimum wage claim for which the plaintiff failed to plausibly allege he "received less than minimum wages for all hours worked"); *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27, 2019) (dismissing unpaid minimum wage claim while emphasizing, "Plaintiff provides no facts about his work duties, his hours worked, or any other details relevant to the number of hours he worked at any time or in any week"). Given the absence of any facts to support his claims, Plaintiff's unpaid overtime and minimum wages claims should be dismissed.

## 2.   Plaintiff Fails To Allege Sufficient Facts To Support His Meal And Rest Break Violation Claims (Claims 2, 3)

Plaintiff's unpaid meal premiums claim (FAC ¶¶ 38-46) and unpaid rest period premiums claim (FAC ¶¶ 47-54) also fail because Plaintiff fails to plead any non-conclusory facts that plausibly support an inference of a claim for relief.

Under the *Landers* standard, to state a plausible meal or rest break claim Plaintiff must plead at least one concrete instance of a meal or rest break violation. *Landers*, 771 F.3d at 646; *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations."). Yet not one detailed instance of any such violation by Everi is alleged in the FAC.

The only factual allegation underlying Plaintiff's unpaid meal premium and unpaid rest period premium claims is that he "travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks." FAC ¶ 14. This generic allegation is insufficient under *Landers*. *See, e.g., Boyack*, 812 F. App'x at 431 (dismissing rest break claim because "the plaintiffs failed to allege a single workweek in which [the employer] impeded or discouraged [the plaintiffs] from taking rest

2366995

breaks); *Durham v. Autism Spectrum Therapies, LLC*, 2019 WL 10097456, at \*2-3 (C.D. Cal. Oct. 31, 2019) (same); *Ramirez v. C & J Well Serv., Inc.*, 2020 WL 5846464, at \*4 (C.D. Cal. Mar. 27, 2020) (dismissing meal and rest break claims where plaintiff failed to allege facts showing his employer actively prevented or discouraged employees from taking breaks); *Dawson v. Hitco Carbon Composites, Inc.*, 2017 WL 7806358, at \*2-3 (C.D. Cal. May 5, 2017) (same).

Based on the complete absence of any factual allegation demonstrating a single concrete instance of a meal or rest break violation, Plaintiff's second and third claims for relief should be dismissed.

### 3. Plaintiff Fails To Allege Sufficient Facts To Support His Wage Statement Violation Claim (Claim 5)

As with all his other claims, Plaintiff's claim for failure to furnish timely and accurate wage statements (FAC ¶¶ 61-68) fails because Plaintiff again fails to plead any non-conclusory facts that plausibly support an inference of a claim for relief. *Twombly*, 550 U.S. at 570. Plaintiff fails to plead facts reflecting a single instance of Everi failing to furnish him with timely and accurate wage statements. Accordingly, this claim is insufficiently pled and should be dismissed under *Landers. See Boyack*, 812 F. App'x at 431 (applying the *Landers* standard and affirming dismissal where the complaint "provide[d] only conclusory allegations reciting the statutory elements," as Plaintiff does here).

Plaintiff's wage statement claim should also be dismissed because Plaintiff fails to allege any cognizable injury that supposedly resulted from the purported wage statement violations, which is a required element of this claim. Cal. Labor Code § 226(e)(1); *see also Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1143 (2011) (employee seeking to recover for wage statement violations must "demonstrate[ ] an injury arising from the missing information"); *Apodaca v. Costco Wholesale Corp.*, 675 F. App'x 663, 665 (9th Cir. 2017) ("To establish a section 226 claim, the plaintiff must demonstrate both a violation of subsection 226(a) and an injury under subsection

10

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

Glaser Weil

226(e).”). Under Labor Code section 226(a), a cognizable injury in this context only occurs if an employer fails to provide a wage statement at all—which the FAC does not allege—or “if one of five specific categories [of information] is omitted, and, even then, only if a reasonable person would be unable to readily ascertain the missing information without reference to other documents or information,” which is also not alleged here. *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1335 (2018); *Avina v. Marriott Vacations Worldwide Corp.*, No. SACV1800685JVSJPRX, 2018 WL 6844713, at *5 (C.D. Cal. Oct. 15, 2018) (“Since Avina has not alleged that he did not receive a wage statement, to show injury he must allege facts that indicate that he could not promptly and easily determine what wages he was already paid or that the wage statements otherwise failed to comply with § 226(a)'s requirements. It is not enough that he allege that the statements were inaccurate.”). As Plaintiff fails to allege any facts demonstrating injury, his wage statement claim must be dismissed.

