# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVERI GAMES INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00257-PA-JPR<br><br>Assigned to Hon. Percy Anderson<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT EVERI GAMES INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Hearing Date: February 26, 2024<br>Hearing time:  1:30 p.m.<br>Courtroom:  9A<br><br>Date filed: November 17, 2023<br>Removal Date: January 10, 2024 |

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2372033

1    Presently before the Court is Defendant Everi Games Inc.'s ("Everi") Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). Everi's motion is based on Plaintiff's failure to meet the Rule 8 pleading standard as a matter of law, including by failing to plead "enough facts to state a claim to relief that is plausible on its face" as to Plaintiff's claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Furthermore, Everi contends that Plaintiff's generic claim for violation of California's Unfair Competition Law (California Business & Professions Code § 17200, *et seq.*, "UCL") fails as a matter of law because, even if he had managed to plead a predicate violation, the UCL only provides equitable remedies in private actions such as this one, and Plaintiff cannot plausibly allege he lacks an adequate legal remedy. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (UCL actions are equitable in nature and prevailing plaintiffs are "limited to injunctive relief and restitution."). Everi further argues that Plaintiff's Private Attorney General Act claim cannot survive the pleadings stage, as Plaintiff fails to sufficiently allege he exhausted his administrative remedies, and because this claim is derivative of Plaintiff's Labor Code claims, which also fail. Everi contends Plaintiff's claim under the Fair Labor Standards Act similarly fails as Plaintiff's underlying Labor Code claims all fail.

2    Regarding Plaintiff's class action allegations and claims, Everi argues that the Court should dismiss and/or strike them because Plaintiff's class action allegations do not meet the minimum pleading requirements, early dismissal is warranted to avoid discovery abuse, Plaintiff's class action allegations fail to satisfy Rule 23 on their face, and it is evident from the pleading that Plaintiff will not be able to adequately and successfully maintain a class despite being given further opportunity to amend. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."). Everi further

1

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2372033

contends Plaintiff's requests for injunctive relief must also be stricken as Plaintiff seeks adequate remedies at law. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("[T]hose putative class members who were no longer Wal–Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief."), *rev'd on other grounds*, 564 U.S. 338 (2011)

Upon due consideration and good cause appearing, the Court **GRANTS** Everi's Motion, **DISMISSES** the First Amended Complaint in its entirety, and **STRIKES** Plaintiff's class action allegations and claims for the reasons set forth in Everi's Motion. The Court further **GRANTS** Everi's concurrently filed request for judicial notice. *See Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, n.1 (9th Cir. 1996) (district court may properly take judicial notice of court orders); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1112-15 (C.D. Cal. 2004) (same).

As Plaintiff has already amended the complaint once and further amendments would be futile, the Court orders that the dismissal is **WITH PREJUDICE**. *See Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court 'should freely give leave [to amend] when justice so requires,' the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint.'") (internal citations omitted). The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

DATED: February ___, 2024

Hon. Percy Anderson
United States District Judge

2

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2372033