# EXHIBIT A

SANG J PARK, SBN 232956
sang@park-lawyers.com
PARK APC
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone:    (310) 627-2964
Fax:          (310) 362-8279

DEAN S. HO, SBN 297357
dean@employees-lawyer.com
OPTIMUM EMPLOYMENT LAWYERS
7545 Irvine Center Dr., Suite 200
Irvine, California 92782
Telephone:    (949) 954-8181
Fax:          (949) 335-6106

Attorneys for Plaintiff

ELECTRONICALLY FILED
7/14/2021 2:34 PM
Kern County Superior Court
By Vickie Fogerson, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN

| | |
|---|---|
| MICHELLE RIZVANOVIC, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation; and DOES 1 to 10,<br><br>Defendants. | Case No.: BCV-21-101599<br><br>CLASS ACTION<br><br>COMPLAINT<br><br>(1)  Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime)<br>(2)  Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)<br>(3)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums)<br>(4)  Violation of California Labor Code §§ 1194, 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage)<br>(5)  Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements)<br>(6)  Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination)<br>(7)  Violation of California Business & Professions Code §§ 17200, et seq.<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

1.    This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.    Plaintiff is, and at all relevant times was, a citizen of the state of California.

6.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

7.    Defendant United Parcel Service, Inc. ("UPS") was and is, upon information and belief, an Ohio corporation. At all times hereinafter mentioned, Defendant was an employer whose employees were engaged throughout this county and the State of California.

8.    Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names. Each of the

1    DOE Defendants was in some manner legally responsible for the violations alleged.  Plaintiff

2    will amend this complaint to set forth the true names and capacities of these Defendants when

3    they have been ascertained, together with appropriate charging allegations, as may be necessary.

4         9.    At all times, the Defendants named as DOES 1 to 10, inclusive, and each of

5    them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or

6    injured Plaintiff and aggrieved employees in the State of California.

7         10.   At all times, each Defendant was the agent, servant, or employee of the other

8    Defendants and, in acting and omitting to act as alleged herein, acted within the course and

9    scope of that agency or employment.

10        11.   UPS and DOES 1 to 10 are collectively referred to herein as "Defendants."

11                          **DEFENDANTS' CONDUCT**

12        12.   UPS is a multinational package delivery and supply chain management company

13   with offices throughout California, including locations in Kern County.

14        13.   Defendants employed Plaintiff as a Seasonal Personal Vehicle Driver ("PVD"), a

15   non-exempt position, from October 22, 2019 to December 31, 2019.

16             a.    Plaintiff last earned $21 an hour.

17        14.   Defendants required PVDs to use their own cars and fulfill all of the duties of a

18   standard UPS delivery driver.

19        15.   Plaintiff, like all PVDs in California, drove her own personal vehicle to deliver

20   packages for UPS.

21        16.   Plaintiff's workday typically started at 10 am and ended when all packages were

22   delivered for the day.

23        17.   Defendants required Plaintiff to travel to her designated UPS storage container or

24   UPS Customer Center in Bakersfield, clock-in using her UPS-issued handheld device, and fully

25   load her car with various packages for delivery that day.

26        18.   Defendants required Plaintiff to scan each package with the UPS-issued handheld

27   device that, in turn, gave her the delivery route for that package.

28

19.   On average Defendants required Plaintiff, and other PVDs, to deliver 120 packages in a regular 8-hour shift—i.e., one package every 4 minutes.

20.   Defendants instructed Plaintiff to clock out for meal periods and informed Plaintiff that PVDs could not scan packages while they were "clocked out" for a meal period.

21.   Defendants then instructed Plaintiff, and other PVDs, to use their meal period to drive to and from their designated pick-up areas to fully reload their personal car with packages.

22.   Defendants required Plaintiff to clock out for her meal periods and work through her meal periods.

23.   Similarly, and due to Defendants' demands and directives—that is, 1 delivery every 4 minutes—Plaintiff and PVDs were not afforded with and did not take their lawfully required rest periods.

24.   During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable Industrial Welfare Commission's ("IWC") Wage Orders.

25.   Plaintiff and Class members were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

26.   Defendants' PVDs were not authorized or permitted lawful meal periods, and were not provided one hour's wages in lieu thereof, in one or more of the following manners:

    (a)   employees were regularly not authorized or permitted full thirty-minute meal periods for work-days in excess of 5 and/or 10 hours and were not compensated 1 hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders

    (b)   employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"

    (c)   employees were required to work longer than five hours before being allowed to take a meal period

1        (d)     employees were severely restricted in their ability to take a meal period

2     27.    And Defendants failed to provide Plaintiff and PVDs their second meal periods

3  for shifts longer than ten hours.

