1  SANG (JAMES) PARK, SBN 232956
   *sang@park-lawyers.com*
2  PARK APC
   8383 Wilshire Boulevard, Suite 800
3  Beverly Hills, California 90211
   Telephone:   (310) 627-2964
4  Fax:            (310) 362-8279

5  Attorneys for Plaintiff

6

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9

10                                         Case No: 2:24-cv-00257-PA-JPR

11 JOSE VALENZUELA, individually           Hon. Percy Anderson
   and on behalf of all others similarly
12 situated,                               CLASS ACTION

13            Plaintiff,                    **PLAINTIFF'S OPPOSITION TO
                                            DEFENDANT EVERI GAMES INC.'S
14       vs.                                MOTION TO DISMISS AND/OR
                                            STRIKE PLAINTIFF'S FIRST
15 EVERI GAMES INC.; and DOES 1 to 10,      AMENDED COMPLAINT**

16            Defendants.

17                                         Date:   February 26, 2024
                                           Time:   1:30 pm
18                                         Place:  Courtroom 9A

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    INTRODUCTION…………………………………………………………   1

II.   FACTS AND PROCEDURE……………………..….……….….….…….   2

III.  ARGUMENT……………………………….….……….……..……   3

    A.   Standard of review for motion under Rule 12(b)(6)……...………   3

        1.   Rule 12 Motions are disfavored……………………………   3

        2.   The Court must accept all well-pleaded allegations of
the Complaint as true…………………………………...…   4

    B.   Plaintiff's claims are adequately plead……………………….….   4

        1.   Plaintiff's overtime and minimum wage claims meet the
Rule 8 pleading requirements…………………………..   4

        2.   Plaintiff's meal period and rest break claims meet the Rule
8 pleading requirements……………………………………   7

        3.   Plaintiff's claim for wage statements is well-plead………..   9

        4.   Plaintiff's claim for waiting time penalties (derivative
claim) is well-plead……….….……………..…………..   10

        5.   Plaintiff's claim for violation of California Business &
Professions Code §§ 17200, et seq. ("UCL") is well-plead..   11

            a.   Meal and rest break premiums, like overtime pay,
are a "wage" and Plaintiff is owed restitution under
the UCL because unpaid wages become property to
which he is entitled…………………………………   11

        6.   Plaintiff's PAGA claim is well-plead………………………   13

        7.   Plaintiff's FLSA claim is well-plead………………………   14

C.   Motion to Dismiss or Strike Class allegations should be denied…..   14

   1.   Challenges to Class allegations should be made at the class certification stage…………………………………..…………….   14

   2.   *Iqbal* does not apply to Rule 23 allegations…………………….   15

     a.   The Class allegations are sufficient…………….…..……   16

   3.   Plaintiff's injunctive relief claim is adequately alleged……......   17

D.   If the Motion is granted in any respect, Plaintiff should be given leave to amend……………………………..………..……..………   18

IV.   CONCLUSION……………………………………….…………   18

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

4

*Ashcroft v. Iqbal*
    129 S. Ct. 1937 (2009)……………………………………………… 4

5

6

*Bennett v. Schmidt*
    153 F.3d 516 (7th Cir. 1988)……………………………………… 3

7

8

*Boon v. Canon Bus. Sols., Inc.*
    592 F. App'x 63 (9th Cir. 2015)………………………………… 6

9

10

*Cahill v. Liberty Mut. Ins. Co.*
    80 F.3d 336 (9th Cir. 1996)……………………………………… 4

11

12

*Chang v. Chen*
    80 F.3d 1293 (9th Cir. 1996)……………………………………… 18

13

14

*Eminence Capital LLC v. Aspeon, Inc.*
    316 F.3d 1048 (9th Cir. 2003)…………………………………….. 18

15

16

*Foman v. Davis*
    371 U.S. 178 (1962)……………………………………………….. 18

17

18

*Gillibeau v. City of Richmond*
    417 F.2d 426 (9th Cir.1969)……………………………………… 14

19

20

*Gilligan v. Jamco Dev. Corp.*
    108 F.3d 246 (9th Cir. 1997)……………………………………… 3

21

22

*Haralson v. United Airlines, Inc.*
    224 F. Supp. 3d 928 (N.D. Cal. 2016)…………………………….. 15

