SANG (JAMES) PARK, SBN 232956
*sang@park-lawyers.com*
PARK APC
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
Telephone:   (310) 627-2964
Fax:         (310) 362-8279

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EVERI GAMES INC.; and DOES 1 to 10,<br><br>Defendants. | Case No: 2:24-cv-00257-PA-JPR<br><br>Hon. Percy Anderson<br><br>CLASS ACTION<br><br>**DECLARATION OF SANG (JAMES) PARK IN OPPOSITION TO DEFENDANT EVERI GAMES INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   February 26, 2024<br>Time:   1:30 pm<br>Place:  Courtroom 9A |

# DECLARATION OF SANG (JAMES) PARK

1. I am an attorney duly licensed to practice law in all of the Courts in the State of California. I am counsel of record for Plaintiff Jose Valenzuela in this action. I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently to them.

2. On September 13, 2023 Plaintiff timely filed a written notice of wage violation claims with the Labor and Workforce Development Agency (LWDA) pursuant to the Private Attorneys General Act of 2004 (PAGA Notice). (Lab. Code § 2698 et seq.) And Plaintiff served the PAGA Notice on Defendant Everi Games Inc. via certified mail. Attached as Exhibit A is a true and correct copy of the PAGA Notice.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed by me on February 5, 2024 at Los Angeles, California.

*/s/ Sang (James) Park*

_____

SANG (JAMES) PARK

# EXHIBIT A

# PARK APC

September 13, 2023

California Labor & Workforce Development Agency <u>Sent Via Online</u>
Attn. PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

    Re:    <u>Everi Games Inc.</u>

Dear PAGA Administrator:

    We represent Jose Valenzuela ("Plaintiff").  Pursuant to Labor Code § 2699.3(a), we are providing written notice that Plaintiff's employer, Everi Games Inc. ("Defendants" or "Everi Games"), is in violation of various provisions of the California Labor Code.  Plaintiff intends on filing a complaint against Defendants in Los Angeles County Superior Court pursuant to Labor Code § 2699 on behalf of himself and all non-exempt employees who worked for Defendants in California within four years prior to filing of the complaint ("Aggrieved Employees").

    Defendants employed Plaintiff as a Field Technician II from August 2021 to September 16, 2022.  Plaintiff last earned $29 an hour.

    As a Field Technician II, Plaintiff maintained, repaired and replaced casino games, e.g., slot machines, at the casinos.  Defendants required Plaintiff to, on average, work three work orders or tickets at different casinos every shift.

    Plaintiff typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift.  Defendants required Plaintiff to drive 1.5 to 2 hours to each casino location and back home.  Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.

    Defendants failed to compensate Plaintiff and Aggrieved Employees for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194, and applicable Industrial Welfare Commission's ("IWC") Wage Orders.

    Plaintiff and Aggrieved Employees were not authorized or permitted lawful meal periods and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.  Further Defendants failed to provide Plaintiff and Aggrieved Employees their second meal periods for shifts longer than ten hours.

    Plaintiff and Aggrieved Employees were not authorized or permitted lawful rest breaks and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.

As a result, Defendants failed to timely pay Plaintiff and Aggrieved Employees for all wages owed to them and Plaintiff and Aggrieved Employees' paychecks did not include all wages owed to Plaintiff and Aggrieved Employees.

Defendants also failed to correctly record Plaintiff and Aggrieved Employees' meal periods as required by Labor Code § 1198 and applicable IWC Wage Orders.

Defendants failed to timely pay Plaintiff and Aggrieved Employees for all wages owed to them upon termination. Plaintiff and Aggrieved Employees did not receive their final paychecks timely, and the final paychecks did not include all wages owed to them.

Further Defendants have intentionally and willfully failed to provide Plaintiff and Aggrieved Employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify total hours worked and the gross wages earned by Plaintiff and Aggrieved Employees; the overtime hours worked by Plaintiff and Aggrieved Employees; and the meal period and rest break premiums owing to Plaintiff and Aggrieved Employees.

Defendants are in violation of the following Labor Code provisions under Labor Code § 2699.5:

1. California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime)

2. California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)

3. California Labor Code § 226.7 (Unpaid Rest Period Premiums)

4. California Labor Code § 226(a) (Non-compliant Wage Statements)

5. California Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages)

6. California Labor Code §§ 1198 (Standard Conditions of Labor)

7. California Labor Code §§ 1174 (Failure to Maintain Records)

8. California Labor Code §§ 201, 202 and 203 (Wages Not Timely Paid Upon Termination)

9. California Labor Code § 1198 and IWC Wage Order (Failure to Record Meal Periods)

Pursuant to Labor Code § 2699.3(a)(1), Plaintiff will serve the same written notice to Defendants by certified mail.

Very truly yours,

PARK APC

*Sang (James) Park*

Sang (James) Park

CC:   VIA CERTIFIED MAIL  
Everi Games Inc.  
7250 S. Tenaya Way  
Ste 100  
Las Vegas, NV 89113