ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JOSEPH D. HADACEK - State Bar No. 303087
jhadacek@glaserweil.com
**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
Everi Games Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE VALENZUELA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EVERI GAMES INC., and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:24-cv-00257-PA-JPR

Assigned to Hon. Percy Anderson

**REPLY IN SUPPORT OF DEFENDANT EVERI GAMES INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**

Hearing Date: February 26, 2024
Hearing time: 1:30 p.m.
Courtroom: 9A

Date filed: November 17, 2023
Removal Date: January 10, 2024



Glaser Weil

Glaser Weil

# TABLE OF CONTENTS

Page


**I.** INTRODUCTION .... 1

**II.** LEGAL ARGUMENT .... 1

**A.** Plaintiff's Unpaid Overtime And Minimum Wage Claims (Claims 1, 4) Are Insufficiently Pled .... 1

**B.** Plaintiff's Meal And Rest Break Violation Claims (Claims 2, 3) Fail .... 4

**C.** Plaintiff's Wage Statement Violation Claim (Claim 5) Fails .... 5

**D.** Plaintiff Fails To Plausibly Allege A Claim For Waiting Time Penalties (Claim 6) .... 6

**E.** Plaintiff Has An Adequate Remedy At Law (UCL — Claim 7) .... 7

**F.** Plaintiff's PAGA Claim (Claim 8) Should Be Dismissed .... 8

**G.** The FLSA Claim Is Defectively Pled (Claim 9) .... 9

**H.** The Class Action Allegations And Claims Should Be Stricken .... 9

**I.** Plaintiff's Requests For Injunctive Relief Must Be Stricken .... 11

**III.** CONCLUSION .... 12

Glaser Weil

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Alvarado v. Wal-Mart Assocs., Inc.*,
No. CV 20-01926-AB (KKX), 2020 WL 6532868 (C.D. Cal. Oct. 22, 2020) ... 8, 10

*Am. W. Door & Trim v. Arch Specialty Ins. Co.*,
No. CV 15-00153 BRO SPX, 2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ... 10

*Apodaca v. Costco Wholesale Corp.*,
675 F. App'x 663 (9th Cir. 2017) ... 5, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 4

*Avina v. Marriott Vacations Worldwide Corp.*,
2018 WL 6844713 (C.D. Cal. Oct. 15, 2018) ... 6

*Barranco v. 3D Sys. Corp.*,
952 F.3d 1122 (9th Cir. 2020) ... 7

*Boon v. Canon Bus. Sols., Inc.*,
592 F. App'x 631 (9th Cir. 2015) ... 3

*Boyack v. Regis Corp.*,
812 F. App'x 428 (9th Cir. 2020) ... 3

*Byrd v. Masonite Corp.*,
No. EDCV 16-35 JGB (KKX), 2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ... 10

*Carlos v. Wal-Mart Assocs., Inc.*,
No. EDCV2100294ABKKX, 2021 WL 4924774 (C.D. Cal. Aug. 13, 2021) ... 9

*Dawson v. Hitco Carbon Composites, Inc.*,
2017 WL 7806358 (C.D. Cal. May 5, 2017) ... 5

*Duran v. Maxim Healthcare Servs. Inc.*,
No. CV 17-01072-AB (EX), 2018 WL 5915644 (C.D. Cal. Mar. 9, 2018) ... 10

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ... 12

*Fenton v. McLane/Suneast, Inc.*,
2016 WL 11746002 (C.D. Cal. Aug. 22, 2016) .......... 2

*Franckowiak v. Scenario Cockram USA, Inc.*,
2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) .......... 8

*Gillibeau v. City of Richmond*,
417 F.2d 426 (9th Cir.1969) .......... 11

*Gordon v. Aerotek, Inc.*,
2017 WL 8217410 (C.D. Cal. Oct. 12, 2017) .......... 12

*Johnson v. Air Prod. & Chemicals, Inc.*,
No. 2:22-CV-07327-JLS-PD, 2023 WL 2663279 (C.D. Cal. Jan. 26, 2023) .......... 11

*Jones v. Tirehub, LLC*,
No. 2:21-CV-00564-JAM-DB, 2021 WL 3187551 (E.D. Cal. July 28, 2021) .......... 9

*Kemp v. Int'l Bus. Machines Corp.*,
No. C-09-4683 MHP, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010) .......... 9

