UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-257 PA (JPRx) | Date | February 15, 2024 |
|---|---|---|---|
| Title | Jose Valenzuela v. Everi Games Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss and/or Strike filed by defendant Everi Games Inc. ("Defendant") (Docket No. 15). Defendant challenges the sufficiency of the First Amended Complaint ("1st AC") filed by plaintiff Jose Valenzuela ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 26, 2024, is vacated and the matter taken off calendar.

**I.   Factual and Procedural Background**

Plaintiff commenced this wage and hour class action on September 13, 2023, in Los Angeles County Superior Court and filed the 1st AC on November 17, 2023. Defendant filed a Notice of Removal on January 10, 2024, alleging that the Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] According to the 1st AC, Defendant employed Plaintiff as a "Field Technician II" from August 2021 to September 16, 2022. While employed by Defendant, Plaintiff's job duties involved maintaining, repairing, and replacing casino games like slot machines. Plaintiff alleges that he "typically worked a 6 am to 5 pm shift and traveled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift. Defendants required Plaintiff to drive 1.5 to 2 hours to each casino location and back home. Plaintiff traveled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks." (1st AC at ¶ 14.) The 1st AC also alleges that "Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week" and that "Plaintiff and Class members were not authorized or

---

[1] Although not alleged as a basis for subject matter jurisdiction in the Notice of Removal, because the 1st AC includes a claim brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, the Court also possesses federal question jurisdiction over the action under 28 U.S.C. § 1331.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-257 PA (JPRx) | Date | February 15, 2024 |
|---|---|---|---|
| Title | Jose Valenzuela v. Everi Games Inc. | | |

permitted lawful meal periods and were not provided with one hour's wages in lieu thereof" in violation of California law.  (Id. at ¶¶ 15 & 16.)

The 1st AC alleges claims on behalf of a class of all current and former employees who worked for Defendant in California within four years of the filing of the action and a FLSA subclass of all "members of the Class who worked in the United States in the past three years."[2/] The 1st AC includes claims for:  (1) Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage); (5) Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements); (6) Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of California Business & Professions Code §§ 17200, et seq.; (8) Violation of California Labor Code §§ 2698, et seq. (Private Attorneys General Act ("PAGA")); and (9) Violation of 29 U.S.C. §§ 201, et seq. (FLSA overtime)

**II.     Legal Standard**

    **A.     Motion to Dismiss**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp. , 108

---

[2/]     By defining the FLSA collective as a nationwide subclass of a class that consists only of Defendant's California employees, Plaintiff appears to have created an inconsistency in his pleading.  If the class is made up of California employees, and the FLSA collective is limited to that group of California employees, the FLSA collective cannot be a broader nationwide pool of employees, yet that is what Plaintiff appears to allege.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-257 PA (JPRx) | Date | February 15, 2024 |
|---|---|---|---|
| Title | Jose Valenzuela v. Everi Games Inc. | | |

F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

    **B.**    **Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993). "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." Estate of Migliaccio v. Midland Nat'l. Life Ins. Co., 436 F. Supp. 2d 1095, 1100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-257 PA (JPRx) | Date | February 15, 2024 |
|---|---|---|---|
| Title | Jose Valenzuela v. Everi Games Inc. | | |

(C.D. Cal. 2006) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (quoting Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Moreover, when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader." Id. (quoting Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

"Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." Cal. Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1033 (citing Gilbert v. Eli Lilly Co., 56 F.R.D. 116, 121 n.4 (D.P.R. 1972)). Matter is "immaterial" where it has "no essential or important relationship to the claim for relief . . . being pleaded." Fantasy, 984 F.2d at 1527. "Impertinent" matter does not pertain, and is not necessary, to the issues in question. Id. "[S]candalous" matter "includes allegations that cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

**III.   Analysis**

Defendant contends that the 1st AC does not contain sufficient well-pleaded facts to support any of Plaintiff's claims. Defendant additionally asserts that Plaintiff's class claims should be dismissed or stricken because they are not supported by well-pleaded facts or satisfy the requirements of Federal Rule of Civil Procedure 23, and that Plaintiff's prayer for injunctive relief should be stricken because, as a former employee, Plaintiff lacks standing to pursue an injunction.

