1   SANG (JAMES) PARK, SBN 232956
    *sang@park-lawyers.com*
2   PARK APC
    8383 Wilshire Boulevard, Suite 800
3   Beverly Hills, California 90211
    Telephone:   (310) 627-2964
4   Fax:         (310) 362-8279

5   Attorneys for Plaintiff

6

7                UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10                                      Case No: 2:24-cv-00257-PA-JPR

11  JOSE VALENZUELA, individually
    and on behalf of all others similarly  Hon. Percy Anderson
12  situated,

13              Plaintiff,              **JOINT SCHEDULING
                                        CONFERENCE REPORT**
14          vs.

15  EVERI GAMES INC.; and DOES 1 to 10,  Date:   March 4, 2024
                                         Time:   10:30 am
16          Defendants.                  Place:  Courtroom 9A

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Jose Valenzuela and Defendant Everi Games Inc. ("Everi" or Defendant) submit this Joint Scheduling Report pursuant to the Court's January 16, 2024 Order, Local Rules, and FRCP.

1. **Summary of factual and legal contentions**

    a. **Plaintiff**

The instant action is a putative wage and hour Class action.

Plaintiff's Class action challenges four of Defendant's uniform wage and hour policies and practices: failure to pay overtime, failure to provide duty-free uninterrupted Labor Code-compliant meal periods, failure to provide duty-free uninterrupted Labor Code-compliant rest breaks, failure to provide complete and accurate Labor Code-compliant wage statements.

Everi Games provides financial equipment and services to casinos. Everi Games employed Plaintiff as a Field Technician II—a non-exempt employee— from August 2021 to September 16, 2022. As Field Technician II, Plaintiff maintained and replaced casino games, e.g., slot machines, at the casinos.

Everi Games required Plaintiff to, on average, work three work orders or tickets at different casinos every shift. Plaintiff typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift. Everi Games required Plaintiff to drive 1.5 to 2 hours to each casino location and back home. Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks.

During the course of Plaintiff's employment, Everi Games failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by California Labor Code and FLSA. Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift.

Plaintiff was not authorized or permitted lawful meal periods and rest breaks and provided with one hour's wages in lieu thereof in violation California Labor Code.  Everi Games required Plaintiff to complete, on average, three work orders at different casinos every shift.  That meant, Everi Games required Plaintiff to be either on the road en route to the casinos in San Diego, Riverside, and Arizona, or fulfilling the task orders (e.g., repairing a slot machine) at the casinos themselves during his 11-hour shifts.  And Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks. Consequently Plaintiff was unable to take his lawful meal periods (e.g., at the fifth hour of work or after ten hours of work) or rest breaks.

Plaintiff seeks class certification of the following Class: All current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint.

### b.    Defendant

Plaintiff's First Amended Complaint (Doc. No. 1, Ex. 12 "FAC") was dismissed in its entirety on February 16, 2024, as Plaintiff failed to allege sufficient facts to state a viable claim for individual or class relief. *See* Order, Doc. No. 19. Accordingly, there is no operative complaint at this time. Per the Court's order, "Plaintiff's Second Amended Complaint, if any, shall be filed by no later than March 4, 2024." *Id.*

In the FAC, Plaintiff alleged nine claims for relief against Everi: (1) Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage); (5) Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage

Statements); (6) Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of California Business & Professions Code §§ 17200, *et seq.*; (8) Violation of California Labor Code §§ 2698, *et seq.*; and (9) Violation of 29 U.S.C. §§ 201, *et seq.*

Plaintiff purported to assert all of his claims on behalf of a proposed class comprising "[a]ll current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint." FAC ¶ 24. Plaintiff also proposed that the class be divided into the following seven subclasses: (1) overtime; (2) meal period; (3) rest break; (4) unpaid wages; (5) waiting time; (6) wage statement; and (7) FLSA. FAC ¶ 25. Yet, as the Court aptly noted in its Order: "By defining the FLSA collective as a nationwide subclass of a class that consists only of Defendant's California employees, Plaintiff appears to have created an inconsistency in his pleading. If the class is made up of California employees, and the FLSA collective is limited to that group of California employees, the FLSA collective cannot be a broader nationwide pool of employees, yet that is what Plaintiff appears to allege." Doc. No. 19 at 2, n.2.

