SANG (JAMES) PARK, SBN 232956
*sang@park-lawyers.com*
PARK APC
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
Telephone:   (310) 627-2964
Fax:             (310) 362-8279

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EVERI GAMES INC.; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:24-cv-00257-MRA-JPR<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT**<br><br>(1)   Violation of California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime)<br>(2)   Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums)<br>(3)   Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums)<br>(4)   Violation of California Labor Code §§ 1194 1194.2, 1197, and Minimum Wage Order (Failure to Pay Minimum Wage)<br>(5)   Violation of California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements)<br>(6)   Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination)<br>(7)   Violation of California Business & Professions Code §§ 17200, et seq.<br>(8)   Violation of California Labor Code §§ 2698 et seq.<br>(9)   Violation of 29 USC §§ 201 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441.

2.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## THE PARTIES

3.      Plaintiff is, and at all relevant times was, a citizen of the state of California.  Plaintiff worked as a non-exempt employee from August 2021 to September 16, 2022.  Plaintiff last earned $29 an hour.

4.      Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

5.      Defendant Everi Games Inc. ("Everi Games" or "Defendants") is a Delaware corporation.  At all times mentioned, Defendants were employers whose employees were engaged throughout this county and the State of California.

6.      Plaintiff does not know the true names or capacities of the persons or entities sued as DOES 1 to 10, inclusive, and therefore sues them by such fictitious names.  Each of the DOE Defendants was in some manner legally responsible for the violations alleged.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

7.      At all times, the Defendants named as DOES 1 to 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the

1   jurisdiction of, and/or injured Plaintiff in the State of California.

2       8.      At all times, each Defendant was the agent, servant, or employee of

3   the other Defendants and, in acting and omitting to act as alleged herein, acted

4   within the course and scope of that agency or employment.

5       9.      Everi Games and DOES 1 to 10 are referred to as "Defendants."

6                           **DEFENDANTS' CONDUCT**

7       10.     Everi Games provides financial equipment and services to casinos.

8   Specifically Everi Games leases slot machines to various casinos in California.

9   And, as part of the lease, Everi Games provides 24-7 servicing and maintenance of

10  the slot machines through a Service Letter Agreement (SLA) with the casinos.

11      11.     As a key selling point, the SLA guarantees the casinos that Everi

12  Games' technicians will respond to a service call within 2 hours of the call and

13  complete the job within 4 hours of their arrival.  In other words, Defendants

14  guaranteed the casinos that a job would be completed within 6 hours of the call.

15      12.     The SLA directly conflicts with California meal period and rest break

16  laws because it makes it virtually impossible for Defendants' technicians—who

17  work alone—to take a rest break and meal period within the first two hours and

18  five hours of their shift, respectively.

19      13.     Everi Games circumvented California laws by instructing their

20  technicians to "clock-out" for their meal periods on their "UKG App" before the

21  fifth hour and continue working to meet the demands of the SLA.

22          a.      Everi Games utilized the UKG App as their electronic timecard

23  and had full access to every employee's time.

24          b.      Everi Games required their technicians to download the UKG

25  App on their phones and "clock in" and "clock out" through it.

26          c.      Whenever a technician failed to clock out for their meal

27  periods before the fifth hour, Everi Games would do it for them—that is, they

28

would auto-deduct 30 minutes to reflect a meal period whether provided or not.

14.    Everi Games employed Plaintiff as a Field Technician II—a non-exempt employee—from August 2021 to September 16, 2022.

15.    Plaintiff last earned $29 an hour.

16.    As Field Technician II, Plaintiff maintained and replaced casino games owned by Everi Games, e.g., slot machines, at the casinos.  And, as a Field Technician, Everi Games required Plaintiff to strictly abide by the SLA.

17.    Everi Games required Plaintiff to, on average, work two to three work orders or tickets at different casinos *every shift*.

18.    Plaintiff typically worked a 6 am to 5 pm *shift* and travelled alone to two to three casinos in San Diego, Riverside and Arizona—all in one shift.

19.    Then Everi Games required Plaintiff to be "on-call" from the end of his shift to the start of his next shift.  Everi Games only provided an additional one hour of pay at $7.50 for Plaintiff's "on-call" time—well below the California minimum wage.

20.    Plaintiff worked approximately five shifts in one workweek during his employment with Everi Games, not including any "on-call" time.

