1  SANG (JAMES) PARK, SBN 232956
   *sang@park-lawyers.com*
2  PARK APC
   8383 Wilshire Boulevard, Suite 800
3  Beverly Hills, California 90211
   Telephone:   (310) 627-2964
4  Fax:          (310) 362-8279

5  Attorneys for Plaintiff

6

7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9

10  JOSE VALENZUELA, individually      Case No: 2:24-cv-00257-MRA-JPRx
11  and on behalf of all others similarly
    situated,                          Hon. Monica Ramirez Almadani
12
                Plaintiff,             **JOINT CASE MANAGEMENT
13                                     STATEMENT**
         vs.
14
    EVERI GAMES INC.; and DOES 1 to 10,
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Jose Valenzuela and Defendant Everi Games Inc. ("Everi Games" or Defendant) submit this Joint Case Management Statement pursuant to the Court's February 28, 2024 Reassignment Order.

**1. The date the case was filed**

On September 13, 2023 Plaintiff filed the instant class action complaint in Los Angeles County Superior Court.  On January 10, 2024 Defendant removed the case to this Court based on diversity.

**2. A list identifying or describing each party**

    a.    Plaintiff Jose Valenzuela

    b.    Defendant Everi Games, Inc.

Plaintiff Jose Valenzuela was an employee of Defendant Everi Games, Inc.

**3. A brief summary of all claims, counter-claims, cross-claims, or third-party claims**

The instant action is a putative wage and hour Class action.

Plaintiff's Class action challenges four of Defendant's alleged uniform wage and hour policies and practices: failure to pay overtime, failure to provide duty-free uninterrupted Labor Code-compliant meal periods, failure to provide duty-free uninterrupted Labor Code-compliant rest breaks, failure to provide complete and accurate Labor Code-compliant wage statements.

**4. A brief description of the events underlying the action**

    **a. Plaintiff**

Everi Games provides financial equipment and services to casinos. Specifically Everi Games leases slot machines to various casinos in California. And, as part of the lease, Everi Games provides 24-7 servicing and maintenance of the slot machines through a Service Letter Agreement (SLA) with the casinos.

As a key selling point, the SLA guarantees the casinos that Everi Games' technicians will respond to a service call within 2 hours of the call and complete

the job within 4 hours of their arrival.  In other words, Defendants guaranteed the casinos that a job would be completed within 6 hours of the call.

The SLA directly conflicts with California meal period and rest break laws because it makes it virtually impossible for Defendants' technicians—who work alone—to take a rest break and meal period within the first two hours and five hours of their shift, respectively.

Everi Games circumvented California laws by instructing their technicians to "clock-out" for their meal periods on their "UKG App" before the fifth hour and continue working to meet the demands of the SLA.

Everi Games utilized the UKG App as their electronic timecard and had full access to every employee's time.  Everi Games required their technicians to download the UKG App on their phones and "clock in" and "clock out" through it.  And, whenever a technician failed to clock out for their meal periods before the fifth hour, Everi Games would do it for them—that is, they would auto-deduct 30 minutes to reflect a meal period whether provided or not.

Everi Games employed Plaintiff as a Field Technician II—a non-exempt employee—from August 2021 to September 16, 2022.  As Field Technician II, Plaintiff maintained and replaced casino games owned by Everi Games, e.g., slot machines, at the casinos.  And, as a Field Technician, Everi Games required Plaintiff to strictly abide by the SLA.

Everi Games required Plaintiff to, on average, work two to three work orders or tickets at different casinos *every shift*.

Plaintiff typically worked a 6 am to 5 pm *shift* and travelled alone to two to three casinos in San Diego, Riverside and Arizona—all in one shift.  Then Everi Games required Plaintiff to be "on-call" from the end of his shift to the start of his next shift.  Everi Games only provided an additional one hour of pay at $7.50 for the "on-call" time—well below California minimum wage.

Plaintiff worked approximately five shifts in one workweek during his employment with Everi Games, not including any "on-call" time.

Everi Games required Plaintiff to drive one to two hours to each casino location and back home.

So, on a given shift, Plaintiff would "clock in" on his UKG App at 6 am and travel one to two hours to his first casino work order. On average, Plaintiff would service, repair or maintain two to three slot machines at each casino—spending about an hour on each machine.

