ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JOSEPH D. HADACEK - State Bar No. 303087
jhadacek@glaserweil.com
**GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
Everi Games Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVERI GAMES INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00257-MRA-JPR<br><br>Assigned to Hon. Mónica Ramírez Almadani<br><br>**DEFENDANT EVERI GAMES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Hearing Date: May 23, 2024<br>Hearing time: 1:30 p.m.<br>Courtroom: 10B<br><br>Date filed: November 17, 2023<br>Removal Date: January 10, 2024 |

NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2389016

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 23, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom No. 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, California, 90012, Defendant Everi Games Inc. ("Everi") will and hereby does move the Court for an order dismissing Plaintiff Jose Valenzuela's ("Plaintiff") Second Amended Complaint and dismissing and/or striking Plaintiff's class claims and allegations, as well as his requests for injunctive relief pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

Everi's motion is based on Plaintiff's failure to meet the Rule 8 pleading standard as a matter of law, including by failing to plead "enough facts to state a claim to relief that is plausible on its face" as to any of Plaintiff's nine (9) claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). Plaintiff's claim under the Fair Labor Standards Act fails as Plaintiff's underlying Labor Code claims all fail. Plaintiff's derivative wage statements, Private Attorney General Act, and unfair competition claims also fail to state a claim under the federal pleading standard.

Furthermore, Plaintiff's generic claim for violation of California's Unfair Competition Law (California Business & Professions Code § 17200, *et seq.*, "UCL") fails as a matter of law because, even if he had managed to plead a predicate violation, the UCL only provides equitable remedies in private actions such as this one, and Plaintiff cannot plausibly allege he lacks an adequate legal remedy. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (UCL actions are equitable in nature and prevailing plaintiffs are "limited to injunctive relief and restitution.").

Additionally, the Court should dismiss and/or strike all of Plaintiff's class action allegations and claims because Plaintiff's class action allegations do not meet the minimum pleading requirements, early dismissal is warranted to avoid discovery abuse, Plaintiff's class action allegations fail to satisfy Rule 23 on their face, and it is evident

1
NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2389016

from the pleading that Plaintiff will not be able to adequately and successfully maintain a class even if he were given further opportunity to amend. *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

Plaintiff's requests for injunctive relief are also properly stricken as Plaintiff seeks remedies at law. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("[T]hose putative class members who were no longer Wal–Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief."), *rev'd on other grounds*, 564 U.S. 338 (2011).

Accordingly, Everi respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint with prejudice, without further leave to amend, and that the Court dismiss and/or strike Plaintiff's class claims and allegations, as well as Plaintiff's request for injunctive relief.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the request for judicial notice, any other matters of which this Court may be requested to take judicial notice, and upon such other matters, whether written or oral, as may be presented to the Court at or prior to any hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place by telephone on March 11, 2024.

DATED: March 18, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling
Alexander R. Miller
Joseph D. Hadacek
Attorneys for Defendant
Everi Games Inc.