ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JOSEPH D. HADACEK - State Bar No. 303087
jhadacek@glaserweil.com
**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
Everi Games Inc.

Glaser Weil

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE VALENZUELA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EVERI GAMES INC., and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:24-cv-00257-MRA-JPR

Assigned to Hon. Mónica Ramírez Almadani

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EVERI GAMES INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**

Hearing Date: May 23, 2024
Hearing time: 1:30 p.m.
Courtroom: 10B

Date filed: November 17, 2023
Removal Date: January 10, 2024

i

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. LEGAL STANDARD .......... 5

  A. Motion To Dismiss A Wage And Hour Claim .......... 5

  B. Motion To Strike .......... 7

IV. LEGAL ARGUMENT .......... 8

  A. The Unpaid Overtime And Minimum Wage Claims Fail (Claims 1, 4) .......... 8

  B. Plaintiff's Meal And Rest Break Violation Claims Fail (Claims 2, 3) .......... 10

  C. Plaintiff's Wage Statement Violation (Claim 5) Remains Defective .......... 11

  D. The Waiting Time Penalties Claim Remains Implausible (Claim 6) .......... 12

  E. The UCL Claim Still Fails For Several Reasons (Claim 7) .......... 12

  F. The PAGA Claim Should Be Dismissed Again (Claim 8) .......... 13

  G. The FLSA Claim Should Be Dismissed Again (Claim 9) .......... 14

  H. The Court Should Dismiss And/Or Strike All Of The Class Action Allegations And Claims .......... 14

    1. The Class Allegations Do Not Meet Minimum Pleading Requirements .......... 15

    2. Early Dismissal Of The Putative Class Claims Is Necessary To Avoid Discovery Abuse .......... 16

    3. The Court Should Strike Plaintiff's Class Action Allegations For Failure To Satisfy Rule 23 .......... 17

  I. Plaintiff's Requests For Injunctive Relief Must Be Stricken .......... 19

V. CONCLUSION .......... 19

ii

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Alvarado v. Wal-Mart Assocs., Inc.*,
No. CV 20-01926-AB (KKX), 2020 WL 6532868 (C.D. Cal. Oct. 22, 2020) ... 13, 16

*Am. W. Door & Trim v. Arch Specialty Ins. Co.*,
No. CV 15-00153 BRO SPX, 2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ... 14

*Apodaca v. Costco Wholesale Corp.*,
675 F. App'x 663 (9th Cir. 2017) ... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 5, 16

*Avina v. Marriott Vacations Worldwide Corp.*,
No. SACV1800685JVSJPRX, 2018 WL 6844713 (C.D. Cal. Oct. 15, 2018) ... 11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ... 5, 16

*Boian v. Schneider Logistics Transloading and Distrib., Inc.*,
2020 WL 5356707 (C.D. Cal. May 28, 2020) ... 8

*Boyack v. Regis Corp.*,
812 F. App'x 428 (9th Cir. 2020) ... 6, 8, 10, 11

*Byrd v. Masonite Corp.*,
2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ... 7, 16, 17

*Carlos v. Wal-Mart Assocs., Inc.*,
No. EDCV2100294ABKKX, 2021 WL 4924774 (C.D. Cal. Aug. 13, 2021) ... 13

*Cortez v. United Nat. Foods, Inc.*,
2019 WL 955001 (N.D. Cal. Feb. 27, 2019) ... 8

*Dawson v. Hitco Carbon Composites, Inc.*,
2017 WL 7806358 (C.D. Cal. May 5, 2017) ... 10

*Derik Duley v. Centerra Grp., LLC*,
No. 219CV08754ABJCX, 2020 WL 6526369 (C.D. Cal. Mar. 18, 2020) ... 13

*Dukes v. Wal-Mart Stores, Inc.*,
603 F.3d 571 (9th Cir. 2010),
*rev'd on other grounds*, 564 U.S. 338 (2011) ... 19

*Duran v. Maxim Healthcare Servs. Inc.*,
No. CV 17-01072-AB (EX), 2018 WL 5915644 (C.D. Cal. Mar. 9, 2018) ... 16

iii

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

*Durham v. Autism Spectrum Therapies, LLC*, 2019 WL 10097456 (C.D. Cal. Oct. 31, 2019) .......... 10

*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502 (9th Cir. 2013) .......... 19

*Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096 (N.D. Cal. 2016) .......... 7

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) .......... 19

*Fenton v. McLane/Suneast, Inc.*, 2016 WL 11746002 (C.D. Cal. Aug. 22, 2016) .......... 6

*Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) .......... 13

*Gordon v. Aerotek, Inc.*, 2017 WL 8217410 (C.D. Cal. Oct. 12, 2017) .......... 19

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) .......... 17

*Hovsepian v. Apple, Inc.*, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .......... 7

*In re MacBook Keyboard Litig.*, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .......... 13

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) .......... 13

*Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217 (N.D. Cal. 2015) .......... 17, 18

*Kramer v. Wilson Sporting Goods Co.*, No. CV 13-6330-JFW (SHX), 2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) .......... 15

*Lambert v. Nutraceutical Corp.*, 870 F.3d 1170 (9th Cir. 2017) .......... 17

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) .......... 6, 8, 9, 10, 14

*Leitzbach v. Atlas Van Lines, Inc.*, 2017 WL 11617904 (C.D. Cal. Feb. 22, 2017) .......... 6

*McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) .......... 8

Mendiondo *v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) .......... 5

iv

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ..... 5

*Ovieda v. Sodexo Operations, LLC*,
No. CV 12-1750-GHK (SSx), 2012 WL 1627237 (C.D. Cal. May 7, 2012) ..... 16

