ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
Everi Games Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVERI GAMES INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00257-MRA-JPR<br><br>Assigned to Hon. Mónica Ramírez Almadani<br><br>**DEFENDANT EVERI GAMES INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Hearing Date: May 30, 2024<br>Hearing time: 1:30 p.m.<br>Courtroom: 10B<br><br>Date filed: November 17, 2023<br>Removal Date: January 10, 2024 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................... 1

II. LEGAL ARGUMENT ................................................................................ 2

    A. Plaintiff Applies The Incorrect Legal Standard ................................ 2

    B. The Unpaid Overtime And Minimum Wage Claims Still Fail ............ 3

    C. Plaintiff's Meal And Rest Break Violation Claims Fail ..................... 5

    D. Plaintiff's Wage Statement Violation Claim Remains Defective ........ 7

    E. The Waiting Time Penalties Claim Remains Implausible .................. 7

    F. The UCL Claim Still Fails For Several Reasons ................................ 8

    G. The PAGA Claim Should Be Dismissed With Prejudice .................... 8

    H. The FLSA Claim Should Be Dismissed With Prejudice .................... 9

    I. The Court Should Dismiss And/Or Strike All Of The Class Action Allegations And Claims Again, This Time With Prejudice ................. 9

    J. Plaintiff's Requests For Injunctive Relief Must Be Stricken ............. 10

    K. Everi Met And Conferred In Good Faith ........................................... 10

    L. Further Leave To Amend Would Be Futile ....................................... 13

III. CONCLUSION ........................................................................................ 13

ii
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................. 2, 3, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................2, 3

*Carlson v. CSX Transp., Inc.*,
    758 F3d 819 (7th Cir. 2014) ............................................................................ 2

*Ecological Rts. Found. v. Pac. Gas & Elec. Co.*,
    713 F.3d 502 (9th Cir. 2013) ......................................................................... 13

*Garamendi v. Altus Fin. S.A.*,
    282 F.R.D. 270 (C.D. Cal. 2012) .................................................................... 4

*Gonzalez v. Arizona*,
    677 F.3d 383 (9th Cir. 2012) .......................................................................... 4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) .......................................................................... 6

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ................................................................. 3, 4, 5

*Magnesystems, Inc. v. Nikken, Inc.*,
    933 F. Supp. 944 (C.D. Cal. 1996) ........................................... 4, 5, 7, 8, 9, 10

*Pit River Home & Agr. Co-op. Ass'n v. United States*,
    30 F.3d 1088 (9th Cir. 1994) .......................................................... 4, 5, 7, 8, 9

## FEDERAL RULES

Fed. R. Civ. P., Rule 12(d) .......................................................................................6

Fed. R. Civ. Proc., Rule 11 .................................................................................... 13

iii
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

## I.      INTRODUCTION

Plaintiff started this action with a recycled boilerplate complaint used against other corporate defendants on behalf of other plaintiffs. Then, in response to Defendant Everi Games Inc.'s ("Everi") meet and confer efforts, he filed a First Amended Complaint ("FAC") that added some meritless generic wage and hour claims on behalf of a large putative class in the hopes of coercing a quick settlement. When that did not go to plan, Everi filed a motion to dismiss and a motion to strike the FAC, which the Court promptly and properly granted, albeit with leave to amend. The Court dismissed all of Plaintiff's claims—including the conclusory class action claims and allegations—in their entirety on the grounds that Plaintiff's allegations relied "only on legal conclusions rather than well-pleaded facts." *See* Doc. No. 19 ("Order") at 5 n.3. This established the law of the case.

After receiving a third opportunity to try to state a claim, Plaintiff squandered it by filing a Second Amended Complaint ("SAC") without any meaningful changes to the key allegations and simply repeating the same conclusory allegations with no additional well-pleaded facts. *See* Doc. No. 29-2, Ex. 1. The minimal changes Plaintiff made to the SAC failed to address, let alone cure, the many fatal deficiencies identified by Everi and the Court in the motion to dismiss the FAC and the Order granting it. Plaintiff is now barred by the law of the case doctrine from relitigating these issues.

