ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 1080
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:   (619) 732-3498

Attorneys for Defendant
Everi Games Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVERI GAMES INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00257-MRA-JPR<br><br>Assigned to Hon. Mónica Ramírez Almadani<br><br>**DECLARATION OF ALEXANDER R. MILLER IN SUPPORT OF DEFENDANT EVERI GAMES INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Hearing Date: May 30, 2024<br>Hearing time:  1:30 p.m.<br>Courtroom:  10B<br><br>Date filed: November 17, 2023<br>Removal Date: January 10, 2024 |

## DECLARATION OF ALEXANDER R. MILLER

I, Alexander R. Miller, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and in the Central District of California and am an associate of Glaser Weil Fink Howard Jordan & Shapiro LLP, attorneys of record for Defendant Everi Games Inc. ("Everi") in this matter. This declaration is submitted in support of Everi's Reply in Support of Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached as **Exhibit A** is a true and correct copy of excerpts of a redline comparison my office prepared comparing Plaintiff's opposition to Everi's motion to dismiss the First Amended Complaint (Doc. No. 17) with Plaintiff's opposition to Everi's motion to dismiss the operative Second Amended Complaint (Doc. No. 34, "Opposition").

3. On March 10, 2024, I sent an email to Plaintiff's counsel requesting to meet and confer regarding the Second Amended Complaint (Doc. No. 24) and the parties' upcoming Joint Case Management Statement. Attached as **Exhibit B** is a true and correct copy of that communication.

4. On March 11, 2024, I telephonically met and conferred with Plaintiff's counsel regarding the deficiencies in the SAC and the parties' upcoming Joint Case Management Statement. On the call, I explained that Plaintiff's SAC remained defective for the reasons identified in the prior motion to dismiss and in the Court's Order dismissing the FAC, and that Everi would be moving to dismiss on that basis. I did not state that "the motion will argue that California's labor code is preempted and not applicable here," as Plaintiff claims. Opp. at 6:23-7:1. Instead, I noted that, as a factual matter, several of the casinos where Plaintiff worked are located on federally recognized tribal lands, and that Plaintiff's state law labor code claims and other claims may be defective for this reason. While Plaintiff's counsel further claims "Everi Games

never provided Plaintiff with any relevant legal authority or evidence" (Opp. at 7:4-5), to the extent Plaintiff is referring to the tribal lands issue I did not agree to any such request which in any event is irrelevant because Everi did not make this argument in the prior motion to dismiss or in the current Motion as this issue is likely more properly reserved for summary judgment given the factual issues involved.

5. During our meet and confer call, I attempted to work with Plaintiff's counsel regarding the deficiencies in the SAC to try and narrow some or all of the claims. But Plaintiff's counsel refused to engage. Instead, to the best of my recollection, Plaintiff's counsel repeatedly asked, "what other allegations do you want me to make" and "tell me what other facts I should allege in the complaint" to avoid a motion to dismiss. Plaintiff's counsel also threatened to potentially bring a Rule 11 motion for sanctions against Everi and its counsel.

6. On our call I informed Plaintiff's counsel that Everi still does not believe any violation of law occurred here, and that while we were willing to meet and confer in good faith, it was inappropriate for Plaintiff's counsel to demand that I advise him on how to plead Plaintiff's allegations, as that is not the role of defense counsel. I also advised Plaintiff's counsel that any Rule 11 motion for sanctions would be baseless, and it was inappropriate to threaten such sanctions.

7. Following the call, the parties exchanged drafts of the Joint Case Management Statement which memorialized Everi's contention that it would move to dismiss the SAC for many of the same reasons identified in Everi's prior motion to dismiss and the Court's order granting that motion to dismiss.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on May 16, 2024, in San Diego, California.

                                   /s/ *Alexander R. Miller*
                                    Alexander R. Miller