# EXHIBIT A

1  SANG (JAMES) PARK, SBN 232956
   sang@park-lawyers.com
2  PARK APC
   8383 Wilshire Boulevard, Suite 800
3  Beverly Hills, California 90211
   Telephone: (310) 627-2964
4  Fax:     (310) 362-8279
   Attorneys for Plaintiff
5
                  UNITED STATES DISTRICT COURT
6
                  CENTRAL DISTRICT OF CALIFORNIA
7
                                  Case No: 2:24-cv-00257-PA-JPR
8  JOSE VALENZUELA, individually
   and on behalf of all others similarly   Hon. ~~Percy Anderson~~Monica Ramirez
9                                           Almadani
   situated,                                CLASS ACTION
10
   Plaintiff,
11
   vs.                                      PLAINTIFF'S OPPOSITION TO
12                                          DEFENDANT EVERI GAMES INC.'S
   EVERI GAMES INC.; and DOES 1 to 10,      MOTION TO DISMISS AND/OR
13                                          STRIKE PLAINTIFF'S
   ~~FIRST~~SECOND
14 Defendants.                              AMENDED COMPLAINT
15                                          Date: ~~February 26~~May 30, 2024 Time:
   1:30 pm
16                                          Place: Courtroom ~~9A~~10B
17
18
19
20
21
22
23
24
25
26
27
28

1    All current and/or former non-exempt employees that worked for
2    Defendants in California within four years prior to the filing of this
    Complaint

3  ~~FAC~~SAC ¶¶ ~~22-24~~37-39

4    25.    On September 13, 2023 Plaintiff timely filed his PAGA Notice with the Labor and

5  Workforce Development Agency (~~LWDA~~LADA). And Plaintiff served the PAGA Notice on Everi

6  Games via certified mail ~~five~~eight months ago. ~~See Declaration of Sang (James) Park,~~SAC ¶ ~~2~~36

7  **III.**    **ARGUMENT**

8    **A.**    **The Court should summarily deny the Motion because Everi Games failed to**

9         **meet and confer in good faith in violation of Court's Civil Trial Order and**

10         **Local Rule 7-3**

11    On February 15, 2024 the Court granted Defendant's Motion to Dismiss Plaintiff's First

12  Amended Complaint pursuant to FRCP 12(b)(6). The Court required that Plaintiff allege more facts

13  to support his claims. The Court ordered Plaintiff to file his SAC by March 4, 2024.

14    Four days later, on February 19, 2024, the Parties submitted their Joint Scheduling Report

15  (Document 20). In the Report, Everi Games represented to the Court that they will blindly challenge

16  any further amended pleading—even before seeing Plaintiff's SAC—because they did not violate

17  any laws.

18    Plaintiff has already amended his complaint once and any additional
    amendments would be futile as Plaintiff cannot cure the fundamental
19    shortcomings of his complaint. Everi did not violate any wage and hour
    laws, Plaintiff was paid appropriately for the time that he worked, and
20    he was issued all of his pay statements in a timely and appropriate
    manner. This is not a class action; if anything, it is an individual action
21    only. Plaintiff is not an adequate class representative, his claims are not
    typical of an entire class, and there are no common questions of law or
22    fact to any class. *Everi will challenge any further amended pleading.*

23  (Emphasis added) [See Document 20, Section 4(b)]

    On March 4, 2024 Plaintiff served SAC on Everi Games for the first time.
24

25    Given Everi Games' representations above, it's clear that the instant Motion is not made in

26  good faith and only intended to harass and cause delay.[1] It's now also obvious that Everi Games

27  [1] Everi Games also repeatedly disparages Plaintiff's counsel and his firm's work by requesting the
    Court to take judicial notice of a completely unrelated wage and hour class action complaint in the
28  Eastern District in a misguided effort to shame Plaintiff's counsel.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE ~~FIRST~~SECOND AMENDED
COMPLAINT

1    failed to meet and confer in good faith because they represented to the Court that they will blindly

2    challenge Plaintiff's SAC even before seeing Plaintiff's SAC.

3           Further, on March 11, 2024, the Parties spoke via videoconference regarding the Court-

4    ordered Joint Case Management Statement. On the call, Everi Games' counsel quickly referenced

5    that Everi Games will be filing another 12(b)(6) motion. He stated that, this time, the motion will

6    argue that California's labor code is preempted and not applicable here.

7           When Plaintiff's counsel asked for case law and evidence in support of their position, Everi

8    Games' counsel flippantly said, "I'm not going to draft the complaint for you." Needless to say,

9    Everi Games never provided Plaintiff with any relevant legal authority or evidence.

10          Worse Everi Games misrepresented their position because the instant Motion does not raise

11   any issues of preemption. Instead the Motion is a cut-and- paste of Everi Games' prior 12(b)(6)

12   motion.

