UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EVERI GAMES INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:24-CV-00257-MRA (JPR)<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF 29]** |

　　　　Before the Court is Defendant Everi Game's Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint. ECF 29. The Court has read and considered the Motion and deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

**I.　　BACKGROUND**

　　　　Plaintiff Jose Valenzuela filed this wage and hour case against Defendant Everi Games Inc. ("Defendant" or "Everi Games") and Does 1 through 10, inclusive, on September 13, 2023, in Los Angeles County Superior Court. ECF 1 at 25. Plaintiff filed a First Amended Complaint ("FAC") in state court on November 17, 2023. ECF 1 at 94. Defendant removed the case to federal court on January 10, 2024, based on diversity

jurisdiction.[1]  ECF 1 ¶¶ 3, 6, 15.  This Court (Hon. Percy Anderson presiding) granted Defendant's motion to dismiss the FAC on February 15, 2024.  ECF 19.  Plaintiff filed his Second Amended Complaint ("SAC") on March 4, 2024.  ECF 24.

Plaintiff was employed by Everi Games as a Field Technician, a non-exempt position, from August 2021 to September 16, 2022.[2]  *Id.* ¶ 14.  Everi Games is a corporation that leases slot machines to casinos in California and provides around-the-clock servicing and maintenance of slot machines.  *Id.* ¶ 10.  Everi Games has leases with casinos that are governed by a Service Letter Agreement ("SLA") that guarantees Everi Games technicians will respond to a service call within two hours and complete a job within four hours of arrival (six hours total).  *Id.* ¶¶ 10, 11.  As a Field Technician, Plaintiff maintained and replaced the slot machines owned by Everi Games.  *Id.* ¶ 16.

Plaintiff's work shift typically started at 6 a.m. and ended at 5 p.m. (11 hours), and Plaintiff worked approximately five shifts each workweek.  *Id.* ¶¶ 18, 20.  Everi Games required Plaintiff to be "on-call" from the end of one shift to the start of the next shift, paying Plaintiff $7.50 an hour for that "on-call" time, which is "well below the California minimum wage."  *Id.* ¶ 19.

In addition, the SAC alleges that Plaintiff did not receive his rest breaks or meal periods due to the SLA's demands.  *Id.* ¶¶ 25-26.  Everi Games required Plaintiff to work, on average, two to three work orders or tickets each shift at different casinos located in San Diego, Riverside, and Arizona; Plaintiff traveled alone one or two hours to each casino and back home.  *Id.* ¶¶ 17, 18, 21.  On a given shift, Plaintiff would "clock in" on his "UKG App" (the electronic timecard used by Everi Games) and travel to the first casino work

---

[1] As the Court previously noted, although not alleged as a basis for subject matter jurisdiction in the Notice of Removal, the Court also has federal question jurisdiction under 28 U.S.C. § 1331 because of Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.  ECF 19 at 1 n.1.

[2] The factual background is described as alleged in Plaintiff's SAC.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. NEA*, 629 F.3d 992, 998 (9th Cir. 2010).

order, where he would typically repair two to three slot machines, spending about an hour on each machine. *Id.* ¶¶ 13, 22. Per company policy, Plaintiff would then wait for the casino commissioner to inspect each machine before he could leave. *Id.* ¶ 23. The SAC alleges that Plaintiff followed his managers' instructions to "clock-out" for his meal periods before the fifth hour of his shift, but to continue working to service machines or wait for the casino commissioner to complete a work order in the time promised by the SLA. *Id.* ¶¶ 24, 25. Plaintiff would then quickly move onto his next work order to complete it within the guaranteed time. *Id.* ¶ 25. Because Plaintiff traveled and worked alone at the casinos, there was nobody to relieve him for his meal and rest breaks. *Id.* ¶ 26. Everi Games instead required Plaintiff to practice "eat while you go" – *i.e.*, Plaintiff took his meal breaks while he stopped to fuel up his vehicle between casino visits. *Id.* When Plaintiff and other field technicians failed to clock out for their meal periods before the fifth hour, Everi Games would auto-deduct 30 minutes to reflect a meal period, even if that meal period was not provided. *Id.* ¶ 13.