### 4. <u>Plaintiff Fails To Plausibly Allege Sufficient Facts Supporting His Claim For Waiting Time Penalties (Claim 6)</u>

Plaintiff's claim that he is entitled to so-called “waiting time penalties” because Everi purportedly failed to timely pay Plaintiff's wages upon termination also fails. FAC ¶¶ 69-75. Plaintiff pleads no facts supporting his entitlement to relief, including that any violations by Everi were “willful.” *See* Cal. Labor Code § 203. In fact, Plaintiff fails even to include the most basic allegation that he was not timely paid his wages upon termination. *See* FAC ¶ 71. Instead, the FAC merely parrots the statutory provisions providing for waiting time penalties. Yet there are no facts pled demonstrating Plaintiff is entitled to relief. *See* FAC ¶¶ 69-75.

This is insufficient to state a claim. *See, e.g.*, *Boyack*, 812 F. App'x at 431 (9th Cir. 2020) (applying *Landers* to affirm dismissal of a claim for “failure to pay wages owed upon termination” because the complaint “provides only conclusory allegations reciting the statutory elements” of that claim); *Durham*, 2019 WL 10097456, at *4 (C.D. Cal. Oct. 31, 2019) (dismissing waiting time penalty claim because the

11
MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

1  "conclusory allegations are not sufficient to show that Defendant owed Plaintiff wages

2  at the time of termination."); *Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018

3  WL 2431473, at *9 (N.D. Cal. May 30, 2018) (dismissing waiting time penalty claim

4  because "[m]erely alleging willfulness is insufficient to satisfy Rule 8; rather Plaintiff

5  must support that allegation with facts."); *Ritenour v. Carrington Mortg. Servs. LLC*,

6  228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing "causes of action for failure

7  to pay wages timely upon discharge and during employment [where complaint]

8  contain[ed] no description of what wages were due, when they were due, and when, if

9  at all, they were paid"); *Perez v. Performance Food Grp., Inc.*, 2016 WL 1161508, at

10  *5 (N.D. Cal. Mar. 23, 2016) (dismissing waiting time penalties claim, noting that

11  "Plaintiff's allegations . . . fail[] to allege specific facts showing a willful refusal to pay

12  wages after Plaintiff's termination"). For all these reasons, Plaintiff's waiting time

13  penalty claim should likewise be dismissed.

14      **5.    <u>Plaintiff's UCL Claim Fails Because He Cannot Plead An</u>**

15            **<u>Inadequate Remedy At Law (Claim 7)</u>**

16      Plaintiff's generic claim for violation of California's Unfair Competition Law

17  (California Business & Professions Code § 17200, *et seq.*) also fails. *See* FAC ¶¶ 76-

18  92. As with all his other claims, Plaintiff fails to plausibly allege any facts establishing

19  a predicate violation on which a UCL claim may be based. As a derivative claim,

20  insomuch as all of Plaintiff's other claims are inadequately pled, the UCL claim fails.

21      Even if Plaintiff had managed to plead a predicate violation, which he does not,

22  the UCL only provides equitable remedies in private actions. *See Korea Supply Co. v.*

23  *Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (UCL actions are equitable in

24  nature and prevailing plaintiffs are "limited to injunctive relief and restitution."). When

25  a state law claim for equitable relief is before a federal court, "'[t]he necessary

26  prerequisite' for a court to award equitable remedies is 'the absence of an adequate

27  remedy at law.'" *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020)

28  (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)). Thus, to be entitled to

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

Glaser Weil

1    relief, Plaintiff "must establish that []he lacks an adequate remedy at law before

2    securing equitable restitution for past harm under the UCL." *Sonner v. Premier*