4     28.    Plaintiff and PVDs were not authorized or permitted lawful rest breaks, and were

5  not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §

6  226.7 and applicable IWC Wage Orders.

7     29.    As a result, Defendants failed to timely pay Plaintiff and PVDs for all wages

8  owed to them and Plaintiff and PVDs' paychecks did not include all wages owed to them.

9     30.    Defendants also failed to correctly record Plaintiff and PVDs' meal periods as

10  required by Labor Code § 1198 and applicable IWC Wage Orders.

11                 **CLASS ACTION ALLEGATIONS**

12     31.    Plaintiff brings this action individually, as well as on behalf of each and all other

13  persons similarly situated in a concerted effort to improve wages and working conditions for

14  other non-exempt and/or hourly employees, and thus seeks class certification under Code of

15  Civil Procedure § 382.

16     32.    All claims alleged arise under California law for which Plaintiff seeks relief

17  authorized by California law.

18     33.    The proposed Class consists of and is defined as:

19             All current and/or former Seasonal Personal Vehicle Drivers

20             ("PVDs"), and non-exempt employees who drove their personal
                vehicles to deliver packages, employed by Defendants in

21             California within four years prior to the filing of this Complaint

22     34.    The proposed subclasses consist of and are defined as:

23             OVERTIME SUBCLASS: All members of the Class who were

24             not paid overtime compensation for all hours worked in excess
                of eight hours per day and/or 40 hours per week

25             MEAL PERIOD SUBCLASS:  All members of the Class who

26             were not authorized or permitted to take a 30-minute,
                uninterrupted meal period for every five hours worked per day,

27             and were not compensated one hour's pay for each day n which
                such meal period was not authorized or permitted

28

Exhibit A, Page 16

**REST BREAK SUBCLASS:** All members of the Class who were not authorized or permitted to take a 10-minute, uninterrupted rest break for every four hours worked per day, or major fraction thereof, and were not compensated one hour's pay for each day on which such rest break was not authorized or permitted.

**UNPAID WAGES SUBCLASS:** All members of the Class who performed work for Defendants and were not compensated.

**WAITING TIME SUBCLASS:** All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages.

**WAGE STATEMENT SUB-CLASS:** All members of the Class who received inaccurate wage statements.

35.   Plaintiff reserves the right to establish additional subclasses as appropriate.

36.   At all material times, Plaintiff was a member of the Class.

37.   There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

   (a)   Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

   (b)   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest.  Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

   (c)   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest and typicality of claims, as

1    demonstrated herein.  Plaintiff acknowledges that Plaintiff has an

2    obligation to make known to the Court any relationship, conflicts or

3    differences with any class member.  Plaintiff's attorneys, the proposed

4    class counsel, are versed in the rules governing class action discovery,

5    certification, and settlement.

6    (d)   Superiority:  The nature of this action makes the use of class action

7    adjudication superior to other methods.  Class action will achieve

8    economies of time, effort, and expense as compared with separate

9    lawsuits, and will avoid inconsistent outcomes because the same issues

10    can be adjudicated in the same manner and at the same time for the

11    entire class.

12    (e)   Public Policy Considerations:  Employers in the State of California

13    violate employment and labor laws every day.  Current employees are

14    often afraid to assert their rights out of fear of direct or indirect

15    retaliation.  Former employees are fearful of bringing actions because

16    they believe their former employers might damage their future

17    endeavors through negative references and/or other means.  Class

18    actions provide the Class members who are not named in the complaint

19    with a type of anonymity that allows for the vindication of their rights at

20    the same time as their privacy is protected.

21    38.   There are common questions of law and fact as to the Class (and each subclass, if

22  any) that predominate over questions affecting only individual members, including but not

23  limited to:

24    (a)   Whether Defendants engaged in a pattern or practice of failing to pay

25    Plaintiff and the Class members for the total hours worked during the

26    Class period

27    (b)   Whether Defendants' failure to pay wages, without abatement or

28    reduction, in accordance with the California Labor Code, was willful

(c)   Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

(d)   Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week;

(e)   Whether Defendants failed to record Plaintiff and Class members' meal periods

(f)   Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

(g)   Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h)   Whether Defendants' conduct was willful or reckless

(i)   Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j)   Whether Defendants violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendants required Plaintiff and Class members to perform for the benefit of Defendants

(k)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq. and

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

Page 7
CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime

### (Plaintiff and Class against all Defendants)

39.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

40.     California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

41.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful. The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

42.     During the course of Plaintiff and Class members' employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

43.     At all times, Defendants failed to pay Plaintiff and Class members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and Class members were regularly required to work overtime hours without receiving overtime pay.