23

24

*In re NVIDIA GPU Litig.*
    2009 WL 4020104 (N.D. Cal. Nov.19, 2009)……………..……… 15

25

26

*In re Wal-Mart Stores, Inc. Wage and Hour Litigation*
    505 F. Supp. 2d 609 (N.D. Cal. 2007)…………………………….. 15

27

28

---

*Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co.*
   80 F.3d 348 (9th Cir. 1996)………………………………………………..    14

*Kazemi v. Payless Shoesource, Inc.*
   2010 U.S. Dist. LEXIS 27666 (N.D. Cal. Mar. 12, 2010)………....    15

*Kisliuk v. ADT Sec. Servs.*
   263 F.R.D. 544 (C.D. Cal. 2008)…………………………………..    10

*Kwikset Corp. v. Super. Ct.*
   51 Cal. 4th 310 (2011)………………………………………..    10

*Landers v. Quality Commc'ns, Inc.*
   771 F.3d 638 (9th Cir. 2014)………………………………………    5

*Morongo Band of Mission Indians v. Rose*
   893 F.2d 1074 (9th Cir. 1990)………………………………………    18

*Ortega v. J.B. Hunt Transp., Inc.*
   258 F.R.D. 361 (C.D. Cal. 2009)…………………………………..    9, 10

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*
   130 S. Ct. 1431 (2010)…………………………………………..    16

*Slack v. Int'l Union of Operating Engineers*
   83 F. Supp. 3d 890 (N.D. Cal. 2015)………………………………    6

*Tan v. GrubHub, Inc.*
   171 F. Supp. 3d 998 (N.D. Cal. 2016)……………………………    6

*Thorpe v. Abbott Labs., Inc.*
   534 F. Supp. 2d 1120 (N.D. Cal. 2008)……………………………    15

*Varsam v. Lab. Corp. of Am.*
   120 F. Supp. 3d 1173 (S.D. Cal. 2015)……………………………    6

**FEDERAL STATUES**

Fed. R. Civ P. 8……………………………………………………..    4

1

2      Fed. R. Civ. Pro. 15…………………………………………….    18

3   **STATE CASES**

4
       *Brinker Restaurant Corp. v. Sup. Ct.*
5         53 Cal. 4th 1004 (2012)………………………………………..    11

6
       *Cortez v. Purolator Air Filtration Products Co.*
7         23 Cal. 4th 163 (2000)………………………………………..    12

8
       *Hudgins v. Neiman Marcus, Inc.*
9         34 Cal.App.4th 1109 (1995)……………………………………    12

10
       *Lazarin v. Superior Court*
11        188 Cal.App.4th 1560 (2010)……………………………………    11

12
       *Murphy v. Kenneth Cole*
13        40 Cal. 4th 1094 (2007)………………………………………    11

14
       *Naranjo v. Spectrum Security Services, Inc.*
15        13 Cal.5th 93 (2022)…………………………………………    11-12

16
       *People v. Los Angeles Palm, Inc.*
17        121 Cal. App. 3d 25 (1981)……………………………………..    13

18
       *People v. McKale*
19        25 Cal. 3d 626 (1979)…………………………………………...    17

20
       *Pineda v. Bank of America*
21        50 Cal.4th 1389 (2010)………………………………………..    12

22

23

24

25

26

27

28

## I.   INTRODUCTION

The Court should deny Defendant Everi Games Inc.'s (Everi Games) Motion to Dismiss and/or Strike First Amended Complaint (FAC).

1.   Overtime is well-plead.  Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him overtime hours worked over 8+ hours a shift.  And the Ninth Circuit have held that a plaintiff does not need to plead facts showing a specific workweek where he worked more than forty hours and did not receive overtime pay.

2.   Meal periods and rest breaks are well-plead because, among others, Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.

3.   Wage statements are well-plead because the failure to provide wages and premium pay makes the wage statements *ipso facto* inaccurate.  And the California Supreme Court has long held that "injury" is the invasion of a legal right.

4.   Waiting time penalties is well-plead.  Plaintiff's final pay did not include all wages owed.  And Plaintiff does not have to *prove* "willfulness" in his FAC.

5.   UCL claim is well-plead because premium pay, like overtime pay, are a wage.  And Plaintiff is owed restitution because unpaid wages become his property.

6.   PAGA claim is well-plead because Plaintiff has satisfied the administrative prerequisites and served the PAGA Notice on Everi Games via certified mail five months ago.