*Kisliuk v. ADT Sec. Servs., Inc.*,
263 F.R.D. 544 (C.D. Cal. 2008) .......... 6

*Kramer v. Wilson Sporting Goods Co.*,
No. CV 13-6330-JFW (SHX), 2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) .......... 10

*Krauss v. Wal-Mart, Inc.*,
No. 2020 WL 1874072 (E.D. Cal. Apr. 15, 2020) .......... 8, 9

*Landers v. Quality Commc'ns, Inc.*,
771 F.3d 638 (9th Cir. 2014) .......... 1, 2, 3, 4, 5

*Lee v. City of Los Angeles*,
|250 F.3d 668 (9th Cir. 2001) .......... 8

*Leitzbach v. Atlas Van Lines, Inc.*,
2017 WL 11617904 (C.D. Cal. Feb. 22, 2017) .......... 2

*Ortega v. J.B. Hunt Transp., Inc.*,
258 F.R.D. 361 (C.D. Cal. 2009) .......... 5

*Ovieda v. Sodexo Operations, LLC*,
2012 WL 1627237 (C.D. Cal. May 7, 2012) .......... 10

*Perez v. Performance Food Grp., Inc.*,
2016 WL 1161508 (N.D. Cal. Mar. 23, 2016) .......... 7



Glaser Weil

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) .......... 11

*Ramirez v. C & J Well Serv., Inc.*, 2020 WL 5846464 (C.D. Cal. Mar. 27, 2020) .......... 5

*Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025 (C.D. Cal. 2017) .......... 7

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) .......... 9

*See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) .......... 12

*Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044 (C.D. Cal. 2016) .......... 2, 4

*Slack v. Int'l Union of Operating Engineers*, 83 F. Supp. 3d 890 (N.D. Cal. 2015) .......... 3

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) .......... 7

*Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018) .......... 7

*Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016) .......... 2, 3

*Varsam v. Lab'y Corp. of Am.*, 120 F. Supp. 3d 1173 (S.D. Cal. 2015) .......... 4

*Wood v. N. Am. Van Lines, Inc.*, No. 820CV02092JLSADS, 2021 WL 3134203 (C.D. Cal. July 23, 2021) .......... 2

## <u>STATE CASES</u>

*Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308 (2018) .......... 6

*People v. McKale*, 25 Cal. 3d 626 (1979) .......... 12

*Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136 (2011) .......... 5, 6



Glaser Weil

## STATE STATUTES

Cal. Lab. Code § 203 .......... 6

Cal. Lab. Code § 226(a) .......... 5

Cal. Lab. Code § 226(e) .......... 5

## FEDERAL RULES

Red. R. Civ. Proc., Rule 23 .......... 11

## OTHER AUTHORITIES

§ 1383 Motion to Strike—
Grounds Not Mentioned in Rule 12(f),
5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.) .......... 11



Glaser Weil

Glaser Weil

## I. INTRODUCTION

Plaintiff Jose Valenzuela's ("Plaintiff") Opposition to Defendant Everi Games Inc.'s ("Everi") Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint ("Opposition") only confirms that dismissal is appropriate. While Plaintiff's First Amended Complaint ("FAC") is riddled with conclusory legal assertions, it is bereft of the facts necessary to demonstrate Plaintiff's entitlement to the relief sought. This is especially true of Plaintiff's class claims and allegations, which Plaintiff does not dispute are essentially cut-and-pasted from a prior complaint. Neither the FAC nor Plaintiff's Opposition attempts to show that class treatment is plausible in this case. There are no facts alleged to demonstrate that any amount of discovery or time will enable Plaintiff to establish any of the four prerequisites of Rule 23(a). Furthermore, there is nothing to suggest that there are any potential class members who are similarly situated to the Plaintiff. As Plaintiff has already amended his complaint once, and it is clear further leave to amend would be futile, dismissal with prejudice is appropriate.

Attempting to distract from these deficiencies, Plaintiff misrepresents Everi's Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint ("Motion") and the relevant law. For example, Plaintiff suggests that the pleading standard enunciated in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), does not apply to California Labor Code violations, and that Everi cited no published caselaw for dismissing or striking class action allegations at the pleading stage. Both assertions are incorrect. As set forth below and in Everi's Motion, federal courts, including numerous judges in this District, have routinely applied the *Landers* standard to California Labor Code violation claims, and have dismissed or stricken class allegations at the pleading stage where, as here, such claims are wholly conclusory and implausible.