The Court concludes that the 1st AC does not allege sufficient well-pleaded facts to satisfy the federal pleading standard. Indeed, the 1st AC consists almost entirely of legal conclusions rather than well-pleaded facts about Defendant's policies or other details about Plaintiff's experience and pay that would support the wage and hour claims Plaintiff alleges. See Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014) ("A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility."); see also Boyack v. Regis Corp., 812 F. App'x 428, 430 n.1 (9th Cir. 2020) ("Appellants merely alleged specific weeks for which they are 'owed' a specified amount of overtime pay. This is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-257 PA (JPRx) | Date | February 15, 2024 |
|---|---|---|---|
| Title | Jose Valenzuela v. Everi Games Inc. | | |

legal conclusion for which the complaint contains no supporting factual allegations, such as the number of hours worked compared to the number of hours for which compensation was given."); Boon v. Canon Bus. Sols., Inc., 592 F. App'x 631, 632 (9th Cir. 2015) ("Boon identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week. Considering the facts in the light most favorable to Boon, his allegations satisfy the pleading requirements of Landers at this stage of the litigation.").

Nor does the 1st AC's allegation that Plaintiff worked alone state sufficient facts to support Plaintiff's meal break and rest period claims. Plaintiff was a traveling technician, not working on an assembly line that could not stop or staffing an office or storefront by himself that could not close during business hours. The facts contained in the 1st AC therefore do not support plausible meal break and rest period claims or explain how Defendant impeded Plaintiff from taking meal breaks and rest periods. See Boyack, 812 F. App'x at 431 ("Appellants' rest break violation claim also falls short of the requirements of Landers. Appellants failed to allege a single workweek in which Appellees impeded or discouraged Boyack or Leaf from taking rest breaks.") (citing Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 1040, 139 Cal. Rptr. 3d 315, 343 (2012) (a meal break violation does not occur unless the employer "impede[s] or discourage[s]" employees from taking breaks).

The Court therefore concludes that Plaintiff has not alleged sufficient facts to state a viable claim for overtime or minimum wage violations under California law or the FLSA, or meal period and rest break violations. As a result, Plaintiff's derivative wage statements, PAGA, and unfair competition claims also fail to state a claim under the federal pleading standard. Because Plaintiff has not alleged sufficient facts to support an unfair competition claim, the Court dismisses the claim on that ground and declines to address Defendant's alternative standing argument challenging the injunctive relief Plaintiff seeks as part of that claim. Without having adequately alleged a viable individual claim, Plaintiff's efforts to prosecute this action on behalf of a class also fail.[3/]

---

[3/] Plaintiff's allegations in support of his effort to pursue claims on behalf of a class similarly suffer from relying only on legal conclusions rather than well-pleaded facts. This conclusion does not test Plaintiff's compliance with Rule 23, and instead measures those claims under Rule 8(a)'s federal pleading standard. See Johnson v. Air Prods. & Chems., Inc., CV 22-7327 JLS (PDx), 2023 WL 2663279, at *5 (C.D. Cal. Jan. 26, 2023) ("'[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.' Nevertheless, 'district courts do dismiss class allegations on a 12(b)(6) motion, applying the Twombly/Iqbal standard, where the complaint lacks any factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-257 PA (JPRx) | Date | February 15, 2024 |
|---|---|---|---|
| Title | Jose Valenzuela v. Everi Games Inc. | | |

### **Conclusion**

For all of the foregoing reasons, the Court grants Defendant's Motion to Dismiss. Defendant's alternative Motion to Strike is denied as moot. The Court dismisses all of the claims alleged in the 1st AC with leave to amend. The Second Amended Complaint may not include any new claims or parties without the Court's authorization. Plaintiff's Second Amended Complaint, if any, shall be filed by no later than March 4, 2024.

IT IS SO ORDERED.

---

allegations and reasonable inferences that establish the plausibility of class allegations.'") (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969) and Mish v. TForce Freight, Inc., CV 21-4094 EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021)).