Plaintiff alleged that he was employed "as a Field Technician II from August 2021 to September 16, 2022," earning "$29 an hour," during which time he "maintained, repaired and replaced casino games, e.g., slot machines, at the casinos," which required "Plaintiff to, on average, work three work orders or tickets at different casinos every shift." *See* FAC ¶¶ 12-13. Plaintiff conclusorily alleged that he "typically worked a 6 am to 5 pm shift and travelled alone to three different casinos in San Diego, Riverside and Arizona—all in one shift," that he was required "to drive 1.5 to 2 hours to each casino location and back home," and that he "travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks." *Id.* ¶ 14. No facts were pled, however,

supporting any of his nine claims for relief; no facts were pled demonstrating any violation of law on the part of Everi or any injury on the part of Plaintiff.

The allegations of the FAC consisted entirely of boilerplate language and legal conclusions. Additionally, no facts were pled demonstrating that any putative class members also worked as Field Technicians, that their schedules regularly exceeded eight hours per day and/or 40 hours per week, that they were improperly denied overtime pay, or the dates or locations of even a single meal or rest break that was supposedly denied—much less why it was  supposedly denied, when or by whom. Instead, most of Plaintiff's allegations were verbatim from Plaintiff's counsel's previous class action complaint against UPS. *See* Doc. No. 16, Ex. A.

**2.      Summary of major dispute facts and contentions of law**

      **a.      Plaintiff**

The factual issues in dispute include:

      (a)    Whether Defendant engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the  Class period

      (b)    Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful

      (c)    Whether Defendant's timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

      (d)    Whether Defendant owes Plaintiff and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week

      (e)    Whether Defendant failed to record Plaintiff and Class members' meal periods

(f)   Whether Defendant deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

(g)   Whether Defendant deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h)   Whether Defendant's conduct was willful or reckless

(i)   Whether Defendant violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j)   Whether Defendant violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendant required Plaintiff and Class members to perform for the benefit of Defendant

(k)   Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendant's violations of California law

**b.    Defendant**

While Plaintiff's FAC has been dismissed and there is currently no operative complaint, Everi asserts that the principal legal and factual disputes in this case are straightforward and include whether:

- Plaintiff can allege sufficient facts to state any plausible claim upon which relief can be granted;

- Plaintiff can allege sufficient facts to support any class claims;

- Plaintiff can prove the elements of each of his claims, including whether Plaintiff:
  - o incurred any unpaid overtime, even though he was in fact paid for any overtime he worked;
  - o was prevented from taking his meal or rest breaks, even though he was a traveling technician, he was required by Everi's employee handbook and policies to take all meal and rest breaks, and no facts were alleged regarding a single instance of Everi impeding or discouraging him from taking such breaks; or
  - o received any incorrect wage statements in violation of California Labor Code § 226, and suffered any cognizable injury therefrom; and
- there is any class of Everi employees similarly situated to Plaintiff that could satisfy the requirements for certification under Rule 23.

### 3.     Proposed deadline for amendment to pleadings

The Court's Order requires that any Second Amended Complaint be filed no later than March 4, 2024. Parties do not presently anticipate further amending the pleadings. Parties will make the appropriate application with the Court if a need arises to amend the pleadings.

### 4.     Status of all matters which are presently set before the Court

The Court granted Everi's Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint on February 16, 2024. *See* Doc. No. 19. Plaintiff's Second Amended Complaint, if any, is due by March 4, 2024. *Id.* There is presently no operative complaint before this Court.

### a.     Plaintiff

Plaintiff will file his Second Amended Complaint by March 4, 2024.