21.    Everi Games required Plaintiff to drive one to two hours to each casino location and back home.

22.    So, on a given shift, Plaintiff would "clock in" on his UKG App at 6 am and travel one to two hours to his first casino work order.  On average, Plaintiff would service, repair or maintain two to three slot machines at each casino—spending about an hour on each machine.

23.    Then, per company policy, Plaintiff had to wait for the casino commissioner to come and inspect every component of the machines before he could leave the casino floor.

24.    Plaintiff's managers, including Augustine Martinez, would instruct

Plaintiff to "clock-out" for his meal periods before the fifth hour and continue working to service the machines or wait on the casino commissioner.

25.     Once Plaintiff received the clearance from the casino commissioner, Plaintiff had to then quickly move onto his next work order at the next casino to meet the demands of the SLA.

a.     For example, on February 14, 2022, Plaintiff travelled to Harrah's Casino in Funner, CA, San Diego County for a work order.  Plaintiff did not receive his rest breaks or meal periods that day due to the demands of the SLA.  And, as instructed, Plaintiff clocked-out before the fifth hour and continued working to meet the demands of the SLA.  Plaintiff was not paid for the off-the-clock work at the appropriate overtime pay rate.

26.     Plaintiff travelled and worked alone at the casinos so—given the demands of the SLA—there was nobody to relieve him for his meal and rest breaks.  Instead Everi Games required Plaintiff to practice "eat while you go"—that is, Plaintiff's "breaks" coincided with Plaintiff's stopping to fuel up his company van between casino visits.

27.     At the start of his employment, Plaintiff received a list with all of Everi Games technicians' names and contact information.  Everi Games provided the list to Plaintiff and other technicians so—despite working alone—they could all communicate and share information as a team.

28.     Plaintiff frequently communicated via text with two other technicians—Ubi Hernandez and Mario.  And, in addition to sharing information about the technical aspects of their jobs, they confirmed to Plaintiff that they too did not receive their Labor-code compliant meal periods or rest breaks and were required to "clock-out" for their meal periods before the fifth hour and continue working to meet the demands of the SLA.

29.     During the course of Plaintiff's employment, Everi Games failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by California Labor Code and FLSA. Plaintiff averaged 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift.

a.     Everi Games required Plaintiff and Class members to "clock-out" before the fifth hour and continue working to meet the demands of the SLA. Everi Games failed to compensate Plaintiff and Class members for the off-the-clock work at the appropriate overtime pay rate.

30.     Plaintiff and Class members were not authorized or permitted lawful meal periods and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

31.     Defendants' non-exempt employees were not authorized or permitted lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)     employees were regularly not authorized or permitted full thirty-minute meal periods for workdays in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders

(b)     employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period"

(c)     employees were required to work longer than five hours before being allowed to take a meal period

(d)     employees were severely restricted in their ability to take a

1      meal period

2      32.    Further Defendants failed to provide Plaintiff and Class members

3      their second meal periods for shifts longer than ten hours.

4      33.    Plaintiff and Class members were not authorized or permitted lawful

5      rest breaks and were not provided with one hour's wages in lieu thereof in

6      violation of, among others, Labor Code § 226.7 and applicable IWC Wage Orders.

7      34.    As a result, Defendants failed to timely pay Plaintiff and Class

8      members for all wages owed to them and Plaintiff and Class members' paychecks

9      did not include all wages owed to Plaintiff and Class members.

10     35.    Defendants also failed to correctly record Plaintiff and Class

11     members' meal periods as required by Labor Code § 1198 and applicable IWC

12     Wage Orders.

13     36.    On September 13, 2023 Plaintiff timely filed his PAGA Notice with

14     the Labor and Workforce Development Agency (LWDA).  And Plaintiff served

15     the PAGA Notice—attached here as Exhibit A—on Everi Games via certified

16     mail over five months ago.

17                                  **CLASS ACTION ALLEGATIONS**

18     37.    Plaintiff brings this action individually, as well as on behalf of each

19     and all other persons similarly situated in a concerted effort to improve wages and

20     working conditions for other non-exempt and/or hourly employees, and thus seeks

21     class certification under Fed R. Civ. P. Rule 23.

22     38.    All claims alleged arise under California law for which Plaintiff seeks

23     relief authorized by California law.