Then, per company policy, Plaintiff had to wait for the casino commissioner to come and inspect every component of the machines before he could leave the casino floor.

Plaintiff's managers, including Augustine Martinez, would instruct Plaintiff to "clock-out" for his meal periods before the fifth hour and continue working to service the machines or wait on the casino commissioner.

Once Plaintiff received the clearance from the casino commissioner, Plaintiff had to then quickly move onto his next work order at the next casino to meet the demands of the SLA.

Plaintiff travelled and worked alone at the casinos so—given the demands of the SLA—there was nobody to relieve him for his meal and rest breaks. Instead Everi Games required Plaintiff to practice "eat while you go"—that is, Plaintiff's "breaks" coincided with Plaintiff's stopping to fuel up his company van between casino visits.

During the course of Plaintiff's employment, Everi Games failed to compensate Plaintiff for all overtime hours worked pursuant to California Labor Code and FLSA. Plaintiff averaged 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift.

Everi Games required Plaintiff and Class members to "clock-out" before the fifth hour and continue working to meet the demands of the SLA. Everi Games failed to compensate Plaintiff and Class members for the off-the-clock work at the appropriate overtime pay rate.

Plaintiff seeks class certification of the following Class: All current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint.

**b.      Defendant**

Plaintiff's First Amended Complaint (Doc. No. 1, Ex. 12 "FAC") was dismissed in its entirety on February 16, 2024, as Plaintiff failed to allege sufficient facts to state a viable claim for individual or class relief. *See* Order, Doc. No. 19. Plaintiff filed his Second Amended Complaint (Doc. No. 24, "SAC") on March 4, 2024.

In the SAC, Plaintiff alleges nine assorted claims for relief against Everi. Plaintiff purports to assert all of his claims on behalf of a proposed class comprising "[a]ll current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint." SAC ¶ 39. Plaintiff also proposes that the class be divided into the following seven subclasses: (1) overtime; (2) meal period; (3) rest break; (4) unpaid wages; (5) waiting time; (6) wage statement; and (7) FLSA. SAC ¶ 40.

Everi contends that the changes Plaintiff made in the SAC do not sufficiently address the defects that the Court identified in its prior order dismissing the case, and as such Everi will be filing another motion to dismiss as to the SAC.

**5.      A description of the relief sought and the damages claimed with an explanation of how damages have been (or will be) computed**

Plaintiff seeks that this action be certified as a class action, that Plaintiff be

appointed as the representatives of the Class, and that counsel for Plaintiff be appointed as Class Counsel.

Plaintiff seeks, on a Class-wide basis, general unpaid wages at overtime wage rates; an award of one hour of pay at each employee's regular rate of compensation for each workday that a meal period and rest break were not provided; statutory penalties pursuant to Labor Code § 226(e); statutory wage penalties pursuant to Labor Code § 203 for all Class members who have left Defendants' employ; restitution of unpaid wages; civil penalties pursuant to Labor Code § 2699; prejudgment interest; and, attorneys' fees.

Everi denies all liability, that Plaintiff is entitled to individual damages, or that Plaintiff will be entitled to seek damages on a class-wide basis.

**6.     The status of discovery, including any significant discovery management issues, as well as the applicable cut-off dates**

**a.     Plaintiff**

On February 14, 2024 Plaintiff propounded Interrogatories and Request for Production of Documents on Defendant seeking Class contact information, Class time and pay records and any and all policies, procedures governing Class members' employment.

Class contact information is readily discoverable.  Plaintiff is amenable to an "opt-out" process pursuant to *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554.

Defendant is taking the position that class discovery should not be allowed until a class is certified.