*Ramirez v. C & J Well Serv., Inc.*,
2020 WL 5846464 (C.D. Cal. Mar. 27, 2020) ..... 10

*Reyna v. WestRock Co.*,
No. 20-CV-01666-BLF, 2020 WL 5074390 (N.D. Cal. Aug. 24, 2020) ..... 13

*Ritenour v. Carrington Mortg. Servs. LLC*,
228 F. Supp. 3d 1025 (C.D. Cal. 2017) ..... 12

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ..... 7, 14, 17

*Sanders v. Old Dominion Freight Line, Inc.*,
No. EDCV18688DSFSHKX, 2018 WL 6321628 (C.D. Cal. June 25, 2018) ..... 13

*Shann v. Durham Sch. Servs., L.P.*,
182 F. Supp. 3d 1044 (C.D. Cal. 2016) ..... 6, 7

*Stokes v. CitiMortgage, Inc.*,
2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ..... 7

*Suarez v. Bank of Am. Corp.*,
No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018) ..... 12

*Tan v. GrubHub, Inc.*,
171 F. Supp. 3d 998 (N.D. Cal. 2016) ..... 14

*W. Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981) ..... 6

*Williams v. Oberon Media, Inc.*,
468 F. App'x 768 (9th Cir. 2012) ..... 18

*Wood v. N. Am. Van Lines, Inc.*,
2021 WL 3134203 (C.D. Cal. July 23, 2021) ..... 6

*Zamora v. Penske Truck Leasing Co., L.P.*,
2020 WL 4748460 (C.D. Cal. Aug. 17, 2020) ..... 7

## **STATE STATUTES**

Cal. Lab. Code § 203 ..... 12

Cal. Lab. Code § 226(e)(1) ..... 11

v

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

**FEDERAL RULES**

Fed. R. Civ. Proc., Rule 12(b) .......... 15

Fed. R. Civ. Proc., Rule 12(b)(6) .......... 5, 6

Fed. R. Civ. Proc., Rule 12(f) .......... 14

Fed. R. Civ. Proc., Rule 23 .......... 7, 15, 17

Fed. R. Civ. Proc., Rule 23(a)(3) .......... 17

Fed. R. Civ. Proc., Rule 23(b)(3) .......... 18

Fed. R. Civ. Proc., Rule 23(c)(1)(A) .......... 14

Fed. R. Civ. Proc., Rule 23(d)(1)(D) .......... 14, 17

Fed. R. Civ. Proc., Rule 8(a) .......... 14, 15

Glaser Weil

vi

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

## I. INTRODUCTION

Although this is now Plaintiff Jose Valenzuela's third attempt to state a valid and cognizable claim for relief against Everi Games, Inc., his former employer, he continues to fall far short of the legal standard. The Second Amended Complaint is not substantively improved and continues to wholesale rely on conclusory and legally deficient allegations. Everi previously moved to dismiss Plaintiff's First Amended Complaint and the Court granted that motion in full and dismissed the FAC in its entirety with leave to amend. *See* Doc. No. 19 ("Order"). In so doing, the Court found that the FAC did "not allege sufficient well-pleaded facts to satisfy the federal pleading standard. Indeed, the 1st AC consists almost entirely of legal conclusions rather than well-pleaded facts about Everi's policies or other details about Plaintiff's experience and pay that would support the wage and hour claims Plaintiff alleges." *Id.* at 4.

This Court specifically found that the FAC's "allegation that Plaintiff worked alone" did not state "sufficient facts to support Plaintiff's meal break and rest period claims." *Id.* at 5. The Court correctly observed, "Plaintiff was a traveling technician, not working on an assembly line that could not stop or staffing an office or storefront by himself that could not close during business hours. The facts contained in the 1st AC therefore do not support plausible meal break and rest period claims or explain how Everi impeded Plaintiff from taking meal breaks and rest periods." *Id*. The Court similarly found, "Plaintiff's allegations in support of his effort to pursue claims on behalf of a class similarly suffer from relying only on legal conclusions rather than well-pleaded facts," and dismissed those claims. *Id.* at 5 n.3.

Now on his third attempt, rather than address the deficiencies identified by Everi and by the Court, Plaintiff's SAC includes little more than a handful of additional generic and utterly implausible allegations regarding his purported failure to take meal or rest breaks. *See* Doc. No. 24 at ¶¶ 9-29. In general, Plaintiff claims that because he worked alone and had to travel hours a day to different casino locations, he was unable to take appropriate breaks when necessary because there was no one there to relieve

1

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

him. But as the Court already held, this is not plausible. Unlike an assembly line worker, Plaintiff was a traveling technician with an inherently flexible schedule, including the ability to take breaks and get meals whenever he "stopp[ed] to fuel up his company van between casino visits." *Id.* at ¶ 26. It is implausible that, despite spending many hours each day driving to different casinos and working in casinos and not having anyone monitoring him or watching him work, Plaintiff would forego meals and breaks.

Moreover, Plaintiff makes ***no*** new allegations in support of his claims for failure to furnish timely and accurate wage statements (Claim 5), to timely pay wages upon termination (Claim 6), or for violation of California's Unfair Competition Law (Claim 7), all of which the Court previously found were deficient. Critically, despite being given leave to amend, Plaintiff also fails to make additional plausible factual allegations sufficient to support his class claims, instead continuing to rely on the same boilerplate allegations that the Court already found deficient and that Plaintiff's counsel wholesale copied from other cases and that are not specific to this case. *See* RJN, Ex. A.