Out of moves, Plaintiff's counsel makes the tired (and false) accusation that Everi's counsel failed to meet and confer in good faith before filing this motion. This accusation is a false and transparent attempt to distract from the fact that Plaintiff not only recycled a meritless, generic complaint, but the vast majority of the arguments in Plaintiff's opposition to Everi's motion to dismiss the SAC are ***the same failed arguments copied and pasted verbatim that the Court previously considered and rejected in response to Everi's motion to dismiss the FAC***. *See, e.g.*, Miller Decl. Ex. A (redline comparison of relevant portions of Plaintiff's oppositions to Everi's motions to dismiss the FAC and the SAC). Plaintiff's behavior is egregious. In addition to

1

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

1 wasting Everi's resources and the Court's time, this only serves to underscore that the
2 SAC is wholly meritless and any further leave to amend would be futile. Everi
3 respectfully requests that the Court dismiss the SAC in its entirety, this time with
4 prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiff Applies The Incorrect Legal Standard

As a threshold matter, Plaintiff argues the incorrect pleading standard throughout his opposition to the SAC (Doc. No. 34, "Opposition"). As set forth in Everi's motion to dismiss the SAC (Doc. No. 29, "Motion"), it is well established that a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court recognized this in its Order granting the prior motion to dismiss, establishing law of the case. Plaintiff's claim that the SAC is sufficient because it "pleads 'short and plain statement of the claims' that ***could*** have happened" (Opp. at 1:10-11 (emphasis added)) is flat wrong. That is not the pleading standard in federal court. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57). Instead, "[a] claim has facial plausibility when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (emphasis added). The SAC falls far short of satisfying the correct pleading standard.

To the extent Plaintiff argues that the Court should assume the veracity of well-pleaded factual allegations, as in *Carlson v. CSX Transp., Inc.*, 758 F3d 819, 827 (7th Cir. 2014), this well-worn precept is inapplicable here because the threadbare facts alleged by Plaintiff in the SAC and argued in his Opposition to this Motion "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Rather, "the [SAC] has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* (internal brackets and quotation marks omitted). Moreover, the

2
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

1  two cases Plaintiff relies on for the proposition that motions to dismiss are disfavored
2  are inapplicable because they are based on the old pleading regime before *Twombly* and
3  *Iqbal*. Opp. at 7:22-28. Thus, dismissal is warranted.

### B. The Unpaid Overtime And Minimum Wage Claims Still Fail

Plaintiff argues that "the proper question for a 12(b)(6) motion is: **could** Everi Games have failed to pay Plaintiff all overtime hours worked over 8+ hours a shift?" Opp. at 9:11-12 (emphasis added). But this is incorrect. Plaintiff must allege sufficient factual content to show that his claims are plausible rather than merely alleging "a sheer possibility that a defendant has acted unlawfully," as Plaintiff does here. *See Iqbal*, 556 U.S. at 678. Because Plaintiff fails to plausibly allege sufficient facts showing his entitlement to relief (*see* Mot. at 8:7-9:21), Plaintiff's allegations are insufficiently pled and may not be accorded any presumption of truth. *See Iqbal*, 556 U.S. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

In any event, rather than respond to Everi's arguments regarding the sparse new allegations in the SAC, Plaintiff summarily claims that he was paid below the minimum wage and that he did comply with *Landers* by quoting the SAC. Opp. at 9:19-10:18. These conclusory allegations are insufficient for the reasons set forth in Everi's Motion, which Plaintiff does not address. *See* Mot. at 8:7-9:21. Plaintiff then cut-and-pasted all of the same failed arguments he raised in his opposition to Everi's motion to dismiss the FAC as to why the pleading standard in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) should not apply. *Compare* Opp. at 10:1-11:27 *with* Doc. No. 17 at 5:7-6:26; *see* Miller Decl. Ex. A. But this Court already considered and rejected those arguments. Specifically, Plaintiff repeats his arguments that *Landers* does not apply because it is a "non-California case" and "deals with claims for overtime and minimum wage under FLSA only." Opp. at 10:17-11:28. Everi already responded to these arguments in detail in its briefing on the motion to dismiss the FAC (*see* Doc. No.