13          The Court's Civil Trial Order and procedures web page states—

14              Prior to filing any motion, Counsel shall comply in good faith with
                Local Rule 7-3 or the Court may strike or summarily deny the motion.
15              The parties must discuss in real-time all issues to be raised in the
                motion, as well as the law and evidence relevant to those issues, so that
16              the parties' briefing accurately reflects an understanding of the other
                side's position(s).

17          Here Everi Games clearly failed to meet and confer in good faith because 1) they brazenly

18   admitted their intent to file their Motion even before seeing Plaintiff's SAC, and 2) they

19   misrepresented to Plaintiff the basis for the Motion.

20          So the Court should summarily deny the Motion because Everi Games failed to meet and

21   confer in good faith in violation of Court's Civil Trial Order and Local Rule 7-3.

22   **B.**      ~~A.~~ **Standard of review for motion under Rule 12(b)(6)**

23   **1.**      **Rule 12 Motions are disfavored**

24          A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely

25   granted." *Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 294; *Bennett v. Schmidt* (7th

26

27   _____

28   But it's noteworthy that the unrelated wage and hour class action complaint referenced by Everi
     Games was found to be well-plead because it did not undergo a 12(b)(6) challenge.

Cir. 1988) 153 F.3d 516, 518 ("Instead of lavishing attention on the complaint until plaintiff gets it right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.") Motions to dismiss are discouraged. [See Court's Standing Order ¶ 6]

**2.** **The Court must accept all well-pleaded allegations of the Complaint as true**

In reviewing a motion to dismiss, the Court must: (1) construe the complaint in the light most favorable to the plaintiff; and (2) accept all well-pleaded allegations of the complaint as true. *Cahill v. Liberty Mut. Ins. Co*. (9th Cir. 1996) 80 F.3d 336, 337

This principle has not changed under *Ashcroft v. Iqbal*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1950

"A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly* (2007) 127 S.Ct. 1955, 1965; see *Carlson v. CSX Transp., Inc*. (7th Cir. 2014) 758 F3d 819, 827—proper question is "could these things have happened, not did they."

**C.** **B. Plaintiff's claims are adequately plead**

**1.** **Plaintiff's overtime and minimum wage claims meet the Rule 8 pleading requirements**

Fed. R. Civ P. 8(2) requires that "A pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief...."

Here Plaintiff's FAC SAC more than adequately states a claim for overtime pay.

- Everi Games provides financial equipment and services to casinos
- Everi Games employed Plaintiff as a Field Technician II—a non-exempt employee—from August 2021 to September 16, 2022 (FAC ¶ 12)
- Plaintiff last earned $29 an hour (FAC ¶ 12)
- As Field Technician II, Plaintiff maintained and replaced casino games, e.g., slot machines, at the casinos (FAC ¶ 13)

1  • Everi Games required Plaintiff to, on average, work three work orders or tickets at

2     different casinos *every shift* (FAC ¶ 13)

3  •  Plaintiff typically worked a 6 am to 5 pm *shift* and travelled alone to different casinos in

4     San Diego, Riverside and Arizona—all in one shift (FAC ¶ 14). SAC ¶ 18

5  • Everi Games required Plaintiff to drive 1.5 to 2 hours to each casino location and back

6     home (FAC ¶ 14)

7  •  During the course of Plaintiff's employment, Everi Games failed to compensate Plaintiff

8     for all overtime hours worked in excess of eight hours per day and/or 40 hours per week

9     as required by California Labor Code and FLSA. Plaintiff averaged 11-hour shifts, five

10    days a week, from August 2021 to September 16, 2022, and Everi Games failed to pay

11    him all overtime hours worked over 8+ hours a shift.

12 •  Everi Games required Plaintiff and Class members to "clock-out" before the fifth hour

13    and continue working to meet the demands of the SLA. Everi Games failed to

14    compensate Plaintiff and Class members for the off-the-clock work at the appropriate

15    overtime pay rate. SAC ¶ 29

16    In short, Plaintiff worked SAC alleges that California Labor Code and FLSA requires

17 overtime pay for all hours worked in excess of 8-hours per day and/or 40-hours per week. SAC also

18 alleges that Plaintiff averaged 11-hour shifts, five days a week, from August 2021 to September 16,

19 2022, and was not paid all earned overtime.

20    So the proper question for a 12(b)(6) motion is: *could* Everi Games have failed to pay

21 himPlaintiff all overtime hours worked over 8+ hours a shift. FAC ¶¶ 12-15 And Plaintiff is now

22 entitled to his overtime pay earned and owing from Everi Games.? In its simplest terms, the answer

23 is yes because, among others, Plaintiff worked over 8 hours a shift (see, e.g., *Carlson v. CSX*

24 *Transp., Inc.* (7th Cir. 2014) 758 F3d 819, 827—proper question is "could these things have

25 happened, not did they.")

26    The question is not did Everi Games fail to pay Plaintiff all overtime hours worked over 8+

27 hours a shift? The question of "did they" is reserved for the trier of fact with proper evidence

28 established through discovery.