Plaintiff alleges that Everi Games failed to compensate him for his off-the-clock work at the appropriate overtime pay rate and for all overtime hours worked in excess of eight hours per day or 40 hours per week. *Id.* ¶¶ 25, 29, 30. Additionally, despite Plaintiff's typical 11-hour shift, Everi Games failed to provide Plaintiff with his second meal period, which is required for shifts longer than 10 hours. *Id.* ¶ 32. Plaintiff alleges that Everi Games also treated other field technicians this way. *Id.* ¶¶ 27-35, 37.

Based on the facts set forth above, the SAC alleges individual claims and claims on behalf of a class of all current and former employees who worked for Defendant in California within four years of the filing of the action and a Fair Labor Standards Act (FLSA) subclass of "[a]ll members of the class who worked in California in the past three years." *Id.* ¶¶ 39, 40. The SAC includes the same claims included in the FAC for violations of: (1) California Labor Code §§ 510, 1194 and 1198 (Unpaid Overtime); (2) California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) California Labor Code §§ 1194, 1194.2,

1197, and Minimum Wage Order (Failure to Pay Minimum Wages); (5) California Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements); (6) California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) California Business & Professions Code § 17200, *et seq.* ("UCL claim"); (8) California Labor Code §§ 2698, *et seq.* (Private Attorneys General Act ("PAGA")); and (9) FLSA, 29 U.S.C. §§ 201, *et seq.* (Unpaid Overtime).

## II.    LEGAL STANDARDS

Plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but plaintiffs must, at a minimum, allege enough specific facts to provide "fair notice" of the claim being asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Matter will be stricken from a pleading only where it "has no essential or

important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). As with motions to dismiss, "when considering a motion to strike, courts must view the pleading in the light most favorable to the pleader." *Clark v. State Farm Mut. Auto Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005) (citing *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

## III. DISCUSSION

Defendant contends that the SAC, like the FAC, does not contain sufficient well-pleaded facts to support any of Plaintiff's claims. ECF 29-1 at 7-8. Defendant also asserts that Plaintiff's class claims should be dismissed or stricken because they are not supported by well-pleaded facts or satisfy the requirements of Federal Rule of Civil Procedure 23. *Id.* at 8. The Court disagrees and denies the Motion for the following reasons.

### A. Unpaid Overtime and Minimum Wage Violations (Claims 1, 4, and 9)

Relying on *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), Defendant argues that Plaintiff's overtime and minimum wage violations cannot stand without him establishing "at least one workweek" in which he "worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages[.]" ECF 29-1 at 14 (quoting *Landers*). Defendant explains that Plaintiff only summarily alleges the "average" hours he worked between August 2021 and September 2022, and that Defendant failed to pay him all overtime hours worked over eight hours a shift. *Id.*

Plaintiff correctly points out that *Landers* does not require that Plaintiff allege a *specific* week for which he was not properly compensated for overtime, minimum wages,

or meal and rest period premiums. *See* ECF 34 at 17.[3] As the Court noted in its prior order granting Defendant's motion to dismiss, under *Landers*, "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility." ECF 19 at 4 (quoting *Landers*, 771 F.3d at 645) (emphasis added).

The Court previously found that Plaintiff's allegations about Defendant's policies and Plaintiff's employment experience and pay consisted "almost entirely of legal conclusions." *Id.* at 4. That is no longer the case. The SAC includes specific allegations about Plaintiff's hourly pay; travel time to casinos in Riverside, San Diego, and Arizona; what work he performed (*i.e.*, the number of slot machines he repaired per shift); how long that work took (including the time he waited for the casino commissioner to inspect his work); how many hours he worked each shift; and why he was not able to take his meal and rest breaks. ECF 24 ¶¶ 14-15, 17-26; *see supra* at pp. 2-3. Thus, the SAC cured the deficiencies identified in the prior order as to Plaintiff's overtime and minimum wage claims under California law and the FLSA, providing fair notice to Defendant of these claims and the grounds upon which they rest.