3    *Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

4          Plaintiff does not and cannot plausibly allege that he lacks an adequate legal

5    remedy. Indeed, Plaintiff's other Labor Code claims are based on the same purported

6    issues as his UCL claim and provide for monetary damages and penalties, which

7    Plaintiff seeks in his Prayer for Relief. Courts regularly dismiss UCL claims under

8    similar circumstances. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,

9    2022 WL 522484, at *72 (C.D. Cal. Feb. 9, 2022) (dismissing UCL claim based on

10   "insufficient" "conclusory allegation" that "'Plaintiffs and Class members do not have

11   an adequate remedy at law.'"); *Martinez v. Hub Grp. Trucking, Inc.*, 2021 WL 937671,

12   at *8 (C.D. Cal. Jan. 11, 2021) (dismissing UCL claim derivative of wage-and-hour

13   claims because the complaint "does not establish that Plaintiff does not have an

14   adequate remedy at law"); *Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL

15   9071697 (C.D. Cal. Nov. 30, 2020) (dismissing UCL claim with prejudice because

16   "Plaintiff has not, and cannot, successfully allege that his legal remedies are inadequate

17   because his claims for restitution and injunctive relief are premised on the allegedly

18   unpaid wages (i.e., a legal remedy). Indeed, it is well established that the California

19   Labor Code provides legal damages to fully compensate workers for unpaid wages.").

20         Accordingly, Plaintiff's UCL claim should be dismissed with prejudice. *See*

21   *Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-01926-AB (KKX), 2020 WL 6532868,

22   at *3 (C.D. Cal. Oct. 22, 2020) (dismissing UCL claim derivative of Labor Code claims

23   with prejudice because plaintiff could not show "that she lacks an adequate remedy at

24   law for the wage and hour violations"); *In re MacBook Keyboard Litig.*, 2020 WL

25   6047253, at *4 (N.D. Cal. Oct. 13, 2020) (dismissing UCL claim without leave to

26   amend when "the availability of an adequate legal remedy is clear from the face of the

27   [operative complaint] and thus further amendment of the complaint would be futile").

28

**6.** **Plaintiff's PAGA Claim (Claim 8) Should Be Dismissed**

Plaintiff's PAGA claim should be dismissed because Plaintiff fails to sufficiently allege he exhausted his administrative remedies, and because Plaintiff's PAGA claim is derivative of his deficient Labor Code claims.

**a.** **Plaintiff Fails To Show Administrative Exhaustion**

A PAGA claim is an enforcement action between the Labor and Workforce Development Agency ("LWDA") and the employer, with the PAGA plaintiff acting on behalf of the government. *Kim v. Reins Int'l Cal., Inc.,* 9 Cal. 5th 73, 86 (2020). "PAGA sets forth an administrative exhaustion requirement to give the [LWDA] 'the initial opportunity to investigate and cite employers for Labor Code violations.'" *Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK SSX, 2013 WL 3887873, at *3 (C.D. Cal. July 3, 2013). To demonstrate exhaustion, Plaintiff must include a copy of his LWDA submission with his complaint. *Krauss v. Wal-Mart, Inc.*, No. 2:19-CV-00838-JAM-DB, 2020 WL 1874072, at *9 (E.D. Cal. Apr. 15, 2020) ("Without including the facts and theories Plaintiff provided to LWDA in her complaint, the Court cannot 'independently conclude that [she] has satisfied the requirements of the statute as a matter of law.'") (citation omitted). Failure to provide this information cannot be cured by a subsequent submission of an LWDA complaint. *See Jones v. Tirehub, LLC*, No. 2:21-CV-00564-JAM-DB, 2021 WL 3187551, at *2 (E.D. Cal. July 28, 2021) ("[T]he Court may not consider Plaintiff's [LWDA complaint]—which is not appended to the complaint but rather to the opposition brief—in its analysis.").