44.     By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

45.     Plaintiff and Class members request recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code §

1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as
provided by the California Labor Code and/or other statutes.

46.    Further Plaintiff and Class members are entitled to seek and recover reasonable
attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Plaintiff and Class against all Defendants)**

47.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

48.    The applicable IWC Wage Order and California Labor Code §§ 226.7 and
512(a) were applicable to Plaintiff's employment by Defendants.

49.    California Labor Code § 226.7 provides that no employer shall require an
employee to work during any meal period mandated by an applicable order of the IWC.

50.    The applicable IWC Wage Order and California Labor Code § 512(a) provide
that an employer may not require, cause or permit an employee to work for a period of more
than five (5) hours per day without providing the employee with an uninterrupted meal period of
not less than thirty (30) minutes, except that if the total work period per day of the employee is
not more than six (6) hours, the meal period may be waived by mutual consent of both the
employer and the employee.

51.    Plaintiff was required to work for periods longer than five (5) hours without an
uninterrupted meal period of not less than thirty (30) minutes.  Plaintiff was not authorized or
permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in
violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

52.    Defendants willfully required Plaintiff to work during meal periods and failed to
compensate Plaintiff for work performed during meal periods.

53.    Defendants failed to pay Plaintiff the full meal period premium due pursuant to
California Labor Code § 226.7.

54.    Defendants' conduct violates the applicable IWC Wage Orders and California
Labor Code §§ 226.7 and 512(a).

Exhibit A, Page 21

1    55.    Pursuant to the applicable IWC Wage Order and California Labor Code §

2  226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular

3  hourly rate of compensation for each work day that the meal period was not provided.

4                              **THIRD CAUSE OF ACTION**

5        **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

6                      **(Plaintiff and Class against all Defendants)**

7    56.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

8    57.    The applicable IWC Wage Order and California Labor Code § 226.7 were

9  applicable to Plaintiff's employment by Defendants.

10    58.    California Labor Code § 226.7 provides that no employer shall require an

11  employee to work during any rest period mandated by an applicable order of the IWC.

12    59.    The applicable IWC Wage Order provides that "[e]very employer shall authorize

13  and permit all employees to take rest periods, which insofar as practicable shall be in the middle

14  of each work period" and that the "rest period time shall be based on the total hours worked

15  daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof"

16  unless the total daily work time is less than three and one-half (3½) hours.

17    60.    Defendants required Plaintiff to work four (4) or more hours without authorizing

18  or permitting a ten (10) minute rest period per each four (4) hour period worked.

19    61.    Defendants willfully required Plaintiff to work during rest periods and failed to

20  compensate Plaintiff for work performed during rest periods.

21    62.    Defendants failed to pay Plaintiff the full rest period premium due pursuant to

22  California Labor Code § 226.7.  Defendants' conduct violates the applicable IWC Wage Orders

23  and California Labor Code § 226.7.

24    63.    Pursuant to the applicable IWC Wage Order and California Labor Code §

25  226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular

26  hourly rate of compensation for each work day that the rest period was not provided.

27

28

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—

### Failure to Pay Minimum Wages

### (Plaintiff and Class against all Defendants)

64.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

65.   California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

66.   Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and "off the clock;" and when it failed to pay them proper compensation for all hours worked, including time worked during their missed and/or interrupted meal and/or rest periods and "off the clock."

67.   Defendants have knowingly and willfully refused to compensate Plaintiff and Class members for all wages earned, and all hours worked, at the required minimum wage.  As a direct result Plaintiff and Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation and wages; lost interest on such monies and expenses; and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

68.   In relevant part, California Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest, reasonable attorney's fees, and cost of suit, which Plaintiff and Class members seek.

69.   Pursuant to California Labor Code § 1194.2, Plaintiff and Class members seek liquidated damages available to employees who file an action under Labor Code §1194.