7.   FLSA claim is well-plead just like Plaintiff's Labor Code claims.

8.   Last there is almost no published authority for dismissing, much less striking, class allegations at the pleading stage.  Such a determination is premature and unnecessary at this stage.  And the *Iqbal* standard for pleading does not apply to class allegations under Rule 23 because a class action is a procedural device, and not a "claim for relief."

## II.   FACTS AND PROCEDURE

Everi Games provides financial equipment and services to casinos.

Everi Games employed Plaintiff as a Field Technician II—a non-exempt employee—from August 2021 to September 16, 2022. First Amended Complaint [FAC] ¶ 12

Plaintiff last earned $29 an hour. FAC ¶ 12

As Field Technician II, Plaintiff maintained and replaced casino games, e.g., slot machines, at the casinos. FAC ¶ 13

Everi Games required Plaintiff to, on average, work three work orders or tickets at different casinos *every shift*. FAC ¶ 13

Plaintiff typically worked a 6 am to 5 pm *shift* and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift. FAC ¶ 14

Everi Games required Plaintiff to drive 1.5 to 2 hours to each casino location and back home. FAC ¶ 14

Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks. FAC ¶ 14

During the course of Plaintiff's employment, Everi Games failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by California Labor Code and FLSA. Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift. FAC ¶¶ 12-15

Plaintiff was not authorized or permitted lawful meal periods and rest breaks and provided with one hour's wages in lieu thereof in violation California Labor Code.  Everi Games required Plaintiff to complete, on average, three work orders at different casinos every shift.  That meant, Everi Games required Plaintiff to be either on the road en route to the casinos in San Diego, Riverside, and

Arizona, or fulfilling the task orders (e.g., repairing a slot machine) at the casinos themselves during his 11-hour shifts. And Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks. Consequently Plaintiff was unable to take his lawful meal periods (e.g., at the fifth hour of work or after ten hours of work) or rest breaks. FAC ¶¶ 12-19

Plaintiff filed the FAC on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt employees. Plaintiff seeks class certification of the following Class:

> All current and/or former non-exempt employees that worked for
> Defendants in California within four years prior to the filing of this
> Complaint

FAC ¶¶ 22-24

On September 13, 2023 Plaintiff timely filed his PAGA Notice with the Labor and Workforce Development Agency (LWDA). And Plaintiff served the PAGA Notice on Everi Games via certified mail five months ago. *See* Declaration of Sang (James) Park, ¶ 2

## III.   ARGUMENT

### A.   Standard of review for motion under Rule 12(b)(6)

#### 1.   Rule 12 Motions are disfavored

A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 294; *Bennett v. Schmidt* (7th Cir. 1988) 153 F.3d 516, 518 ("Instead of lavishing attention on the complaint until plaintiff gets it right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.") Motions to dismiss are discouraged. [*See* Court's Standing Order ¶ 6]

1

2

**2.     The Court must accept all well-pleaded allegations of the Complaint as true**

3      In reviewing a motion to dismiss, the Court must: (1) construe the

4   complaint in the light most favorable to the plaintiff; and (2) accept all well-

5   pleaded allegations of the complaint as true. *Cahill v. Liberty Mut. Ins. Co.* (9th

6   Cir. 1996) 80 F.3d 336, 337

7      This principle has not changed under *Ashcroft v. Iqbal*.  "When there are

8   well-pleaded factual allegations, a court should assume their veracity and then

9   determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v.*

10  *Iqbal* (2009) 129 S. Ct. 1937, 1950

11     **B.     Plaintiff's claims are adequately plead**

12          **1.     Plaintiff's overtime and minimum wage claims meet the**

13               **Rule 8 pleading requirements**

14     Fed. R. Civ P. 8(2) requires that "A pleading that states a claim for relief

15  must contain...a short and plain statement of the claim showing that the pleader is

16  entitled to relief...."