## II. LEGAL ARGUMENT

### A. Plaintiff's Unpaid Overtime And Minimum Wage Claims (Claims 1, 4) Are Insufficiently Pled

Plaintiff's overtime and minimum wage claims are not supported with sufficient

non-conclusory factual allegations and are therefore improperly pled. *See* Mot. at 8-9. Plaintiff argues that *Landers* is inapposite because *Landers* is "a non-California case" and "deals with claims for overtime and minimum wage under FLSA only" (Opp. at 5:17-18), but that is incorrect. Federal courts, including multiple judges in this District, have repeatedly rejected this exact argument and have routinely applied *Landers* to dismiss the same California Labor Code claims at issue here:

> Although Plaintiff argues that *Landers* "only relates to pleading claims under the [FLSA], which is not the basis for any of [Plaintiff's] claims", this Court and others have applied the pleading standard articulated in *Landers* to claims under the California Labor Code.

*Wood v. N. Am. Van Lines, Inc.*, No. 820CV02092JLSADS, 2021 WL 3134203, at *2 (C.D. Cal. July 23, 2021) (citation omitted); *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) (applying "[t]he pleading standards set forth in *Landers* . . . to Plaintiffs' [California] state overtime, minimum wage, meal period, and rest break allegations."); *Leitzbach v. Atlas Van Lines, Inc.*, 2017 WL 11617904, at *10-13 (C.D. Cal. Feb. 22, 2017) (same); *Fenton v. McLane/Suneast, Inc.*, 2016 WL 11746002, at *2-3 (C.D. Cal. Aug. 22, 2016) (same). Notably, Plaintiff's Opposition cited cases applying *Landers* to California Labor Code claims. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Although Landers discussed FLSA claims, its reasoning applies to California Labor Code claims as well.").

Plaintiff's argument that his "overtime and minimum wage allegations are more precise than that's [*sic*] required by *Landers*" because "Plaintiff alleges that he was not paid overtime for every shift that he worked, and not just on a workweek" (Opp. at 6:1-3) falls flat. Under *Landers*, overtime and minimum wage claims must be dismissed if the complaint does not allege any facts establishing that there was "at least one workweek when [the plaintiff] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers*, 771 F.3d at 646. Plaintiff fails to do so here. The only factual allegations Plaintiff offers are that he "typically worked a 6 am to 5 pm shift" and that Everi supposedly "required



Glaser Weil

Plaintiff to drive 1.5 to 2 hours to each casino location and back home." FAC ¶ 14. This is not an allegation that Plaintiff was not paid overtime or minimum wage(s).

Plaintiff claims that he supposedly worked "five days a week" (Opp. at 17:3), but this allegation is absent in his FAC. According to the Ninth Circuit's recent holding in *Boyack v. Regis Corp.*, these types of barebones allegations are insufficient to state a claim. 812 F. App'x 428, 431 (9th Cir. 2020) (affirming dismissal where the complaint "fails to allege a workweek" in which the violations occurred, and instead "provides only conclusory allegations reciting the statutory elements").

Plaintiff further rests his Opposition on cases—which all predate *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020)—in turn lending him no support. *Slack v. Int'l Union of Operating Engineers*, involved claims for "improper double-breasting," not unpaid overtime or minimum wage claims. 83 F. Supp. 3d 890, 898 (N.D. Cal. 2015). *Tan*, on the other hand, involved unpaid overtime and minimum wage claims, which the court ***dismissed*** under *Landers* because, as here: "There are no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked. Without these basic factual allegations, the Court cannot conclude Plaintiffs' minimum wage or overtime claims are plausible." 171 F. Supp. 3d at 1008-09.

In *Boon v. Canon Business Solutions, Inc.*, the Ninth Circuit held, "Boon identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week," which was sufficient to state a claim for relief. 592 F. App'x 631, 632 (9th Cir. 2015). But Plaintiff fails to do so here. While Plaintiff asserts in a footnote that "Plaintiff worked approximately 5 shifts in one workweek," this "allegation" is not in the FAC. *See* Opp. at 6 n.1. Even if it was, Plaintiff does not allege what tasks he supposedly performed without compensation (*Boon*, 592 F. App'x at 632) and he does not identify a workweek in which he supposedly worked more than forty hours and was not paid overtime. *See Boyack*, 812 F. App'x at 431 (affirming dismissal on this basis). Plaintiff's other case is distinguishable for the same reasons. *See Varsam v. Lab'y Corp. of Am.*, 120 F. Supp.