### b.   Defendant

Plaintiff has already amended his complaint once and any additional amendments would be futile as Plaintiff cannot cure the fundamental shortcomings of his complaint. Everi did not violate any wage and hour laws, Plaintiff was paid appropriately for the time that he worked, and he was issued all of his pay statements in a timely and appropriate manner. This is not a class action; if anything, it is an individual action only. Plaintiff is not an adequate class representative, his claims are not typical of an entire class, and there are no common questions of law or fact to any class. Everi will challenge any further amended pleading.

The Court set this Scheduling Conference for March 4, 2024, at 10:30 a.m. Doc. No. 14.

### 5.   Evidence preservation

Parties have reviewed the discovery of electronically stored information. Counsel for Parties have instructed their clients to preserve all evidence that can reasonably be deemed relevant to this action.  Parties have been instructed not to destroy or delete any relevant documentary evidence, including e-mails and electronic data.

### 6.   Discovery plan

Parties do not request any limitations on or modifications to the requirements of Rule 26 or the other applicable discovery rules concerning the number of permissible discovery requests.  Everi does, however, request bifurcation of discovery as detailed below.

### a.   Plaintiff

Plaintiff will seek Class member contact information.  Class contact information is readily discoverable.  Plaintiff will request that Defendants provide Plaintiff with the complete Class contact information.  The Parties will seek Court

intervention if the Parties are unable to resolve any issues regarding Class contact information.

Plaintiff is amenable to an "opt-out" process pursuant to *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554.

Plaintiff will also discover employees' time records, employees' wage records, and any and all policies, procedures governing putative Class members' employment.  Plaintiff will additionally take Person Most Knowledgeable ("PMK") depositions including, among others, Defendant's wage and hour policies and practices, and individual depositions.

Defendant's position to stay class discovery until a class is certified goes against the weight of California authority because class discovery is an absolute requirement to class certification. See, e.g., *Kamm et al. v. California City Development Company et al.* (9th Cir. 1975) 509 F.2d 205, 210 (The propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses.  To deny discovery in a case of that nature would be an abuse of discretion); *Sav-On Drug Stores, Inc. v. Superior Court (Rocher)* (2004) 34 Cal. 4th 319, 340 (If the purported class representative is not permitted to conduct certification-related discovery before the motion for certification, such would be contrary to this state's declared public policy that supports the class action device); *Charles Lee et al., v. Dynamex Inc., et al.* (2008) 166 Cal. App. 4th 1325 (the denial of discovery into class members' identities can contribute to the denial of certification, the order denying certification must be reversed and the discovery allowed before certification is determined anew); *Puerto v. Superior Court (Wild Oats Markets, Inc.)* (2008) 158 Cal. App. 4th 1242 (writ of mandate issued holding that limiting a plaintiff's access to class members by ordering an opt-in notice in a wage and hour class action was an abuse of discretion); *Carabini v.*

*Superior Court (Deloris Dickenson King)* (1994) 26 Cal.App.4th 239 (a plaintiff has an absolute right to conduct discovery on class certification issues)

Instead Defendant here conflates "class" and "merits" discovery, and the Parties' respective positions on bifurcating the two.  The Court need not bifurcate discovery into "class discovery" and "merits discovery," and that all discovery may proceed simultaneously.  It would be inefficient to phase discovery between class and merits issues because there will be significant overlap between class certification and merits discovery.

"Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and class-wide discovery is often a source of circumstantial evidence, even when the class is denied.  Such as discovery bifurcation will often be counterproductive in the delaying the progress of the suit for orderly and efficient adjudication." (Newberg on Class Actions, §7:8 at 25 (2002))

Regardless, even if a class is not certified, California Supreme Court long ago ruled that Plaintiff can pursue similar discovery, including obtaining the contact information of all aggrieved employees, to pursue his representative action under PAGA. See *Williams v. Superior Court (Marshalls of CA, LLC)* (2017) 3 Cal. 5th 531

Importantly the Court has a standing deadline to file a motion for class certification and ordered the Parties to start discovery forthwith.  So the Parties cannot stay class or any discovery.