24     39.    The proposed Class consists of and is defined as:

25             All current and/or former non-exempt employees that
26             worked for Defendants in California within four years
               prior to the filing of this Complaint
27
28     40.    The proposed subclasses consist of and are defined as:

OVERTIME SUBCLASS: All members of the Class who were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week

MEAL PERIOD SUBCLASS:  All members of the Class who were not authorized or permitted to take a 30-minute, uninterrupted me`al period for every five hours worked per day and were not compensated one hour's pay for each day on which such meal period was not authorized or permitted

REST BREAK SUBCLASS:  All members of the Class who were not authorized or permitted to take a 10-minute, uninterrupted rest break for every four hours worked per day, or major fraction thereof, and were not compensated one hour's pay for each day on which such rest break was not authorized or permitted

UNPAID WAGES SUBCLASS:  All members of the Class who performed work for Defendants and were not compensated

WAITING TIME SUBCLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages

WAGE STATEMENT SUB-CLASS: All members of the Class who received inaccurate wage statements

FLSA SUB-CLASS: All members of the Class who worked in California in the past three years

41.    Plaintiff reserves the right to establish additional subclasses as appropriate.

42.    At all material times, Plaintiff was a member of the Class.

43.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class

is unknown to Plaintiff at this time; however, the class is
estimated to be greater than one hundred (100) individuals and
the identity of such membership is readily ascertainable by
inspection of Defendants' employment records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and
adequately protect the interests of each class member with
whom there is a shared, well-defined community of interest.
Plaintiff's claims (or defenses, if any) are typical of all Class
members as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and
adequately protect the interests of each class member with
whom there is a shared, well-defined community of interest
and typicality of claims, as demonstrated herein.  Plaintiff
acknowledges that Plaintiff has an obligation to make known
to the Court any relationship, conflicts or differences with any
class member.  Plaintiff's attorneys, the proposed class counsel,
are versed in the rules governing class action discovery,
certification, and settlement.

(d)    Superiority:  The nature of this action makes the use of class
action adjudication superior to other methods.  Class action
will achieve economies of time, effort, and expense as
compared with separate lawsuits, and will avoid inconsistent
outcomes because the same issues can be adjudicated in the
same manner and at the same time for the entire class.

(e)    Public Policy Considerations: Employers in the State of
California violate employment and labor laws every day.
Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

44.     There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendants engaged in a pattern or practice of failing to pay Plaintiff and the Class members for the total hours worked during the Class period

(b)     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful

(c)     Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiff and Class members

(d)     Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week

(e)     Whether Defendants failed to record Plaintiff and Class members' meal periods

(f)     Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation

(g)     Whether Defendants deprived Plaintiff and Class members of rest periods or required Plaintiff and Class members to work during rest periods without compensation

(h)     Whether Defendants' conduct was willful or reckless

(i)     Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements

(j)     Whether Defendants violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendants required Plaintiff and Class members to perform for the benefit of Defendants

(k)     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.

(l)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law

## **<u>FIRST CAUSE OF ACTION</u>**

**Violation of California Labor Code §§ 510, 1194 and 1198—Unpaid Overtime**

**(Plaintiff and Class against all Defendants)**

45.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

46.     California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

47.     California Labor Code §§ 1194 and 1198 provide that employees in

California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

48.    During the course of Plaintiff and Class members' employment, Defendants failed to compensate Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§ 510 and 1194.

49.    At all times, Defendants failed to pay Plaintiff and Class members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and Class members were regularly required to work overtime hours without receiving overtime pay.

50.    By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

51.    Plaintiff and Class members request recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

52.    Further Plaintiff and Class members are entitled to seek and recover

reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7 and 512(a)—**

**Unpaid Meal Period Premiums**

**(Plaintiff and Class against all Defendants)**

53.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

54.     The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

55.     California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

56.     The applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

57.     Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.  Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

58.     Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

59.     Defendants failed to pay Plaintiff the full meal period premium due

pursuant to California Labor Code § 226.7.

60.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

61.    Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the meal period was not provided.

## THIRD CAUSE OF ACTION

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**
**(Plaintiff and Class against all Defendants)**

62.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

63.    The applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

64.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

65.    The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

66.    Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

67.    Defendants willfully required Plaintiff to work during rest periods

and failed to compensate Plaintiff for work performed during rest periods.