Defendant's position to stay class discovery until a class is certified goes against the weight of California authority because class discovery is an absolute requirement to class certification. See, e.g., *Kamm et al. v. California City Development Company et al.* (9th Cir. 1975) 509 F.2d 205, 210 (The propriety of

a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses.  To deny discovery in a case of that nature would be an abuse of discretion); *Sav-On Drug Stores, Inc. v. Superior Court (Rocher)* (2004) 34 Cal. 4th 319, 340 (If the purported class representative is not permitted to conduct certification-related discovery before the motion for certification, such would be contrary to this state's declared public policy that supports the class action device); *Charles Lee et al., v. Dynamex Inc., et al.* (2008) 166 Cal. App. 4th 1325 (the denial of discovery into class members' identities can contribute to the denial of certification, the order denying certification must be reversed and the discovery allowed before certification is determined anew); *Puerto v. Superior Court (Wild Oats Markets, Inc.)* (2008) 158 Cal. App. 4th 1242 (writ of mandate issued holding that limiting a plaintiff's access to class members by ordering an opt-in notice in a wage and hour class action was an abuse of discretion); *Carabini v. Superior Court (Deloris Dickenson King)* (1994) 26 Cal.App.4th 239 (a plaintiff has an absolute right to conduct discovery on class certification issues)

Instead Defendant here conflates "class" and "merits" discovery, and the Parties' respective positions on bifurcating the two.  The Court need not bifurcate discovery into "class discovery" and "merits discovery," and that all discovery may proceed simultaneously.  It would be inefficient to phase discovery between class and merits issues because there will be significant overlap between class certification and merits discovery.

"Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and class-wide discovery is often a source of circumstantial evidence, even when the class is denied.  Such as discovery bifurcation will often be counterproductive in the delaying the progress of the suit for orderly and

1    efficient adjudication." (Newberg on Class Actions, §7:8 at 25 (2002))

2        Regardless, even if a class is not certified, California Supreme Court long

3    ago ruled that Plaintiff can pursue similar discovery, including obtaining the

4    contact information of all aggrieved employees, to pursue his representative action

5    under PAGA. See *Williams v. Superior Court (Marshalls of CA, LLC)* (2017) 3

6    Cal. 5th 531

7        The Court has not yet set a discovery cutoff date.

8             **b.**     **Defendant**

9        The Parties disagree regarding the appropriate scope of discovery and the

10   timing for such discovery. As set forth in the parties' Rule 26(f) Joint Scheduling

11   Conference Report (Doc. No. 20), in putative class actions like this one, the

12   discovery burden falls heavily on defendants. Here, Plaintiff served expansive

13   class discovery on Everi on February 14, 2024, including 53 requests for

14   production of documents and several interrogatories, the majority of which

15   pertains to class discovery. Apart from the fact that Plaintiff purports to place the

16   obligation of defining his class on Everi, the expansive and burdensome scope and

17   nature of his pending discovery to Everi demonstrates his counsel's intent to

18   engage in a fishing expedition and these requests demonstrate quite clearly that

19   Plaintiff lacks factual support for his claims. Further, Everi does not believe that

20   Plaintiff can certify a class given the nature of the claims alleged in the SAC and

21   the lack of any factual specificity supporting his allegations.

22        Accordingly, Everi has asserted that, for scheduling purposes, Plaintiff

23   should be allowed no class discovery until after a class certification decision. *See*

24   Doc. No. 20. This means Plaintiff should propound all discovery by the discovery

25   cutoff date that the Court may set, but Everi should not be obligated to identify

26   and produce responsive documents or information pertaining to individual class

27   members unless and until 30 days after the Court grants class certification. *Id.*

28

This would avoid the extraordinary expense of Everi having to respond to wide ranging class discovery when no class is properly alleged, much less certified, among other things. *Id.* Similarly, as  any deadlines for discovery, class certification, expert discovery, and dispositive motions will be highly dependent on the Court's resolution of Everi's forthcoming motion to dismiss Plaintiff's SAC, Everi has respectfully requested that class discovery, which by its nature will entail significant expense and burden on the part of Everi, be stayed until and only if the pleading survives the pleadings stage as well as class certification. *Id.*

> **7.**  **A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, and any appellate proceedings that are pending or concluded**
>
> **a.**  **Plaintiff**

On February 15, 2024 the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to FRCP 12(b)(6).  The Court required that Plaintiff allege more facts to support his claims.  The Court ordered Plaintiff to file his Second Amended Complaint ("SAC") by March 4, 2024.