As before, the Court should dismiss Plaintiff's claims because the SAC lacks sufficient factual matter and solely relies on generic and implausible assertions that fail to establish an entitlement to relief. As this is Plaintiff's third attempt to plead viable claims, the SAC should be dismissed in its entirety with prejudice. Furthermore, it is imperative that the Court dismiss and/or strike Plaintiff's class claims and allegations, as well as his requests for injunctive relief, as they are still improperly pled. Nor is it plausible that Plaintiff can satisfy the predominance requirement of Federal Rule of Civil Procedure 23 as to a class of all non-exempt Everi employees in California.

## II. <u>BACKGROUND</u>

On February 15, 2024, the Court granted Everi's motion to dismiss the FAC in its entirety, finding Plaintiff failed to allege sufficient facts to state a viable claim for individual or classwide relief. Order at 4 ("[T]he 1st AC does not allege sufficient well-pleaded facts to satisfy the federal pleading standard" and instead "consists almost entirely of legal conclusions rather than well-pleaded facts about Everi's policies or

2

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

other details about Plaintiff's experience and pay that would support the wage and hour claims Plaintiff alleges."). Importantly, the Court found that the FAC's "allegation that Plaintiff worked alone" did not "state sufficient facts to support Plaintiff's meal break and rest period claims" because "Plaintiff was a traveling technician, not working on an assembly line that could not stop or staffing an office or storefront by himself that could not close during business hours." *Id.* at 5. The Court thus found that the FAC did "not support plausible meal break and rest period claims or explain how Everi impeded Plaintiff from taking meal breaks and rest periods." *Id.*

The Court also found Plaintiff's class claims were insufficiently pleaded. *Id.* at 5-6, n.3 ("Plaintiff's allegations in support of his effort to pursue claims on behalf of a class similarly suffer from relying only on legal conclusions rather than well-pleaded facts."). As the Court confirmed, "district courts do dismiss class allegations on a 12(b)(6) motion, applying the Twombly/Iqbal standard, where the complaint lacks any factual allegations and reasonable inferences that establish the plausibility of class allegations." *Id.*

Plaintiff filed the operative SAC on March 4, 2024. Doc. No. 24.[1] Plaintiff's SAC alleges the same nine claims for relief against Everi. All of the claims are again brought on behalf of a proposed class comprising "[a]ll current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing of this Complaint." SAC ¶ 39. Plaintiff also proposes that the class be divided into seven subclasses. *Id.* ¶ 40. With the exception of a slight modification to the definition of the FLSA subclass, Plaintiff did not amend the class action allegations that the Court just dismissed a month ago as legally deficient for "relying only on legal conclusions rather than well-pleaded facts." *See* Order at 5 n.3.

The SAC remains painfully devoid of plausible factual allegations. Plaintiff alleges little more than that he was employed "as a Field Technician II . . . from August

[1] For the Court's convenience, Everi provides a redline comparison showing the changes from the FAC to the SAC. *See* Sperling Decl. Ex. 1.

3

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

2021 to September 16, 2022," earning "$29 an hour," during which time he "maintained and replaced casino games owned by Everi Games, e.g., slot machines, at the casinos," which required "Plaintiff to, on average, work two to three work orders or tickets at different casinos every shift" and "to drive one to two hours to each casino location and back home." *See* SAC ¶¶ 14-17, 21. Plaintiff conclusorily alleges that he "typically worked a 6 am to 5 pm shift and travelled alone to two to three casinos in San Diego, Riverside and Arizona—all in one shift," that he "worked approximately five shifts in one workweek during his employment with Everi," and was required to be "on-call" at unspecified times. *Id.* ¶¶ 18-20.

Plaintiff also summarily and implausibly alleges Everi promised its clients service within a certain amount of time based on unidentified "Service Letter Agreement[s]" ("SLA"), which are conspicuously not attached to the SAC or quoted from, and which he inexplicably in a *non sequitur* links to his managers "instruct[ing] Plaintiff to 'clock-out' for his meal periods before the fifth hour" and that "[w]henever a technician failed to clock out for their meal periods before the fifth hour, Everi Games would do it for them" through an unidentified "UKG App." SAC ¶¶ 10, 13, 24-26. None of this makes any sense. Plaintiff does not allege that any of the casinos he worked at were parties to a so-called "SLA," or what the terms of any of those alleged agreements were. And he certainly does not allege facts that explain how these supposed SLAs have anything at all to do with his meal and rest breaks. Nor does he offer any support for his outlandish assertion that ***the entity*** Everi Games would clock him out for his meal periods "before the fifth hour" if he failed to clock himself out. *Id.* ¶ 13.

The remaining allegations of the SAC still consist of boilerplate language and legal conclusions, most of which are verbatim from Plaintiff's counsel's unrelated class action complaint against UPS (the "UPS Complaint").[2] *See* RJN, Ex. A. Critically, the

[2] For example, the SAC and the UPS Complaint make identical conclusory allegations that "[d]uring the course of Plaintiff's employment, Defendants failed to compensate

Glaser Weil

SAC continues to lack sufficient factual allegations to support class treatment. For example, while Plaintiff proposes seven subclasses (SAC ¶¶ 39-40), no facts are pled demonstrating that other putative class members also worked as Field Technicians, that their schedules regularly exceeded eight hours per day and/or 40 hours per week, that they were denied overtime pay, or the dates or locations of even a single meal or rest break that was supposedly improperly denied—much less why it was denied, when or by whom. Instead, all of Plaintiff's proposed subclasses except for the FLSA subclass are copied verbatim from Plaintiff's counsel's class action complaint against UPS. *See* RJN Ex. A. This Court already found these same class allegations were deficient and dismissed them. *See* Order at 5 n.3. As Plaintiff has amended his complaint twice, and has done nothing to amend the class allegations, they should be dismissed again.