3
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

18 at 1:28-4:4),[1] and the Court approved and adopted Everi's reasoning and rejected Plaintiff's attempts to distinguish *Landers* in its Order dismissing Plaintiff's entire FAC. *See* Order at 4-5.

The Court's holdings in its Order constitute law of the case and should not be disturbed. *See, e.g.*, *Gonzalez v. Arizona*, 677 F.3d 383, 390 (9th Cir. 2012) ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case."); *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1096 (9th Cir. 1994) (holding that, barring certain exceptions not applicable here, "[a] decision on a factual or legal issue must be followed in all subsequent proceedings in the same case in the trial court . . . .") (citation omitted); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949 (C.D. Cal. 1996) ("Commonly, the law of the case doctrine arises in the context of a single court adhering to its own rulings."). The law of the case extends both to matters explicitly and implicitly decided by the Court in its prior ruling. *See Magnesystems, Inc.*, 933 F. Supp. at 949 ("Under this doctrine, issues decided at an earlier stage of the litigation, either explicitly or by necessary inference from the disposition of the issues, constitute the law of the case.") (citation omitted); *Garamendi v. Altus Fin. S.A.*, 282 F.R.D. 270, 273 (C.D. Cal. 2012) ("A prior ruling need not be expressly made, or discussed in any detail, to serve as the law of the case; decisions that are implicit, or terse, will suffice.").

Plaintiff's improper attempt to relitigate whether *Landers* applies should be summarily rejected for the reasons set forth in Everi's prior reply brief (Doc. No. 18) and under the law of the case doctrine. As Plaintiff fails to otherwise respond to the

---

[1] As Plaintiff wholesale copied nearly all of his arguments in opposition to Everi's motion to dismiss the FAC (Doc. No. 17) verbatim in the instant Opposition (Doc. No. 34), Everi incorporates all of its prior briefing (Doc. Nos. 16, 18) by reference, as Everi already thoroughly addressed these arguments. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

4
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

1 arguments raised in Everi's Motion, these claims are properly dismissed with prejudice.
2 *See* Mot. at 8:7-9:21.

### C. Plaintiff's Meal And Rest Break Violation Claims Fail

Plaintiff again misstates the controlling pleading standard. *See* Opp. at 13:24-14:3. The question is not "***could*** Everi Games have failed to provide Plaintiff lawful meal periods and rest breaks." Opp. at 13:24-25 (emphasis added). Instead, "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (emphasis added). Regardless, Plaintiff's Opposition again copies verbatim from his opposition to Everi's motion to dismiss the FAC and repeats all of his same fallacious arguments as to why *Landers* should not apply. *Compare* Opp. at 14:8-26 *with* Doc. No. 17 at 7:25-8:22; *see* Miller Decl. Ex. A. Everi already responded to these exact arguments in its prior reply brief (*see* Doc. No. 18 at 4:6-5:2), and the Court already rejected Plaintiff's attempts to distinguish *Landers* in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5. Accordingly, the same result should attain here for the reasons previously set forth by Everi in its prior reply brief and under the law of the case doctrine. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F. Supp. at 949. Plaintiff should be estopped from attempting to re-litigate the same issue.

Other than challenging the application *Landers*—which the Court already determined is the proper standard—Plaintiff makes no attempt to address Defendant's arguments that Plaintiff's meal and rest break claims should be dismissed other than to quote the SAC. *Compare* Mot. at 10:2-11:7 *with* Opp. at 12:3-13:23. But these allegations remain deficient for the reasons set forth in Everi's Motion. For example, he "fails to allege how long it took him to travel to the casino, what work he performed, how long it took, how many hours he worked that day, why he did not and could not take his meal and rest breaks, and critically, how Everi supposedly impeded him from doing so." Mot. at 10:7-13. As the Court aptly put it:

5
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

> Nor does the 1st AC's allegation that Plaintiff worked alone state sufficient facts to support Plaintiff's meal break and rest period claims. Plaintiff was a traveling technician, not working on an assembly line that could not stop or staffing an office or storefront by himself that could not close during business hours. The facts contained in the 1st AC therefore do not support plausible meal break and rest period claims or explain how Defendant impeded Plaintiff from taking meal breaks and rest periods.