15

Plaintiff's SAC also adequately states a claim for minimum wage violation. First Everi Games failure to compensate Plaintiff for off-the-clock work is a failure to pay wages that trigger minimum wage violation. (see, e.g., SAC ¶ 29) And second, Everi Games paying Plaintiff $7.50 an hour for the "on-call" time is clearly below California's 2022 minimum wage of $15.

- Then Everi Games required Plaintiff to be "on-call" from the end of his shift to the start of his next shift. Everi Games only provided an additional one hour of pay at $7.50 for Plaintiff's "on-call" time—well below the California minimum wage. SAC ¶ 19

Despite pleading "a short and plain statement of the claim" showing that Plaintiff is entitled to his overtime pay, Everi Games argues that the claim must be dismissed because it is not "plausible."

Everi Games again relies heavily on *Landers v. Quality Commc'ns, Inc*. (9th Cir. 2014) 771 F.3d 638 to argue that Plaintiff failed to allege "at least one workweek when [the plaintiff] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." (See, e.g., Everi Games' Motion, p. 8)6

But Plaintiff does allege a specific workweek where the violations occurred to satisfy *Landers v. Quality Commc'ns, Inc.*

- For example, on February 14, 2022, Plaintiff travelled to Harrah's Casino in Funner, CA, San Diego County for a work order. Plaintiff did not receive his rest breaks or meal periods that day due to the demands of the SLA. And, as instructed, Plaintiff clocked-out before the fifth hour and continued working to meet the demands of the SLA. Plaintiff was not paid for the off-the-clock work at the appropriate overtime pay rate. SAC ¶ 25

ButNotwithstanding above, there are two problems with Everi Games' misguided reliance on *Landers v. Quality Commc'ns, Inc.*

One, *Landers*—a non-California case—deals with claims for overtime and minimum wage under FLSA only. In other words, *Landers* applies the 40-hour weekly overtime standard as opposed to the 8-hour daily overtime standard under the California Labor Code.

Here Plaintiff clearly alleges overtime pay under both the California and FLSA standards by stating that Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16,

1  2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a shift.

2  Consequently, during the course of Plaintiff's employment, Everi Games failed to compensate

3  Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as

4  required by California Labor Code and FLSA. ~~FAC~~SAC ¶¶ ~~12-15~~ 29

5      And two, Plaintiff's overtime and minimum wage allegations are more precise than that's

6  required by *Landers*: Plaintiff alleges that he was not paid overtime for every *shift* that he worked,

7  and not just on a workweek.[1]

8      • Plaintiff worked 11-hour shifts, five days a week, from August 2021 to September 16,

9        2022, and Everi Games failed to pay him all overtime hours worked over 8+ hours a

10       shift. ~~FAC~~SAC ¶¶ ~~12-15~~ 29 And Plaintiff is now entitled to his overtime pay earned and

11       owing from Everi Games~~.~~

12     Regardless the Ninth Circuit and other district courts have held that a plaintiff need not plead

13  facts showing a specific, particular workweek where he worked more than forty hours and did not

14  receive overtime pay. See *Boon v. Canon Bus. Sols., Inc.* (9th Cir. 2015) 592 F. App'x 63; *Varsam*

15  *v. Lab. Corp. of Am.* (S.D. Cal. 2015) 120 F. Supp. 3d 1173, 1178; *Tan v. GrubHub, Inc.* (N.D. Cal.

16  2016) 171 F. Supp. 3d 998, 1008; *Slack v. Int'l Union of Operating Engineers* (N.D. Cal. 2015) 83

17  F. Supp. 3d 890, 900

18     In *Boon v. Canon Bus. Sols., Inc.* (9th Cir. 2015) 592 F. App'x 63, the court reversed a

19  district court's ruling "that [a plaintiff's] complaint must contain an estimate of how much

20  uncompensated time was worked, how often, and at what rate to survive a motion to dismiss." *Id*. at

21  632 *Boon* interpreted *Landers* to mean the opposite—that "detailed factual allegations regarding the

22  number of overtime hours worked are not required to state a plausible claim." *Id.*

23     And Boon explained that, because the plaintiff "identified tasks for which he was not paid

24  and alleged that he regularly worked more than eight hours in a day and forty hours in a week," his

25  allegations "satisfied the pleading requirements ... at this stage of the litigation." *Id.*

26     Hence Plaintiff undoubtedly stated a plausible claim for relief for overtime pay and

27

28  ~~[1] Plaintiff worked approximately 5 shifts in one workweek.~~

minimum wages.

**2.** **Plaintiff's meal period and rest break claims meet the Rule 8 pleading requirements.**

The same is true for Plaintiff's meal period and rest break claims. The ~~FAC~~SAC more than adequately states a claim for meal periods and rest breaks.