Defendant does not address the Ninth Circuit's decision in *Boon v. Canon Business Solutions, Inc.*, 592 F. App'x 631 (9th Cir. 2015), which the Court identified in its prior order (ECF 19 at 5). Although an unpublished decision, the Ninth Circuit found that the

---

[3] Although *Landers* established the pleading standard for plaintiffs bringing overtime and wage claims under the FLSA, lower courts have applied *Landers*' reasoning to violations of California's minimum wage and overtime laws. *See, e.g.*, *Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020); *Sagastume v. Psychemedics Corp.*, No. CV 20-6624 DSF (GJSx), 2020 WL 8175597, at *2 (C.D. Cal. Nov. 30, 2020); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016); *see also Ritenour v. Carrington Mortg. Servs.*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (applying *Landers* to meal and rest period claims).

district court's requirement in that case that Plaintiff allege an "estimate of how much uncompensated time was [worked], how often, and at what rate to survive a motion to dismiss" was inconsistent with *Landers*. *Boon*, 529 F. App'x at 632 (internal quotations omitted).  The allegations in *Boon*, as in this case, satisfied the pleading requirements in *Landers* because they "identified tasks for which [Plaintiff] was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week." *Id.*  The Court agrees that "*Boon*'s reasoning is persuasive because it harmonizes *Landers* with Federal Rule of Civil Procedure 8's general pleading standard that plaintiffs must plead more than 'labels and conclusions,' but need not undertake the 'cumbersome' practice of 'set[ting] out in detail the facts upon which he bases his claim.'" *Sagastume v. Psychemedics Corp.*, No. CV 20-6624 DSF (GJSx), 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020) (quoting *Twombly*, 550 U.S. at 555 & n.3).

### B.  Unpaid Meal and Rest Break Violations (Claims 2 and 3)

Defendant argues that Plaintiff's unpaid meal and rest break claims remain deficient because Plaintiff "still cannot and does not 'plead at least one concrete instance of a meal or rest break violation.'" ECF 29-1 at 16 (quoting *Landers*, 771 F. 3d at 646).  As explained above, this is not what *Landers* requires, but this is also not accurate.  The SAC alleges that, on February 14, 2022, Plaintiff traveled to a San Diego County casino and did not receive his rest or meal breaks.  ECF 24 ¶ 25(a).

The Court previously dismissed these claims because the FAC did not contain sufficient facts to show how Defendant "impeded Plaintiff from taking meal breaks or rest periods," because "Plaintiff was a traveling technician, not working on an assembly line that could not stop or staffing an office or storefront by himself that could not close during business hours."  ECF 19 at 5 (citing *Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020)).  The SAC now contains specific allegations regarding Plaintiff's typical shift hours and the requirements of the SLA, which, if true, would make it "virtually impossible" for technicians who work alone to take rest break and meal periods within the first two hours and five hours of their shift, respectively.  ECF 24 ¶¶ 11-12, 17-18; 34 at 18-19.  The

SAC further alleges that Plaintiff was instructed to practice "eat while you go," *id.* ¶ 26, and that his managers, including Augustine Martinez, instructed him to "clock-out" for his meal periods before the fifth hour and continue working to service the machines or wait for a casino commissioner to check his work, and that Everi Games would auto-deduct 30 minutes to reflect a meal period whether or not an employee had "clocked-out" on their UKG App or whether a meal break was actually taken. *Id.* ¶¶ 13, 23, 24.  Thus, these factual allegations are sufficient at this stage of the litigation to support plausible unpaid meal break and rest period claims under California law.