Here, Plaintiff makes only a conclusory assertion that "[o]n September 13, 2023 Plaintiff provided written notice online to the LWDA" (FAC ¶ 100) but he fails to attach anything to the FAC or provide any details. Accordingly, Plaintiff's PAGA claim should be dismissed. *See Jones*, 2021 WL 3187551, at *2-3 (dismissing PAGA claim based on failure to attach LWDA complaint); *Krauss*, 2020 WL 1874072, at *9 (same); *Kemp v. Int'l Bus. Machines Corp.*, No. C-09-4683 MHP, 2010 WL 4698490, at *3 (N.D. Cal. Nov. 8, 2010) (same).

**b.**     **The PAGA Claim Is Derivative Of The Other Claims**

"PAGA 'was adopted to empower aggrieved employees, acting as private attorneys general, to seek civil penalties for Labor Code violations." *Dimon v. Cnty. of L.A.*, 166 Cal. App. 4th 1276, 1280 n.5 (2008) (quoting *Dunlap v. Sup. Ct.*, 142 Cal. App. 4th 330, 336 (2006)). PAGA claims are thus derivative of underlying violations of the Labor Code and can only proceed if the underlying claims are adequately pled. *See id.*; *Reyna v. WestRock Co.*, No. 20-CV-01666-BLF, 2020 WL 5074390, at *12 (N.D. Cal. Aug. 24, 2020) ("Plaintiff's PAGA claim does not add any factual allegations and is derivative of her Labor Code claims."). If the underlying substantive claims are dismissed, the derivative PAGA claim must be dismissed as well. *See, e.g.*, *Carlos v. Wal-Mart Assocs., Inc.*, No. EDCV2100294ABKKX, 2021 WL 4924774, at *5 (C.D. Cal. Aug. 13, 2021) (dismissing derivative PAGA claim); *Derik Duley v. Centerra Grp., LLC*, No. 219CV08754ABJCX, 2020 WL 6526369, at *5 (C.D. Cal. Mar. 18, 2020) (same); *Sanders v. Old Dominion Freight Line, Inc.*, No. EDCV18688DSFSHKX, 2018 WL 6321628, at *4 (C.D. Cal. June 25, 2018) (same).

As Plaintiff's PAGA claim is boilerplate with no factual allegations and all of Plaintiff's other claims fail, the derivative PAGA claim should likewise be dismissed.

**7.     The FLSA Claim Is Defectively Pled (Claim 9)**

Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* for failure "to pay the FLSA class for all hours worked" (FAC ¶ 108), to pay the FLSA class overtime (FAC ¶ 109), and to keep "accurate records of all hours worked" (FAC ¶ 110). FLSA claims are subject to the same pleading standards as California Labor Code claims. Thus, the FLSA claim should be dismissed for the same reasons set forth above regarding Plaintiff's Labor Code claims. *See, e.g.*, *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007 n.3 (N.D. Cal. 2016) (collecting cases and finding that the reasoning in *Landers* applies "especially" to "overtime and wage claims because the language of the FLSA and Labor Code provisions is strikingly similar").

2366995

**B.**     <u>**The Court Should Dismiss And/Or Strike All Of The Class Action Allegations And Claims**</u>

Claims that are not suitable for class treatment can be identified at the pleading stage and Rule 12(f) may be used to strike class allegations, and Rule 23(c)(1)(A) and 23(d)(1)(D) may be used to deny class certification. Plaintiff cannot state a claim in his individual capacity. Even if he could, he is an atypical and inadequate class representative who cannot satisfy the Rule 23 requirements to certify a putative class.

The Court may also properly strike the allegations in the FAC that are redundant, immaterial, and impertinent. The Court should dismiss or strike Plaintiff's boilerplate class action allegations because: (1) Plaintiff's conclusory pleading does not meet the minimum pleading requirements; (2) early dismissal is appropriate to prevent an unwarranted risk of discovery abuse regarding what are clearly individual claims; and (3) it is clear from the face of Plaintiff's FAC that he cannot satisfy the requirements of Rule 23 necessary to maintain a class action.