## FIFTH CAUSE OF ACTION

Violation of California Labor Code § 226(a)—

Failure to Furnish Timely and Accurate Wage Statements

(Plaintiff and Class against all Defendants)

70. Plaintiff incorporates all paragraphs above as though fully set forth herein.

71. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; and the overtime hours worked by Plaintiff and Class members.

73. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily-protected rights.

74. Specifically, Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

75. Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the

Exhibit A, Page 24

1  mandates of California's Labor Code and related laws and regulations.

2      76.    Plaintiff and Class members are entitled to recover from Defendants the greater

3  of their actual damages caused by Defendants' failure to comply with California Labor Code §

4  226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

5      77.    Plaintiff and Class members are also entitled to injunctive relief to ensure

6  compliance with this section, pursuant to California Labor Code § 226(g).

7  **SIXTH CAUSE OF ACTION**

8  **Violation of California Labor Code §§ 201 and 202—**

9  **Wages Not Timely Paid Upon Termination**

10  **(Plaintiff and Class against all Defendants)**

11      78.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

12      79.    At all times, California Labor Code §§ 201 and 202 provide that if an employer

13  discharges an employee, the wages earned and unpaid at the time of discharge are due and

14  payable immediately, and that if an employee voluntarily leaves his or her employment, his or

15  her wages shall become due and payable not later than 72 hours thereafter, unless the employee

16  has given 72 hours previous notice of his or her intention to quit, in which case the employee is

17  entitled to his or her wages at the time of quitting.

18      80.    During the relevant time period, Defendants willfully failed to pay Class

19  members who are no longer employed by Defendants their wages, earned and unpaid, either at

20  the time of discharge, or within 72 hours of their leaving Defendants' employ.

21      81.    Class members' final paychecks did not include all wages owed to Class

22  members.

23      82.    Defendants' failure to pay those Class members who are no longer employed by

24  Defendants their wages earned and unpaid at the time of discharge is in violation of California

25  Labor Code §§ 201 and 202.

26      83.    California Labor Code § 203 provides that if an employer willfully fails to pay

27  wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

28  continue as a penalty from the due date, and at the same rate until paid or until an action is

1   commenced; but the wages shall not continue for more than 30 days.

2       84.    Class members are entitled to recover from Defendants their additionally

3   accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days

4   maximum pursuant to California Labor Code § 203.

5                           **SEVENTH CAUSE OF ACTION**

6           Violation of California Business & Professions Code § 17200, et seq.

7                       (Plaintiff and Class against all Defendants)

8       85.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

9       86.    Defendants, and each of them, are "persons" as defined under Business &

10  Professions Code § 17021.

11      87.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

12  unlawful, and harmful to Plaintiff, Class members, and to the general public.

13      88.    Plaintiff seeks to enforce important rights affecting the public interest within the

14  meaning of Code of Civil Procedure § 1021.5.

15      89.    Defendants' activities, as alleged herein, are violations of California law, and

16  constitute unlawful business acts and practices in violation of California Business & Professions

17  Code § 17200, et seq.

18      90.    A violation of California Business & Professions Code § 17200, et seq. may be

19  predicated on the violation of any state or federal law. All of the acts described herein as

20  violations of, among other things, the California Labor Code and Industrial Welfare

21  Commission Wage Orders, are unlawful and in violation of public policy; and in addition are

22  immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair,

23  unlawful and/or fraudulent business practices in violation of California Business and

24  Professions Code § 17200, et seq.

25                              Failing to Pay Overtime

26      91.    Defendants' failure to pay overtime compensation and other benefits in violation

27  of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity

28  prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Meal and Rest Periods

92.   Defendants' failure to provide legally required meal and rest periods in violation of California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Pay Wages

93.   Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Timely Pay Wages Upon Termination

94.   Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

95.   Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Record Meal Periods

96.   Defendants' failure to record meal periods in violation of California Labor Code §'1198 and IWC Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

97.   By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

98.   Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

99.   Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair,

Exhibit A, Page 27

1  unlawful and/or fraudulent business practices. Plaintiff and Class members are not obligated to

2  establish individual knowledge of the unfair practices in order to recover restitution.

3       100.  Plaintiff, individually, and on behalf of Class members, is further entitled to and

4  do seek a declaration that the above-described business practices are unfair, unlawful and/or

5  fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in

6  any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

7       101.  Plaintiff, individually, and on behalf of Class members, has no plain, speedy,

8  and/or adequate remedy at law to redress the injuries that he has suffered as a consequence of

9  Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair,

10  unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on

11  behalf of Class members, has suffered and will continue to suffer irreparable harm unless

12  Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful

13  and/or fraudulent business practices.