17     Here Plaintiff's FAC more than adequately states a claim for overtime pay.

18  •   Everi Games provides financial equipment and services to casinos

19  •   Everi Games employed Plaintiff as a Field Technician II—a non-exempt

20      employee—from August 2021 to September 16, 2022 (FAC ¶ 12)

21  •   Plaintiff last earned $29 an hour (FAC ¶ 12)

22  •   As Field Technician II, Plaintiff maintained and replaced casino games,

23      e.g., slot machines, at the casinos (FAC ¶ 13)

24  •   Everi Games required Plaintiff to, on average, work three work orders or

25      tickets at different casinos *every shift* (FAC ¶ 13)

26  •   Plaintiff worked 6 am to 5 pm *shift* and travelled alone to different

27      casinos in San Diego, Riverside and Arizona—all in one shift (FAC ¶ 14)

28

- Everi Games required Plaintiff to drive 1.5 to 2 hours to each casino location and back home (FAC ¶ 14)

In short, Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift. FAC ¶¶ 12-15  And Plaintiff is now entitled to his overtime pay earned and owing from Everi Games.

Despite pleading "a short and plain statement of the claim" showing that Plaintiff is entitled to his overtime pay, Everi Games argues that the claim must be dismissed because it is not "plausible."

Everi Games relies heavily on *Landers v. Quality Commc'ns, Inc.* (9th Cir. 2014) 771 F.3d 638 to argue that Plaintiff failed to allege "at least one workweek when [the plaintiff] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." (*See* Everi Games' Motion, p. 8)

But there are two problems with Everi Games' misguided reliance on *Landers v. Quality Commc'ns, Inc*.

One, *Landers*—a non-California case—deals with claims for overtime and minimum wage under FLSA only.  In other words, *Landers* applies the 40-hour weekly overtime standard as opposed to the 8-hour daily overtime standard under the California Labor Code.

Here Plaintiff clearly alleges overtime pay under both the California and FLSA standards by stating that Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift.  Consequently, during the course of Plaintiff's employment, Everi Games failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by California Labor Code and FLSA. FAC ¶¶ 12-15

And two, Plaintiff's overtime and minimum wage allegations are more precise than that's required by *Landers*: Plaintiff alleges that he was not paid overtime for every *shift* that he worked, and not just on a workweek.[1]

- Plaintiff worked 11-hour *shifts*, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift. FAC ¶¶ 12-15  And Plaintiff is now entitled to his overtime pay earned and owing from Everi Games

Regardless the Ninth Circuit and other district courts have held that a plaintiff need not plead facts showing a specific, particular workweek where he worked more than forty hours and did not receive overtime pay. See *Boon v. Canon Bus. Sols., Inc.* (9th Cir. 2015) 592 F. App'x 63; *Varsam v. Lab. Corp. of Am.* (S.D. Cal. 2015) 120 F. Supp. 3d 1173, 1178; *Tan v. GrubHub, Inc.* (N.D. Cal. 2016) 171 F. Supp. 3d 998, 1008; *Slack v. Int'l Union of Operating Engineers* (N.D. Cal. 2015) 83 F. Supp. 3d 890, 900

In *Boon v. Canon Bus. Sols., Inc.* (9th Cir. 2015) 592 F. App'x 63, the court reversed a district court's ruling "that [a plaintiff's] complaint must contain an estimate of how much uncompensated time was worked, how often, and at what rate to survive a motion to dismiss." *Id.* at 632  *Boon* interpreted *Landers* to mean the opposite—that "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Id.*

And Boon explained that, because the plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week," his allegations "satisfied the pleading requirements ... at this stage of the litigation." *Id.*

Hence Plaintiff undoubtedly stated a plausible claim for relief for overtime pay and minimum wages.

---

[1]    Plaintiff worked approximately 5 shifts in one workweek.

### 2.   Plaintiff's meal period and rest break claims meet the Rule 8 pleading requirements

The same is true for Plaintiff's meal period and rest break claims.  The FAC more than adequately states a claim for meal periods and rest breaks.

For example, Plaintiff alleged in specificity that:

- Plaintiff was not authorized or permitted lawful meal periods and rest breaks and provided with one hour's wages in lieu thereof in violation California Labor Code.  Everi Games required Plaintiff to complete, on average, three work orders at different casinos every shift.  That meant, Everi Games required Plaintiff to be either on the road en route to the casinos in San Diego, Riverside, and Arizona, or fulfilling the task orders (e.g., repairing a slot machine) at the casinos themselves during his 11-hour shifts.  And Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.  Consequently Plaintiff was unable to take his lawful meal periods (e.g., at the fifth hour of work or after ten hours of work) or rest breaks. FAC ¶¶ 12-19

Plaintiff again pleads "a short and plain statement of the claim" showing that Plaintiff is entitled to meal period and rest break premium pay.