Glaser Weil

3d 1173, 1178 (S.D. Cal. 2015) (plaintiff stated claim where, unlike here, she alleged factual allegations that she was discouraged from clocking overtime, defendant failed to schedule sufficient employees, she regularly worked "off-the-clock," and she was required to "not accurately record time worked").

**B. Plaintiff's Meal And Rest Break Violation Claims (Claims 2, 3) Fail**

Plaintiff did not attempt to distinguish the caselaw cited in Everi's Motion, which demonstrates that Plaintiff's meal and rest break violation allegations are deficient. *See* Mot. at 9-10. Instead, Plaintiff attempts to distract from the insufficiency of his claims by falsely accusing Everi of misleading the Court in asserting that "[u]nder the *Landers* standard, to state a plausible meal or rest break claim Plaintiff must plead at least one concrete instance of a meal or rest break violation." *See* Opp. at 8 n.2. But this is the correct analysis under *Landers*, which applies equally to FLSA claims and Labor Code violations. *See, e.g.*, *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations.").

On the merits, Plaintiff fares no better. Again, the only factual allegation underlying Plaintiff's unpaid meal premium and unpaid rest period premium claims is that he "travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks." FAC ¶ 14. This is insufficient. Plaintiff must allege enough factual content to make his claims *plausible*, not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As other judges in this district have repeatedly held, Plaintiff's conclusory allegation that he allegedly missed meal and rest breaks alone is not enough because he does not allege that Defendant actively prevented or discouraged him and other employees from taking their breaks. Plaintiff does not, for example, allege that Defendant ordered him to work through breaks, or that the duties had to be completed before a break could be taken, or that duties were assigned as he prepared to take a break." *Ramirez v. C & J Well Serv., Inc.*, 2020 WL 5846464, at *4 (C.D. Cal.

Mar. 27, 2020); *Dawson v. Hitco Carbon Composites, Inc.*, 2017 WL 7806358, at *2-3 (C.D. Cal. May 5, 2017) (same). Accordingly, these claims should be dismissed.

### C. **Plaintiff's Wage Statement Violation Claim (Claim 5) Fails**

Plaintiff fails to plead facts reflecting a single instance of Everi failing to furnish him with timely and accurate wage statements. Instead, he continues to solely rely on his conclusory recitation of the elements of a wage statement violation. Opp. at 9:1-10:9. This is insufficient under *Landers*. *See Boyack*, 812 F. App'x at 431 (applying the *Landers* standard and affirming dismissal where the complaint "provide[d] only conclusory allegations reciting the statutory elements," as Plaintiff does here). Plaintiff's reliance on *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 373 (C.D. Cal. 2009) is unavailing. That case was decided in the context of an order granting class certification, not a motion to dismiss, and the class was later decertified. In any event, the *Ortega* court's reference to "wholly derivative" claims was in reference to waiting time violations and claims under California's unfair competition law, not a wage statement violation under California Labor Code section 226(a). Plaintiff cites no legal authority showing that his wage statement claim automatically survives because he also alleges that he did not receive overtime pay.

Plaintiff also accuses Everi of attempting "to slip in a false standing requirement for section 226(e) not present in the text." Opp. at 9:20-21. Under California law, "[t]o establish a section 226 claim, the plaintiff must demonstrate both a violation of subsection 226(a) and an injury under subsection 226(e)." *Apodaca v. Costco Wholesale Corp.*, 675 F. App'x 663, 665 (9th Cir. 2017); *see also Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1143 (2011) (An employee seeking to recover for wage statement violations must "demonstrate[] an injury arising from the missing information."). Under section 226(e), a cognizable injury in this context only occurs if an employer fails to provide a wage statement at all—which the FAC does not allege—or "if one of five specific categories [of information] is omitted, and, even then, only if a reasonable person would be unable to readily ascertain the missing information



Glaser Weil

without reference to other documents or information" *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1335 (2018), which is also not alleged here.