### b.   Defendant

The Parties disagree regarding the appropriate scope of discovery and the timing for such discovery. In putative class actions like this one, the discovery burden falls heavily on defendants. Here, Plaintiff served expansive class discovery on Everi on February 14, 2024, including 53 requests for production of

documents and several interrogatories, the majority of which pertains to class discovery.  For example, Plaintiff seeks "the full name, last known address, emails, and telephone numbers of each and every CLASS MEMBER who worked for DEFENDANT during the RELEVANT TIME PERIOD [defined as the four years preceding the filing of the Complaint]"; "the number of CLASS MEMBERS who worked for DEFENDANT during the RELEVANT TIME PERIOD"; "the full name, last known address, emails, and telephone numbers of each and every CLASS MEMBER who worked for DEFENDANT during the one year prior to the filing of the COMPLAINT to the present"; as well as all of their time records, paychecks, journals, paycheck stubs, WAGE STATEMENTS, payroll records, check registers, bookkeeping entries, W-2s, and earning statements, weekly work schedules, time entries and corresponding payments, hours worked, calculation of CLASS MEMBERS' compensation, compensation plans, job duties and/or job descriptions for all positions and/or job titles held by CLASS MEMBERS during the RELEVANT TIME PERIOD, and much, much more.

Apart from the fact that Plaintiff purports to place the obligation of defining his class on Everi, the expansive and burdensome scope and nature of his pending discovery to Everi demonstrates his counsel's intent to engage in a fishing expedition and these requests demonstrate quite clearly that Plaintiff lacks factual support for his claims. Further, Everi does not believe that Plaintiff can certify a class given the nature of the claims alleged in the FAC and the lack of any factual specificity supporting his allegations.

As such, Everi asserts that, for scheduling purposes, Plaintiff should be allowed no class discovery until after a class certification decision. Plaintiff should propound all discovery by the discovery cutoff date that the Court may set. But Everi should not be obligated to identify and produce responsive documents or information pertaining to individual class members unless and until 30 days after

the Court grants class certification. This would avoid the extraordinary expense of Everi having to respond to wide ranging class discovery when there is no class alleged, much less certified. Such information as to individuals, who are not yet class members, would violate individuals' privacy rights.

Under Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." As set forth above, the Court granted Everi's Motion to Dismiss and/or Strike Plaintiff's FAC and dismissed the FAC in its entirety on February 16, 2024, because Plaintiff failed to allege sufficient plausible facts to support any of his individual or class claims. Although the Court granted Plaintiff leave to amend by March 4, 2024—the same day the scheduling conference is set for—there is currently no operative complaint, and thus no claims at issue, so discovery is premature at this time.

Plaintiff asserts that, even if a class is not certified, he should be permitted to pursue class discovery under the theory of pursuing a representative action under PAGA. But as the Court held in its Order granting Everi's Motion to Dismiss, the PAGA claim (ninth claim for relief of the FAC) is merely a derivative claim. Inasmuch as Plaintiff's wage and hour claims fail, he fails to allege a proper class, his class claims and allegations fail under Rule 8, his PAGA claim fails, and he is no more entitled to conduct class discovery under that theory than under a Rule 23 class action theory.

As Plaintiff has asserted claims that are not factually supported or legally sustainable as individual claims, and certainly has not come close to asserting claims suitable for class treatment, Everi contends that any deadlines for discovery, class certification, expert discovery, and dispositive motions will be highly dependent on the Court's resolution of Everi's anticipated motion to dismiss Plaintiff's potential SAC. Should the Court be inclined to permit

discovery before the pleadings are settled, Everi respectfully requests that class discovery, which by its nature will entail significant expense and burden on the part of Everi, be stayed until and if only the pleading survives the pleadings stage as well as class certification.