68.     Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.  Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

69.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1194.2, 1197 and Minimum Wage Order—Failure to Pay Minimum Wages

### (Plaintiff and Class against all Defendants)

70.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

71.     California Labor Code § 1197 provides, "the minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

72.     Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and donning and doffing "off the clock;" and when it failed to pay them proper compensation for all hours worked, including time worked during their missed and/or interrupted meal and/or rest periods and "off the clock."

73.     Defendants have knowingly and willfully refused to compensate Plaintiff and Class members for all wages earned, and all hours worked, at the required minimum wage.  As a direct result Plaintiff and Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation and wages; lost interest on such monies and expenses; and

attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

74.     In relevant part, California Labor Code § 1194 et seq. provides that any employee receiving less than minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the amount of this minimum wage, including interest, reasonable attorney's fees, and cost of suit, which Plaintiff and Class members seek.

75.     Pursuant to California Labor Code § 1194.2, Plaintiff and Class members seek liquidated damages available to employees who file an action under Labor Code §1194.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—

### Failure to Furnish Timely and Accurate Wage Statements

### (Plaintiff and Class against all Defendants)

76.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

77.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number,

(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

78.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; the overtime hours worked by Plaintiff and Class members; and the meal period and rest break premiums owing to Plaintiff and Class members.

79.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class members have suffered injury and damage to their statutorily protected rights.

80.    Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

81.    Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

82.    Plaintiff and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

83.    Plaintiff and Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

## SIXTH CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202—**

**Wages Not Timely Paid Upon Termination**

**(Plaintiff and Class against all Defendants)**

84.     Plaintiff incorporates all paragraphs above as though fully set forth herein

85.     At all times, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.     During the relevant time period, Defendants willfully failed to pay Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

87.     Class members' final paychecks did not include all wages owed to them.

88.     Defendants' failure to pay those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

89.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

90.     Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.
### (Plaintiff and Class against all Defendants)

91.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

92.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

93.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

94.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

95.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

96.     Defendants' failure to pay overtime compensation and other benefits

in violation of California Labor Code §§ 510, 1197, and 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Meal and Rest Periods

97.    Defendants' failure to provide legally required meal and rest periods in violation of California Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Pay Wages

98.    Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Timely Pay Wages Upon Termination

99.    Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

100.    Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Record Meal Periods

101.    Defendants' failure to record meal periods in violation of California Labor Code § 1198 and IWC Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

102.   By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

103.   Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

104.   Plaintiff, individually, and on behalf of Class members, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and Class members are not obligated to establish individual knowledge of the unfair practices in order to recover restitution.

105.   Plaintiff, individually, and on behalf of Class members, is further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

106.   Plaintiff, individually, and on behalf of Class members, has no plain, speedy, and/or adequate remedy at law to redress the injuries that Plaintiff has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

107.   Pursuant to California Business & Professions Code § 17200, et seq.,

Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **EIGHTH CAUSE OF ACTION**

### **Violation of California Labor Code §§ 2698, et seq.**

### **(Plaintiff and Class against all Defendants)**

108.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

109.   California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code.

110.   At all times, PAGA was applicable to Plaintiff's employment by Defendants.

111.   At all times, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

112.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

113.   Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, Aggrieved Employee.  Plaintiff and other employees are Aggrieved Employees as

defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants who are or were employed by Defendants, and one or more of the alleged violations were committed against them.

114.   Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)   The aggrieved employee shall give written notice ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)   The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

115.   On September 13, 2023 Plaintiff provided written notice online to the LWDA, and by certified mail to Defendants, of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

116.   Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants,

in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198.

117.    Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198.

118.    Further Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

## NINTH CAUSE OF ACTION

### Violation of 29 USC §§ 201, et seq.—Fair Labor Standards Act
### (Plaintiff and FLSA Class against all Defendants)

119.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

120.    At all material times herein, Plaintiff and all similarly situated FLSA Class who submit consents to become party Plaintiffs are or were employed by and engaged in providing services necessary to description of duties by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 201 et seq.

121.    The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215

122.    At all material times, all time worked by Plaintiff and FLSA Class is necessarily and directly related to the principal activities of the employee's duties, and thus constitutes compensable time under the FLSA and is subject to the

1  FLSA's overtime requirements. 29 C.F.R. § 785.38

2      123.   At all material times herein, Defendants have violated the FLSA by

3  failing to pay the FLSA Class for all hours worked.

4      124.   At all material times herein, Defendants have violated the FLSA by

5  failing to pay FLSA Class at one-and-one-half (1.5) times the regular rate of pay

6  when they worked in excess of forty (40) hours in a week.