Four days later, on February 19, 2024, the Parties submitted their Joint Scheduling Report (Document 20).  In the Report, Defendant represented to the Court that they will blindly challenge any further amended pleading—even *before* seeing Plaintiff's SAC—because they did not violate any laws.

> Plaintiff has already amended his complaint once and any additional amendments would be futile as Plaintiff cannot cure the fundamental shortcomings of his complaint. Everi did not violate any wage and hour laws, Plaintiff was paid appropriately for the time that he worked, and he was issued all of his pay statements in a timely and appropriate manner. This is not a class action; if anything, it is an individual action only. Plaintiff is not an adequate class representative, his claims are not typical of an entire class, and there are no common questions of law or fact to any class. Everi will challenge any further amended pleading.

1    [*See* Document 20, Section 4(b)]

2         On March 4, 2024 Plaintiff filed his SAC.

3         Given Defendant's representations above, it's clear that Defendant's

4    anticipated motion to dismiss Plaintiff's SAC is not made in good faith and only

5    intended to cause delay.

6         ADR proceedings or settlement conferences have not been scheduled.

7         There are no appellate proceedings pending.

8              **b.    Defendant**

9         The Court granted Everi's prior motion to dismiss and/or strike the FAC

10   and dismissed the FAC in its entirety, finding that "Plaintiff has not alleged

11   sufficient facts to state a viable claim for overtime or minimum wage violations

12   under California law or the FLSA, or meal period and rest break violations," and

13   that "[a]s a result, Plaintiff's derivative wage statements, PAGA, and unfair

14   competition claims also fail to state a claim under the federal pleading standard."

15   Doc. No. 19 at 5. The Court also found that "Plaintiff's allegations in support of

16   his effort to pursue claims on behalf of a class similarly suffer from relying only

17   on legal conclusions rather than well-pleaded facts," and therefore dismissed

18   Plaintiff's class claims as well, without reaching Everi's alternate request to strike

19   the class claims. *See id.* at 5 n.3.

20        Given the complete lack of any factual allegations in the prior FAC and the

21   inability of the parties to resolve any of the issues underlying Plaintiff's defective

22   claims during the meet and confer process, Everi reasonably anticipated that it

23   would move to dismiss and/or strike the future SAC on grounds similar to the

24   FAC. Having reviewed Plaintiff's SAC, it is clear that this is indeed the case, and

25   Everi anticipates that it will move to dismiss the SAC for many of the same

26   reasons identified in Everi's prior motion, and for the reasons set forth in the

27   Court's order dismissing the FAC. Plaintiff's claim that Everi is not acting in good

28

faith and "only intend[s] to cause delay" by moving to dismiss Plaintiff's defective SAC is unsupported and inappropriate.

**8.     A description of any other deadlines in place before reassignment**

None.

**9.     Whether the parties will consent to a magistrate judge for trial**

Defendant does not consent to a magistrate judge for trial at this time.

**10.     A statement from each parties' counsel indicating they have (1) discussed the magistrate judge consent program with their respective client(s), and (2) met and conferred to discuss the consent program and selection of a magistrate judge**

The parties and their counsel have discussed the magistrate judge consent program.  The parties have met and conferred, and Defendant has declined consent to a magistrate judge.

**11.     Whether there exists an immediate need for a case management conference to be scheduled in the action and, if so, why the parties believe such a need exists**

Plaintiff believes a case management conference is needed to discuss the need and timing of pre-certification motions, discovery, motion for class certification, any other dispositive motions.

Defendant does not believe there exists an immediate need for a case management conference at this time, and looks forward to the Court's resolution of the parties' disagreement over the permissible scope of class discovery in the Court's forthcoming scheduling order.

Respectfully Submitted,

Dated: March 14, 2024                    PARK APC

*/s/ Sang (James) Park*

By:_____

          Sang (James) Park

     Attorneys for Plaintiff

Dated:  March 14, 2024

                    Respectfully submitted,

                    GLASER WEIL FINK HOWARD
                      JORDAN & SHAPIRO LLP

                    By:  */s/ Elizabeth A. Sperling*
                       Elizabeth A. Sperling
                       Alexander R. Miller
                       Joseph D. Hadacek
                       Attorneys for Defendant
                       Everi Games Inc.