## III. LEGAL STANDARD

### A. Motion To Dismiss A Wage And Hour Claim

A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Dismissal is proper when the complaint either (1) lacks a cognizable legal theory; or (2) fails to allege sufficient facts to support a cognizable legal theory. *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57). Thus, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The

---

Plaintiff and Class members for all overtime hours worked in excess of eight hours per day and/or 40 hours per week," and that "Plaintiff and Class members were not authorized or permitted lawful meal periods" and "were not authorized or permitted lawful rest breaks." SAC ¶¶ 33, 48.

Glaser Weil

Court also may not "assume the truth of legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In the wage-and-hour context, the Ninth Circuit held in the seminal case of *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), which this Court heavily relied on and cited approvingly in its Order dismissing the FAC, that a complaint pleads facts sufficient to state a wage-and-hour claim that is plausible, rather than merely conceivable, when ***and only when*** the complaint asserts facts about specific periods of time (*e.g.,* a specific workweek) when the alleged wage-and-hour violations occurred. Here, such information is wholly absent from the FAC.

Recently, in *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020), which this Court also cited approvingly in its Order, the Ninth Circuit applied the *Landers* rule to affirm the dismissal of California wage-and-hour claims for unpaid minimum wages, unpaid overtime, rest break violations, failure to pay wages upon termination, inaccurate wage statements, and unfair business practices under circumstances similar to this case. The Ninth Circuit held that dismissal was proper because the complaint "fails to allege a workweek" in which the violations occurred, and instead "provides only conclusory allegations reciting the statutory elements." *Id*. at 431; *see also Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations.").

In line with this precedent, judges in the Central District routinely grant Rule 12(b)(6) motions to dismiss wage-and-hour complaints that fail to specify facts creating a plausible inference that the employer committed the alleged wage-and-hour violations. *See*, *e.g.*, *Wood v. N. Am. Van Lines, Inc.*, 2021 WL 3134203, at *9 (C.D. Cal. July 23, 2021) (applying *Landers* pleading standard and dismissing wage-and-hour claims for lack of sufficient factual allegations); *Leitzbach v. Atlas Van Lines, Inc.*, 2017 WL 11617904, at *10-13 (C.D. Cal. Feb. 22, 2017) (same); *Fenton v. McLane/Suneast, Inc.*, 2016 WL 11746002, at *2-3 (C.D. Cal. Aug. 22, 2016) (same).

Glaser Weil

Judges in the Central District also routinely dismiss wage-and-hour claims that generically plead only that an employer "regularly" committed a Labor Code violation, as Plaintiff does here (*see* SAC ¶¶ 31, 39). *Zamora v. Penske Truck Leasing Co., L.P.*, 2020 WL 4748460, at *6 (C.D. Cal. Aug. 17, 2020) (dismissing overtime, minimum wage, and meal and rest period claims based on conclusory allegations).

**B. <u>Motion To Strike</u>**

"Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009). Thus, for class action allegations to survive the pleading stage a complaint must plead facts sufficient "to justify the action's proceeding as a class action" under Rule 23. *Shann*, 182 F. Supp. 3d at 1048 (dismissing class claims lacking "substantive allegations"); *see also Byrd v. Masonite Corp.*, 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class allegations where plaintiff failed to allege facts to support finding that employer had "statewide policies or practices giving rise to [plaintiff's] causes of action" or that "member[s] of the putative class had similar work experiences"); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4, 8-10 (C.D. Cal. Jan. 16, 2015) (striking class allegations due to lack of commonality as "[i]t is . . . appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available"). Class allegations that are not "plausible" are properly subject to a motion to strike. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

Glaser Weil

7

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

## IV. LEGAL ARGUMENT

The SAC fails to plead sufficient facts to plausibly entitle Plaintiff to any individual or class relief and should, therefore, be dismissed in its entirety without further leave to amend.

### A. The Unpaid Overtime And Minimum Wage Claims Fail (Claims 1, 4)

Plaintiff's overtime violation claim and minimum wage violation claim fail because Plaintiff fails to allege any facts establishing "at least one workweek when [the plaintiff] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages" under *Landers*.[3] *Landers*, 771 F.3d at 646; *see also Boyack*, 812 F. App'x at 430 (dismissing unpaid overtime claims on same grounds); *Boian v. Schneider Logistics Transloading and Distrib., Inc.*, 2020 WL 5356707, at *7-8 (C.D. Cal. May 28, 2020) (dismissing unpaid overtime claim even when the complaint alleged, as Plaintiff does here, a "typical" shift length, that pre-shift work occurred and took 15 minutes, and that post-shift work occurred and took 15-30 minutes); *McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906, at *3 (N.D. Cal. Sept. 19, 2017) (dismissing unpaid overtime claim because plaintiff's "vague reference to work 'in excess of eight hours a day . . . do[es] not support an overtime claim"). While Plaintiff summarily alleges he "***averaged*** 11-hour shifts, five days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift" (SAC ¶ 29) (emphasis added), this is still insufficient under *Landers*. No factual detail or specifics of a single instance of unpaid overtime is pled.