Order at 5.

The SAC fails to address these issues or provide any plausible allegations in support. Instead, Plaintiff relies on some unidentified phantom "SLA" agreement that is not attached to the SAC. *See* Mot. at 4:10-23, 10:27-11:7. Its core relevant terms are not identified. Everi has no idea what this phantom agreement is and has not seen it. Nor does Plaintiff demonstrate how a supposed agreement between Everi and its customers to provide prompt service violates state and federal labor laws or how it impacts Plaintiff. Moreover, inasmuch as ***this phantom agreement is not attached to or part of the SAC, it is outside the four corners of the complaint and cannot be relied upon by Plaintiff to overcome a motion to dismiss.*** *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)" unless such material is subject to judicial notice or some other narrow exception, which is not invoked by Plaintiff here). Nor may such extrinsic evidence be cited, relied upon, or considered by the Court in deciding a motion to dismiss. *See, e.g.*, Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Accordingly, any allegations related to this unidentified agreement are ***improper extrinsic evidence that may not be considered on a motion to dismiss*** and these claims should be dismissed with prejudice.

6
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

### D. **Plaintiff's Wage Statement Violation Claim Remains Defective**

Plaintiff's opposition to the motion to dismiss his wage statement violation claim is a verbatim copy of his opposition to Everi's motion to dismiss the FAC. *Compare* Opp. at 14:28-16:6 *with* Doc. No. 17 at 9:2-10:9; *see* Miller Decl. Ex. A. Everi already responded to these exact arguments in its prior reply brief (*see* Doc. No. 18 at 5:4-6:18) and the Court rejected Plaintiff's arguments in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5. The same result should attain here for the reasons previously set forth by Everi in its prior reply brief and under the law of the case doctrine. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F. Supp. at 949. Plaintiff did not add any new facts to the SAC reflecting a single instance of Everi failing to furnish him with timely and accurate wage statements and he makes no other attempt to respond to Everi's arguments in its Motion regarding this claim. *See* Mot. at 11:9-12:3. Dismissal with prejudice is appropriate.

### E. **The Waiting Time Penalties Claim Remains Implausible**

As with his other claims, Plaintiff's opposition to Everi's motion to dismiss the waiting time penalties claim is a verbatim copy of the same failed arguments he made in his opposition to Everi's motion to dismiss the FAC. *Compare* Opp. at 16:9-17:1 *with* Doc. No. 17 at 10:12-11:5; *see* Miller Decl. Ex. A. Everi already responded to these exact arguments in its prior reply brief (*see* Doc. No. 18 at 6:21-7:12), and the Court rejected Plaintiff's arguments in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5. The same result should attain here for the reasons previously set forth by Everi in its prior reply brief and under the law of the case doctrine. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F. Supp. at 949. As Plaintiff did not add any new facts to the SAC supporting his entitlement to relief, including that any violations by Everi were "willful" or even that Plaintiff was not timely paid wages upon termination (Mot. at 12:5-22), and he makes no other attempt to respond to Everi's arguments, dismissal with prejudice is appropriate.

7
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

### F. The UCL Claim Still Fails For Several Reasons

As with his other claims, Plaintiff's opposition to Everi's motion to dismiss the Unfair Competition Law claim is a verbatim copy of the same arguments made in his opposition to Everi's motion to dismiss the FAC. *Compare* Opp. at 17:8-19:3 *with* Doc. No. 17 at 11:12-13:9; *see* Miller Decl. Ex. A. Everi already responded to these exact arguments in its prior reply brief (*see* Doc. No. 18 at 7:14-8:10), and the Court rejected Plaintiff's arguments in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5. The same result should attain here for the reasons previously set forth by Everi in its prior reply brief and under the law of the case doctrine. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F. Supp. at 949. As Plaintiff makes no other attempt to respond to Everi's arguments in its Motion (Mot. at 12:24-13:13), dismissal with prejudice is appropriate.