For example, Plaintiff alleged in specificity that:

- ~~Plaintiff was not authorized or permitted lawful meal periods and rest breaks and provided with one hour's wages in lieu thereof in violation California Labor Code. Everi Games required Plaintiff to complete, on average, three work orders at different casinos every shift. That meant, Everi Games required Plaintiff to be either on the road en route to the casinos in San Diego, Riverside, and Arizona, or fulfilling the task orders (e.g., repairing a slot machine) at the casinos themselves during his 11-hour shifts. And Plaintiff travelled and worked alone at the casinos so there was nobody to relieve him for his meal and rest breaks. Consequently Plaintiff was unable to take his lawful meal periods (e.g., at the fifth hour of work or after ten hours of work) or rest breaks. FAC ¶¶ 12-19~~

- The SLA guarantees the casinos that Everi Games' technicians will respond to a service call within 2 hours of the call and complete the job within 4 hours of their arrival. In other words, Defendants guaranteed the casinos that a job would be completed within 6 hours of the call. SAC ¶ 11

- The SLA directly conflicts with California meal period and rest break laws because it makes it virtually impossible for Defendants' technicians—who work alone—to take a rest break and meal period within the first two hours and five hours of their shift, respectively. SAC ¶ 12

- Everi Games circumvented California laws by instructing their technicians to "clock-out" for their meal periods on their "UKG App" before the fifth hour and continue working to meet the demands of the SLA.

- Everi Games utilized the UKG App as their electronic timecard and had full access to every employee's time.

- Everi Games required their technicians to download the UKG App on their phones and "clock in" and "clock out" through it.
- Whenever a technician failed to clock out for their meal periods before the fifth hour, Everi Games would auto-deduct 30 minutes to reflect a meal period whether provided or not. SAC ¶ 13
- So, on a given shift, Plaintiff would "clock in" on his UKG App at 6 am and travel one to two hours to his first casino work order. On average, Plaintiff would service, repair or maintain two to three slot machines at each casino—spending about an hour on each machine. SAC ¶ 22
- Then, per company policy, Plaintiff had to wait for the casino commissioner to come and inspect every component of the machines before he could leave the casino floor. SAC ¶ 23
- Plaintiff's managers, including Augustine Martinez, would instruct Plaintiff to "clock-out" for his meal periods before the fifth hour and continue working to service the machines or wait on the casino commissioner. SAC ¶ 24
- Plaintiff travelled and worked alone at the casinos so—given the demands of the SLA—there was nobody to relieve him for his meal and rest breaks. Instead Everi Games required Plaintiff to practice "eat while you go"—that is, Plaintiff's "breaks" coincided with Plaintiff's stopping to fuel up his company van between casino visits. SAC ¶ 26

SAC alleges that California Labor Code requires that an employer provide an uninterrupted meal period of not less than 30 minutes before the fifth hour of work, and a 10-minute rest break for every four hours (or major fraction) worked. Anything over two hours is a "major fraction" of a four-hour period.

SAC also alleges that Everi Games' SLA directly conflicts with California meal period and rest break laws because it makes it virtually impossible for Defendants' technicians—who work alone—to take a rest break and meal period within the first two hours and five hours of their shift, respectively. SAC ¶ 12 And that, Everi Games circumvented California laws by instructing their technicians, including Plaintiff, to "clock-out" for their meal periods on their "UKG App" before the

19

1    fifth hour and continue working to meet the demands of the SLA. SAC ¶ 13

2        So the proper question for a 12(b)(6) motion is: *could* Everi Games have failed to provide

3    Plaintiff lawful meal periods and rest breaks? The answer is yes because, among others, SLA makes

4    it difficult for Plaintiff to timely take his breaks, and Plaintiff's supervisor explicitly told him to

5    "clock out" for his meal periods and continue working.

6        The question is not *did* Everi Games fail to provide Plaintiff lawful meal periods and rest

7    breaks? Again, the question of "did they" is reserved for the trier of fact with proper evidence

8    established through discovery.

9        Plaintiff again pleads "a short and plain statement of the claim" showing that Plaintiff is

10   entitled to meal period and rest break premium pay.

11       But Everi Games again argues that the claims must be dismissed because they are not

12   "plausible." And they again rely on *Landers*:.

13            "Under the Landers standard, to state a plausible meal or rest break

14            claim Plaintiff must plead at least one concrete instance of a meal or

15            rest break violation. *Landers*, 771 F.3d at 646"

16   Motion, p. 9

17       Everi Games' reliance on *Landers* again is problematic for two reasons. One *Landers* does

18   not state that "a plausible meal or rest break claim Plaintiff must plead at least one concrete instance

19   of a meal or rest break violation." *See* Motion, p. 10. *Landers* deals with overtime and minimum

20   wage claims under FLSA only. It does not address meal periods or rest breaks under California

21   Labor Code at all.[2]

22       And two Plaintiff has plead instances of meal and rest break violations—

23       • For example, on February 14, 2022, Plaintiff travelled to Harrah's Casino in Funner, CA,

24         San Diego County for a work order. Plaintiff did not receive his rest breaks or meal

25

26   _____

27   [2] Everi Games misleads the reader and the Court here by making the following representation:
     "Under the Landers standard, to state a plausible meal or rest break claim Plaintiff must plead at
     least one concrete instance of a meal or rest break violation. *Landers*, 771 F.3d at 646"