### C. Derivative Claims (Claims 5-8)

Defendant argues that Plaintiff's derivative wage statement claim for failure to furnish timely and accurate wage statements (claim 5) still fails because Plaintiff failed to adequately allege a cognizable injury resulting from the purported wage statement violations.  ECF 29-1 at 17-18.  California Labor Code section 226(a) requires employers to furnish to employees "an accurate itemized statement in writing" showing nine specific items, including gross wages earned, total hours worked, and all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.  An employee adequately alleges, and is entitled to recover damages for, a wage statement violation where he pleads facts that show he "cannot easily determine [from his wage statement] certain required information, including rates of pay and all 'hours worked' at each rate, that would allow [him] to ascertain whether the payment is correct."  *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal.5th 93, 120 (2022) (citing Cal. Lab. Code §§ 226(a)(9), 226(e)(2)(B)(i)).  The employee must also show that an employer's failure to comply with these reporting requirements was knowing and intentional.  *See* Cal. Lab. Code. § 226(e).

Here, Plaintiff alleges that Defendant intentionally and willfully failed to record his total hours and wages on his wage statement.  *See, e.g.*, ECF 24 ¶ 78.  Specifically, Plaintiff alleges that Defendant required him to clock out but continue working through his meal breaks, and so falsely reported his work hours; Plaintiff was therefore not able to easily

determine his hours worked and whether his pay was correct. *See, e.g., id.* ¶¶ 24-25; 80. These facts are sufficient at this stage of the litigation to support a plausible wage statement claim. *See Naranjo*, 13 Cal.5th at 119-120 (holding that failure to report both the additional credited hour of work for a missed break and the corresponding premium pay owed "deprives the employee of the information needed to evaluate whether the payment is correct, and in so doing results in injury under the terms of the statute").

Plaintiff has also adequately pleaded his waiting time penalties claim (claim 6). "'If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid' for a maximum of 30 days." *Varsam v. Lab'y Corp. of Am.*, 120 F. Supp. 3d 1173, 1179 (S.D. Cal. 2015) (quoting Cal. Lab. Code. § 203). The SAC alleges that the final paycheck Defendant issued "did not include all wages owed to Plaintiff . . . including all overtime pay and meal period and rest break premium pay that are set forth elsewhere in the complaint." ECF 34 at 22. Because Plaintiff now plausibly alleges that Defendant required Plaintiff to work through his meal and rest periods, and that it failed to pay Plaintiff proper overtime wages, the Court can "reasonably [] infer[] that [Everi Games] deliberately failed to pay wages that it knew were owed." *Sagastume*, 2020 WL 8175597, at *4 (quoting *Varsam*, 120 F. Supp. 3d at 1179).

Plaintiff has similarly adequately pleaded his PAGA claim (claim 8). *See* Cal. Lab. Code §§ 2699.3 and 2699.5. PAGA "permits individuals to bring private actions against an employer for civil penalties under specified sections of the Labor Code." *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1006 (N.D. Cal. 2007). To file a PAGA claim, the employee plaintiff must give "written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1). The SAC alleges that Plaintiff provided written notice online to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the California Labor Code

that Defendant violated and served Defendant with the notice by certified mail on September 13, 2023. ECF 24 ¶¶ 36, 115; ECF 24-1. Therefore, because Plaintiff satisfied PAGA's administrative prerequisites and now adequately pleads his underlying wage and hour claims on which his PAGA claim is based, Plaintiff's PAGA claim survives.

Defendant argues that Plaintiff's UCL claim (claim 7) is duplicative of his California Labor Code claims, and that Plaintiff, who is no longer an employee, cannot seek restitution or injunctive relief under the UCL. Plaintiff concedes, and this Court agrees, that as a former employee, Plaintiff lacks standing to pursue an injunction related to ongoing working conditions. *See* ECF 34 at 29; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011). This is the case because former-employee plaintiffs "would not stand to benefit from the injunction." *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