**1.**     <u>**The Class Allegations Do Not Meet Minimum Pleading Requirements**</u>

No facts are pled in the FAC to support a putative class. Plaintiff fails to allege any facts suggesting that any member of the putative class had work experiences similar to his. *See* FAC ¶¶ 22-29. Nor does Plaintiff allege any facts showing Everi maintained statewide policies or practices giving rise to Plaintiff's claims such that common questions of fact and/or law predominate and are susceptible to class-wide proof. *See* FAC ¶¶ 22-29. Indeed, Plaintiff's generic class action allegations are virtually identical to the prior class action Plaintiff's counsel filed against UPS, which underscores the complete lack of factual content underlying this case. Accordingly, Plaintiff fails to satisfy the *Iqbal/Twombly* pleading requirement. As such, dismissal at the pleading stage is appropriate. *See Ovieda*, 2012 WL 1627237, at *4 ("Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work

1  experiences," such that Plaintiff's "conclusory allegation does not meet the minimum

2  pleading requirements"); *Byrd*, 2016 WL 756523, at *4 (same).

3          **2.**    **Early Dismissal Of The Putative Class Claims Is Necessary To**

4               **Avoid Discovery Abuse**

5        Dismissal of Plaintiff's class claims at the pleadings stage is also appropriate

6  because allowing Plaintiff to dress up what are clearly individual claims with baseless

7  and conclusory class allegations invites an unwarranted risk of discovery abuse. *See*

8  *Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-1926 DSF (JCX), 2020 WL 6526372,

9  at *3 (C.D. Cal. Aug. 7, 2020) ("Before a plaintiff can obtain class discovery and put a

10  defendant through the expense of opposing class certification, she must at least

11  plausibly allege that the asserted claims might apply to others in the putative class.").

12  Numerous district courts have dismissed similar class claims at the pleadings stage.

13  *See, e.g., Duran v. Maxim Healthcare Servs. Inc.*, No. CV 17-01072-AB (EX), 2018

14  WL 5915644, at *7 (C.D. Cal. Mar. 9, 2018) ("Similar to Plaintiffs' allegations defining

15  the aggrieved group for Plaintiffs' PAGA claim, the Court dismisses Plaintiffs' class

16  allegations on the grounds that they are not plausibly alleged, as they are imprecise,

17  overbroad, and unascertainable."); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB

18  (KKX), 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016). Here, as in these cases,

19  Plaintiff's vague and plainly implausible class allegations are imprecise, overbroad, and

20  unascertainable and should be dismissed.

21          **3.**    **The Court Should Strike Plaintiff's Class Action Allegations**

22               **For Failure To Satisfy Rule 23**

23        The Court should also strike Plaintiff's class allegations because the FAC makes

24  clear that a class action cannot be maintained under Rule 23. *See, e.g.*, *Sanders,* 672 F.

25  Supp. 2d at 990 ("Where the complaint demonstrates that a class action cannot be

26  maintained on the facts alleged, a defendant may move to strike class allegations prior

27  to discovery."); *see* Fed. R. Civ. P. 23(d)(1)(D) (the court may "require that the

28  pleadings be amended to eliminate allegations about representation of absent persons

17

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995

and that the action proceed accordingly."). Although Everi does not address all of the bases upon which Plaintiff's proposed class fails under Rule 23, the allegations in Plaintiff's FAC reveal deficiencies that no amount of discovery or time will enable Plaintiff to resolve. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017) ("The party seeking to maintain class certification bears the burden of demonstrating that the Rule 23 requirements are satisfied . . . .").

First, Plaintiff does not meet the typicality requirement, which requires that a representative plaintiff's individual claims "are typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217 (N.D. Cal. 2015). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, Plaintiff's allegation that he maintained a unique schedule based on his unique work situation that involved traveling between his home to different casinos as a Field Technician demonstrates that his experience was not typical of other Everi employees.

Second, Plaintiff's class claims fail because there is no generalized evidence applicable to the entire putative class. Specifically, Plaintiff fails to allege "any questions of law or fact common to all class members" that "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see* FAC ¶ 29. For example, Plaintiff fails to plead any facts showing that the putative class members held the same or similar positions as Plaintiff and experienced the same purported harms. There are no facts from which the Court could plausibly conclude that Everi committed any of the violations alleged in the FAC against Plaintiff—let alone how Everi supposedly did so in a systemic way to affect an

entire class of plaintiffs in the same manner. No facts are pled detailing when such violations occurred, how many times, to whom, and the dates of such instances.

Finally, Plaintiff cannot show a putative class that is ascertainable. To satisfy the ascertainability requirement, a plaintiff "must demonstrate that: (i) members of the proposed class are readily identifiable by objective criteria, and (ii) it is administratively feasible to determine whether a particular person is a member of the class." *See Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 22 (N.D. Cal. 2015); *see also Williams v. Oberon Media, Inc.*, 468 F. App'x 768, 770 (9th Cir. 2012) (Courts must have an objective way to differentiate between putative class members and the broader public in an administratively feasible manner).

Here, Plaintiff's proposed class includes "[a]ll current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint," as well as seven proposed subclasses. FAC ¶ 24-25. This imprecise, overbroad, and unascertainable definition includes individuals who have no claim against Everi because they did not work under similar purported conditions as Plaintiff and they did not experience the same issues Plaintiff supposedly did. Plaintiff fails to show how any members of the proposed class were actually harmed, how they can be identified with objective criteria, or that it would be administratively feasible to do so.

For all these reasons, the Court should dismiss and/or strike Plaintiff's inappropriate and unsupported class action allegations.

## C.   Plaintiff's Requests For Injunctive Relief Must Be Stricken

Plaintiff seeks injunctive relief in connection with his UCL claim and appears to seek injunctive relief with respect to his Labor Code claims as well. *See* FAC ¶¶ 68, 90, 92; Prayer for Relief ¶¶ 24, 35. However, Plaintiff lacks standing to seek injunctive relief because he is a former, *not* a current, employee of Everi. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("[T]hose putative class members who were no longer Wal–Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief."), *rev'd on other grounds*, 564

Glaser Weil

1  U.S. 338 (2011); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011)

2  (named Plaintiff in a putative class action who was "not employed by Costco

3  throughout this case [did] not have standing to seek injunctive relief"); *Gordon v.*

4  *Aerotek, Inc.*, 2017 WL 8217410, at *5-7 (C.D. Cal. Oct. 12, 2017) (granting motion to

5  dismiss request for injunctive relief asserted under UCL claim by former employee).

6  This makes sense because, given Plaintiff is no longer an Everi employee, there is no

7  conduct to enjoin, as the purported issues are not capable of repetition.  Accordingly,

8  Plaintiff's requests for injunctive relief must be stricken for lack of standing and

9  because it is not a proper remedy.

10 **V.     <u>CONCLUSION</u>**

11        For the foregoing reasons, Everi respectfully requests that Plaintiff's FAC be

12 dismissed or stricken in its entirety. As Plaintiff has already amended the complaint

13 once and further amendments would be futile for the reasons set forth above, Everi

14 respectfully requests that dismissal be with prejudice. *See Ecological Rts. Found. v.*

15 *Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court

16 'should freely give leave [to amend] when justice so requires,' the court's discretion to

17 deny such leave is 'particularly broad' where the plaintiff has previously amended its

18 complaint.'") (internal citations omitted).

19

20  DATED:  January 17, 2024                Respectfully submitted,

21                                          GLASER WEIL FINK HOWARD
                                              JORDAN & SHAPIRO LLP
22

23                                          By: */s/ Elizabeth A. Sperling*
                                               Elizabeth A. Sperling
24                                             Alexander R. Miller
                                               Joseph D. Hadacek
25                                             Attorneys for Defendant
                                               Everi Games Inc.
26

27

28

2366995

1

## <u>L.R. 11-6.2 CERTIFICATE OF COMPLIANCE</u>

2

The undersigned, counsel of record for Defendant Everi Games Inc., certifies

3

that this brief contains 6,889 words, which complies with the word limit of L.R. 11-

4

6.1.

5

6                                      Respectfully submitted,

7   DATED:  January 17, 2024           GLASER WEIL FINK HOWARD
                                           JORDAN & SHAPIRO LLP
8

9                                      By: */s/ Elizabeth A. Sperling*
                                           Elizabeth A. Sperling
10                                          Alexander R. Miller
                                           Joseph D. Hadacek
11                                          Attorneys for Defendant
                                           Everi Games Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR
STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2366995