14       102.  Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff

15  and Class members are entitled to restitution of the wages withheld and retained by Defendants

16  during a period that commences four years prior to the filing of this complaint; a permanent

17  injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class

18  members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5

19  and other applicable laws; and an award of costs.

20  <u>PRAYER FOR RELIEF</u>

21      Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and

22  judgment against Defendants, jointly and severally, as follows:

23  <u>Class Certification</u>

24    1.  That this action be certified as a class action;

25    2.  That Plaintiff be appointed as the representatives of the Class; and

26    3.  That counsel for Plaintiff be appointed as Class Counsel.

27  <u>As to the First Cause of Action</u>

28    4.  That the Court declare, adjudge and decree that Defendants violated California

Page 16

CLASS ACTION COMPLAINT

1    Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all
2    overtime wages due to Plaintiff and Class members;

3        5.      For general unpaid wages at overtime wage rates and such general and special
4    damages as may be appropriate;

5        6.      For pre-judgment interest on any unpaid overtime compensation commencing
6    from the date such amounts were due;

7        7.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
8    California Labor Code § 1194(a); and,

9        8.      For such other and further relief as the Court may deem equitable and
10    appropriate.

11               As to the Second and Third Causes of Action

12        9.      That the Court declare, adjudge and decree that Defendants violated California
13    Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide
14    all meal periods and rest breaks to Plaintiff and Class members;

15       10.     That the Court make an award to the Plaintiff and Class members of one hour of
16    pay at each employee's regular rate of compensation for each workday that a meal period and
17    rest break were not provided;

18       11.     For all actual, consequential, and incidental losses and damages, according to
19    proof;

20       12.     For premiums pursuant to California Labor Code § 226.7(b);

21       13.     For pre-judgment interest on any unpaid wages from the date such amounts were
22    due; and,

23       14.     For such other and further relief as the Court may deem equitable and
24    appropriate.

25                As to the Fourth Cause of Action

26       15.     That the Court declare, adjudge and decree that Defendants violated California
27    Labor Code §§ 1194 and 1197;

28       16.     For general unpaid wages and such general and special damages as may be

1  appropriate;

2      17.    For pre-judgment interest on any unpaid compensation commencing from the

3  date such amounts were due;

4      18.    For liquidated damages;

5      19.    For reasonable attorneys' fees and for costs of suit incurred; and

6      20.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8  As to the Fifth Cause of Action

9      21.    That the Court declare, adjudge and decree that Defendants violated the record

10  keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to

11  Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements;

12      22.    For all actual, consequential and incidental losses and damages, according to

13  proof;

14      23.    For statutory penalties pursuant to California Labor Code § 226(e);

15      24.    For injunctive relief to ensure compliance with this section, pursuant to

16  California Labor Code § 226(g); and,

17      25.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19  As to the Sixth Cause of Action

20      26.    That the Court declare, adjudge and decree that Defendants violated California

21  Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time

22  of termination of the employment of terminated Class members;

23      27.    For all actual, consequential and incidental losses and damages, according to

24  proof;

25      28.    For statutory wage penalties pursuant to California Labor Code § 203 for all

26  Class members who have left Defendants' employ;

27      29.    For pre-judgment interest on any unpaid wages from the date such amounts were

28  due; and,

Page 18
CLASS ACTION COMPLAINT

30.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

31.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay minimum wages; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; and by failing to record meal periods;

32.     For restitution of unpaid wages to Plaintiff and all Class members and prejudgment interest from the day such amounts were due and payable;

33.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

34.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

35.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

36.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 14, 2021 .

Respectfully submitted,

PARK APC

By: /s/ Sang J Park

Sang J Park

OPTIMUM EMPLOYMENT LAWYERS
Dean S. Ho

Attorneys for Plaintiff

Page 19

CLASS ACTION COMPLAINT

1  <u>DEMAND FOR JURY TRIAL</u>

2     Plaintiff hereby respectfully demands a jury trial.

3

4

5  Dated: July 14, 2021                    Respectfully submitted,

6                                          PARK APC

7

8                              By:    /s/ Sang J Park
                                      _____
9                                     Sang J Park

10                                    OPTIMUM EMPLOYMENT LAWYERS
                                      Dean S. Ho
11
                                      Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28