But Everi Games again argues that the claims must be dismissed because they are not "plausible."  And they again rely on *Landers*:

"Under the *Landers* standard, to state a plausible meal or rest break claim Plaintiff must plead at least one concrete instance of a meal or rest break violation. *Landers*, 771 F.3d at 646"

Motion, p. 9

Everi Games' reliance on *Landers* again is problematic for two reasons.  One *Landers* does not state that "a plausible meal or rest break claim Plaintiff must plead at least one concrete instance of a meal or rest break violation."

*Landers* deals with overtime and minimum wage claims under FLSA only.  It does not address meal periods or rest breaks under California Labor Code at all.[2]

     And two Plaintiff has plead instances of meal and rest break violations—

- Plaintiff worked 11-hour *shifts*, five days a week, from August 2021 to September 16, 2022,

- Plaintiff was not authorized or permitted lawful meal periods and rest breaks and provided with one hour's wages in lieu thereof in violation California Labor Code.  Everi Games required Plaintiff to complete, on average, three work orders at different casinos every shift.  That meant, Everi Games required Plaintiff to be either on the road en route to the casinos in San Diego, Riverside, and Arizona, or fulfilling the task orders (e.g., repairing a slot machine) at the casinos themselves during his 11-hour shifts.  And Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.  Consequently Plaintiff was unable to take his lawful meal periods (e.g., at the fifth hour of work or after ten hours of work) or rest breaks. FAC ¶¶ 12-19

     Regardless, as detailed above, *Boon* indicates that *Landers* does not require the type of specificity that Everi Games demand.  Like in *Boon*, Plaintiff has described "tasks for which he was not paid" and has alleged that Everi Games "regularly" violated the provisions giving rise to his claims.

     Hence Plaintiff undoubtedly stated a plausible claim for relief for meal period and rest break premium pay.

---

[2]    Everi Games misleads the reader and the Court here by making the following representation: "Under the *Landers* standard, to state a plausible meal or rest break claim Plaintiff must plead at least one concrete instance of a meal or rest break violation. *Landers*, 771 F.3d at 646"

Page 646 of *Landers* does not say such thing.

### 3.    Plaintiff's claim for wage statements is well-plead

Plaintiff's FAC more than adequately states a claim for wage statements:

- Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; the overtime hours worked by Plaintiff and Class members; and the meal period and rest break premiums owing to Plaintiff and Class members (FAC  ¶¶ 62-63)

Section 226 of the Labor Code requires that employers provide each employee with accurate, itemized wage statements.  The failure to provide overtime pay and meal and rest break premiums makes the wage statements *ipso facto* inaccurate.  When knowing and intentional, as the violations are here alleged to be (FAC ¶¶ 62-63), these failures thus also constitute a separate, independent violation of section 226.  For this reason, the claim under section 226(a) also functions as a "derivative" claim.  Thus Everi Games attack on this claim for relief fails here because the underlying claims for lost overtime and unpaid meal and rest break premiums are adequately plead. See *Ortega v. J.B. Hunt Transp., Inc.* (C.D. Cal. 2009) 258 F.R.D. 361, 374 (if main claims are upheld in class certification, so are "wholly derivative" claims).

However Everi Games also seeks to slip in a false standing requirement for section 226(e) not present in the text.  Everi Games posits that the requirement that an employee must plead that he or she "suffered injury" as a result of their failure to provide a wage statement means that he or she must show (and plead) "actual harm" (presumably some sort of financial injury) beyond the receipt of an inaccurate wage statement.

Showing "injury" for standing purposes is distinct from "actual damages." This very District has held that 226(e) does not require showing of "injury"

1    beyond the failure to receive the required wage statement.  "Injury" under section

2    226(e) means the invasion of a legal right, such as "the right to receive an itemized

3    pay statement." *Kisliuk v. ADT Sec. Servs.* (C.D. Cal. 2008) 263 F.R.D. 544, 548

4         More importantly, the California Supreme Court in *Kwikset Corp. v. Super.*

5    *Ct.* (2011) 51 Cal. 4th 310 held that "injury" means only the invasion of a legal

6    right.  *Kwikset* expressly holds that the term "injury" is a different, lower threshold

7    than "actual damages," requiring only "the invasion of a legal right."

8         Accordingly Plaintiff has adequately plead a wage statement violation under

9    Section 226(a).

10              **4.    Plaintiff's claim for waiting time penalties (derivative**

11                     **claim) is well-plead**

12        Plaintiff's claim for relief derives respectively from the failure to pay all

13   wages due upon termination (Labor Code §§ 201 and 202).  When an employee is

14   discharged, any wages owed, including meal period premiums or rest break

15   premiums ripen into an independent claim for failure to pay all wages due upon

16   termination under Section 202.

17        Everi Games argues that these derivative claims must fail if the underlying

18   claims are not adequately plead.  The corollary, however, is also true:  the attack

19   on the derivative claims fails because the underlying claims for lost overtime and

20   unpaid meal and rest break premiums, as detailed above, are adequately plead.

21   See *Ortega v. J.B. Hunt Transp., Inc.* (C.D. Cal. 2009) 258 F.R.D. 361, 374 (if

22   main claims are upheld in class certification, so are "wholly derivative" claims).

23        Here Plaintiff alleges that final paychecks issued by Everi Games did not

24   include all wages owed to Plaintiff and Class members, including all overtime pay

25   and meal period and rest break premium pay that are set forth elsewhere in the

26   complaint. (*See*, e.g., FAC ¶¶ 71, 72).  Everi Games does not propose what other

27   allegations Plaintiff should plead to make out a violation of Sections 201 and 202

28

1   of the Labor Code.  No more is required at this stage.

2       Further Everi Games does not provide any binding legal authority in

3   support of their position that Plaintiff has to *prove* "willfulness" in his FAC.  It is

4   sufficient that Plaintiff had adequately plead the underlying claims for the

5   derivative claims to attach.

6       **5.    Plaintiff's claim for violation of California Business &**

7       **Professions Code §§ 17200, et seq. ("UCL") is well-plead**

8       **a.    Meal and rest break premiums, like overtime pay,**

9            **are a "wage" and Plaintiff is owed restitution under**

10           **the UCL because unpaid wages become property to**

11           **which he is entitled**

12      In 2007 the California Supreme Court in *Murphy v. Kenneth Cole* (2007) 40

13  Cal. 4th 1094 settled a much-litigated question under the California Labor Code

14  by ruling that payments mandated by Labor Code section 226.7 for meal and rest

15  period violations are "wages." *Murphy v. Kenneth Cole* (2007) 40 Cal. 4th 1094,

16  1099-1100; 1103-1105[3]  California's Supreme Court has settled the issue.  Unless

17  or until the legislature changes the law, it is undisputed that section 226.7

18  violation payments are "wages."

19      Just last year, the California Supreme Court clarified in *Naranjo v Spectrum*

---

21  [3]      See also *Brinker Restaurant Corp. v. Sup. Ct.* (2012) 53 Cal. 4th 1004,
22  1018 ["Employers who violate these requirements must pay premium wages."];
    *Lazarin v. Superior Court* (2010) 188 Cal.App.4th 1560, 1582 ["In *Kenneth Cole*
23  *Productions*, supra, 40 Cal.4th 1094, the Supreme Court considered whether the
    section 226.7, subdivision (b), remedy of one additional hour of pay constitutes a
24  wage or premium payment subject to a three-year statute of limitations (Code Civ.
    Proc., § 338) or a penalty subject to a one-year statute of limitations (Code Civ.
25  Proc., § 340).  After reviewing the plain language of the statute itself and the
26  legislative and administrative history of the provision, the court concluded it is a
    premium wage intended to compensate employees...."]

1   *Security Services, Inc.* (2022) 13 Cal.5th 93, 101 that meal period and rest break

2   premium pay are "wages."

3       Next, and following on section 226.7 violation payments as wages, Plaintiff

4   is entitled to restitution under California Business & Professions Code §§ 17200,

5   et seq. because unpaid wages become property to which he is entitled.

6       Wages unlawfully withheld from a worker are recoverable under the UCL:

7           We conclude that orders for payment of wages

8           unlawfully withheld from an employee are also a
restitutionary remedy authorized by section 17203. The

9           employer has acquired the money to be paid by means of
an unlawful practice that constitutes unfair competition

10          as defined by section 17200. The employee is, quite

11          obviously, a "person in interest" (§ 17203) to whom that
money may be restored. The concept of restoration or

12          restitution, as used in the UCL, is not limited only to the

13          return of money or property that was once in the
possession of that person. . . .  [E]arned wages that are

14          due and payable [ ] are as much the property of the

15          employee who has given his or her labor to the employer
in exchange for that property as is property a person

16          surrenders through an unfair business practice. An order

17          that earned wages be paid is therefore a restitutionary
remedy authorized by the UCL.

18

19  *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178; see

20  also *Pineda v. Bank of America* (2010) 50 Cal.4th 1389, 1402 ("...earned wages

21  that are due and payable pursuant to section 200 et seq. of the Labor Code are as

22  much the property of the employee who has given his or her labor to the employer

23  in exchange for that property as is property a person surrenders through an unfair

24  business practice....An order that earned wages be paid is therefore a restitutionary

25  remedy authorized by the UCL"); *Hudgins v. Neiman Marcus, Inc.* (1995) 34

26  Cal.App.4th 1109, 1126 ("...business practices that violate the California Labor

27  Code have also been held to violate Business and Professions Code section

28

1   17200"); *People v. Los Angeles Palm, Inc.* (1981) 121 Cal. App. 3d 25, 33
2   (crediting tips of restaurant employees against their minimum wage, violates both
3   § 351 and Bus. & Prof. Code, § 17200)

4   Here the FAC adequately alleges that Plaintiff and Class members were not
5   paid overtime, authorized or permitted lawful meal periods and rest breaks, and
6   were not provided with one hour's wages in lieu thereof in violation of, among
7   others, Labor Code §§ 226.7, 510, 512, 1197, 1198 and applicable IWC Wage
8   Orders.  Hence Plaintiff is entitled to restitution to overtime compensation and
9   226.7 payments under the UCL.

**6.     Plaintiff's PAGA claim is well-plead**

11   Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved
12   employee, including Plaintiff, may pursue a civil action arising under PAGA after
13   the following requirements have been met:

14   (a)   The aggrieved employee shall give written notice ("Employee's
15   Notice") to the LWDA and the employer of the specific provisions of the
16   California Labor Code alleged to have been violated, including the facts and
17   theories to support the alleged violations.

18   (b)   The LWDA shall provide notice ("LWDA Notice") to the employer
19   and the aggrieved employee by certified mail that it does not intend to investigate
20   the alleged violation within sixty (60) calendar days of the postmark date of the
21   Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is
22   not provided within sixty-five (65) calendar days of the postmark date of the
23   Employee's Notice, the aggrieved employee may commence a civil action
24   pursuant to California Labor Code § 2699 to recover civil penalties in addition to
25   any other penalties to which the employee may be entitled.

26   On September 13, 2023 Plaintiff provided written notice online to the
27   LWDA of the specific provisions of the California Labor Code alleged to have

28

been violated, including the facts and theories to support the alleged violations. FAC ¶ 100

Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198. FAC ¶ 101

And Plaintiff served the PAGA Notice on Everi Games via certified mail five months ago. *See* Declaration of Sang (James) Park, ¶ 2  So it is disingenuous for Everi Games to state that they have not seen the PAGA Notice.

### 7.   Plaintiff's FLSA claim is well-plead

FLSA claims are subject to the same pleading standards as California Labor Code claims. *See* Motion, p. 15  Thus Plaintiff's FLSA claim is well-plead for the same reasons set forth above regarding Plaintiff's Labor Code claims.

### C.   Motion to Dismiss or Strike Class allegations should be denied

### 1.   Challenges to Class allegations should be made at the class certification stage

Everi Games cites no published case law and no California or Ninth Circuit authority for dismissing or striking class action allegations at the pleading stage. Almost every court that reviews motions such as this concludes that attacks on class certification allegations should be handled at the class certification stage.

- "[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Gillibeau v. City of Richmond* (9th Cir.1969) 417 F.2d 426, 432; see also *Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co.* (9th Cir. 1996) 80 F.3d 348, 353

- "[I]t is premature to assess compliance with Rule 23 at this early stage where the defendant has yet to file an answer and discovery has not yet

begun." *Haralson v. United Airlines, Inc.*, (N.D. Cal. 2016) 224 F. Supp. 3d 928, 942

- "[M]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments." *Thorpe v. Abbott Labs., Inc.* (N.D. Cal. 2008) 534 F. Supp. 2d 1120, 1125

- *See*, *e.g.*, *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666 at *11 (N.D. Cal. Mar. 12, 2010) (holding that motion to strike class allegations is only appropriate in the "rare case where the pleadings indicate that the class requirements cannot possibly be met."); *In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, *13 (N.D. Cal. Nov.19, 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation."); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation* (N.D. Cal. 2007) 505 F. Supp. 2d 609, 615 ("Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.")

Waiting until class certification to evaluate the suitability of class allegations is almost certainly the right procedural answer.  It allows for proper factual development and prevents Rule 12 motions from becoming another place for mini-trials on class certification issues.

## 2.   *Iqbal* does not apply to Rule 23 allegations

Everi Games presumes that the analysis of Rule 8 in *Iqbal* and *Twombly* applies to every statement in a complaint, including averments related to class treatment under Rule 23.  No court, however, has held that *Iqbal* changes the

pleading requirements under Rule 23.  In fact, the Supreme Court held that a class action is a *procedure*, not a claim for relief.  The Supreme Court analyzed the role of class actions under the familiar *Erie* test (*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)) and held that the class action device is not a claim for relief. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.* (2010) 130 S. Ct. 1431

In *Shady Grove*, the Supreme Court held that a New York statute forbidding a plaintiff from bringing an action for civil penalties under the insurance code as a class action is merely a procedural rule inapplicable to federal courts sitting in diversity, and such an action can be brought as a class action in federal court. *Shady Grove*, *supra*, 130 S.Ct. at 1443.

### a.    The Class allegations are sufficient

At any rate, and in contrast to Everi Games' meritless arguments, Plaintiff alleges sufficient facts to show commonality.  For example, the FAC alleges there are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

- Whether Everi Games engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the Class period
- Whether Everi Games failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful
- Whether Everi Games timekeeping system and policies failed to record all hours worked by Plaintiff and Class members
- Whether Everi Games owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week
- Whether Everi Games failed to record Plaintiff and Class members' meal periods

- Whether Everi Games deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation
- Whether Everi Games deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation
- Whether Everi Games' conduct was willful or reckless
- Whether Everi Games violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements
- Whether Everi Games violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Everi Games required Plaintiff and Class members to perform for the benefit of Defendants
- Whether Everi Games engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.
- The appropriate amount of damages, restitution, or monetary penalties resulting from Everi Games' violations of California law

FAC ¶ 29

Accordingly Plaintiff has adequately plead his class allegations.

### 3.  Plaintiff's injunctive relief claim is adequately alleged

Everi Games argues that only a current employee may request injunctive relief, and Plaintiff is not a current employee.  But the only injunction a former employee may not pursue on a UCL claim is an injunction relating to ongoing working conditions because such an injunction can no longer benefit him or her. See, e.g., *People v. McKale* (1979) 25 Cal. 3d 626, 632.

Here, however, the prayer for relief seeks no such injunction.  Rather Plaintiff seeks injunctive relief only as is necessary to enforce the restitution,

including, if necessary, the appointment of a receiver. (FAC Prayer, ¶¶ 32-35).

So the argument fails because Plaintiff is not seeking the sort of injunction restricted only to current employees.

### D.    If the Motion is granted in any respect, Plaintiff should be given leave to amend

If this Court is inclined to grant any portion of Everi Games' motion to dismiss, Plaintiff respectfully requests leave to amend.

The Federal Rules provide that leave to amend should be "freely granted when justice so requires." Fed. R. Civ. Pro. 15(a).  This policy is to be applied with "extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1051; *Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079; *Chang v. Chen* (9th Cir. 1996) 80 F.3d 1293, 1296 (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment); *See* Court's Standing Order ¶ 6

Federal policy strongly favors determination of cases on their merits, so leave to amend is freely granted. *Foman v. Davis* (1962) 371 U.S. 178, 182.

## IV.    CONCLUSION

For all the foregoing reasons, Everi Games Motion should be denied in all respects.  If granted in any respect, Plaintiff should be given leave to amend.

Respectfully Submitted,

Dated: February 5, 2024                PARK APC

*/s/ Sang (James) Park*

By:_____
          Sang (James) Park

Attorneys for Plaintiff