Rather than squarely address California case law, which is directly on point with the issues of this case and cited by Everi, Plaintiff points to an out-of-date ruling from sixteen years ago in which a judge found that, as "[t]he parties do not provide, and the Court's research has not revealed, any California case construing the word 'injury' in California Labor Code Section 226(e)," plaintiff sufficiently pled a wage statement violation based on violation of the statute alone. *Kisliuk v. ADT Sec. Servs., Inc.*, 263 F.R.D. 544, 548 (C.D. Cal. 2008). But California and federal courts have since confirmed this is not the law. *See, e.g.*, *Maldonado*, 22 Cal. App. 5th at 1335; *Price*, 192 Cal. App. 4th at 1143; *Apodaca.*, 675 F. App'x at 665. Judge Selna's ruling in *Avina v. Marriott Vacations Worldwide Corp.*, is particularly instructive on this point:

> Since Avina has not alleged that he did not receive a wage statement, to show injury he must allege facts that indicate that he could not promptly and easily determine what wages he was already paid or that the wage statements otherwise failed to comply with § 226(a)'s requirements. It is not enough that he allege that the statements were inaccurate.

2018 WL 6844713, at *5 (C.D. Cal. Oct. 15, 2018). The same is true here. Plaintiff does not allege he did not receive a wage statement. Nor does he allege facts sufficient to plead a wage statement violation. As such, his claim must be dismissed.

### D. <u>Plaintiff Fails To Plausibly Allege A Claim For Waiting Time Penalties (Claim 6)</u>

Plaintiff's waiting time penalty claim fails because he does not plead sufficient facts supporting his entitlement to relief, including that any violations by Everi were "willful" under California Labor Code section 203, or that he was not timely paid wages upon termination. *See* Mot. at 11-12. Plaintiff again does not attempt to distinguish Everi's cases demonstrating that dismissal is appropriate when, as here, only conclusory allegations are asserted. Opp. at 10-11. Instead, Plaintiff argues that his waiting time claim survives if his overtime and meal and rest break violation claims survive. *Id.* This is incorrect, as Plaintiff's claim would be deficient even if those claims



Glaser Weil

survived. For example, courts have held that "[m]erely alleging willfulness is insufficient to satisfy Rule 8; rather Plaintiff must support that allegation with facts." *Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *9 (N.D. Cal. May 30, 2018) (dismissing waiting time penalty claim). Dismissal is also appropriate in the absence of "specific facts showing a willful refusal to pay wages after Plaintiff's termination." *Perez v. Performance Food Grp., Inc.*, 2016 WL 1161508, at *5 (N.D. Cal. Mar. 23, 2016); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing "causes of action for failure to pay wages timely upon discharge and during employment [where complaint] contain[ed] no description of what wages were due, when they were due, and when, if at all, they were paid"). Plaintiff fails to plead any such facts here, so his waiting penalty claim must be dismissed even if his other claims survive (which they should not).

**E. Plaintiff Has An Adequate Remedy At Law (UCL – Claim 7)**

As with all his other claims, Plaintiff fails to plausibly allege facts establishing a predicate violation on which a California Unfair Competition Law ("UCL") claim may be based. For one thing, Plaintiff does not dispute that, insomuch as all of Plaintiff's other claims are inadequately pled, the UCL claim fails. Opp. at 11-13.

Plaintiff also misapprehends the law on equitable relief under the UCL. Even if unpaid wages are considered restitutionary (Opp. at 11-13), Plaintiff would only be entitled to equitable relief in federal court if he lacked an adequate remedy at law. *See Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020) ("The necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law.") (citation omitted); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (Plaintiff "must establish that []he lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL.").

Here, Plaintiff *does* have an adequate remedy at law for his overtime, meal and rest break violation claims, and he seeks such relief via his Labor Code claims. *See Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697 (C.D. Cal. Nov. 30,



Glaser Weil

2020) (dismissing UCL claim with prejudice because "Plaintiff has not, and cannot, successfully allege that his legal remedies are inadequate because his claims for restitution and injunctive relief are premised on the allegedly unpaid wages (*i.e.*, a legal remedy). Indeed, it is well established that the California Labor Code provides legal damages to fully compensate workers for unpaid wages."). Thus, equitable relief under the UCL is impermissible and Plaintiff's UCL claim must be dismissed with prejudice. *See Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-01926-AB (KKX), 2020 WL 6532868, at *3 (C.D. Cal. Oct. 22, 2020) (dismissing with prejudice UCL claim derivative of Labor Code claims because plaintiff could not show "that she lacks an adequate remedy at law for the wage and hour violations").

**F. Plaintiff's PAGA Claim (Claim 8) Should Be Dismissed**

Plaintiff's Private Attorney General Act ("PAGA") claim should be dismissed because Plaintiff fails to sufficiently allege he exhausted his administrative remedies and the PAGA claim is derivative of his deficient Labor Code claims. Mot. at 14-15.

First, Plaintiff does not dispute that he failed to include a copy of his submission to the Labor and Workforce Development Agency ("LWDA") with the FAC, and that the FAC does not include allegations regarding the facts and theories Plaintiff provided to the LWDA. "Without including the facts and theories Plaintiff provided to LWDA in [the] complaint, the Court cannot 'independently conclude that [Plaintiff] has satisfied the requirements of the statute as a matter of law.'" *Krauss v. Wal-Mart, Inc.*, No. 2020 WL 1874072, at *9 (E.D. Cal. Apr. 15, 2020).

Recognizing this deficiency, Plaintiff belatedly submitted a declaration of his counsel attaching the notice he purportedly sent to Everi. Opp. at 13-14. But the Court cannot consider such extrinsic evidence on a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (citation omitted). Indeed, other courts have rejected similar attempts to cure deficient PAGA allegations by attaching LWDA materials to the complaint, as Plaintiff does



Glaser Weil

here. *See Jones v. Tirehub, LLC*, No. 2:21-CV-00564-JAM-DB, 2021 WL 3187551, at *2 (E.D. Cal. July 28, 2021) ("[T]he Court may not consider Plaintiff's [LWDA complaint]—which is not appended to the complaint but rather to the opposition brief—in its analysis."). Accordingly, dismissal is appropriate. *See Jones*, 2021 WL 3187551, at *2-3 (dismissing PAGA claim based on failure to attach LWDA complaint); *Krauss*, 2020 WL 1874072, at *9 (same); *Kemp v. Int'l Bus. Machines Corp.*, No. C-09-4683 MHP, 2010 WL 4698490, at *3 (N.D. Cal. Nov. 8, 2010) (same).

Second, even if Plaintiff had adequately pled exhaustion of his administrative remedies, the PAGA claim still fails because the underlying substantive claims fail. Mot. at 15. Plaintiff does not dispute this. Opp. at 13-14. As Plaintiff's Labor Code claims fail, dismissal of the derivative PAGA claim is proper on this basis as well. *See, e.g.*, *Carlos v. Wal-Mart Assocs., Inc.*, No. EDCV2100294ABKKX, 2021 WL 4924774, at *5 (C.D. Cal. Aug. 13, 2021) (dismissing derivative PAGA claim).

**G. <u>The FLSA Claim Is Defectively Pled (Claim 9)</u>**

The parties agree that if Plaintiff's Labor Code claims fail, the FLSA claim fails as well. *See* Mot. at 15; Opp. at 14. Accordingly, the FLSA claim should be dismissed.

**H. <u>The Class Action Allegations And Claims Should Be Stricken</u>**

Plaintiff wrongly claims that Everi "cites no published case law and no California or Ninth Circuit authority for dismissing or striking class action allegations at the pleading stage." Opp. at 14. This is not true. There is ample case law affirming that class action allegations are properly stricken at the pleading stage. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) (striking class action allegations holding, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery"). And while Plaintiff relies on authority from the Northern District for the general proposition that motions to strike class allegations are disfavored under certain circumstances (*see* Opp. at 14-15), Everi cited multiple decisions from judges in this District dismissing or striking deficient class action allegations at the pleading stage



Glaser Weil

when, as here, the plaintiffs failed to allege sufficient facts to support class treatment. *See* Mot. at 16-19; *Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-1926 DSF (JCX), 2020 WL 6526372, at *3 (C.D. Cal. Aug. 7, 2020) (dismissing class allegations because "[b]efore a plaintiff can obtain class discovery and put a defendant through the expense of opposing class certification, she must at least plausibly allege that the asserted claims might apply to others in the putative class."); *Duran v. Maxim Healthcare Servs. Inc.*, No. CV 17-01072-AB (EX), 2018 WL 5915644, at *7 (C.D. Cal. Mar. 9, 2018) (dismissing "Plaintiffs' class allegations on the grounds that they are not plausibly alleged, as they are imprecise, overbroad, and unascertainable"); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class allegations because "Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences."); *Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) (same); *see also Am. W. Door & Trim v. Arch Specialty Ins. Co.*, No. CV 15-00153 BRO SPX, 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015) (striking class allegations at the pleading stage, holding "[i]t is thus appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available."); *Kramer v. Wilson Sporting Goods Co.*, No. CV 13-6330-JFW (SHX), 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013) ("The Court does not have to wait until the plaintiff files a motion for class certification to make this determination. A court may strike class allegations before a motion for class certification if "the matter is sufficiently obvious from the pleadings.") (numerous citations omitted).

Wright & Miller sum up the state of the law as follows:

> [T]he sensible approach here is to permit class allegations to be stricken at the pleading stage—in part or in their entirety—if it is apparent from the pleadings that the class cannot be certified or that the definition of the class is overbroad. For example, if the proposed definition of the class includes . . . claims that would face some insurmountable procedural bar, then allegations including such claims in the class should be stricken by the court.



Glaser Weil

§ 1383 Motion to Strike—Grounds Not Mentioned in Rule 12(f), 5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.). In a high-profile decision followed by many circuit and district courts, the Sixth Circuit also affirmed the trial court's decision granting a motion to strike class allegations at the pleading stage because it was clear to the Court that "we cannot see how discovery or for that matter more time would have helped them." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

Plaintiff also contends that "compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim" (Opp. at 14 citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir.1969), but as the above cases demonstrate it is clear that class allegations may properly be dismissed or stricken at the pleadings stage. As Judge Staton recently explained in reference to a similar argument regarding *Gilibeau*, "[n]evertheless, district courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard,[1] where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Johnson v. Air Prod. & Chemicals, Inc.*, No. 2:22-CV-07327-JLS-PD, 2023 WL 2663279, at *5 (C.D. Cal. Jan. 26, 2023) (emphasis original) (dismissing class allegations). This is what the Court should do here because there is a lack of any facts supporting Plaintiff's class allegations and it is apparent that Plaintiff is dressing up what are clearly individual claims with baseless and conclusory class allegations.[2] Accordingly, the Court should dismiss and/or strike Plaintiff's inappropriate and unsupported class action allegations in their entirety.

**I. <u>Plaintiff's Requests For Injunctive Relief Must Be Stricken</u>**

As set forth in Everi's Motion, Plaintiff lacks standing to seek injunctive relief as a former employee of Everi. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623

---

[1] Judge Staton's decision and Everi's other cited cases show that Plaintiff's unsupported assertion that "*Iqbal* does not apply to Rule 23 allegations" (Opp. at 15-16) is incorrect.

[2] This is only underscored by the reality that Plaintiff's generic class action claims are virtually identical to those Plaintiff's counsel filed in a previous case (*see* Doc. No. 16), a fact that Plaintiff does not dispute anywhere in his Opposition.

(9th Cir. 2010) ("[T]hose putative class members who were no longer Wal–Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief."), *rev'd on other grounds*, 564 U.S. 338 (2011); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (named Plaintiff in a putative class action who was "not employed by Costco throughout this case [did] not have standing to seek injunctive relief"); *Gordon v. Aerotek, Inc.*, 2017 WL 8217410, at *5-7 (C.D. Cal. Oct. 12, 2017) (granting motion to dismiss request for injunctive relief asserted under UCL claim by former employee).

Plaintiff contends that "the only injunction a former employee may not pursue on a UCL claim is an injunction relating to ongoing working conditions because such an injunction can no longer benefit him or her." (Opp. at 17:22-25.) But the lone fifty-year-old state court case Plaintiff cites for this proposition does not address or support this contention. *See People v. McKale*, 25 Cal. 3d 626, 632 (1979). Plaintiff's requests for injunctive relief must be stricken for lack of standing, and because it is not a proper remedy.

## III. CONCLUSION

Everi respectfully requests that Plaintiff's FAC be dismissed or stricken in its entirety. Moreover, as Plaintiff has already amended once and because further leave to amend would be futile, the action should be dismissed with prejudice.

DATED: February 12, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: ______________________________
Elizabeth A. Sperling
Alexander R. Miller
Joseph D. Hadacek
Attorneys for Defendant
Everi Games Inc.



Glaser Weil