### c.   Initial disclosures

**i.   Plaintiff**

Parties will exchange Initial Disclosures on March 11, 2024.

**ii.   Defendant**

Everi proposes that the parties exchange initial disclosures two weeks after the pleadings are settled.

### d.   Discovery cut-off

**i.   Plaintiff**

Plaintiff proposes January 31, 2025 as the discovery cut-off.

**ii.   Defendant**

Everi agrees with Plaintiff's proposed date.

### e.   Protective order

**i.   Plaintiff**

Plaintiff does not anticipate the need for a protective order.

**ii.   Defendant**

If class discovery is allowed to proceed in the future, Everi anticipates seeking a protective order to protect Everi's confidential business and employee information, which Plaintiff has already demanded, from public disclosure.

### 7.   Agreed-on dates and case management

a.   Filing of Motion for Class Certification:  October 7, 2024

i.   Parties recognize the Court's standing order to file a motion for class certification within 120 days after the filing of a Notice of Removal.  Plaintiff requests, given the Court's dismissal of the FAC and Everi's

anticipated motion to dismiss and/or strike any Second Amended Complaint, more time to fully brief a motion for class certification.  Plaintiff respectfully proposes October 7, 2024 as the filing date for the motion.  Everi does not oppose this request.

        b.      Dispositive motions cutoff: Plaintiff proposes October 7, 2024, Everi proposes March 14, 2025

        b.      Final pre-trial conference: Plaintiff proposes February 14, 2025, Everi proposes April 11, 2025

        c.      Trial: Plaintiff proposes March 4, 2025, Everi proposes May 20, 2025

**8.**    **Settlement**

Parties are amenable to private mediation, ADR Procedure No. 3 (Local Rule 16-15.4(3)). At the appropriate time, Everi would be amenable to appearing before a neutral selected from the Court's Mediation Panel ADR Procedure No. 2 (Local Rule 16-15.4(3)).

**9.**    **Trial**

    **a.**    **Jury trial**

Plaintiff timely demanded a jury trial.

    **b.**    **Estimate number of trial days**

        **i.**    **Plaintiff**

Plaintiff estimates 15-20 days for the jury trial.

Even if a class is not certified, Plaintiff's representative claims under PAGA will be tried. See *Arias v Superior Court* (2009) 46 Cal.4th 969, 975 (We hold that an employee who, on behalf of himself and other employees, sues an employer under the unfair competition law (Bus. Prof. Code, § 17200 et seq.) for Labor Code violations must satisfy class action requirements, but that those requirements need not be met when an employee's representative action against an employer is

seeking civil penalties under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq))  Plaintiff estimates 15-20 days to try his representative action under PAGA.

### ii.      Defendant

Everi estimates that a trial on Plaintiff's individual claims should take no more than 3 days. As the Court held in its Order granting Everi's Motion to Dismiss, the PAGA claim (ninth claim for relief of the FAC) is merely a derivative claim.  Inasmuch as Plaintiff's wage and hour claims fail his PAGA claim fails.  Everi does not believe that Plaintiff's PAGA claim will survive. Although Everi does not believe class treatment is or will be appropriate, should a class be certified, Everi estimates that a jury trial would last approximately 14 days.

### 10.      Consent to Magistrate Judge

#### a.      Plaintiff

Plaintiff consents to the jurisdiction of the Magistrate Judge.

#### b.      Defendant

Everi does not consent to the jurisdiction of the Magistrate Judge under Civil Local Rule 73-2.


Respectfully Submitted,

Dated: February 19, 2024          PARK APC

/s/ Sang (James) Park

By:_____
          Sang (James) Park

Attorneys for Plaintiff

1

Dated:  February 19, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD
 JORDAN & SHAPIRO LLP

By:  */s/ Elizabeth A. Sperling*
  Elizabeth A. Sperling
  Alexander R. Miller
  Joseph D. Hadacek
  Attorneys for Defendant
  Everi Games Inc.