7      125.   Defendants have also violated the FLSA by failing to keep required

8  accurate records of all hours worked by their FLSA Class. 29 U.S.C. § 211(c)

9      126.   Plaintiff and all similarly situated employees are victims of a uniform

10  and entity-wide compensation policy.  This uniform policy, in violation of the

11  FLSA, has been applied to all employees employed by Defendants.

12      127.   Plaintiff and all similarly situated individuals are entitled to damages

13  equal to the mandated pay and overtime premium pay within the three (3) years

14  preceding the filing of this Complaint, plus periods of equitable tolling, because

15  Defendants acted willfully and knew or showed reckless disregard of whether

16  their conduct was prohibited by the FLSA.

17      128.   Defendants have acted neither in good faith nor with reasonable

18  grounds to believe that their actions and omissions were not a violation of the

19  FLSA.  Plaintiff and other similarly situated individuals are entitled to recover an

20  award of liquidated damages in an amount equal to the amount of unpaid

21  compensation, including overtime pay, and/or prejudgment interest at the

22  applicable rate. 29 U.S.C. § 216(b)

23      129.   As a result of violations of the FLSA's minimum wage and overtime

24  pay provisions, Defendants have unlawfully withheld compensation from Plaintiff

25  and all similarly situated individuals.  Defendants are liable for unpaid

26  compensation, together with an amount equal as liquidated damages, attorneys'

27  fees and costs of this action. 29 U.S.C.§ 216(b)

28

1

## PRAYER FOR RELIEF

2
3

Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

4

<u>Class Certification</u>

5

1.     That this action be certified as a class action

6

2.     That Plaintiff be appointed as the representatives of the Class, and

7

3.     That counsel for Plaintiff be appointed as Class Counsel

8

<u>As to the First Cause of Action</u>

9
10
11

4.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class members;

12
13

5.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14
15

6.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

16
17

7.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

18
19

8.     For such other and further relief as the Court may deem equitable and appropriate.

20

<u>As to the Second and Third Causes of Action</u>

21
22
23
24

9.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods and rest breaks to Plaintiff and Class members;

25
26
27

10.     That the Court make an award to the Plaintiff and Class members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period and rest break were not provided;

28

11. For all actual, consequential, and incidental losses and damages, according to proof;

12. For premiums pursuant to California Labor Code § 226.7(b);

13. For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

14. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 1194 and 1197;

16. For general unpaid wages and such general and special damages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For liquidated damages;

19. For reasonable attorneys' fees and for costs of suit incurred; and

20. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

21. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements;

22. For all actual, consequential and incidental losses and damages, according to proof;

23. For statutory penalties pursuant to California Labor Code § 226(e);

24. For injunctive relief to ensure compliance with this section, pursuant

to California Labor Code § 226(g); and,

25.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

26.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time of termination of the employment of terminated Class members;

27.     For all actual, consequential and incidental losses and damages, according to proof;

28.     For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ;

29.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

30.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

31.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay minimum wages; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; and by failing to record meal periods;

32.     For restitution of unpaid wages to Plaintiff and all Class members and prejudgment interest from the day such amounts were due and payable;

33.     For the appointment of a receiver to receive, manage and distribute

any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

34.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

35.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

36.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

37.    That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections: 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198;

38.    For civil penalties pursuant to California Labor Code § 2699(a) and/or 2699(f) and (g) in the amount of at least one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a), 1102.5, 1174, 1194, 1197, and 1198; and,

39.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Ninth Cause of Action

40.    That the Court declare, adjudge and decree that Defendants violated 29 USC §§ 201, et seq. by willfully failing to pay Class members for all hours worked;

41.    For an award of liquidated damages in an amount equal to the amount

of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate;

      42.    For liquidated damages, attorneys' fees and costs of this action; and

      43.    For such other and further relief as the Court may deem equitable and appropriate.

Respectfully Submitted,

Dated: March 4, 2024            PARK APC

*/s/ Sang (James) Park*

By:_____
      Sang (James) Park

      Attorneys for Plaintiff

## <u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: March 4, 2024                    PARK APC

*/s/ Sang (James) Park*

By:_____
                  Sang (James) Park

Attorneys for Plaintiff

SECOND AMENDED CLASS ACTION COMPLAINT