Plaintiff's unpaid minimum wage claim also fails as there are no plausible allegations that he received less than minimum wage for the hours he worked. To the contrary, Plaintiff alleges he was paid $29 an hour (SAC ¶ 15), which is more than

---

[3] Federal courts, including multiple judges in this District, have repeatedly applied *Landers* to dismiss the same Labor Code claims at issue here. Doc. No. 18 at 2:4-19.

Glaser Weil

minimum wage. *See Boyack*, 812 F. App'x at 430 (affirming dismissal where plaintiff failed to plausibly allege he "received less than minimum wages for all hours worked"); *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27, 2019) (affirming dismissal where "Plaintiff provides no facts about his work duties, his hours worked, or any other details relevant to the number of hours he worked at any time or in any week"). Plaintiff's conclusory allegation that "Defendants paid Plaintiff and Class members less than minimum wages when it required them to work during meal periods and rest breaks and donning and doffing 'off the clock;'[4] and when it failed to pay them proper compensation for all hours worked" is insufficient. SAC ¶ 72.

To the extent Plaintiff alleges he was required to be "on-call" between shifts but was only "provided an additional one hour of pay at $7.50" (SAC ¶ 19), Plaintiff alleges no facts to support this implausible assertion, including when (if ever) he was required to be "on-call," how many times he was ever actually "on-call," if he was required to work during "on-call" hours, how many times he was paid for being "on-call" versus how many times he claims he should have been paid for such time, why he was paid $7.50 when his hourly rate was $29.00, and many other facts that defy explanation and that are not addressed in the SAC which one would expect if any of this actually happened to this Plaintiff. In any event, Plaintiff did not assert any on-call or standby pay claims in the FAC, and the Court's Order dismissing the FAC prohibited Plaintiff from raising any new claims in the SAC. Plaintiff's unpaid overtime and minimum wage claims should be dismissed with prejudice.

---

[4] Plaintiff never explains his stray reference to "donning and doffing" in the SAC; undoubtedly because it was copied from another of Plaintiff's counsel's complaints. According to the CDC website: "Donning means to put on and use PPE properly to achieve the intended protection and minimize the risk of exposure. Doffing means removing PPE in a way that avoids self-contamination." https://www.cdc.gov/niosh/learning/safetyculturehc/module-3/8.html#:~:text=Donning%20means%20to%20put%20on,and%20chemical%20and%20biological%20agents, last visited March 17, 2024. This shows the egregious nature of Plaintiff's entire action – none of these allegations are reliable because it is evident that the pleading is almost entirely a copy-and-paste job of other complaints and not specific or applicable to this Plaintiff. This calls into serious question whether any of the allegations of the SAC are true in the case of this Plaintiff. We assert they are not.

9

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

Glaser Weil

**B. Plaintiff's Meal And Rest Break Violation Claims Fail (Claims 2, 3)**

Plaintiff's unpaid meal premiums claim and unpaid rest period premiums claim remain deficient because, even after this Court dismissed these claims citing *Landers* and gave Plaintiff a third opportunity to plead facts supporting his claims, Plaintiff still cannot and does not "plead at least one concrete instance of a meal or rest break violation." *See Landers*, 771 F.3d at 646.

For example, while Plaintiff summarily asserts that "on February 14, 2022, Plaintiff travelled to Harrah's Casino in Funner, CA, San Diego County for a work order" and did not receive his rest breaks or meal periods that day due to the demands of the SLA" (SAC ¶ 25), he fails to allege how long it took him to travel to the casino, what work he performed, how long it took, how many hours he worked that day, why he did not and could not take his meal and rest breaks, and critically, how Everi supposedly impeded him from doing so. *See, e.g.*, *Boyack*, 812 F. App'x at 431 (dismissing rest break claim because "the plaintiffs failed to allege a single workweek in which [the employer] impeded or discouraged [the plaintiffs] from taking rest breaks); *Durham v. Autism Spectrum Therapies, LLC*, 2019 WL 10097456, at *2-3 (C.D. Cal. Oct. 31, 2019) (same); *Ramirez v. C & J Well Serv., Inc.*, 2020 WL 5846464, at *4 (C.D. Cal. Mar. 27, 2020) (same); *Dawson v. Hitco Carbon Composites, Inc.*, 2017 WL 7806358, at *2-3 (C.D. Cal. May 5, 2017) (same).

As the Court previously found, "Plaintiff was a traveling technician, not working on an assembly line that could not stop or staffing an office or storefront by himself that could not close during business hours." Order at 5. Plaintiff's conclusory meal and rest break violation allegations are implausible because, as a traveling technician, Plaintiff could have taken rest and meal breaks whenever necessary, including when he was traveling to or from the various casinos for many hours a day or when at the casinos after finishing his work.

Moreover, the premise of Plaintiff's claims—that he was forced to work through meal and rest breaks because Everi had so-called Service Letter Agreements with

10

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

casinos that required Everi to provide prompt service—is an absurd *non sequitur*. There is no causal connection between Everi's alleged promise to provide prompt service to its customers and Plaintiff's wage and hour claims, and no legal support for Plaintiff's claim that such a promise somehow violates state and federal labor laws. Even if they could, Plaintiff does not identify what SLAs were supposedly in effect during his tenure, what their terms were, or how they affected him. These claims should be dismissed with prejudice.

**C. Plaintiff's Wage Statement Violation (Claim 5) Remains Defective**

Plaintiff's claim for failure to furnish timely and accurate wage statements fails. In its prior order dismissing the FAC, the Court explicitly found that "Plaintiff's derivative wage statement[] . . . claim[] . . . fail[]s to state a claim under the federal pleading standard." Order at 5. Yet Plaintiff still fails to plead any facts reflecting a single instance of Everi failing to furnish him with timely and accurate wage statements, despite now having multiple opportunities to do so. Accordingly, this claim should be dismissed with prejudice. *See Boyack*, 812 F. App'x at 431 (affirming dismissal under *Landers* where the complaint "provide[d] only conclusory allegations reciting the statutory elements").

Plaintiff's wage statement claim should also be dismissed because he again fails to allege any cognizable injury resulting from the purported wage statement violations as required under California Labor Code section 226(e)(1). *Apodaca v. Costco Wholesale Corp.*, 675 F. App'x 663, 665 (9th Cir. 2017) ("To establish a section 226 claim, the plaintiff must demonstrate both a violation of subsection 226(a) and an injury under subsection 226(e)."); *Avina v. Marriott Vacations Worldwide Corp.*, No. SACV1800685JVSJPRX, 2018 WL 6844713, at *5 (C.D. Cal. Oct. 15, 2018) ("[T]o show injury [plaintiff] must allege facts that indicate that he could not promptly and easily determine what wages he was already paid or that the wage statements otherwise failed to comply with § 226(a)'s requirements. It is not enough that he allege that the statements were inaccurate."); *see also* Doc. No. 15-1 at 10:12-11:13; Doc. No. 18 at

Glaser Weil

5:18-6:18. As Plaintiff fails to allege any facts demonstrating injury after having multiple opportunities to do so, his wage statement claim must be dismissed with prejudice.

**D. The Waiting Time Penalties Claim Remains Implausible (Claim 6)**

This Court held that "Plaintiff's derivative wage statements, PAGA, and unfair competition claims also fail to state a claim under the federal pleading standard." Order at 5. Despite receiving multiple opportunities to state a claim, and despite Everi raising this exact issue in the prior motion to dismiss, Plaintiff made no effort to allege any facts supporting his entitlement to relief, including that any violations by Everi were "willful." *See* Cal. Labor Code § 203. In fact, Plaintiff still fails to include even the most basic allegation that he was not timely paid his wages upon termination. Instead, the SAC merely parrots the statutory waiting time penalty language without pleading any facts demonstrating his entitlement to relief. This is insufficient to state a claim. *See, e.g.*, *Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *9 (N.D. Cal. May 30, 2018) (dismissing waiting time penalty claim because "[m]erely alleging willfulness is insufficient to satisfy Rule 8; rather Plaintiff must support that allegation with facts."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing "causes of action for failure to pay wages timely upon discharge and during employment [where complaint] contain[ed] no description of what wages were due, when they were due, and when, if at all, they were paid"); *see also* Doc. No. 15-1 at 11:16-12:13. Plaintiff's waiting time penalty claim should be dismissed with prejudice.

**E. The UCL Claim Still Fails For Several Reasons (Claim 7)**

Plaintiff's generic UCL claim also fails. This Court previously held, "Plaintiff's derivative wage statements, PAGA, and unfair competition claims also fail to state a claim under the federal pleading standard." Order at 5. Despite receiving multiple opportunities to state a claim, and despite Everi raising this exact issue in the prior motion to dismiss, Plaintiff still fails to plausibly allege any facts establishing a

Glaser Weil

predicate violation on which a UCL claim may be based.

Moreover, UCL actions are equitable in nature and prevailing plaintiffs are "limited to injunctive relief and restitution." *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Plaintiff's Labor Code claims are duplicative of his UCL claim and are premised on the same alleged statutory violations that provide monetary damages and penalties, which Plaintiff seeks. Courts dismiss UCL claims under these circumstances. *Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) (dismissing UCL claim with prejudice holding, "It is well established that the California Labor Code provides legal damages to fully compensate workers for unpaid wages."); *see also Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-01926-AB (KKX), 2020 WL 6532868, at *3 (C.D. Cal. Oct. 22, 2020) (dismissing UCL claim derivative of Labor Code claims with prejudice); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (same).

### F. <u>The PAGA Claim Should Be Dismissed Again (Claim 8)</u>

Plaintiff's PAGA claim remains fatally deficient and should be dismissed. This Court held, "Plaintiff's derivative wage statements, PAGA, and unfair competition claims also fail to state a claim under the federal pleading standard." Order at 5. PAGA claims are derivative of the underlying Labor Code violations and can only proceed if those underlying claims are adequately pled. *See Reyna v. WestRock Co.*, No. 20-CV-01666-BLF, 2020 WL 5074390, at *12 (N.D. Cal. Aug. 24, 2020) ("Plaintiff's PAGA claim does not add any factual allegations and is derivative of her Labor Code claims."). Thus, if the underlying substantive claims are dismissed, the derivative PAGA claim must also be dismissed. *See, e.g.*, *Carlos v. Wal-Mart Assocs., Inc.*, No. EDCV2100294ABKKX, 2021 WL 4924774, at *5 (C.D. Cal. Aug. 13, 2021) (dismissing derivative PAGA claim); *Derik Duley v. Centerra Grp., LLC*, No. 219CV08754ABJCX, 2020 WL 6526369, at *5 (C.D. Cal. Mar. 18, 2020) (same); *Sanders v. Old Dominion Freight Line, Inc.*, No. EDCV18688DSFSHKX, 2018 WL 6321628, at *4 (C.D. Cal. June 25, 2018) (same).

Glaser Weil

As in the FAC, Plaintiff's PAGA claim remains boilerplate; no new plausible factual allegations were pled and all of Plaintiff's other claims fail. Accordingly, Plaintiff's derivative PAGA claim should be dismissed with prejudice.

**G. The FLSA Claim Should Be Dismissed Again (Claim 9)**

This Court held, "Plaintiff has not alleged sufficient facts to state a viable claim for overtime or minimum wage violations under California law or the FLSA, or meal period and rest break violations." Order at 5. Despite receiving multiple opportunities to state a claim, and despite Everi raising this exact issue in the prior motion to dismiss, Plaintiff made no effort to allege any facts supporting his entitlement to relief under the FLSA. As FLSA claims are subject to the same pleading standards as Labor Code claims, the FLSA claim should be dismissed for the same reasons set forth above. *See, e.g.*, *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007 n.3 (N.D. Cal. 2016) (holding the reasoning in *Landers* applies "especially" to "overtime and wage claims because the language of the FLSA and Labor Code provisions is strikingly similar").

**H. The Court Should Dismiss And/Or Strike All Of The Class Action Allegations And Claims**

This Court held that "[w]ithout having adequately alleged a viable individual claim, Plaintiff's efforts to prosecute this action on behalf of a class also fail." Order at 5. Plaintiff's class claims are subject to the same Rule 8(a) federal pleading standard as Plaintiff's individual claims and are properly tested by a motion to dismiss for failure to state a claim. *See* Order at 5 n.3 (citing cases). Claims that are not suitable for class treatment can be challenged at the pleading stage in a motion to strike under Rule 12(f), and Rule 23(c)(1)(A) and 23(d)(1)(D) may also be used to deny class certification at an early stage. *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) (striking class action allegations holding, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery"); *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, No. CV 15-00153 BRO SPX, 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015)

Glaser Weil

(striking class allegations at the pleading stage, holding "[i]t is thus appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available."); *Kramer v. Wilson Sporting Goods Co.*, No. CV 13-6330-JFW (SHX), 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013) ("The Court does not have to wait until the plaintiff files a motion for class certification to make this determination. A court may strike class allegations before a motion for class certification if "the matter is sufficiently obvious from the pleadings.") (numerous citations omitted).

Here, Plaintiff cannot state a claim in his individual capacity and, as such, his "efforts to prosecute this action on behalf of a class also fail." Order at 5. Plaintiff is also an atypical and inadequate class representative who cannot satisfy the Rule 23 requirements to certify a putative class. Accordingly, the Court should dismiss or strike Plaintiff's boilerplate class action allegations because: (1) Plaintiff's conclusory pleading does not meet the minimum pleading requirements of Rule 8(a); (2) early dismissal is appropriate to prevent the unwarranted risk of discovery abuse regarding what are clearly individual claims; and (3) it is clear from the face of Plaintiff's SAC that he cannot satisfy the requirements of Rule 23 necessary to maintain a class action.

**1. <u>The Class Allegations Do Not Meet Minimum Pleading Requirements</u>**

As with the FAC, absolutely no facts are pled in the SAC to support a putative class despite the Court's admonition in its Order that "Plaintiff's allegations in support of his effort to pursue claims on behalf of a class similarly suffer from relying only on legal conclusions rather than well-pleaded facts." Order at 5 n.3. For example, Plaintiff fails to allege any facts suggesting that sufficiently numerous members of the putative class had identical work experiences to his. Moreover, to the extent Plaintiff now summarily alleges that two other technicians supposedly "confirmed to Plaintiff that they too did not receive their Labor-code compliant meal periods or rest breaks and were required to 'clock-out' for their meal periods" (SAC ¶ 28) this is hardly enough to satisfy Rule 23, Rule 12(b), or Rule 8(a) as to the class allegations. Plaintiff fails to

Glaser Weil

allege any details about these technicians, their situations, or their contentions; nor does he allege these individuals did not receive overtime wages or minimum wages, that they received inaccurate wage statements, or were not properly paid wages upon termination.

Nor does Plaintiff allege any facts showing Everi maintained statewide policies or practices giving rise to Plaintiff's claims such that common questions of fact and/or law predominate and are susceptible to class-wide proof. Again, Plaintiff's generic class action allegations are virtually identical to Plaintiff's counsel's prior lawsuit against UPS, which underscores the complete lack of factual content underlying this case. Accordingly, Plaintiff fails to satisfy the *Iqbal*/*Twombly* pleading requirement and, as set forth in the Court's prior order dismissing the FAC, dismissal at the pleading stage is appropriate. *See* Order at 5 n.3; *Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK (SSx), 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) ("Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences," such that Plaintiff's "conclusory allegation does not meet the minimum pleading requirements"); *Byrd*, 2016 WL 756523, at *4 (same).

**2. Early Dismissal Of The Putative Class Claims Is Necessary To Avoid Discovery Abuse**

Dismissal of Plaintiff's class claims at the pleadings stage is appropriate here because allowing Plaintiff to dress up what are clearly individual claims with baseless and conclusory class allegations invites an unwarranted risk of discovery abuse. *See Alvarado v. Wal-Mart Assocs., Inc.*, No. CV 20-1926 DSF (JCX), 2020 WL 6526372, at *3 (C.D. Cal. Aug. 7, 2020) ("Before a plaintiff can obtain class discovery and put a defendant through the expense of opposing class certification, she must at least plausibly allege that the asserted claims might apply to others in the putative class."). This concern is underscored by Plaintiff's early service of more than 50 requests for production, almost all of which seek grossly overbroad and disproportional discovery relating to the purported class. Numerous district courts have dismissed similar class

16

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

claims at the pleadings stage. *See, e.g., Duran v. Maxim Healthcare Servs. Inc.*, No. CV 17-01072-AB (EX), 2018 WL 5915644, at *7 (C.D. Cal. Mar. 9, 2018) ("Similar to Plaintiffs' allegations defining the aggrieved group for Plaintiffs' PAGA claim, the Court dismisses Plaintiffs' class allegations on the grounds that they are not plausibly alleged, as they are imprecise, overbroad, and unascertainable."); *Byrd*, 2016 WL 756523, at *4. Here, as in these cases, Plaintiff's vague and plainly implausible class allegations are imprecise, overbroad, and unascertainable and should be dismissed.

**3. The Court Should Strike Plaintiff's Class Action Allegations For Failure To Satisfy Rule 23**

Alternatively, the Court should strike Plaintiff's class allegations because the SAC makes clear that a class action cannot be maintained under Rule 23. *See, e.g.*, *Sanders,* 672 F. Supp. 2d at 990 ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."); *see* Fed. R. Civ. P. 23(d)(1)(D) (providing the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly"). Although Everi does not address all of the bases upon which Plaintiff's proposed class fails under Rule 23, the SAC reveals deficiencies that no amount of discovery or time will enable Plaintiff to resolve. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017) ("The party seeking to maintain class certification bears the burden of demonstrating that the Rule 23 requirements are satisfied . . . .").

First, Plaintiff does not meet the typicality requirement, which requires that a representative plaintiff's individual claims "are typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217 (N.D. Cal. 2015). "The purpose of the typicality requirement is to assure that the interest of the named

17

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534

Glaser Weil

representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, Plaintiff's allegation that he maintained a unique schedule based on his unique work situation that involved traveling between his home to different casinos as a field technician demonstrates that his experience was not typical of other Everi employees. No facts are pled that tend to show typicality of Plaintiff's claims across the class.

Second, Plaintiff's class claims fail because there is no generalized evidence applicable to the entire putative class. Specifically, Plaintiff fails to allege "any questions of law or fact common to all class members" that "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). For example, Plaintiff fails to plead any facts showing that the putative class members held the same or similar positions as Plaintiff and experienced the same purported harms. There are no facts from which the Court could plausibly conclude that Everi committed any of the violations alleged in the SAC against Plaintiff—let alone how Everi supposedly did so in a systemic way to affect an entire class of plaintiffs in the same manner. No facts are pled detailing when such violations occurred, how many times, to whom, and the dates of such instances.

Finally, there is no putative class that is ascertainable. To satisfy the ascertainability requirement, a plaintiff "must demonstrate that: (i) members of the proposed class are readily identifiable by objective criteria, and (ii) it is administratively feasible to determine whether a particular person is a member of the class." *See Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 22 (N.D. Cal. 2015); *see also Williams v. Oberon Media, Inc.*, 468 F. App'x 768, 770 (9th Cir. 2012) (Courts must have an objective way to differentiate between putative class members and the broader public in an administratively feasible manner).

Here, Plaintiff's proposed class includes "[a]ll current and/or former non-exempt employees that worked for Defendants in California within four years prior to the filing







Glaser Weil

of this Complaint," and seven proposed subclasses. SAC ¶¶ 49-40. This imprecise, overbroad, and unascertainable definition includes individuals who have no claim against Everi because they did not work under similar purported conditions as Plaintiff and who did not experience the same issues Plaintiff supposedly did. Plaintiff also fails to show that any members of the proposed class were actually harmed, how they were harmed, how they can be identified with objective criteria, or that it would be administratively feasible to do so. The Court should dismiss and/or strike Plaintiff's inappropriate and unsupported class action allegations.

### I. Plaintiff's Requests For Injunctive Relief Must Be Stricken

Plaintiff seeks injunctive relief in connection with his UCL claim and appears to seek injunctive relief with respect to his Labor Code claims as well. However, Plaintiff lacks standing to seek injunctive relief because he is a former, ***not*** a current, employee of Everi. *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("[T]hose putative class members who were no longer Wal–Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief."), *rev'd on other grounds*, 564 U.S. 338 (2011); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (named Plaintiff in a putative class action who was "not employed by Costco throughout this case [did] not have standing to seek injunctive relief"); *Gordon v. Aerotek, Inc.*, 2017 WL 8217410, at *5-7 (C.D. Cal. Oct. 12, 2017) (granting motion to dismiss request for injunctive relief asserted under UCL claim by former employee). As Plaintiff is no longer an Everi employee, there is no conduct to enjoin because the purported issues are not capable of repetition. Accordingly, Plaintiff's requests for injunctive relief must be stricken for lack of standing and because it is not a proper remedy.

## V. CONCLUSION

Everi respectfully requests that Plaintiff's SAC be dismissed or stricken in its entirety. As Plaintiff has already amended the complaint twice and further amendments would be futile, Everi respectfully requests that dismissal be with prejudice. *See*

Glaser Weil

*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court 'should freely give leave [to amend] when justice so requires,' the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint.'") (internal citations omitted).

Respectfully submitted,

DATED: March 18, 2024

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling
Alexander R. Miller
Attorneys for Defendant
Everi Games Inc.

Glaser Weil

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Everi Games Inc., certifies that this brief contains 6,905 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 18, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

By: *<u>/s/ Elizabeth A. Sperling</u>*
Elizabeth A. Sperling
Alexander R. Miller
Attorneys for Defendant
Everi Games Inc.

Glaser Weil

21

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2387534