### G. The PAGA Claim Should Be Dismissed With Prejudice

Plaintiff's opposition to the motion to dismiss his Private Attorney General Act ("PAGA") claim is a verbatim copy of his opposition to Everi's motion to dismiss the FAC. *Compare* Opp. at 19:5-20:3 *with* Doc. No. 17 at 13:11-14:10; *see* Miller Decl. Ex. A. Everi already responded to these exact arguments in its prior reply brief (*see* Doc. No. 18 at 8:12-9:13), and the Court rejected Plaintiff's arguments in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5. Although Plaintiff now attaches his PAGA Notice to the Labor and Workforce Development Agency to the SAC as required, this falls far short of a cure. The PAGA claim remains fatally defective in substance and on the merits and should be dismissed with prejudice because, as set forth by Everi in its prior reply brief and under the law of the case doctrine, Plaintiff's underlying substantive claims fail. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F. Supp. at 949. As Plaintiff makes no other attempt to respond to Everi's arguments in its Motion (Mot. at 13:15-14:3), dismissal with prejudice is appropriate.

8
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

### H. The FLSA Claim Should Be Dismissed With Prejudice

Plaintiff's opposition to the motion to dismiss his Fair Labor Standards Act ("FLSA") claim is a verbatim copy of his opposition to Everi's motion to dismiss the FAC. *Compare* Opp. at 20:5-7 *with* Doc. No. 17 at 14:12-14; *see* Miller Decl. Ex. A. Everi already responded to these exact arguments in its prior reply brief and the Court rejected Plaintiff's arguments in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5. The same result should attain here because, as set forth by Everi in its prior reply brief and under the law of the case doctrine, Plaintiff's underlying substantive claims fail. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F. Supp. at 949. As Plaintiff makes no other attempt to respond to Everi's arguments in its Motion (Mot. at 14:5-14), dismissal with prejudice is appropriate.

### I. The Court Should Dismiss And/Or Strike All Of The Class Action Allegations And Claims Again, This Time With Prejudice

Plaintiff's opposition to Everi's motion to dismiss the class action allegations and claims is also a verbatim copy of the same arguments he made in his opposition to Everi's motion to dismiss and motion to strike the FAC, which the Court rejected. *Compare* Opp. at 20:11-23:16 *with* Doc. No. 17 at 14:18-17:19; *see* Miller Decl. Ex. A. Plaintiff does nothing more than repeat his arguments that the Rule 8 pleading standard does not apply to class allegations. *Id.* Everi already responded to these exact arguments in its prior reply brief (*see* Doc. No. 18 at 9:18-11:21) and the Court already rejected these arguments in its Order dismissing Plaintiff's FAC in its entirety. *See* Order at 4-5.

In fact, in dismissing Plaintiff's class allegations and claims, the Court explicitly held that such claims are measured "under Rule 8(a)'s federal pleading standard," and found that "Plaintiff's allegations in support of his effort to pursue claims on behalf of a class similarly suffer from relying only on legal conclusions rather than well-pleaded facts." *See* Order. at 5 n.3. The Court's holding is law of the case and Plaintiff should be estopped from re-litigating the same failed arguments.

9
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

1  Nevertheless, despite the Court's prior admonition, Plaintiff made no substantive
2  changes to his class action allegations in the SAC and he simply repeats the same
3  arguments. *See* Doc. No. 29-2, Ex. 1 at ¶¶ 37-44. Accordingly, the same result should
4  attain here for the reasons previously set forth by Everi in its prior reply brief and under
5  the law of the case doctrine. *See Pit River*, 30 F.3d at 1096; *Magnesystems, Inc.*, 933 F.
6  Supp. at 949. As Plaintiff makes no other attempt to respond to Everi's arguments in
7  its Motion (*see* Mot. at 14:17-19:8), including Everi's additional argument that early
8  dismissal of the putative class claims is necessary to avoid discovery abuse (Mot. at
9  16:19-17:7), dismissal with prejudice is appropriate.

10  Alternatively, Everi's motion to strike Plaintiff's class action allegations and
11  claims should be granted on the grounds that Plaintiff's class allegations fail to satisfy
12  Rule 23. *See* Mot. at 17:10-19:8; Doc. No. 18 at 9:18-11:21 (rebutting Plaintiff's
13  opposition). Plaintiff fails to address or overcome these arguments.

### J. Plaintiff's Requests For Injunctive Relief Must Be Stricken

Plaintiff's opposition to the motion to dismiss his injunctive relief claim is yet
again a verbatim copy of his opposition to Everi's motion to dismiss the FAC. *Compare*
Opp. at 23:18-27 *with* Doc. No. 17 at 17:21-18:3; *see* Miller Decl. Ex. A. Everi already
responded to Plaintiff's exact same argument in its prior reply brief. *See* Doc. No. 18
at 11:23-12:15. As Plaintiff is no longer an Everi employee, there is no conduct to
enjoin because the purported issues are not capable of repetition (*see* Mot. at 19:10-24).
Plaintiff's requests for injunctive relief must be stricken for lack of standing and
because it is not a proper remedy under these circumstances. Plaintiff does not cite any
authority to the contrary, leaving this argument unrebutted.

### K. Everi Met And Conferred In Good Faith

Plaintiff's claim that Everi's counsel failed to meet and confer in good faith is
completely meritless. *See* Opp. at 5:26-7:19. As this Court previously held, Plaintiff's
FAC failed to state any claim because it was devoid of sufficient factual content. *See*
Order at 4-5. That is because, contrary to Plaintiff's boilerplate claims, Everi has not

10
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

violated the law or done anything wrong. Accordingly, given Plaintiff's refusal to dismiss his meritless complaint, even when the Court's Order granting Everi's motion to dismiss the FAC was clear, unequivocal, determinative, and left no room for any possibility that Plaintiff could amend to cure the defects, Everi expected that Plaintiff's counsel would nonetheless file a SAC. Everi also fully expected that any SAC would be similarly faulty and would not come close to curing the numerous fatal defects identified in the Court's Order.

As Everi predicted, Plaintiff's SAC was just as devoid of plausible factual content as the FAC and it failed to address the deficiencies identified by Everi and the Court. Everi's counsel properly met and conferred prior to filing this motion. *See* Miller Decl. ¶¶ 3-7. And Everi's motion to dismiss the SAC is entirely proper and warranted. Everi also properly requested judicial notice of another of Plaintiff's counsel's complaints from which he copied almost verbatim many of the exact same allegations set forth in this case. *See* Doc. No. 29-3. As set forth in Everi's Motion, Plaintiff's wholesale copying from prior complaints against other corporate defendants without specific supporting factual allegations highlights the fact that Plaintiff's SAC is filled with boilerplate rather than well-pleaded allegations. *See* Mot. at 4:24-5:11. Regardless, as Plaintiff does not oppose Everi's Request for Judicial Notice, this grievance is irrelevant.

Plaintiff also argues that Everi did not meet and confer sufficiently before bringing its Motion. *See* Opp. at 6:20-7:16. In doing so, however, he grossly misrepresents the record. Plaintiff filed his SAC on March 4, 2024. Doc. No. 24. As anticipated, the SAC was woefully deficient for the reasons set forth in Everi's motion to dismiss the FAC and the Court's Order granting the same. Accordingly, on March 10, 2024, Everi's counsel requested to meet and confer with Plaintiff's counsel regarding the deficiencies in the SAC and the parties' upcoming Joint Case Management Statement. Miller Decl. ¶ 3, Ex. B. On the call on March 11, 2024, Everi's counsel explained that Plaintiff's SAC remained defective for the reasons identified in

11

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

the prior motion to dismiss and in the Court's Order dismissing the FAC, and that Everi would be moving to dismiss on that basis—as Everi in fact did in the instant Motion. *Id.* ¶ 4. This is explicitly memorialized in the parties' March 14, 2024, Joint Case Management Statement—which the parties also telephonically met and conferred about on the March 11, 2024, call between counsel:

> Everi contends that the changes Plaintiff made in the SAC do not sufficiently address the defects that the Court identified in its prior order dismissing the case, and as such Everi will be filing another motion to dismiss as to the SAC.
> . . .
> Given the complete lack of any factual allegations in the prior FAC and the inability of the parties to resolve any of the issues underlying Plaintiff's defective claims during the meet and confer process, Everi reasonably anticipated that it would move to dismiss and/or strike the future SAC on grounds similar to the FAC. Having reviewed Plaintiff's SAC, it is clear that this is indeed the case, and Everi anticipates that it will move to dismiss the SAC for many of the same reasons identified in Everi's prior motion, and for the reasons set forth in the Court's order dismissing the FAC. Plaintiff's claim that Everi is not acting in good faith and "only intend[s] to cause delay" by moving to dismiss Plaintiff's defective SAC is unsupported and inappropriate.

Doc. No. 28 at 4:21-24, 9:20-10:2.

Everi's counsel did not state that "the motion will argue that California's labor code is preempted and not applicable here" (Opp. at 6:23-7:1) as Plaintiff claims. Miller Decl. ¶ 4. Instead, Everi's counsel noted that, as a factual matter, several of the casinos where Plaintiff worked are located on federally recognized tribal lands, and state law labor code claims and other claims may be defective for this reason. *Id.* ¶ 4. While Plaintiff's counsel further claims "Everi Games never provided Plaintiff with any relevant legal authority or evidence" (Opp. at 7:4-5), to the extent Plaintiff is referring to the tribal lands issue Everi's counsel did not agree to any such request which in any event is irrelevant because Everi did not make this argument in the prior motion to dismiss or in the current Motion. *See id.*

During the call, Everi attempted to work with Plaintiff's counsel regarding the deficiencies in the SAC to try and narrow some or all of the claims. Miller Decl. ¶ 5. But Plaintiff's counsel refused to engage, instead repeatedly asking "what other

12
DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355

allegations do you want me to make" and "tell me what I should allege in the complaint" to avoid a motion to dismiss before bizarrely threatening to bring a Rule 11 motion against Everi and its counsel. *Id.* Everi's counsel informed Plaintiff's counsel that Everi still does not believe any violation of law occurred here, and that while Everi was willing to meet and confer in good faith, it was inappropriate for Plaintiff's counsel to demand that Everi's counsel advise Plaintiff on how to plead his allegations, or to threaten baseless Rule 11 sanctions. *Id.* ¶ 6.

In short, Plaintiff's request that the Court deny Everi's Motion for allegedly failing to meet and confer in good faith is a transparent and misguided effort to distract from the numerous deficiencies in the SAC, and Plaintiff's false accusations should be summarily rejected.

### L.  **Further Leave To Amend Would Be Futile**

As Plaintiff has already amended the complaint two times and, given the extremely clear and definitive Order granting the motion to dismiss the FAC and Plaintiff's utter failure to address or cure those defects, despite being given further leave to amend, it is clear that the complaint cannot be saved by further amendment. *See Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) ("Although a district court 'should freely give leave [to amend] when justice so requires,' the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint.'") (internal citations omitted). Thus, the SAC should be dismissed with prejudice and without further leave to amend.

### III.  **CONCLUSION**

Everi respectfully requests that Plaintiff's SAC be dismissed or stricken in its entirety. As Plaintiff has already had three opportunities to attempt to state a claim for relief and failed, further amendments would be futile. Everi respectfully requests dismissal of this action with prejudice.

DATED: May 16, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
    Elizabeth A. Sperling
    Alexander R. Miller
    Attorneys for Defendant
    Everi Games Inc.

14

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355


## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Everi Games Inc., certifies that this brief contains 4,662 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 16, 2024

Respectfully submitted,

GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
   Elizabeth A. Sperling
   Alexander R. Miller
   Attorneys for Defendant
   Everi Games Inc.

15

DEFENDANT'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)

2406355