28   Page 646 of *Landers* does not say such thing.

                                        20

1   periods that day due to the demands of the SLA. And, as instructed, Plaintiff clocked-out

2   before the fifth hour and continued working to meet the demands of the SLA. Plaintiff

3   was not paid for the off-the-clock work at the appropriate overtime pay rate. SAC ¶ 25

4   • Plaintiff worked 11-hour *shifts*, five days a week, from August 2021 to September 16,

5   2022,

6   • Plaintiff was not authorized or permitted lawful meal periods and rest breaks and provided

7   with one hour's wages in lieu thereof in violation California Labor Code. Everi Games

8   required Plaintiff to complete, on average, three work orders at different casinos every

9   shift. That meant, Everi Games required Plaintiff to be either on the road en route to the

10   casinos in San Diego, Riverside, and Arizona, or fulfilling the task orders (e.g., repairing

11   a slot machine) at the casinos themselves during his 11-hour shifts. And Plaintiff

12   travelled and worked alone at the casinos so there was nobody to relieve him for his meal

13   and rest breaks. Consequently Plaintiff was unable to take his lawful meal periods (e.g.,

14   at the fifth hour of work or after ten hours of work) or rest breaks. FAC ¶¶ 12-19

15   Regardless, as detailed above, *Boon* indicates that *Landers* does not require the type of

16   specificity that Everi Games demand. Like in *Boon*, Plaintiff has described "tasks for which he was

17   not paid" and has alleged that Everi Games "regularly" violated the provisions giving rise to his

18   claims.

19   Hence Plaintiff undoubtedly stated a plausible claim for relief for meal period and rest break

20   premium pay.

21   ### 3.    **Plaintiff's claim for wage statements is well-plead**

22   Plaintiff's ~~FAC~~SAC more than adequately states a claim for wage statements:

23   • Defendants have intentionally and willfully failed to provide employees with complete

24   and accurate wage statements. The deficiencies include, among other things, the failure

25   to correctly identify the total hours worked and the gross wages earned by Plaintiff and

26   Class members; the overtime hours worked by Plaintiff and Class members; and the meal

27   period and rest break premiums owing to Plaintiff and Class members (~~FAC~~SAC ¶¶ ~~62-~~

28   ~~63~~78-79)

1    •Section 226 of the Labor Code requires that employers provide each employee with

2    accurate, itemized wage statements. The failure to provide overtime pay and meal and rest break

3    premiums makes the wage statements *ipso* facto inaccurate. When knowing and intentional, as the

4    violations are here alleged to be (~~FAC~~SAC ¶¶ ~~62-63~~78-79), these failures thus also constitute a

5    separate, independent violation of section 226. For this reason, the claim under section 226(a) also

6    functions as a "derivative" claim. Thus Everi Games attack on this claim for relief fails here because

7    the underlying claims for lost overtime and unpaid meal and rest break premiums are adequately

8    plead. *See Ortega v. J.B. Hunt Transp., Inc.* (C.D. Cal. 2009) 258 F.R.D. 361, 374 (if main claims

9    are upheld in class certification, so are "wholly derivative" claims).

10   However Everi Games also seeks to slip in a false standing requirement for section 226(e)

11   not present in the text. Everi Games posits that the requirement that an employee must plead that he

12   or she "suffered injury" as a result of their failure to provide a wage statement means that he or she

13   must show (and plead) "actual harm" (presumably some sort of financial injury) beyond the receipt

14   of an inaccurate wage statement.

15   Showing "injury" for standing purposes is distinct from "actual damages." This very District

16   has held that 226(e) does not require showing of "injury" beyond the failure to receive the required

17   wage statement. "Injury" under section 226(e) means the invasion of a legal right, such as "the right

18   to receive an itemized pay statement." *Kisliuk v. ADT Sec. Servs.* (C.D. Cal. 2008) 263 F.R.D. 544,

19   548

20   More importantly, the California Supreme Court in *Kwikset Corp. v. Super. Ct.* (2011) 51

21   Cal. 4th 310 held that "injury" means only the invasion of a legal right. Kwikset expressly holds that

22   the term "injury" is a different, lower threshold than "actual damages," requiring only "the invasion

23   of a legal right."

24   Accordingly Plaintiff has adequately plead a wage statement violation under Section 226(a).

25   **4.      Plaintiff's claim for waiting time penalties (derivative claim) is well-plead**

26   Plaintiff's claim for relief derives respectively from the failure to pay all wages due upon

27   termination (Labor Code §§ 201 and 202). When an employee is discharged, any wages owed,

28   including meal period premiums or rest break premiums ripen into an independent claim for failure

1    to pay all wages due upon termination under Section 202.

2          Everi Games argues that these derivative claims must fail if the underlying claims are not

3    adequately plead. The corollary, however, is also true: the attack on the derivative claims fails

4    because the underlying claims for lost overtime and unpaid meal and rest break premiums, as

5    detailed above, are adequately plead. *See Ortega v. J.B. Hunt Transp., Inc*. (C.D. Cal. 2009) 258

6    F.R.D. 361, 374 (if main claims are upheld in class certification, so are "wholly derivative" claims).

7          Here Plaintiff alleges that final paychecks issued by Everi Games did not include all wages

8    owed to Plaintiff and Class members, including all overtime pay and meal period and rest break

9    premium pay that are set forth elsewhere in the complaint. (See, e.g., ~~FAC~~SAC ¶¶ ~~71, 72~~86-87).

10   Everi Games does not propose what other allegations Plaintiff should plead to make out a violation

11   of Sections 201 and 202 of the Labor Code. No more is required at this stage.

12         Further Everi Games does not provide any binding legal authority in support of their position

13   that Plaintiff has to prove "willfulness" in his ~~FAC~~SAC. It is sufficient that Plaintiff had adequately

14   plead the underlying claims for the derivative claims to attach.

15                      **5.      Plaintiff's claim for violation of California Business & Professions Code**

16                              **§§ 17200, et seq. ("UCL") is well-plead**

17                      a.      **Meal and rest break premiums, like overtime pay, are a "wage"**

18                              **and Plaintiff is owed restitution under the UCL because unpaid**

19                              **wages become property to which he is entitled.**

20         In 2007 the California Supreme Court in *Murphy v. Kenneth Cole* (2007) 40 Cal. 4th 1094

21   settled a much-litigated question under the California Labor Code by ruling that payments mandated

22   by Labor Code section 226.7 for meal and rest period violations are "wages." *Murphy v. Kenneth*

23   *Cole* (2007) 40 Cal. 4th 1094, 1099-1100; ~~1103-1105~~[3]1103-11052 California's Supreme Court has

24   _____

25   [3] ~~See also *Brinker Restaurant Corp. v. Sup. Ct.* (2012) 53 Cal. 4th 1004, 1018 ["Employers who violate these requirements must pay premium wages."]; *Lazarin v. Superior Court* (2010) 188~~

26   ~~Cal.App.4th 1560, 1582 ["*In Kenneth Cole Productions, supra*, 40 Cal.4th 1094, the Supreme Court considered whether the section 226.7, subdivision (b), remedy of one additional hour of pay~~

27   ~~constitutes a wage or premium payment subject to a three-year statute of limitations (Code Civ. Proc., § 338) or a penalty subject to a one-year statute of limitations (Code Civ. Proc., § 340). After reviewing the plain language of the statute itself and the legislative and administrative history of the~~

28   ~~provision, the court concluded it is a premium wage intended to compensate employees...."]~~

1  settled the issue. Unless or until the legislature changes the law, it is undisputed that section 226.7

2  violation payments are "wages."

3      Just last year, the California Supreme Court clarified in *Naranjo v. Spectrum Security*

4  *Services, Inc.* (2022) 13 Cal.5th 93, 101 that meal period and rest break premium pay are "wages."

5      Next, and following on section 226.7 violation payments as wages, Plaintiff is entitled to

6  restitution under California Business & Professions Code §§ 17200, et seq. because unpaid wages

7  become property to which he is entitled.

8      Wages unlawfully withheld from a worker are recoverable under the UCL:

9

10      We conclude that orders for payment of wages unlawfully withheld
        from an employee are also a restitutionary remedy authorized by section

11      17203. The employer has acquired the money to be paid by means of
        an unlawful practice that constitutes unfair competition as defined by
        section 17200. The employee is, quite obviously, a "person in interest"

12      (§ 17203) to whom that money may be restored. The concept of
        restoration or restitution, as used in the UCL, is not limited only to the

13      return of money or property that was once in the possession of that
        person. . . . [E]arned wages that are due and payable [ ] are as much the

14      property of the employee who has given his or her labor to the employer
        in exchange for that property as is property a person surrenders through

15      an unfair business practice. An order that earned wages be paid is
        therefore a restitutionary remedy authorized by the UCL.

16
    *Cortez v. Purolator Air Filtration Products Co*. (2000) 23 Cal. 4th 163, 178; see also *Pineda v.*

17
    *Bank of America* (2010) 50 Cal.4th 1389, 1402 ("...earned wages that are due and payable pursuant

18
    to section 200 et seq. of the Labor Code are as much the property of the employee who has given his

19
    or her labor to the employer in exchange for that property as is property a person surrenders through

20
    an unfair business practice....An order that earned wages be paid is therefore a restitutionary remedy

21
    authorized by the UCL"); *Hudgins v. Neiman Marcus, Inc.* (1995) 34 Cal.App.4th 1109, 1126

22
    ("...business practices that violate the California Labor Code have also been held to violate Business

23
    and Professions Code section 17200"); *People v. Los Angeles Palm, Inc.* (1981) 121 Cal. App. 3d

24
    25, 33 (crediting tips of restaurant employees against their minimum wage, violates both § 351 and

25
    Bus. & Prof. Code, § 17200)

26
        Here the ~~FAC~~SAC adequately alleges that Plaintiff and Class members were not paid

27
    overtime, authorized or permitted lawful meal periods and rest breaks, and were not provided with

28

1   one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 510, 512,

2   1197, 1198 and applicable IWC Wage Orders. Hence Plaintiff is entitled to restitution to overtime

3   compensation and 226.7 payments under the UCL.

4               **6.        Plaintiff's PAGA claim is well-plead**

5           Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including

6   Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been

7   met:

8           (a)     The aggrieved employee shall give written notice ("Employee's Notice") to the

9   LWDA and the employer of the specific provisions of the California Labor Code alleged to have

10  been violated, including the facts and theories to support the alleged violations.

11          (b)     The LWDA shall provide notice ("LWDA Notice") to the employer and the

12  aggrieved employee by certified mail that it does not intend to investigate the alleged violation

13  within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the

14  LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the

15  postmark date of the Employee's Notice, the aggrieved employee may commence a civil action

16  pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties

17  to which the employee may be entitled.

18          On September 13, 2023 Plaintiff provided written notice online to the LWDA of the specific

19  provisions of the California Labor Code alleged to have been violated, including the facts and

20  theories to support the alleged violations. ~~FAC~~SAC ¶ ~~100~~¶ 36, 115

21          Plaintiff has satisfied the administrative prerequisites under California Labor Code §

22  2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations

23  of California Labor Code §§ 200, 201, 202, 203, 204, 221, 224, 226(a), 226.7, 226.8, 510, 512(a),

24  1102.5, 1174, 1194, 1197, and 1198. ~~FAC~~SAC ¶ ~~101~~116

25          And Plaintiff served the PAGA Notice on Everi Games via certified mail ~~five~~eight months

26  ago. *~~See~~* ~~Declaration of Sang (James) Park, ¶ 2~~SAC ¶ 36. So it is disingenuous for Everi Games to

27  state that they have not seen the PAGA Notice.

28

7. **Plaintiff's FLSA claim is well-plead**

FLSA claims are subject to the same pleading standards as California Labor Code claims. ~~See Motion, p. 15~~ Thus Plaintiff's FLSA claim is well-plead for the same reasons set forth above regarding Plaintiff's Labor Code claims.

**D.** ~~C.~~ **Motion to Dismiss or Strike Class allegations should be denied**

1. **Challenges to Class allegations should be made at the class certification stage**

Everi Games cites no published case law and no California or Ninth Circuit authority for dismissing or striking class action allegations at the pleading stage. Almost every court that reviews motions such as this concludes that attacks on class certification allegations should be handled at the class certification stage.

- "[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Gillibeau v. City of Richmond* (9th Cir.1969) 417 F.2d 426, 432; see also *Inter-Modal Rail Employees Ass'n v. Atchison, Topeka & Santa Fe Ry. Co.* (9th Cir. 1996) 80 F.3d 348, 353

- "[I]t is premature to assess compliance with Rule 23 at this early stage where the defendant has yet to file an answer and discovery has not yet begun." *Haralson v. United Airlines, Inc.*, (N.D. Cal. 2016) 224 F. Supp. 3d 928, 942

- "[M]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments." *Thorpe v. Abbott Labs., Inc.* (N.D. Cal. 2008) 534 F. Supp. 2d 1120, 1125

- See, e.g., *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666 at *11 (N.D. Cal. Mar. 12, 2010) (holding that motion to strike class allegations is only appropriate in the "rare case where the pleadings indicate that the class requirements cannot possibly be met."); In re NVIDIA GPU Litig., No. C 08-04312 JW, 2009 WL 4020104, *13 (N.D. Cal. Nov.19, 2009) ("A determination of the ascertainability and manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation."); In re *Wal-Mart Stores, Inc. Wage and Hour Litigation* (N.D.

Cal. 2007) 505 F. Supp. 2d 609, 615 ("Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.")

• A Rule 12(b)(6) motion cannot be used to dismiss class action claims because a "class action is a procedural device, not a claim for relief." *Meyer v. National Tenant Network, Inc.* (N.D. Cal. 2014) 10 F.Supp.3d 1096, 1104

Waiting until class certification to evaluate the suitability of class allegations is almost certainly the right procedural answer. It allows for proper factual development and prevents Rule 12 motions from becoming another place for mini-trials on class certification issues.

### 2.   *Iqbal* does not apply to Rule 23 allegations

Everi Games presumes that the analysis of Rule 8 in *Iqbal* and *Twombly* applies to every statement in a complaint, including averments related to class treatment under Rule 23. No court, however, has held that Iqbal changes the pleading requirements under Rule 23. In fact, the Supreme Court held that a class action is a procedure, not a claim for relief. The Supreme Court analyzed the role of class actions under the familiar Erie test (*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)) and held that the class action device is not a claim for relief. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.* (2010) 130 S. Ct. 1431

In *Shady Grove*, the Supreme Court held that a New York statute forbidding a plaintiff from bringing an action for civil penalties under the insurance code as a class action is merely a procedural rule inapplicable to federal courts sitting in diversity, and such an action can be brought as a class action in federal court. *Shady Grove, supra*, 130 S.Ct. at 1443.

### a.   The Class allegations are sufficient

At any rate, and in contrast to Everi Games' meritless arguments, Plaintiff alleges sufficient facts to show commonality. For example, the ~~FAC~~SAC alleges there are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

1      •   Whether the SLA directly conflicts with California meal period and rest break laws

2          because it makes it virtually impossible for Defendants' technicians—who work alone—

3          to take a rest break and meal period within the first two hours and five hours of their

4          shift, respectively

5      •   Whether Everi Games engaged in a pattern or practice of failing to pay Plaintiff and the

6          Class members for the total hours worked during the Class period

7      •   Whether Everi Games failure to pay wages, without abatement or reduction, in

8          accordance with the California Labor Code, was willful

9      •   Whether Everi Games timekeeping system and policies failed to record all hours worked

10         by Plaintiff and Class members

11      •   Whether Everi Games owe Plaintiffs and Class members overtime pay for work over

12         eight hours per day, over 12 hours per day, and/or over forty 40 hours per week

13      •   Whether Everi Games failed to record Plaintiff and Class members' meal periods

14      •   Whether Everi Games deprived Plaintiff and Class members of meal periods or required

15         Plaintiff and Class members to work during meal periods without compensation

16      •   Whether Everi Games deprived Plaintiff and Class members of rest periods or required

17         Plaintiff and Class members to work during rest periods without compensation

18      •   Whether Everi Games' conduct was willful or reckless

19      •   Whether Everi Games violated Labor Code § 226 by failing to timely furnish Plaintiff

20         and Class members with accurate wage statements

21      •   Whether Everi Games violated Labor Code §§ 218.5, 204, 1197, and 1198 by failing to

22         compensate Plaintiff and Class members for those acts Everi Games required Plaintiff

23         and Class members to perform for the benefit of Defendants

24      •   Whether Everi Games engaged in unfair business practices in violation of California

25         Business & Professions Code § 17200, et seq.

26      •   The appropriate amount of damages, restitution, or monetary penalties resulting from

27         Everi Games' violations of California law

28      ~~FAC~~ SAC ¶ ~~29~~ ¶ 12, 44

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE ~~FIRST~~ SECOND AMENDED COMPLAINT

1   Accordingly Plaintiff has adequately plead his class allegations.

2   **3.   Plaintiff's injunctive relief claim is adequately alleged**

3   Everi Games argues that only a current employee may request injunctive relief, and Plaintiff

4   is not a current employee. But the only injunction a former employee may not pursue on a UCL

5   claim is an injunction relating to ongoing working conditions because such an injunction can no

6   longer benefit him or her. See, e.g., *People v. McKale* (1979) 25 Cal. 3d 626, 632.

7   Here, however, the prayer for relief seeks no such injunction. Rather Plaintiff seeks

8   injunctive relief only as is necessary to enforce the restitution, including, if necessary, the

9   appointment of a receiver. (~~FAC~~SAC Prayer, ¶¶ 32-35).

10  So the argument fails because Plaintiff is not seeking the sort of injunction restricted only to

11  current employees.

12  **E.** ~~**D.**~~ **If the Motion is granted in any respect, Plaintiff should be given leave to**

13  **amend**

14  If this Court is inclined to grant any portion of Everi Games' motion to dismiss, Plaintiff

15  respectfully requests leave to amend.

16  The Federal Rules provide that leave to amend should be "freely granted when justice so

17  requires." Fed. R. Civ. Pro. 15(a). This policy is to be applied with "extreme liberality." *Eminence*

18  *Capital LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1051; *Morongo Band of Mission Indians*

19  *v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079; *Chang v. Chen* (9th Cir. 1996) 80 F.3d 1293, 1296

20  (where a motion to dismiss is granted, a district court should provide leave to amend unless it is

21  clear that the complaint could not be saved by any amendment)~~; See Court's Standing Order ¶ 6~~

22  Federal policy strongly favors determination of cases on their merits, so leave to amend is

23  freely granted. *Foman v. Davis* (1962) 371 U.S. 178, 182.

24  **IV.   CONCLUSION**

25  For all the foregoing reasons, Everi Games Motion should be denied in all respects. If

26  granted in any respect, Plaintiff should be given leave to amend.

27  ............................................................................................................................ ~~Respectfully Submitted,~~

Dated: ~~February 5~~May 9, 2024          ~~PARK APC~~Respectfully Submitted,

28

29

1

2          PARK APC

3          ............................................................
           /s/ Sang (James) Park

4          By: u ............................................................
           Sang (James) Park
5          Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE ~~FIRST~~ SECOND AMENDED
COMPLAINT