The fact that Plaintiff is no longer an employee, however, generally does not prevent him from seeking restitution under the UCL. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Under the "unlawful" prong of the UCL, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Ramirez v. C and J Well Serv., Inc.*, No. CV 20-535 PSG (SS), 2020 WL 5846464, at *7 (C.D. Cal. Mar. 27, 2020) (quoting *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008)). Therefore, a plaintiff successfully pleads a derivative UCL violation where he adequately pleads his underlying violations. *Id.*

Defendant argues that the restitution Plaintiff seeks under the UCL is duplicative of his other claims and should be dismissed. The Ninth Circuit held in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL[.]" While Defendant is correct that Plaintiff is not entitled to equitable restitution for violation of the UCL if adequate legal remedies exist, *Sonner* does not impose strict requirements at the pleading stage. "'Given the general liberal policy courts have toward

pleading in the alternative' . . . 'if a plaintiff pleads that she lacks an adequate legal remedy, *Sonner* will rarely (if ever) require more this early in the case[.]'" *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 896 (N.D. Cal. 2022) (quoting *Jeong v. Nexo Fin. LLC*, No. 21-cv-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022); *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-cv-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022)). Thus, the Court denies Defendant's motion to dismiss Plaintiff's claim for restitution and for injunctive relief to enforce restitution.

### D. Class Allegations

Defendant argues that Plaintiff's class allegations do not meet minimum pleading requirements, that early dismissal of the putative class claims is necessary to avoid discovery abuse, and that the Court should strike the class action allegations for failure to satisfy Federal Rule of Civil Procedure 23. ECF 29-1 at 21-25. Defendant also argues that Plaintiff cannot state a claim in his individual capacity, on which the class allegations depend. *Id.* at 20-21.

The Court previously ruled that Plaintiff's class allegations failed because his individual claims failed. ECF 19 at 5 n.3. The Court found that its conclusion on this point, however, only tested Plaintiff's class claims under the Rule 8(a) pleading standard, not Plaintiff's compliance with Rule 23. *Id.* (citing *Johnson v. Air Prods. & Chems., Inc.*, No. 22-cv-7327-JLS-PD, 2023 WL 2663279, at *5 (C.D. Cal. Jan. 26, 2023)). "[D]istrict courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly*/*Iqbal* standard, where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Johnson*, 2023 WL 2663279, at *5 (quoting *Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021)). However, "compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim[.]" *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)).

As explained above, Plaintiff has sufficiently pleaded facts to support plausible individual claims of violations of federal and state labor laws. In addition, the SAC alleges

that the SLA "conflicts with California meal period and rest break laws because it makes it virtually impossible for Defendants' technicians—who work alone—to take a rest break and meal period within the first two hours and five hours of their shift, respectively." ECF 24 ¶ 12.  The SAC also alleges that Everi Games "instruct[ed] their technicians to 'clock-out' for their meal periods . . . and continue working to meet the demands of the SLA," *id.* ¶ 13, that "Everi Games failed to compensate Plaintiff and Class members for the off-the-clock work at the appropriate overtime pay rate," *id.* ¶ 29(a), and that "Defendants failed to timely pay Plaintiff and Class members for all wages owed to them[,]" *id.* ¶ 34. Additionally, the SAC alleges that Plaintiff frequently communicated with two other Everi Games technicians who confirmed that they also did not receive "Labor-code compliant meal periods and rest breaks and were required to 'clock-out' for their meal periods before the fifth hour and continue working to meet the demands of the SLA." *Id.* ¶ 28.

These facts are sufficient at the pleading stage of the litigation.  They "demonstrate or [] suggest that [] member[s] of the putative class had similar work experiences," and that "Defendant[] had statewide policies or practices giving rise to Plaintiff's causes of action." *Mish*, 2021 WL 4592124 at *8 (quoting *Byrd v. Masonite Corp.*, EDCV 16-35 JGB (KK), 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016)).  As such, the Court denies Defendant's request to strike or dismiss the class allegations.

## IV.   CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.  Plaintiff's motion for class certification shall be filed by no later than October 7, 2024.  *See* ECF 31.

**IT IS SO ORDERED.**

Dated: July 17, 2024

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE